IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, | ) | Case No. 11-12799 (____) |
| | ) | |
| Debtor, | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| 360 Degree Solar Holdings, Inc., | ) | Case No. 11-12800 (____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## DEBTORS' MOTION FOR ORDER DIRECTING
## JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (the "Debtors") hereby move (the "Motion") the Court for the entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* ("Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## Background[1]

3. On the date hereof (the "Petition Date"), the Debtors commenced these cases by each filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. Although the Debtors' manufacturing operations have been discontinued while the company evaluates its restructuring options, the Debtors are continuing in possession of their property and are managing their business as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. No request has been made for the appointment of a trustee or an examiner in these cases, and no official committee has yet been appointed by the Office of the United States Trustee.

## Relief Requested

6. By this Motion, the Debtors seek entry of an order directing the joint administration of their chapter 11 cases and the consolidation thereof for procedural purposes only.

7. The Debtors also request that the caption of their chapter 11 cases be modified to reflect the joint administration of these chapter 11 cases substantially as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Declaration of W.G. Stover, Jr., Senior Vice President and Chief Financial Officer, in Support of First Day Motions.*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*,[1] | ) | Case No. 11-12799 (___) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

8.  In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for each of the Debtors to reflect the joint administration of these cases:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below. The docket in case no. 11-12799 (___) should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order:
>
> Solyndra LLC Case No. 11-12799 (___) and 360 Degree Solar Holding, Inc. Case No. 11- 12800 (___).

9.  Finally, the Debtors request that the Court authorize that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates.

### Basis for Relief

10.  Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. *See* Fed. R. Bankr. P. 1015(b).

11. Additionally, Rule 1015-1 of the Local Rules provide that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted. Joint administration of these chapter 11 cases (a) is warranted because the Debtors' are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code as used in Bankruptcy Rule 1015(b) and Local Rule 1015-1 and their financial affairs and business operations are closely related, and (b) will ease the administrative burden on the Court and other parties, and (c) will protect creditors of different estates against potential conflicts of interest.

12. Joint administration of these cases is appropriate because each of the Debtors operate as part of a larger enterprise. The Debtors are under common ownership and common management; they have many creditors and other parties in interest in common. Jointly administering these related cases would prevent duplication of effort and unnecessary fees both on the part of the Debtors and on the part of the United States Trustee, any creditors' committee, and other parties in interest who would have to monitor only one docket. Consolidated monthly operating reports will further administer the economy and efficiency of the Cases without prejudice to any party-in-interest. The Debtors submit that jointly administering their cases under these circumstances would be to the benefit of their estates and all parties in interest and would not prejudice any party. The Debtors believe that it is in the best interests of the Debtors, their estates, and all creditors, as well as the interests of judicial economy, if their chapter 11 cases are jointly administered for procedural purposes.

13. The Debtors anticipate that several notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all of the Debtors. The failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Clerk of this Court (the "Clerk") with the volume of paper.

14. Joint administration will permit the Clerk to use a single general docket for both of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that such parties in interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

15. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 7 of this Motion.

16. The Debtors submit that use of the simplified caption, without reference in the caption to the additional Debtors and their states of incorporation, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

17. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs

resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee also will be simplified.

## Notice

18. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; and (b) the Debtors' prepetition and postpetition lenders. As the Motion is seeking "first day" relief, within forty-eight hours of the entry of the order respecting the Motion, the Debtors will serve copies of the Motion and such order as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

19. No prior request for the relief sought in this Motion has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) authorizing the joint administration of the Debtors' cases; and (b) granting such other and further relief is proper.

Dated: September 6, 2011

PACHULSKI STANG ZIEHL & JONES LLP

/s/ B. Grohsgal

Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
Joshua M. Fried (CA Bar No. 181541)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:  rpachulski@pszjlaw.com
  dgrassgreen@pszjlaw.com
  bgrohsgal@pszjlaw.com
  jfried@pszjlaw.com

[Proposed] Counsel for the Debtors and Debtors in Possession