IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 </br> ) </br> ) Case No.: 11-12799 ( ) </br> ) </br> ) (Joint Administration Requested) </br> ) |
| Solyndra LLC, *et al.*,[1] | |
| Debtors. | |

## ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION PURSUANT TO SECTION 331 OF THE BANKRUPTCY CODE

Upon consideration of the Debtors' *Motion for an Order Establishing Procedures for Interim Compensation Pursuant to Section 331 of the Bankruptcy Code* (the "Motion"); the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) notice of the Motion and the Hearing was sufficient under the circumstances; (v) cause exists, within the meaning of section 105(a) and 331 of the Bankruptcy Code to permit the Debtors to establish certain procedures for interim compensation and reimbursement of expenses of Professionals;[2] and (iv) the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, and it appearing that the relief requested is in the best interests of the Debtors' estates, creditors and other parties in interest; it is hereby:

ORDERED that the Motion is GRANTED; and it is further

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

ORDERED that except as otherwise provided in an order of the Court authorizing the retention of a particular Professional, the Professionals specifically retained pursuant to an order of the Court in this case may seek interim payment of compensation and reimbursement of expenses in accordance with the following Compensation Procedures:

a. On or about the 25th day of each calendar month, beginning with October 2011 each Professional seeking interim compensation shall file an application (the "Monthly Fee Application") with the Court pursuant to section 331 of the Bankruptcy Code, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Application on: (i) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Bruce Grosghal, Esquire; (ii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, Room 2207, 844 North King Street, Wilmington, Delaware 19801, Attn: Jane Leamy, Esq. and (iii) counsel for any official committee appointed in this case (collectively, the "Notice Parties"). All Monthly Fee Applications shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Third Circuit law, and the Local Rules of this Court.

b. Each Notice Party will have twenty (20) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). If no objections are raised prior to the expiration of the Objection Deadline, the fee applicant or the Debtors shall file a certificate of no objection with the Court after which the Debtors shall be authorized to pay each such Professional an amount (the "Actual Interim Payment") equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the Monthly Fee Application (the "Maximum Interim Payment") and (ii) 80 percent of the fees and 100 percent of the expenses not subject to an objection pursuant to subparagraph (c), below. The first such Monthly Fee Application shall cover the period from the Petition Date through September 30, 2011.

c. If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on the affected Professional

and each of the Notice Parties a written objection (the "Objection") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 20 days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to the affected Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

d. Beginning with the period ending November 30, 2011, at three-month intervals, each of the Professionals must file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance, pursuant to Bankruptcy Code section 331, of the compensation and reimbursements of expenses sought in the Monthly Fee Applications filed during such three-month period (the "Interim Fee Period"). The Interim Fee Application Request must identify the Monthly Fee Applications that are the subject of the Request and any other information requested by the Court or required by the local rules. The Interim Fee Application Requests shall be filed with the Court and served on the Notice Parties within 45 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each Professional must file its first Interim Fee Application Request on or before December 15, 2011 and the first Interim Fee Application Request should cover the Interim Fee Period from the Petition Date through November 30, 2011.

e. The Debtors shall request a hearing on the pending Interim Fee Applications at least every six months. The Debtors, however, may request that a hearing be held every three months or at such other intervals as the Court deems appropriate.

f. The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

g.  Neither (i) the payment of or the failure to pay in whole or in part monthly interim compensation and reimbursement of expenses nor, (ii) the filing of or failure to file an objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals pursuant to this order or any other are subject to disgorgement until such expenses are finally allowed by the Court.

ORDERED that each member of any official committee appointed in this case is permitted to submit statements of expenses (excluding committee member counsel expenses) and supporting documentation to counsel for any such committee, which shall collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures; and it is further

ORDERED that notice of the Monthly Fee Applications, the Interim Fee Application Requests, final fee applications and the Hearing Notice (as defined below) shall be provided as follows: (i) the Notice Parties shall be entitled to receive the Monthly Fee Applications, the Interim Fee Application Requests, the final fee applications and the notice of hearing thereon (the "Hearing Notice"), and (ii) the 2002 List shall be entitled to receive only the Hearing Notice. Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court; and it is further

ORDERED that all time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September ___, 2011

_____
United States Bankruptcy Judge