IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Solyndra LLC, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No.: 11-12799 ( )<br>)<br>) (Joint Administration Requested)<br>) |

## MOTION OF THE DEBTORS FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO PAY PREPETITION SALES AND USE AND SIMILAR SALES TAXES IN THE ORDINARY COURSE OF BUSINESS AND (II) AUTHORIZING BANKS AND FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED THERETO

The above-captioned debtors and debtors in possession (the "Debtors") file this *Motion of the Debtors for an Order (I) Authorizing the Debtors to Pay Prepetition Sales and Use and Similar Taxes in the Ordinary Course of Business and (II) Authorizing Banks and Financial Institutions to Honor and Process Checks and Transfers Related Thereto* (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 363 and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. §§ 101-1330.

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

DOCS_SF:77875.4 80368-00001

## Background

3. On the date hereof (the "Petition Date"), the Debtors commenced these cases by each filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner or committee has been appointed in any of the Debtors' chapter 11 cases.

6. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of W.G. Stover, Jr., Senior Vice President and Chief Financial Officer, in Support of First Day Motions* (the "Stover Declaration") filed contemporaneously with this Motion and incorporated herein by reference.[2]

## Relief Requested

7. By this Motion, pursuant to sections 105(a), 363, and 507(a) of the Bankruptcy Code, the Debtors seek authority to pay, in the Debtors' sole discretion, prepetition Sales and Use Taxes (as defined below) owed to the Taxing Authorities (as defined below), including, without limitation, Sales and Use Taxes subsequently determined upon audit to be owed for periods prior to the Petition Date, in an aggregate amount (excluding amounts paid prepetition by checks that have not yet cleared on the Petition Date) not to exceed $300,000,

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stover Declaration.

which is the aggregate maximum sum that the Debtors currently believe may be due on account of prepetition Sales and Use Taxes.[3]

8.  In addition, to the extent any check issued or electronic transfer initiated prior to the Petition Date to satisfy any prepetition obligation on account of Sales and Use Taxes has not cleared the applicable banks or financial institutions (the "Banks") as of the Petition Date, the Debtors request that the Court authorize the applicable Banks, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay such checks or electronic transfers initiated prior to the Petition Date, provided that there are sufficient funds available in the applicable accounts to make such payments. The Debtors also seek authorization to issue replacement checks, or to provide for other means of payment to the Taxing Authorities, to the extent necessary to pay Sales and Use Taxes outstanding and owing for periods prior to the Petition Date.

### The Debtors' Sales and Use and Similar Taxes

9.  In connection with the normal operation of their business, the Debtors pay an assortment of sales taxes (the "Sales Taxes") and use, and similar types of taxes (the "Use Taxes" and, together with the Sales Taxes, the "Sales and Use Taxes") to various federal, state, and local taxing authorities (collectively, the "Taxing Authorities").

10. The Debtors incur Use Taxes in California for the use of products purchased and internally consumed by the Debtors in the operation of their business and for

---

[3] Nothing in this Motion shall be deemed to constitute an admission to any asserted liability or obligation with respect to any tax. The Debtors reserve any and all rights to contest any tax liability asserted against them by any Taxing Authority.

which no Sales Taxes were paid to the seller of such products. Most of the Debtors' internal consumption of products for which Use Taxes are paid relate to research and development. The Debtors also incur Use Taxes on non-inventory related purchase in cases where a vendor has not charged the Debtors any sales tax. Because of the scope of the Debtors' prepetition operations, the Debtors accrued Use Tax amounts between $230,000 and $260,000 per month owed to the State of California. The Debtors seek authority to remit unpaid Use Taxes to the applicable California taxing authority.

11. .In the normal course of their business in States were the Debtors are required to collect such taxes, the Debtors collect and remit or otherwise pay Sales Taxes to the Taxing Authorities. For the most part, the Debtors sell almost all of their products to resellers and obtain reseller certificates and do not collect Sales Taxes on such sales. The Debtors believe that as of the Petition Date, they do not owe more than $5,000 in prepetition Sales Taxes. The Debtors remit the Sales Taxes on a periodic basis to the applicable Taxing Authorities. Such Sales Taxes could include both amounts not yet due and amounts paid by checks sent prior to the Petition Date that have not cleared the Debtors' bank accounts on the Petition Date, although the Debtors are not aware of any such checks that have not cleared.

12. As noted above, the Debtors estimate that current unpaid prepetition Sales and Use Taxes total no more than $300,000, plus any amounts for previously issued checks that have not yet cleared. The Debtors seek authority, in their discretion, to pay any such unpaid Sales and Use Taxes.

## Basis For Requested Relief

### A. Certain of the Sales and Use Taxes are Not Property of the Debtors' Estates

13.     To the extent that the Debtors have collected are deemed to have collected sales and use taxes from third parties, the Debtors submit that such amounts are not part of the Debtors' estates under section 541(a) of the Bankruptcy Code; rather, such amounts constitute "trust fund" taxes that are held for the benefit of the Taxing Authorities. *See Begier v. Internal Revenue Service*, 496 U.S. 53 (1990) (taxes such as excise taxes, FICA taxes and withholding taxes are property held by a debtor in trust for another, and as such, do not constitute property of the estate); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95 (3d Cir. 1994); *In re Al Copeland Enterprises, Inc.*, 991 F.2d 233, 235 (5th Cir. 1993) (State sales tax revenues were held subject to trust for the state and were not property of the estate).

