## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SOLYNDRA LLC,<br><br>    Debtor.<br>_____<br><br>PETER M. KOHLSTADT, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>SOLYNDRA LLC and 360 DEGREE SOLAR HOLDINGS, INC.,<br><br>    Defendants. | Case No. 11-12799<br>Chapter 11<br><br><br>Adv. Pro. No. 11-_____<br><br>**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT** |

    Plaintiff Peter M. Kohlstadt ("Plaintiff"), on behalf of himself and a class of similarly situated former employees of defendants, by way of his Complaint against SOLYNDRA LLC and 360 DEGREE SOLAR HOLDINGS, INC. (together, the "Debtors" and hereinafter referred to as "Defendants"), by and through his counsel, alleges as follows:

### NATURE OF THE ACTION

    1.  On or about August 31, 2011, Defendants ordered mass layoffs and/or a plant closings as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were required to provide 60 days advance written notice under the WARN Act to their employees. Defendants began terminating approximately 1,000 other similarly situated employees at their facilities in the Freemont, California area and elsewhere (the "other similarly situated former employees").

2. Plaintiff originally filed this action on September 2, 2011 in the U.S. District Court for the Northern District of California, Case No. C11-04403 JSC.

3. The Plaintiff brings this action on behalf of himself, and approximately 1,000 other similarly-situated former employees who were terminated in mass layoffs or plant closings from Defendant's facilities on or about August 31, 2011, and in the days thereafter. These employees were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act") and the California Labor Code § 1400 *et seq.* ("CAL WARN Act"). They were not paid their full accrued paid time off under California Labor Code § 201 *et seq*.

4. Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Acts, from Defendants, as well as full accrued paid time off.

5. Plaintiff's claims, as well as the claims of all similarly situated employees, are entitled to first priority administrative expense status pursuant to the United States Bankruptcy Code § 503(b)(1)(A).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367 and 29 U.S.C. § 2104(a)(5).

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O)

8. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

# THE PARTIES

## *Plaintiff*

6. Plaintiff Peter Michael Kohlstadt was employed by Defendants as a Research & Development Engineer and worked at their facility located at 901 Page Avenue, Freemont, California until his termination on or about August 31, 2011.

## *Defendants*

7. Defendants maintained and operated their corporate headquarters at 47488 Kato Road, Fremont, California and other California facilities, including those at 901 Page Avenue, Freemont, 47700 Kato Road, Freemont, 1055 Page Avenue, Fremont, 1201 California Circle, Milpitas, California and elsewhere, as that term is defined by the WARN Act (collectively the "Facilities").

8. Until on or about August 31, 2011, the Plaintiff and all similarly situated employees were employed by Defendants and worked at or reported to one of the Facilities.

9. Upon information and belief and at all relevant times, Defendant Solyndra LLC ("Solyndra") is a Delaware limited liability company with its principal place of business located at 47488 Kato Road, Freemont, California, and conducted business in that district.

10. Upon information and belief and at all relevant times, Defendant 360 Degree Solar Holdings, Inc. LLC ("Holdings") is a Delaware corporation with its principal place of business located at 47488 Kato Road, Freemont, California, is an owner-parent of Solyndra, and conducted business in that district.

11. On September 6, 2011, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, seeking joint administration of their cases.

## CLASS ALLEGATIONS, 29 U.S.C. § 2104

12. Plaintiff brings this action on his own behalf and pursuant to the WARN Act, and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who worked at or reported to one of the Facilities and were terminated without cause on or about August 31, 2011, within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoff or plant closings ordered by Defendants on August 31, 2011, pursuant to 29 U.S.C. § 2104(a)(5).

13. On or about August 31, 2011, Defendants terminated the Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which he was entitled to receive 60 days advance written notice under the WARN Act.

14. At or about the time the Plaintiff was terminated, Defendants terminated approximately 1,000 other similarly situated employees at the Facilities (the "other similarly situated former employees").

15. Pursuant to 29 U.S.C. § 2104(a)(5), the Plaintiff maintains this action on behalf of himself and on behalf of each of the other similarly situated former employees.

16. Each of the other similarly situated former employees is similarly situated to the Plaintiff with respect to his or her rights under the WARN Act.

17. The Plaintiff and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

18. Defendants were required by the WARN Act to give the Plaintiff and the other similarly situated former employees at least 60 days advance written notice of their respective terminations.

19. Prior to their termination, neither the Plaintiff nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act.

20. Defendants failed to pay the Plaintiff and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 calendar days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage, life insurance coverage, and other employee benefits under COBRA for 60 calendar days from and after the dates of their respective terminations.

### CLASS ALLEGATIONS, F.R.B.P. 7023 and F.R.C.P. 23

21. Plaintiff sues under Rule 7023 of the Federal Rules of Bankruptcy Procedure, and Rule 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about August 31, 2011, were terminated without cause within 30 days of August 31, 2011, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about August 31, 2011, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

22. The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

23. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

24. The claims of the representative party are typical of the claims of the Class.

25. The representative party will fairly and adequately protect the interests of the Class.

26. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual plaintiffs and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Further, no Class Member has an interest in individually controlling the prosecution of a separate action under the WARN Act; no litigation concerning the WARN Act has been commenced by any Class Member; and concentrating all the potential litigation concerning the WARN Act rights of the Class Members in this court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class Members.

28. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a) whether the Class Members were employees of Defendants who worked at or reported to Defendant's Facilities;

    (b) whether Defendants, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice; and

(c) whether Defendants paid the Class members 60 days wages and benefits as required by the WARN Act.

