# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SOLYNDRA, LLC., et al.,<br><br>Debtors.<br>------------------------------------------------<br>DAN BRUAN on his own behalf and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br>v.<br><br>SOLYNDRA, LLC and 360 SOLAR DEGREE HOLDINGS, INC.,<br><br>Defendants. | Chapter 11<br><br>Case No. 11-12799-MFW<br>Adversary Proceeding No. _____ |

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Plaintiff, by and through his undersigned counsel, on his own behalf and on behalf of all other persons similarly situated against Defendants allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

### NATURE OF THE ACTION

3. This is a class action for the recovery by Plaintiff and other similarly situated employees of the Defendants of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). The Plaintiff and the other class members were employees of Solyndra, LLC ("Solyndra" and/or "Defendant") and 360 Solar Degree

Holdings, Inc. ("360 Solar" and/or "Defendant", and collectively with Solydra, LLC, the "Defendants") and were terminated on or about September 1, 2011, as part of, or as a result of, a plant closing which were ordered by the Defendants. Although the Plaintiff and the other class members were on the payroll of Solyndra, 360 Solar was a "single employer" under the WARN Act. As such, each of the Defendants are liable under the WARN Act for Defendants' failure to give the Plaintiff and the other class members at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence, the Plaintiff and the other Class Members are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days.

## PARTIES

4. On September 6, 2011, Solyndra filed with this Court a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

5. Upon information and belief, at all relevant times, Defendant Solyndra was a California corporation with facilities located at 47700 Kato Road Fremont, California, 94538; 47488 Kato Road Freemont, California 94538; 1055 Page Avenue Freemont, California 94538; 901 Page Avenue Freemont, California 94538; and 1201 California Circle Milpitas, California 95035 (the "Facilities").

6. Upon information and belief, at all relevant times, 360 Solar is a Delware corporation with its principal place of business located at 47488 Kato Road Freemont, California 94538.

7. Plaintiff worked at or reported to the 901 Page Avenue Freemont, California 94538 facility until his termination on or about September 1, 2011.

2

8. Until their termination by Defendants, the Plaintiff and other similarly situated persons were employees of Defendants who worked at or reported to the Facilities and who were terminated as part of or as a reasonably foreseeable result of a plant closing ordered and carried out by the Defendants on or about September 1, 2011.

9. The Plaintiff brings this action on his own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act, 29 U.S.C. § 2104(a)(5), on behalf of all other employees of the Defendants who also worked at the Facilities, and who were terminated as part of or as the foreseeable result of a plant closing at the Facilities ordered by Defendants on or about September 1, 2011 (collectively, "The Class").

10. On information and belief, Defendants jointly controlled the decision to terminate the employees at the Facilities on or about September 1, 2011.

11. On information and belief, Defendants each made the decisions that led to the violation of the rights of Plaintiff and the other Class members under the WARN Act.

12. On information and belief, each of the Defendants exercised direct and indirect control over the termination of the employment of Plaintiff and the other Class members without the notice required by the WARN Act for which each of the Defendants are liable under the single employer provision of the WARN Act.

15. On information and belief, 360 Solar constituted a "single employer" of the Plaintiff and Class members under the WARN Act in that among other things:

(a) The Defendants shared common ownership;

(b) The Defendants shared common officers and directors including but not limited to W.G. Stover, Jr., who was Chief Financial Officer and Senior Vice President of both of Solyndra and 360 Solar;

3

(c) Upon information and belief, Benjamin Schwartz, who signed documents in the bankruptcy filing served as Corporate Secretary for both Solyndra and 360 Solar.

(d) Each of the Defendants exercised de facto control over the labor practices governing the Plaintiff and Class members including the decision to order the plant closings at the Facilities;

(e) Upon information and belief, Brian Harrison, James Gibbons, Dan Maydan, David Prend, Steve Mitchell, Jameson Mejunkin, Ray Sims, Stephen Johnson and Richard Adkisson are all listed as members of the Board of Directors for Solyndra and 360 Solar.

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104

16. The Plaintiff and each person he seeks to represent herein, were discharged as part of, or as the reasonably foreseeable result of a plant closing order by the Defendants at the Facilities, on or about September 1, 2011 without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

17. The Plaintiff brings this action on his own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about September 1, 2011 and thereafter who worked at the Facilities until their termination without cause.

18. On or about September 1, 2011, Defendants terminated the Plaintiff's employment as part of a plant closing which qualifies as an event for which he was entitled to receive sixty (60) days' advance written notice under the WARN Act.

19. Defendants, as a single employer, never gave Plaintiff the statutorily required sixty (60) days notice of a plant closing or termination in violation of the WARN Act.

20. At or about the time that the Plaintiff was discharged, Defendants discharged approximately 900 other employees at the Facilities (the "Other Similarly Situated Former Employees").

21. Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiff maintain this claim on behalf of himself and each of the Other Similarly Situated Former Employees and for his or her benefit.

22. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

23. The Plaintiff and the Other Similarly Situated Former Employees were discharged by Defendants, without cause on his or her part.

24. The Plaintiff and the Other Similarly Situated Former Employees is an "affected employee" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

25. Defendants were required by the WARN Act to give the Plaintiff and each of the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

26. Prior to their termination, neither the Plaintiff nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

27. Defendants failed to pay the Plaintiff and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under

ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

## CLASS ACTION ALLEGATIONS RULE 7023 (a) AND (b)

28. The Plaintiff asserts this claim on behalf of himself and the Other Similarly Situated Former Employees pursuant to Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

29. The Plaintiff and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (the "Class").

30. Common questions of law and fact are applicable to all members of the Class.

31. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at the Facilities; Defendants, as a single employer, terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

32. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

33. The Plaintiff's claims are typical of the claims of other members of the Class

6

in that for each of the several acts described above the Plaintiff is or was an injured party.

34. The Plaintiff will fairly and adequately protect and represent the interests of the Class.

35. The Plaintiff has the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

36. The Class is so numerous as to render joinder of all members impracticable as there are approximately 900 persons who are included in the Class.

37. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

38. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

40. On information and belief, the identity of the Class members is contained in the books and records of Defendants.

41. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

7

42. On information and belief, the rate of pay and benefits that was being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

43. As a result of Defendants' violation of the WARN Act, the Plaintiff and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) calendar days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## THE CLAIM FOR RELIEF

44. At all relevant times, the Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

45. At all relevant times, each Defendant was an "employer", as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it determined to order a plant closings at the Facilities.

46. The Defendants constituted a "single employer" of the Plaintiff and Class members under the WARN Act.

47. On or about September 1, 2011, the Defendants ordered a "plant closing" at the Facilities, as that term is defined by 29 U.S.C. § 2101(a)(2).

48. The plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty (50) of Defendants' employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by The Warn Act.

49. The Plaintiff and each of the other members of the Class were discharged by the Defendants without cause on his or her part as part of or as the reasonably foreseeable result of a plant closing ordered by the Defendants at the Facilities.

50. The Plaintiff and each of the other members of the Class is an "affected employee" of the Defendants within the meaning of 29 U.S.C. §2101(a)(5).

51. The Defendants were required by the WARN Act to give the Plaintiff and each of the other members of the Class at least 60 days advance written notice of his or her termination.

52. The Defendants failed to give the Plaintiff and other members of the Class written notice that complied with the requirements of the WARN Act.

53. The Plaintiff and each of the other members of the Class is an "aggrieved employee" of the Defendants as that term is defined in 29 U.S.C. §2104 (a)(7).

54. The Defendants failed to pay the Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

55. Since the Plaintiff and each of the other members of the Class seek back-pay attributable to a period of time after the filing of the Debtor's bankruptcy petition and which arose as the result of the Debtor's violation of a federal law, the Plaintiff's claims against the Debtors are entitled to Administrative Priority status pursuant to 11 U.S.C. §503(b)(1)(A).

56. The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiff on his own behalf and on behalf of the other Class members demand judgment, jointly and severally, against Defendants as follows:

A. An allowed claim against the Solyndra Defendant, and judgment against 360 Solar., in favor of the Plaintiff and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A). The first $11,725.00 of each Class member's allowed WARN Act claim against the Solyndra Defendant is entitled to an allowed claim, under 11 U.S.C. § 507(a)(4), and the remainder as a general unsecured claim;

B. Certification that the Plaintiff and the other Class members constitute a single class;

C. Appointment of the undersigned attorneys as Class Counsel;

D. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation to him for their services as such;

E. An allowed administrative priority claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurs in prosecuting this

10

action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

  F. Such other and further relief as this Court may deem just and proper.

Dated: September 6, 2011
Wilmington, Delaware

        Respectfully submitted,
        MARGOLIS EDELSTEIN

        /s/James E. Huggett
        James E. Huggett (#3956)
        Stephanie Noble Tickle (#5397)
        750 Shipyard Drive, Suite 102
        Wilmington, DE 19801
        Telephone: (302) 888-1112
        Facsimile: (302) 888-1119
        jhuggett@margolisedelstein.com

        -and-

        LANKENAU & MILLER, LLP
        Stuart J. Miller (SJM 4276)
        132 Nassau Street, Suite 423
        New York, New York 10038
        Telephone: (212) 581-5005
        Facsimile: (212) 581-2122

        -and-

        THE GARDNER FIRM, P.C.
        Mary E. Olsen (OLSEM4818)
        M. Vance McCrary (MCCRM4402)
        201 S. Washington Avenue
        Mobile, AL 36602
        Telephone: (251) 433-8100
        Facsimile: (251) 433-8181

        Cooperating Attorneys for the NLG Maurice and
        Jane Sugar Law Center for Economic and Social
        Justice

        *Attorneys for Plaintiff*