IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, et al.,[1] | ) | Case No.: 11-12799 ( ) |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtors. | ) | Re: 6 |

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 363, AND 507(a) FOR AN ORDER AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION; (II) REMIT WITHHOLDING OBLIGATIONS; (III) MAINTAIN EMPLOYEE COMPENSATION AND BENEFITS PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS; AND (IV) HAVE APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS RECEIVE, PROCESS, HONOR, AND PAY CERTAIN CHECKS PRESENTED FOR PAYMENT AND HONOR CERTAIN FUND TRANSFER REQUESTS**

Upon consideration of the motion ("Motion") of Solyndra LLC, et al., the above-referenced debtors and debtors-in-possession (the "Debtors") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") for the entry of an order (the "Order"), pursuant to sections 105(a), 363, and 507(a) of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing, but not requiring, the Debtors to (i) pay prepetition wages, salaries, employee benefits, and other compensation; (ii) remit withholding obligations; (iii) maintain employee compensation and benefits programs and pay related administrative obligations; and (iv) authorize and direct applicable banks and other financial institutions to receive, process, honor, and pay certain checks presented for payment and honor certain fund transfer requests; and it

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

DOCS_LA:242794.8 80368-001

appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O); and it appearing that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefore; it is hereby:

ORDERED that the Motion is GRANTED;[2] and it is further

ORDERED that the Debtors are authorized, but not directed, to pay and/or honor the Employee Wages and Benefits, in accordance with the Debtors' stated policies and in the ordinary course of the Debtors' business, including, but not limited to amounts due on account of unpaid Wages and Benefits, including the Wages, the Administration Fees, the Withholding Obligations, the Employer Tax Obligations, the Reimbursement Obligations, the Benefits Administration Fees, the Medical Plan Contributions, Dental Plan Contributions, Vision Plan Contributions, and to honor, prepetition, PTO claims, and all costs associated therewith, with respect to Employees as set forth in the Motion, subject to the following limits:

| Wages | $475,000 |
|---|---|
| Terminated Employee Wages | $50,000 |
| ADP Administration Fees | $25,000 |

---

[2] All capitalized terms not otherwise defined herein are defined in accordance with their usage in the Motion.

| | |
|---|---|
| Withholding Obligations | $206,000 |
| Reimbursement Obligations | $100,000 |
| Relocation Expenses | $4,150[3] |
| COBRA Administration Fees | $1,100 |
| 401(k) Fees | $55,000 |
| Medical Premiums | $200,000 |
| Dental Plan Contributions | $25,000 |
| Vision Plan Contributions | $5,000 |
| Life Insurance, AD&D Insurance, Disability Insurance, Business Travel Accident Insurance | $50,000 |
| Employee Assistance Program | $2,500 |
| FSA Administration Fees | $6,000 |

and it is further

ORDERED that the Debtors are authorized, but not directed, to make payments to applicable third parties from Withholding Obligations and in respect of the Employee Benefits,

---

[3] Provided, however that payment of prepetition Relocation Expenses plus payment of any unpaid prepetition Wages shall not exceed the cap under 11 U.S.C. §507(a)(4) for any individual.

and costs associated therewith, in the Debtors' ordinary course of business and stated policies, as set forth in the Motion; and it is further

ORDERED that in accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtors maintain their accounts are authorized to honor checks presented for payment, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in such accounts; and it is further

ORDERED that the Debtors are authorized to pay all processing and administrative fees associated with payment of the Employee Wages and Benefits; and it is further

ORDERED that no payments to any Employee on account of pre-petition Wages will collectively exceed the $11,725 cap per Employee provided under sections 507(a)(4) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order, including, but not limited to reissuing wires or checks that may have been dishonored as a result of the bankruptcy filing, to the extent of the limitations set forth in the order approving the Motion; and it is further

ORDERED that, notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall not be deemed to constitute postpetition assumption or adoption of any contract, program, or policy pursuant to section 365

of the Bankruptcy Code and shall not affect the Debtors' right to contest the amount or validity of claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _Sept 7_, 2011

_____
United States Bankruptcy Judge