IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Solyndra LLC, *et al.*,[1] | ) Case No.: 11-12799 (MFW) |
| | ) |
| | ) (Joint Administration Requested) |
| Debtors. | ) |

**APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby seek entry of an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules" or "Del. Bankr. LR") authorizing the Debtors' retention and employment of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel for the Debtors *nunc pro tunc* to the Petition Date (the "Application"). In support of the Application, the Debtors rely on (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure and Section 329 of the Bankruptcy Code*, and (ii) the *Affidavit of Bruce Grohsgal in Support of Application of the Debtors Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure*

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

*and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "Grohsgal Affidavit"), which are being submitted concurrently with the Application. In support of this Application, the Debtors respectfully represent as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are sections 327(a), 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

### Background

3. On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The factual background relating to the Debtors, including their current and historical business operations and the events precipitating their chapter 11 filings, are set forth in detail in the *Declaration of W.G. Bill Stover, Jr., Senior Vice President and Chief Financial Officer, in Support of First Day Motions* (the "Stover Declaration") filed concurrently with this Application and incorporated herein by reference.[2]

5. Although the Debtors' manufacturing operations have been discontinued while the company evaluates its restructuring options, the Debtors are continuing in possession

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stover Declaration.

of their property and are managing their business as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. No request has been made for the appointment of a trustee or an examiner in this case, and no official committee has yet been appointed by the Office of the United States Trustee.

## Relief Requested

7. By this Application, the Debtors seek to employ and retain PSZ&J as their bankruptcy counsel with regard to the filing and prosecution of these chapter 11 cases and all related proceedings. Accordingly, the Debtors respectfully request the entry of an order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing them to employ and retain PSZ&J as their bankruptcy counsel under a general retainer to perform the legal services that will be necessary during these chapter 11 cases, pursuant to the terms set forth in this Application and the Grohsgal Affidavit, *nunc pro tunc* to the Petition Date.

8. The Debtors seek to retain PSZ&J as their counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code and because of the Firm's expertise, experience and knowledge practicing before this Court. In preparing for its representation of the Debtors in these cases, PSZ&J has become familiar with the Debtors' businesses and affairs and many of the potential legal issues that may arise in the context of these chapter 11 cases.

9. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J. The principal attorneys and paralegals presently designated to represent the Debtors and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Richard M. Pachulski | $950.00 |
| b. | Debra I. Grassgreen | $795.00 |
| c. | Bruce Grohsgal | $705.00 |
| d. | Joshua M. Fried | $650.00 |
| e. | Shirley S. Cho | $650.00 |
| f. | Patricia Jeffries | $255.00 |

10. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters described herein.

11. The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PSZ&J's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including,

without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to PSZ&J's other clients. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

12. The professional services that PSZ&J will render to the Debtors include, but shall not be limited to, the following:

    a. providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business and management of their property;

    b. preparing on behalf of the Debtors necessary applications, motions, answers, orders, reports, and other legal papers;

    c. appearing in Court on behalf of the Debtors and in order to protect the interests of the Debtors before the Court;

    d. preparing and pursuing confirmation of a plan and approval of a disclosure statement; and

    e. performing all other legal services for the Debtors that may be necessary and proper in these proceedings.

13. To the best of the Debtors' knowledge, except as otherwise disclosed in the Grohsgal Affidavit submitted concurrently herewith, PSZ&J has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates.

14. To the best of the Debtors' knowledge, PSZ&J does not hold or represent any interest adverse to the Debtors' estates, PSZ&J is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and PSZ&J's employment is necessary and in the best interests of the Debtors and their estates.

15. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $400,000.00 including the Debtors' aggregate filing fees for these cases, in connection with its prepetition representation of the Debtors. PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation of its prepetition fees and expenses as of the Petition Date. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to the Firm will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court and the Bankruptcy Code.

16. The Debtors understand that PSZ&J hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court for all services performed and expenses incurred after the Petition Date.

17. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and further orders of this Court, propose to pay PSZ&J its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Grohsgal Affidavit, and to reimburse PSZ&J according to its customary reimbursement policies, and submit that such rates are reasonable.

## Notice

18. Notice of this Motion has been or will be given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; and (ii) the Debtors' prepetition lenders; (iii) the creditors listed in the Consolidated List of Creditors Holding 35 Largest Unsecured Claims; and (iv) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

19. No prior request for the relief sought in this Motion has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the Application in all respects, and grant such other and further relief it deems just and proper.

Dated: September 5, 2011

Solyndra LLC and 360 Degree Solar Holdings, Inc.

_W.G. Bill Stover (signature)_
W.G. Bill Stover, Jr.
Sr. Vice President and Chief Financial Officer

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*,[1] | ) | Case No.: 11-12799 (MFW) |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtors. | ) | |

## STATEMENT UNDER RULE 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 329 OF THE BANKRUPTCY CODE

1. Pachulski Stang Ziehl & Jones LLP ("PSZ&J"), pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 329 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), states that the undersigned is counsel to the above-captioned debtors and debtors in possession (the "Debtors") in these cases.

2. Compensation agreed to be paid by the Debtors to PSZ&J is for legal services to be rendered in connection with these cases. The Debtors have agreed to pay PSZ&J for the legal services rendered or to be rendered by its various attorneys, paralegals, and case management assistants in connection with these cases on the Debtors' behalf. The Debtors also have agreed to reimburse PSZ&J for its actual and necessary expenses incurred in connection with these cases.

3. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $400,000.00 including the Debtors' aggregate filing fees for these cases, in connection with the preparation of initial documents and its prepetition

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

representation of the Debtors. PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation as of the Petition Date. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court.

4. PSZ&J will seek approval of payment of compensation upon the filing of appropriate applications for allowance of interim or final compensation pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware, and orders of this Court.

5. The filing fees for each of the Debtors in these cases have been paid in full.

6. The services to be rendered include all those services set forth in the *Application of the Debtors for an Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Bankruptcy Counsel to the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date*, submitted concurrently herewith.

7. PSZ&J further states that it has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, of counsel, and associates of PSZ&J, or (b) any compensation another person or party has received or may have received.

Dated: September 6, 2011   PACHULSKI STANG ZIEHL & JONES LLP

/s/ B.G.
Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
Joshua M. Fried (CA Bar No. 181541)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:    rpachulski@pszjlaw.com
           dgrassgreen@pszjlaw.com
           bgrohsgal@pszjlaw.com
           jfried@pszjlaw.com

[Proposed] Counsel for the Debtors and
Debtors in Possession