IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*,[1] | ) | Case No. 11-12799 (MFW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**DEBTORS' APPLICATION FOR ORDER AUTHORIZING AND APPROVING THE
EMPLOYMENT AND RETENTION OF ALIXPARTNERS, LLP AS NOTICING,
CLAIMS AND BALLOTING AGENT IN THESE CHAPTER 11 CASES
*NUNC PRO TUNC* TO THE PETITION DATE**

Solyndra LLC ("Solyndra") and its affiliated debtors and debtors in possession

(collectively, the "Debtors") file this application (the "Application") for entry of an order, the

proposed form of which is attached as **Exhibit A**, pursuant to 28 U.S.C. § 156(c), section 503(b)

of title 11 of the United States Code (the "Bankruptcy Code") Rule 2002 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(f) of the Local Rules of

Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), authorizing and approving the employment and retention of

AlixPartners, LLP ("AlixPartners") as claims, noticing, and balloting agent (collectively, the

"Claims Agent") in the above-captioned cases (the "Chapter 11 Cases"), to be effective *nunc pro*

*tunc* as of the Petition Date (as defined below). The facts and circumstances supporting this

Application are set forth below and attested to by the Declaration of Meade Monger (the

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number
are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488
Kato Road, Fremont, CA 94538.

"Monger Declaration"), attached hereto as **Exhibit B** and incorporated by reference herein. In further support of this Application, the Debtors respectfully represent as follows:

## Jurisdiction, Venue & Statutory Predicate

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    The statutory predicate for the relief requested herein is 28 U.S.C. § 156(c), section 503(b) of the Bankruptcy Code, Bankruptcy Rule 2002 and Local Rule 2002-1(f).

## Background

3.    On Septembe 6, 2011 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases pursuant to the filing of voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    As of the date hereof, no request for appointment of a chapter 11 trustee or examiner has been made and no official committee has been appointed in connection with these Chapter 11 Cases.

5.    The factual background regarding the Debtors, including their current and historical business operations and the events precipitating the Chapter 11 Cases, are set forth in detail in the *Declaration of W.G. Stover, Jr., Senior Vice President and Chief Financial Officer, in Support of First Day Motions* filed in these Chapter 11 Cases and incorporated herein by reference.

2

## Relief Requested

6. The Debtors seek entry of an order, in the proposed form attached hereto as **Exhibit A**, authorizing and approving the employment and retention of AlixPartners as the official claims, noticing, and balloting agent in connection with these Chapter 11 Cases, pursuant to 28 U.S.C. § 156(c) and its appointment as an agent of the Court under Bankruptcy Rule 2002 and Local Rule 2002-1(f), all of the foregoing under the proposed terms of employment as set forth in the engagement letter between AlixPartners and Solyndra LLC, dated as of August 31, 2011 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit C**.

## Basis for Relief

### A.   Basis Under Statute and Bankruptcy Rules

7. Section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of the Court, authorizes the Court to procure the services of third parties to assist with noticing and other chapter 11 administrative matters:

> Any court may utilize facilities or services, either on or off of the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the cost of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

8. Moreover, the Bankruptcy Court, under Bankruptcy Rule 2002, may direct that a person other than the Clerk of the Court serve notices upon creditors and parties in interest. Similar authorization is found under Local Rule 2002-1(f).

DOCS_DE:172787.5 80368-00001

9. Further. Local Rule 2002-1(f) requires a debtor in a chapter 11 case with more than 200 creditors and parties in interest on the creditors' matrix to request the Court's appointment of a claims agent within the first seven (7) days of the Petition Date. The creditors' matrix in these Chapter 11 Cases lists approximately 3,000 creditors and parties in interest. Therefore, pursuant to Local Rule 2002-1(f), the appointment of a claims agent is required.

10. The employment and retention of AlixPartners as Claims Agent is therefore expressly authorized under the Bankruptcy Code, the Bankruptcy Rules and Local Rule 2002-1(f).

