IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*, | ) | Case No. 11-12799 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: 9/23/11 @ 4:00 p.m.** |
| | ) | **Hearing Date: 9/27/11 @ 9:30 a.m.** |
| | ) | |
| | ) | **Related to Docket No. 91** |

## iSTAR CTL I, L.P.'S OBJECTION TO MOTION OF SOLYNDRA, LLC FOR AN ORDER (A) APPROVING PROCEDURES FOR SALE OF BUSINESS ASSETS ON TURNKEY BASIS; (B) SCHEDULING AUCTION AND HEARING TO CONSIDER APPROVAL OF SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (C) APPROVING FORMS OF NOTICE; AND (D) GRANTING RELATED RELIEF

iStar CTL I, L.P. ("iStar"), a landlord to Solyndra, LLC (the "Debtor"), hereby objects to the Motion of Solyndra, LCC for an Order (A) Approving Procedures for Sale of Business Assets on Turnkey Basis; (B) Scheduling Auction and Hearing to Consider Approval of Sale and Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Approving Forms of Notice; and (D) Granting Related Relief (the "Motion") on the basis that the Debtor's proposed procedures for the potential assumption and assignment of executory contracts, specifically, real property leases, fails to adequately provide for the protection of iStar's rights pursuant to 11 U.S.C. § 365. iStar requests that the Debtor's proposed procedures for the assumption and assignment of executory leases be modified to include deadlines for the disclosure of the identity of Bidders who seek to assume the Debtor's executory contracts, and financial information regarding adequate assurance of future performance to iStar, or alternatively, that the Motion be denied.

# I.
# INTRODUCTION

1. In April 2008, the Debtor entered into the Lease Agreement (the "Lease") with iStar for the rental of the premises located at 1210 California Circle, Milpitas, California (the "Premises"). The term of the Lease is seven years. The Lease commenced on May 9, 2008, and is not set to expire until 2015. The monthly lease payment is presently $128,842.65, and the Debtor has defaulted under the Lease by failing to make the September 2011 monthly payment.

2. In approximately 2008, the Debtor entered into the First Amendment to Lease (the "First Amendment") with iStar, which provided for the Debtor to install a specialized HVAC system at the Premises to conform to the Debtor's custom requirements. Under the terms of the First Amendment, at the expiration of the Lease, the Debtor is required to remove certain portions of the custom HVAC system and restore the HVAC system to the condition existing prior to entering into the First Amendment.

3. As the it applies to the potential assumption and assignment of executory contacts, the Debtor's Motion fails to provide for adequate procedures to protect a landlord's rights to evaluate and, if necessary, to object to a prospective Bidder/assignee of an executory contract on the basis of insufficient evidence of adequate assurances of future performance. The Motion proposes that any party making a bid on the assets of the Debtor are to deliver those bids to the Debtor on October 25, 2011 for an auction date on October 28, 2011. Then, there will be a sale hearing three business days later on November 2, 2011 to approve the successful buyer. The Debtor proposes to include, as part of the sale hearing, a determination of what leases are being assumed and assigned, to address cure amount disputes and also to resolve any objections regarding adequate assurance of future performance pursuant to 11 U.S.C. § 365(f)(2). Under the Debtor's current proposed scheduling order, iStar (and any similarly situated landlord) may

not be advised of the intentions of any prospective Bidders with respect to the iStar Lease until just before the sale hearing at which time iStar would be required to raise its objections on the issue of adequate assurance of future performance. iStar contends this an insufficient amount of time which results in prejudice to iStar's ability to object to prospective assignees of the Lease.

## II.
## iSTAR OBJECTS TO THE PROCEDURES REQUESTED BY THE DEBTOR REGARDING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AS BEING INSUFFICIENT AND PREJUDICIAL TO iSTAR'S RIGHTS TO OBJECT TO ANY PROPOSED ASSIGNEE

4. While it is undisputed that the Bankruptcy Code provides that a Debtor has the right to assume an executory contract and then may assign the executory contract, the rights of the non-debtor party must be protected. "The statutory requirement of 'adequate assurance of future performance by the assignee' affords 'needed protection to the non-debtor party because the assignment relieves the trustee and the bankruptcy estate from liability for breaches arising after the assignment.' *Cinicola v. Scharffenberger,* 248 F.3d 110, 120 (3d Cir. 2001); 11 U.S.C. § 365(k). While the bankruptcy court has discretion to excise or waive a bargained-for element of a contact, 'Congress has suggested that the modification of a contacting party's rights is not to be taken lightly. Rather, a bankruptcy court ... must be sensitive to the rights of the non-debtor contracting party ... and the policy requiring that the non-debtor receiver the full benefit of his or her bargain.'" *In re Joshua Slocum Ltd.,* 922 Fd.2d 1081, 1091 (3d Cir. 1990). Thus, the rights of a landlord cannot be completely ignored, or prejudiced by a debtor who attempts to assign a lease.