14.     Accordingly, because payment of the collected and heretofore uncollected sales and use taxes contemplated herein does not implicate property of the estates, such payments will not otherwise be available to the Debtors' estates or their creditors. *See, e.g., In re Shank*, 792 F.2d 829, 830 (9th Cir. 1986) (sales tax required by state law to be collected by sellers for their customers is a trust fund tax); *DeChiaro v. New York State Tax Comm'n*, 760 F.2d 432, 433-34 (2d Cir. 1985) (sales taxes are trust fund taxes); *Rosenow v. Illinois*, 715 F.2d 277, 282 (7th Cir. 1983) (use tax is a trust fund tax); *In re Hilaire*, 135 B.R. 186, 191-92 (D. Mass. 1991) (sales tax is a trust fund tax); *In re Childress*, 2011 WL 2351039 (Bankr. N.D. Ga.) (holding that sales and use taxes under Georgia law were entitled to priority under section 507(a)(8)(C) of the Bankruptcy Code, and constitute trust fund taxes). To the extent these "trust

fund" taxes are collected, they are not property of the Debtors' estates under section 541(d) of the Bankruptcy Code. *Begier*, 496 U.S. at 59.

B. **Payment of the Sale and Use Taxes Is Authorized Under <u>Sections 105, 362, 363, 1107 and the Necessity of Payment Doctrine</u>**

15. The relief requested in this Motion is supported by several provisions of the Bankruptcy Code that authorize a debtor to honor prepetition obligations in certain circumstances. Courts have recognized each of these statutory provisions as valid authority for such payments. For instance, courts have found a basis for allowing debtors to make payments to creditors under section 363 of the Bankruptcy Code. *See, e.g., In re UAL Corp.*, Case No. 02-48191 (ERW) (Bankr. N.D. Ill. Dec. 11, 2002). Authority for such payments also may be found in sections 1107(a) and 1108 of the Bankruptcy Code, which vest debtors in possession with authority to continue operating their businesses. Sometimes this duty and the concomitant fiduciary duty to maximize estate value may be fulfilled only through the pre-plan payment of certain unsecured claims. *See, e.g., In re Mirant Corp.*, 296 BR. 427 (Bankr. N.D. Tex. 2003); *In re CoServ. L.L.C.*, 273 BR. 487, 498 (Bankr. N.D. Tex. 2002).

16. Further, section 105(a) of the Bankruptcy Code provides that "(t)he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a). The purpose of section 105(a) is "to assure the bankruptcy courts [sic] power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." *See* 2 Collier On Bankruptcy, ¶105.01, at 105-5 to 105-6 (15th ed. rev. 2001). Thus section 105 essentially codifies the bankruptcy court's inherent equitable

powers. *See Management Tech. Corp. v. Pardo*, 56 B.R. 337, 339 (Bankr. D. N.J. 1985) (noting that the court's equitable power is derived from section 105).

17.     Numerous courts have used section 105 equitable powers under the "necessity of payment doctrine" to authorize payment of a debtor's prepetition obligations where, as here, such payment is necessary to effectuate the "paramount purpose" of a chapter 11 reorganization. *See In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981); *In re Ionosphere Clubs, Inc.*, 98 B.R. at 176-77 (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984)). This doctrine, first articulated by the United States Supreme Court in *Miltenberger v. Logansport, C.& S.W.R. Co.*, 106 U.S. 286, 311-312 (1882), recognizes the existence of judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor.

18.     Finally, courts have similarly authorized payment of prepetition obligations pursuant to section 105(a) of the Bankruptcy Code, which allows a bankruptcy court to enter any order "necessary or appropriate" to carry out the provisions of the Bankruptcy Code. *See, e.g., In re Appleseed's Intermediate Holdings LLC*, Case No. 11-10160 (KG) (Bankr. D. Del. Jan. 20, 2011); *In re Local Insight Media Holdings, Inc.*, Case No. 10-13677 (KG) (Bankr. D. Del. Nov. 19, 2010); *In re Xerium Tech., Inc.*, Case No. 10-11031 (KJC) (Bankr. D. Del. Mar. 31, 2010); *In re Spheris Inc.*, Case No. 10-10352 (KG) (Bankr. D. Del. Feb. 4, 2010); *In re The Majestic Star Casino LLC*, Case No. 09-14136 (KG) (Bankr. D. Del. Nov. 23, 2009); *In re Stallion Oilfield Servs. Ltd.*, Case No. 09-13562 (BLS) (Bankr. D. Del. Oct. 20, 2009); *In re Visteon Corp.*, Case No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009).