## CALIFORNIA WARN ACT CLASS ALLEGATIONS

29. The Class Plaintiff brings the Second Claim for Relief for violation of Labor Code § 1401 on behalf of himself and a class of similarly situated persons pursuant to Labor Code § 1404 and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about August 31, 2011 and thereafter (the "CAL WARN Class")

30. The persons in the CAL WARN Class identified above ("CAL WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

31. On information and belief, the identity of the members of the class and the recent residence address of each of the CAL WARN Class Members is contained in the books and records of Defendant.

32. On information and belief, the rate of pay and benefits that were being paid by Defendants to each CAL WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

33. Common questions of law and fact exist as to members of the CAL WARN Class, including, but not limited to, the following:

(a) whether the members of the CAL WARN Class were employees of the Defendants;

(b) whether Defendants unlawfully terminated the employment of the members of the CAL WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the CAL WARN Act; and

(c) whether Defendants unlawfully failed to pay the CAL WARN Class members 60 days wages and benefits as required by the CAL WARN Act.

34. The Class Plaintiff's claims are typical of those of the CAL WARN Class. The Class Plaintiff, like other CAL WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated on or about August 31, 2011 and thereafter, due to the closure of the Facilities ordered by Defendant.

35. The Class Plaintiff will fairly and adequately protect the interests of the CAL WARN Class. The Class Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the CAL WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

36. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the CAL WARN Class predominate over any questions affecting only individual members of the CAL WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of CAL WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual CAL WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

37. Concentrating all the potential litigation concerning the CAL WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the CAL WARN Act rights of all the members of the Class.

38. The Class Plaintiff intends to send notice to all members of the CAL WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### WARN ACT Cause of Action

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

41. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and Cal. Lab. Code § 1400 (b), and continued to operate as a business until they decided to order a mass layoff or plant closing at the Facilities.

42. On or about August 31, 2011, the Defendants ordered a mass layoff, plant closing or termination at the Facilities, as those terms are defined by 29 U.S.C. § 210l(a)(2).

43. The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

44. The Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Facilities.

45. The Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

46. Defendants were required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

47. Defendants failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

48. The Plaintiff, and each of the Class Members are, "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

49. Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

50. Since the Plaintiff and each of the Class Members seek back-pay attributable to a period of time after the filing of the Defendants' bankruptcy petitions and which arose as the result of the Defendants' violation of federal laws, Plaintiff's and the Class Members' claims against Defendants are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A).

51. The relief sought in this proceeding is equitable in nature.

**(Violation of California Labor Code, § 1400, *et seq*.)**

**CALIFORNIA WARN Act Cause of Action**

52. Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

53. Plaintiff together with other employees similarly situated who worked at the Fremont Facility, and other "covered establishments", are former "employees," of Defendants as defined in Labor Code § 1400(h).

54. Defendants terminated Plaintiff's employment and the employment of other similarly situated employees, pursuant to a "mass layoff," "relocation" or "termination" as defined in Labor Code § 1400 on or about August 31, 2011 or thereafter.

55. Defendants are an "employer" as defined in Labor Code § 1400(b).

56. Defendants violated Labor Code § 1401 by ordering a "mass layoff," "relocation" or "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff,' "relocation" or "termination" was not necessitated by a physical calamity or act of war.

57. As a result of Defendants' violation of Labor Code § 1401, Plaintiff and the other similarly situated employees are entitled to damages under Labor Code § 1402(a) in an amount to be determined.

58. Plaintiff has incurred and the other similarly situated employees will incur attorney's fees in prosecuting this claim and are entitled to an award of attorney's fees under Labor Code § 1404.

## CALIFORNIA WAGE PAYMENT PROVISIONS OF LABOR CODE
### Cal. Labor Code §§ 201, 202 & 203
### On Behalf of the Named Plaintiff and California WARN Class

59. The Plaintiff and the California WARN Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

60. California Labor Code §§ 201 and 202 require Defendants to pay its employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

61. The Plaintiff and the California WARN Class who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation. The Defendants did not pay the Plaintiff and California WARN Class their full accrued paid time off, rather it purported to pay them only the paid time off they had accrued over the ninety-day period prior to their termination. The Plaintiff and members of the California WARN Class are owed the paid time off they accrued prior to that date.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants, jointly and severally:

A. Certification of this action as a class action;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A first priority administrative expense claim against the Defendants pursuant to 11 U.S.C. § 503(b)(1)(A) in favor of the Plaintiff and the other similarly situated former

employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A) and the California Labor Code § 1402(a), (b); or, alternatively, determining that the first $11,725 of the WARN Act claims of the Plaintiff and each of the other similarly situated former employees are entitled to priority status, under 11 U.S.C. § 507(a)(4), and the remainder is a general unsecured claim; and

E. An award and administrative priority claim against the Defendants in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions pursuant to Cal. Labor Code §§ 201, 202 & 203;

F. An allowed administrative-expense priority claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6).

G. Such other and further relief as this Court may deem just and proper.

Dated: September 6, 2011

    Respectfully submitted,

    By: /s/ Frederick B. Rosner
    Frederick Rosner (#3995)
    **THE ROSNER LAW GROUP LLC**
    824 N. Market Street, Suite 810
    Wilmington, DE 19801
    Telephone: (302) 777-1111

-- and --

Jack A. Raisner
René S. Roupinian
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

*Attorneys for Plaintiff and the putative Class*