**B.      AlixPartners is Well-Qualified to Act as Claims Agent**

11. AlixPartners is one of the country's premier chapter 11 administrators with substantial experience in, among other things, noticing, ballot tabulation, claims processing, and claims reconciliation. AlixPartners has acted as official claims, balloting and/or noticing agent in several recent bankruptcy cases, from a variety of jurisdictions, including Natural Products Group, Centaur, Inc., Metromedia Steakhouses Company, Delta Financial, Global Power Equipment Group Inc., Communication Dynamics, Inc., Ameriserve Food Distribution, Coram Healthcare Corporation, FoxMeyer Corporation, Sleepmaster, PhyAmerica Physicians Group, and Outsourcing Solutions, among others.

12. In light of AlixPartners' experience and the efficient and cost-effective methods that it has developed, the Debtors, their estates and their creditors will clearly benefit from the appointment of AlixPartners as the Claims Agent in these Chapter 11 Cases.

DOCS_DE:172787.5 80368-00001

## C. The Need for the Services to be Provided by AlixPartners

13. The creditor matrices in these Chapter 11 Cases include in excess of three thousand (3,000) creditors to whom notices must be sent. The Debtors will need assistance in managing and addressing the myriad of administrative issues amongst the Debtors and the parties in interest that will likely arise in these Chapter 11 Cases.

14. The parties in interest in the Chapter 11 Cases will benefit from AlixPartners' expertise in bankruptcy case management, coupled with its expertise in electronic, internet, and computer based methods and systems used within bankruptcy cases for communication purposes.

15. In addition, the large number of creditors and parties in interest in these Chapter 11 Cases would undoubtedly impose heavy administrative and other burdens on the Court and the Office of the Clerk of the Court (the "Clerk's Office"). The Debtors believe that the employment of AlixPartners as Claims Agent will (a) relieve the Clerk's Office of a significant administrative burden, (b) avoid delay in processing proofs of claim and interests, (c) reduce legal fees that would be otherwise incurred in connection with the retrieval of proof of claim copies from the Clerk's Office and responding to numerous claim-related inquiries and (d) reduce costs of notice to parties and provide an efficient medium to communicate case information.

DOCS_DE:172787.5 80368-00001

**D.      Scope of Services to be Provided by AlixPartners**

16. To relieve and assist with the burdens described above, this Application seeks

entry of an order appointing AlixPartners as Claims Agent in these Chapter 11 Cases and

authorizing AlixPartners, through its professionals as well as its electronic, internet and

computer-based methods and systems, to render the following services:

- Receive and process all proofs of claim and maintain the claims register.
- Track all claims transfers and update ownership of claims in the claims register accordingly.
- Provide both the Company and its counsel access to the claims database system.
- File monthly claims register with the Court.

and, on request of the Debtors, to render the following services:

- Assist with preparation for a potential bankruptcy filing under Chapter 11 of the United States Bankruptcy Code.
- Assist with developing the complete notice database system to inform all potential creditors as to the filing of the case and the bar date notice.
- Process and mail all notices including the initial bankruptcy notices and bar date notice.
- Provide all voting ballots to necessary parties, quantify the ballot results and provide a final report to the Bankruptcy Court ("Court").
- Be available for testimony such as results of balloting.
- Prepare creditors matrix listing all potential creditors.
- Develop and host a case website including a secure document room for legal and transactional diligence as necessary.
- Assist with such other matters as may be requested that fall within AlixPartners' expertise and that are mutually agreeable.

17. Upon the Court's entry of such an order, AlixPartners will comply with all

requests of the Clerk's Office and follow the guidelines promulgated by the Judicial Conference

6

of the United States for the implementation of 28 U.S.C. § 156(c). The Debtors also request that

the Clerk's Office release all filed claims directly to AlixPartners at the time its employment is

approved and periodically thereafter.

18. In connection with performance by the Claims Agent of the services listed

above, the Debtors understand and AlixPartners acknowledges that, among other things:

a. AlixPartners will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as Claims Agent in these Chapter 11 Cases;

b. AlixPartners will not be an agent of the United States and will not act on behalf of the United States; and

c. AlixPartners will not employ any past or present employees of the Debtors in connection with its work as the Claims Agent in these Chapter 11 Cases.

**Compensation for the Services**

19. The Debtors propose that compensation be provided to AlixPartners for

services rendered as set forth in detail within the Engagement Letter (the "Fee Structure"), which

is incorporated herein for all purposes.