5. Under the Debtor's procedures, prospective lease assignees are not required to be disclosed to landlords even though the Offer Letter (as defined in the Motion), is to include "written evidence that demonstrates that [each potential bidder] has the necessary financial ability to close the contemplated transaction and provide adequate assurance of future

performance under all contracts to be assumed..." *See* paragraph 24 of the Motion. Without having any deadlines for required notice and disclosure of this financial information to the landlords by a prospective assignee, the landlords' rights are not protected. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Mansaray-Ruffin*, 530 Fd.3rd 230, 239 (3d Cir. 2008), quoting the United States Supreme Court in *Mullane v. Central Hanover Bank and Trust Co.* In this instance, the Debtor's proposed procedures do not provide the necessary protection of the landlords' rights since there may be only a few days notice to the landlord of the prospective lessee.

6. The Debtor does not yet have even a "Stalking Horse Bidder", and thus no landlord will be aware of a potential assignee until only a matter of days before it is expected to make its objection, and have the Court decide any such objection with respect to the issue of the adequate assurance of future performance of a prospective assignee. The proposed procedure only provides that by October 13, 2011, the Debtor serves notice of the executory contracts that might be the subject of being assumed and assigned. *See* paragraph 40 of the Motion. However, prospective Bidders are required to deliver their bids to the Debtor by October 24, 2011, and those bids are required to include financial information to address the issue of adequate assurance of future performance. Those bids are not being disclosed to the landlords, so as of October 24, only nine days before the sale hearing, the landlords still will not know if their lease is being assumed and assigned and by whom. To protect iStar's rights and those of the other landlords, iStar requests that the Court include as part of the procedural order that the Debtor is

required to disclose by no later than October 25, 2011, the applicable financial information for any assignee that seeks to assume iStar's Lease, or any other landlord lease.

7. In addition to iStar being able to have sufficient time to evaluate a prospective lessee from a financial prospective, iStar must also address the fact that either the Debtor or a prospective assignee will have to deconstruct the present HVAC system at the Premises and return the HVAC system to its original condition, without damaging iStar's Premises and building. Since the result of an assumption and the assignment of the Lease are to relieve the Debtor from liability for breaches after the assignment, it is critical for iStar to know and determine who will be responsible for the required construction work to iStar's Premises, and whether an objection to that assignee is required.

8. While iStar is aware of the financial circumstances of this case, a review of the Debtor's Motion does not provide a sufficient explanation as to why prospective purchases should be chosen and then confirmed in the sale three business days later, with only marginal notice to creditors. This extremely limited time period for creditors to learn the identity of prospective asset purchasers and for landlords to discover prospective assignees for the lease of their real property is unwarranted and unsupported and thus iStar contends that alternatively, the prospective sale hearing date should be extended.

### III.
### CONCLUSION

Based on the foregoing, iStar respectfully requests that the Court (1) deny the relief requested in the Motion or (2) incorporate time deadlines into the Debtor's proposed procedures requiring the disclosure of adequate financial information of lease assignees to adequately protect iStar's, and other landlords' rights as the non-debtor party for the potential assumption and assignment of a

real property lease, extend the time for the hearing to approve the sale, and for such other and further relief as the Court deems appropriate.

Dated: September 23, 2011

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Karen C. Bifferato
Karen C. Bifferato (#3279)
1007 North Orange Street
Wilmington, DE 19801
Telephone: (302) 658-9141
Facsimile: (302) 658-0380

-and-

Dennis D. Miller
STEIN & LUBIN LLP
Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
Telephone: (415) 981-0550
Facsimile: (415) 981-4343

*Attorneys for iStar CTL I, L.P.*

#4484631