C.  **Certain Sales and Use Taxes are Entitled to Priority Status**

19. In addition, it is likely that some of the Sales and Use Taxes are entitled to priority status pursuant to 11 U.S.C. § 507(a)(8). *See* 11 U.S.C. § 507(a)(8)(A) (taxes measured on gross income); 11 U.S.C. § 507(a)(8)(C) ("trust fund" taxes); 11 U.S.C. § 507(a)(8)(E) (excise taxes).[4] *In re Childress*, 2011 WL 2351039 (Bankr. N.D. Ga.) (holding that sales and use taxes under Georgia law were entitled to priority under section 507(a)(8)(C) of the Bankruptcy Code); *In re Jansen*, 162 B.R. 530, 533 (Bankr. S. D. Ill. 1994); (same under Illinois law); *In re Torres*, 143 B.R. 183, 186 – 87 (Bankr. N.D. Ill. 1992 (same under Illinois law).

20. Under any plan of reorganization, any priority Sales and Use Taxes must be paid in full and in regular cash installments over no more than a five-year period from the date of the order for relief. *See* 11 U.S.C. § 1129(a)(9)(C)(i)-(ii). Additionally, any priority Sales and Use Taxes must be paid in the order of priority no less favorable than the treatment given to the most favored general unsecured claims. *See* 11 U.S.C. § 1129(a)(9)(C)(iii). Finally, any plan of reorganization must provide the same treatment of those priority Sales and Use Taxes that constitute secured claims that, were they unsecured, would have been priority tax claims under 11 U.S.C. § 507(a)(8). *See* 11 U.S.C. § 1129(a)(9)(D). Thus, in many cases, the payment of the Sales and Use Taxes that are entitled to such priority in the ordinary course of the Debtors'

---

[4] For bankruptcy purposes, a tax is characterized as (1) an involuntary pecuniary burden, regardless of name, laid upon the individual or property; (2) imposed by, or under authority of the legislature; (3) for the public purposes, including the purposes of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of the state. *In re United Healthcare Systems Inc.*, 396 F.3d 247 (3d Cir. 2005) (*Citing In re Lorber Indus. of Cal. Inc.*, 675 F.2d 1062 (9th Cir. 1982). *See also In re Chateaugay Corp.*, 53 F.3d 478, 498 (2d Cir. 1995) (citation omitted).

business only affects the timing of the payment and does not prejudice the rights of other creditors of the Debtors.

21. Courts have also authorized debtors to pay the sales and use taxes under section 363(b)(1) of the Bankruptcy Code, which provides that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Under such section, a court may authorize a debtor to pay certain prepetition claims. *See In re FV Steel & Wire Co.*, Case No. 04-22421 (Bankr. E.D. Wis. Feb. 26, 2004) (authorizing the continuation of customer programs and the payment of prepetition claims under section 363 of the Bankruptcy Code); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (affirming lower court order authorizing payment of prepetition wages pursuant to section 363(b) of the Bankruptcy Code); *In re UAL: Corp.*, Case No. 02-48191 (Bankr. N.D. Ill. Dec. 9, 2002) (authorizing payment of prepetition claims under section 363 of the Bankruptcy Code as an out-of-the-ordinary-course transaction). To do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors." *Ionosphere Clubs*, 98 B.R. at 175. As discussed herein, the Debtors' failure to pay the Sales and Use Taxes could have a materially adverse impact on their ability to operate in the ordinary course of business.

### Satisfaction of Bankruptcy Rule 6003

22. The Debtors believe that they are entitled to immediate authorization for the relief contemplated by this Motion. Pursuant to Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), "[e]xcept to the extent that relief is necessary

to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding the following: ...(b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001." To the extent that the requirements of Bankruptcy Rule 6003 are applicable to the relief requested in the Motion, the Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm. Specifically, if Sales and Use Taxes are not paid, the Debtors will be at risk for the business disruptions that would result from, among other things, (i) any liability of the directors and officers for failures to remit the "trust fund" taxes, (ii) the administrative disruption of unnecessary local audits, and (iii) any operational disruptions or challenges to the Debtors' right to operate within certain jurisdictions where the Sales and Use Taxes were not paid. Addressing any potential subsequent action taken by those Taxing Authorities would be costly, would place an administrative burden on management, and divert management's attention from the reorganization process. Accordingly, the relief requested herein is appropriate under the circumstances and under Bankruptcy Rule 6003.

## Waiver of Bankruptcy Rule 6004

23.     The Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Rule 6004(h) of the Bankruptcy Rules, "[a]n order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth in

the Motion, the payments proposed herein are essential to prevent immediate and irreparable harm to the Debtors' business operations and prospects for reorganization. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

## Notice

24. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; and (b) the Debtors' prepetition and postpetition lenders. As the Motion is seeking "first day" relief, within forty-eight hours of the entry of the order respecting the Motion, the Debtors will serve copies of the Motion and such order as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

## No Prior Request

25. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, granting the relief requested herein and such other or further relief as this Court deems appropriate.

Dated: September 6, 2011

PACHULSKI STANG ZIEHL & JONES LLP

/s/ illegible signature

Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
Joshua M. Fried (CA Bar No. 181541)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:    rpachulski@pszjlaw.com
           dgrassgreen@pszjlaw.com
           bgrohsgal@pszjlaw.com
           jfried@pszjlaw.com

[Proposed] Counsel for the Debtors and
Debtors in Possession