20. AlixPartners' hourly-based services for its work in the Chapter 11 Cases will

be charged at the following discounted hourly rates:

| | |
|---|---|
| Clerical | $40.00 - $60.00 per hour |
| Project Specialist | $75.00 - $125.00 per hour |
| Case Manager | $130.00 - $185.00 per hour |
| IT Programming Consultant | $140.00 - $190.00 per hour |
| Consultant | $190.00 - $225.00 per hour |
| Senior Consultant | $250.00 - $295.00 per hour |

21. Additionally, AlixPartners' case management and website-related services

will include non-hourly charges as set forth below:

DOCS_DE:172787.5 80368-00001

## Notice Printing & Mailing, Publication Services

| | |
|---|---|
| Standard Notice & Envelope Printing | $0.10 per impression |
| Document Finishing | |
|       Collate/Fold/Insert | $0.05 per page |
| USPS First Class/ Priority Mail Postage & Processing Fees | at cost |
| Express/ Overnight Shipment Delivery Fees | at cost |
| Electronic Noticing | $0.02 per page |
| Claim Acknowledgement Noticing | $0.25 per notice |
| Legal Notice Publishing | quoted as required |
| Public Debt and Equity Holder Noticing | quoted as required |

## Photocopying, Printing, Claim Duplication, Facsimile

| | |
|---|---|
| Photocopying or Printing | $0.10 per page |
| Facsimile Transmission (domestic) | $0.20 per page |

## Solicitation Mailings, Vote Tabulations

| | |
|---|---|
| Ballot Solicitation/Disclosure Statement & Plan Mailings | quoted as required |
| Voting Tabulation | see hourly rates |

## Claims Docketing, Imaging, Document Management

| | |
|---|---|
| Claims Docketing, Examination, Data Entry & Review | see hourly rates |
| Document Scanning | $0.30 per page |
| Database and System Access | no charge |
| Document Archival Storage | no charge |

## System Licensing, Database Storage, Web Hosting

| | |
|---|---|
| License Fees & Data Storage | no charge |
| Setup and/or Configuration | see hourly rates |
| Implementation Training and/or Technical Support | see hourly rates |
| Web Site Hosting (Case-Specific) | no charge |

## Creditor Setup

| | |
|---|---|
| Creditor Setup & Data Parsing | |
|       Data Transfer | see hourly rates |
|       Manually Entered (Clerical) | see hourly rates |

## Communications Center Services

| | |
|---|---|
| Standard Call Center Setup | no charge |
| Call Center Operator | see hourly rates |
| Voice Recorded Message | no charge |
| Standard Call Center Support/Maintenance | see hourly rates, only when applicable/needed |

DOCS_DE:172787.5 80368-00001

**Distributions**
Remittance Check Production                                                                 quoted as required

**Miscellaneous Expense**
Travel and Related Expenses                                                                 at cost

22. The Fee Structure is consistent with and typical of compensation

arrangements entered into by AlixPartners and other comparable firms in connection with the

rendering of similar services under similar circumstances. The Debtors believe that the Fee

Structure is in fact reasonable, market-based, and designed to fairly compensate AlixPartners for

its work and to cover fixed and routine overhead expenses.

23. AlixPartners reviews and revises its billing rates on January 1 of each year.

24. In addition to the above compensatory fees for professional services rendered

by AlixPartners personnel, AlixPartners will seek reimbursement for reasonable and necessary

expenses (subject to limits and approvals within the Engagement Letter) incurred in connection

with these Chapter 11 Cases, including transportation costs, lodging, food, telephone, copying

and messenger services. In addition, AlixPartners may use third-party vendors for certain

services, which will be billed to the Debtors at the cost incurred by AlixPartners. Further, as part

of the Fee Structure payable to AlixPartners under the terms of the Engagement Letter, the

Debtors have agreed to certain limitations of liability and indemnification obligations as

described therein.

25. As set forth in the Engagement Letter, AlixPartners has relationships with and

may periodically find it desirable to augment its consulting staff with independent contractors

(an "Independent Contractor") in these Chapter 11 Cases. In such cases, (i) AlixPartners will

9

file, and require the Independent Contractor to file, Rule 2014 affidavits indicating that the Independent Contractor has reviewed the list of the interested parties in this case, disclosing the Independent Contractor's relationships, if any, with the interested parties and indicating that the Independent Contractor is disinterested; (ii) the Independent Contractor must remain disinterested during the time that AlixPartners is involved in providing services on behalf of the Debtors; and (iii) the Independent Contractor must represent that he/she will not work for the Debtors or other parties in interest in these Chapter 11 Cases during the time AlixPartners is involved in providing services to the Debtors. AlixPartners' standard practice is to charge for an Independent Contractor's services at the rate AlixPartners pays the Independent Contractor.

26. As AlixPartners is not being retained in these Chapter 11 Cases as a "professional person" under section 327(a) of the Bankruptcy Code,[2] and because AlixPartners will only be charged with administrative functions in these Chapter 11 Cases, the Debtors do not believe that AlixPartners should be required to file fee applications or otherwise seek Court approval for payment for fees earned or reimbursement for expenses incurred.

27. The Debtors believe that the proposed rates to be charged by AlixPartners are reasonable and appropriate for services of this nature. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the Debtors hereby request that the fees to be charged by AlixPartners together with AlixPartners' necessary and actual expenses be allowed as administrative expenses of the Debtors' estates.

---

[2] As an administrative agent and an adjunct to the Court, the Debtors do not believe that AlixPartners is a "professional" whose retention is subject to approval under Bankruptcy Code section 327 or whose compensation is subject to approval of the Court under Bankruptcy Code sections 330 and 331.

DOCS_DE:172787.5 80368-00001

28. Therefore, the Debtors propose to pay AlixPartners, in the ordinary course and without need for further notice or order of the Court, its billing rates as set forth above and in the Engagement Letter and to reimburse AlixPartners for its expenses according to its customary reimbursement policies.

### Other Matters Pertaining to the Retention of AlixPartners

**E.    Pre-Petition Dealings with the Debtors**

29. Beginning on or about September 1, 2011 and extending to the Petition Date, AlixPartners commenced providing a variety of services to the Debtors pursuant to the Engagement Letter, which services included, without limitation, those related to the Claims Agent role listed in paragraph **Error! Reference source not found.** above. AlixPartners has waived any fees or charges incurred for those services to prior to the Petition Date.

30. AlixPartners received no payments from the Debtors during the 90 days prior to commencement of this Chapter 11 Case.

31.

**F.    Disclosures and Other Information as to Eligibility for Retention**

32. There are no arrangements between AlixPartners and any other entity for the sharing of compensation received or to be received in connection with these Chapter 11 Cases.

33. AlixPartners is not being retained in these Chapter 11 Cases as a "professional person" under section 327(a) of the Bankruptcy Code. However, to the best of the Debtors' knowledge, and except as set forth in the Disclosed Matters (as defined in Monger

11

Declaration)[3], (A) AlixPartners is a "disinterested person" under sections 101(14) and 1107(b) of the Bankruptcy Code, and (B) AlixPartners does not (i) hold or represent any interest adverse to the Debtors or the estates; (ii) have any connection with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; or (iii) employ any person that is related to a judge of this Court or the United States Trustee.

34. For all of the foregoing reasons, the Debtors believe that the retention of AlixPartners as the Claims Agent in these Chapter 11 Cases is appropriate and in the best interests of the Debtors and their estates and creditors.

## Notice

35. Notice of this Motion has been or will be given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; and (ii) the Debtors' prepetition lenders; (iii) the creditors listed in the Consolidated List of Creditors Holding 35 Largest Unsecured Claims; and (iv) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

---

[3] AlixPartners will periodically review its files during the pendency of these Chapter 11 Cases and, to the extent that AlixPartners discovers any new relevant facts or relationships bearing on the matters described herein during the period of AlixPartners' retention, AlixPartners will use reasonable efforts to file promptly a supplemental declaration.

12

## No Prior Request

36. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, (a) authorizing and approving the employment and retention of AlixPartners, effective as of the Petition Date, as Claims Agent pursuant to 28 U.S.C. § 156(c) to perform the services described herein; and (b) granting such further relief as the Court deems just and proper.

Dated: September 9, 2011          PACHULSKI STANG ZIEHL & JONES LLP


Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
Joshua M. Fried (CA Bar No. 181541)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:      rpachulski@pszjlaw.com
           dgrassgreen@pszjlaw.com
           bgrohsgal@pszjlaw.com
           jfried@pszjlaw.com

[Proposed] Counsel for the Debtors and
Debtors in Possession

DOCS_DE:172787.5 80368-00001