IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*, | ) | Case No. 11-12799 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: 9/23/11 by 4:00 p.m. (ET)** |
| | ) | **Hearing: 9/27/11 at 9:30 am (ET)** |
| | ) | |
| | ) | Related to Docket No. 91 |

**LIMITED OBJECTION TO MOTION OF SOLYNDRA LLC FOR AN ORDER (A) APPROVING PROCEDURES FOR SALE OF BUSINESS ASSETS ON TURNKEY BASIS; (B) SCHEDULING AUCTION AND HEARING TO CONSIDER APPROVAL OF SALE AND ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (C) APPROVING FORMS OF NOTICE; AND (D) GRANTING RELATED RELIEF**

In the above-referenced motion (the "Motion"),[1] Debtor Solyndra LLC (the "Debtor") requests, among other things, that the Court establish auction procedures for the sale of substantially all the Debtor's assets and, potentially, for the assumption and assignment of unexpired leases of nonresidential real property. Global Kato HG, LLC ("Global"), as landlord, is a party to a nonresidential real property lease (described below) with the Debtor and hereby files its limited objection to the Motion, as follows:

I. **GLOBAL'S LEASE**

1. On or about January 24, 2007, Global, as landlord, and Solyndra, Inc., a Delaware corporation ("Solyndra, Inc."),[2] as tenant, entered into that certain Industrial Lease (the "Industrial Lease") providing for Solyndra, Inc.'s lease of certain real property located at 47700 Kato Road and 1055 Page Avenue, Fremont, California (the "Premises"). The Industrial Lease was amended by that certain First Amendment to Industrial Lease dated as of January 29, 2009

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.
[2] According to the Debtor, Solyndra, Inc. is presently known as 360 Degree Solar Holdings, Inc., which is also a debtor in these jointly administered bankruptcy cases.

(the "First Amendment"), that certain letter agreement dated September 30, 2010 (the "Letter Agreement"), that certain Second Amendment to Industrial Lease dated as of October 29, 2010 (the "Second Amendment"), and that certain Third Amendment to Industrial Lease dated as of April 28, 2011 (the "Third Amendment") (the Industrial Lease, First Amendment, Letter Agreement, Second Amendment, and Third Amendment shall be collectively referred to herein as the "Lease"). Pursuant to a Lease Assignment and Assumption Agreement dated as of April 1, 2011, Solyndra, Inc. assigned and the Debtor assumed the Lease. The Lease Commencement Date (as such term is defined in the Lease) is September 30, 2011.[3]

## II. THE MOTION

2. Pursuant to the Motion, the Debtor requests, among other things, a court order establishing procedures for the sale of substantially all of the Debtor's assets and, potentially, for the assumption and assignment of certain executory contracts and unexpired leases. Although the Debtor does not identify any particular unexpired real property lease it potentially seeks to assume and assign, the Debtor does state in the Motion that the "assignee of the Assumed Executory Contracts shall not be subject to any liability to the assigned contract counterparty or lessor that <u>accrued or arose before the closing date of the sale</u> of the Assets and [the Debtor] shall be relieved of all liability accruing or arising thereafter pursuant to section 365(k) of the Bankruptcy Code." (Motion at ¶ 46) (emphasis added). The Debtor also requests that the Court schedule the Auction for October 28, 2011, and schedule a hearing for Court approval of the proposed sale on November 2, 2011. Although the Motion states that the proposed assignee shall be responsible for providing the affected landlord with evidence of adequate assurance of future performance as required by section 365 of the Code (<u>see</u> Motion, ¶ 45), the Motion does not establish any deadline for either the filing or service of adequate assurance evidence in advance of the proposed sale hearing, which potentially deprives Global of any meaningful opportunity to review and analyze such evidence or present an opposition.

---

[3] Solyndra, Inc. presently occupies the Premises as a subtenant of Seagate Technology (US) Holdings, Inc., which sublease is scheduled to expire on September 29, 2011.

## III. NATURE OF OBJECTION

3. As set forth in more detail below, Global is filing this limited objection to the Motion on the following grounds: <u>First</u>, the Debtor is seeking relief from this Court that is inconsistent with section 365 of the Bankruptcy Code. Specifically, the Debtor is seeking a ruling that the proposed assignee of an unexpired lease shall have no liability for obligations under the lease that may have accrued or arose before the closing of the sale (even though such obligations may not yet be in default) in contravention of section 365. Moreover, the Debtor is requesting that the Court approve the Debtor's exoneration under section 365(k) in violation of applicable Third Circuit law. <u>Second</u>, the Debtor's proposed procedures with respect to the assumption and assignment of unexpired leases of nonresidential real property potentially violate Global's due process rights.[4]

### A. The Debtor Must Assume and Assign the Lease Cum Onere

4. It is well settled that an executory contract or unexpired lease may not be assumed in part and rejected in part. See <u>In re Fleming Cos.</u>, 499 F.3d 300, 308 (3rd Cir. 2007); See also <u>In re Buffets Holdings, Inc.</u>, 387 B.R. 115, 119 (Bankr. D. Del. 2008); <u>In re Abitibibowater Inc.</u>, 418 B.R. 815 (Bankr. D. Del. 2009); <u>Stewart Title Guaranty Co. v. Old Republic Nat'l Title Ins. Co.</u>, 83 F.3d 735, 741 (5th Cir. 1996); <u>City of Covington v. Covington Landing Ltd. P'ship</u>, 71 F.3d 1221 (6th Cir. 1995); <u>In re Nitec Paper Corp.</u>, 43 B.R. 492 (S.D.N.Y. 1984); <u>In re Village Rathskeller, Inc.</u>, 147 B.R. 665, 671 (Bankr. S.D.N.Y. 1992). The trustee must either assume the entire contract, cum onere, or reject the entire contract, shedding obligations as well as benefits. <u>NLRB v. Bildisco & Bildisco</u>, 465 U.S. 513, 531 (1984). Moreover, to the extent the proposed assignee is not assuming all obligations cum onere, the Debtor is not eligible for exoneration under section 365(k). See <u>American Flint Glass Workers Union v. Anchor Resolution Corp.</u>, 197 F.3d 76, 80-81 (3rd Cir. 1999).

5. Although the Debtor's Motion does not explicitly list which agreements the Debtor proposes to assume and assign, to the extent that the Debtor is proposing through its

---

[4] Potentially, only because the Debtor has not yet identified whether it will seek to assume and assign the Lease.

bidding procedures that a Successful Bidder may assume the Lease and not be subject to any obligations that may have accrued, relate to, or arise prior to the sale, such an assumption and assignment cannot be approved. The Debtor cannot bifurcate its obligations under the Lease. To the extent it is assuming and assigning the Lease, it must assume and assign all of its responsibilities and obligations under the Lease, including its nonmonetary duties. See, e.g., In re Rachels Industries, Inc., supra, 109 B.R. 797, 803 (Bankr. E.D. Tenn. 1990) (holding that the requirement of adequate assurance of future performance is not limited to monetary obligations). Indeed, the law is clear that any assumption and assignment under section 365 must ensure that the non-debtor party to the assumed agreement receives the "full benefit of his bargain." See H.R. Rep. No. 95-595, at 348-49 (1978) (Under section 365, courts must "insure that the trustee's performance under the contract or lease gives the other contracting party the full benefit of its bargain"); In re Ionosphere Clubs, Inc., 85 F.3d 992, 999 (2d Cir. 1996) (Congress' intent was "to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance"); In re Superior Toy & Mfg. Co., 78 F.3d 1169, 1174 (7th Cir. 1996) (Courts must ensure that substitute performance "gives the other contracting party the full benefit of its bargain").

6. Notwithstanding the foregoing, in the Motion, the Debtor is proposing that the proposed assignee of the Lease, if any, shall only be obligated to assume obligations under the Lease that may arise or accrue following the sale. See Motion, ¶ 46. The Debtor's request is not consistent with the Code, as it contravenes the Debtor's obligations to assume and assign the Lease cum onere. The issue is not simply academic. For example, obligations may accrue under the Lease that relate to pre-closing actions of the Debtor – such as the obligation to restore the Premises. According to the Debtor, even if there is no present default under the Lease, the proposed assignee shall have no obligation to Global for any such pre-closing actions of the Debtor. Other such obligations may relate to indemnity obligations, maintenance, and the obligation to keep the Premises lien free. The Debtor is requesting that both the proposed assignee and the Debtor be exonerated of such obligations contrary to the Bankruptcy Code. The proposed assignee must assume the Lease cum onere.

## B. The Debtor's Procedures for Successful Bidders Potentially Deprives Global of Due Process

7. The potential assignment of the Lease to a prospective assignee, as contemplated by the Motion, would potentially require Global to evaluate the financial capability and intended use of a prospective assignee with insufficient prior notice or the opportunity to conduct a meaningful analysis or evaluation. Indeed, the identification of the Successful Bidder would not occur until days before the Sale Hearing.

8. The Due Process Clause of the United States Constitution applies to proceedings under the Bankruptcy Code. See, e.g., In re Center Wholesale, Inc., 759 F.2d 1440, 1448 (9th Cir. 1985); In re Hobdy, 130 B.R. 318, 320 (B.A.P. 9th Cir. 1991). "The fundamental requisites of due process consist of notice and an opportunity to be heard at a meaningful time and in a meaningful manner." Turney v. Federal Deposit Ins. Corp., 18 F.3d 865, 868 (10th Cir. 1994).

9. Under Rule 6006 of the Federal Rules of Bankruptcy Procedure, a motion to assume, reject, or assign an unexpired lease is a contested matter under Rule 9014. Under Rule 9014, relief shall be requested by motion, and a reasonable notice and opportunity for hearing shall be afforded the party against whom the relief is sought.

10. In order to give Global adequate notice and a meaningful opportunity to be heard, if there is a proposed assignee of the Lease, the Sale Hearing should function as a status conference with respect to the proposed assumption and assignment of the Lease under Bankruptcy Code section 365, allowing Global a reasonable time to assess a prospective assignee of the Lease, analyze the proposed assignee's financial condition and business plan, adequately brief the issues, and prepare for a continued hearing.[5] Contrary to the Debtor's Motion, evidence of adequate assurance of future performance with respect to leases to be assumed by the Successful Bidder, and objections thereto, should not occur at the Sale Hearing, as due process requires more notice.

---

[5] Prospective bidders should be notified by the Debtor that the Sale Hearing may be continued, in the event they are the successful bidder, in order to provide evidence of adequate assurance of future performance to Global and give Global a meaningful opportunity to consent or present its objections.

### C. The Proposed Procedures for Approval of Back-Up Bids Potentially Deprives Global of Any Hearing

11. The Motion further seeks to grant the Debtor authority, in the event that a sale to a Successful Bidder is not consummated, to proceed with the sale of the acquired assets to a back-up bidder "*without further order of the Bankruptcy Court.*" (Motion, ¶ 37, emphasis added.) There is absolutely no authority permitting the Debtor to proceed with the assumption and assignment of leases and executory contracts without any judicial scrutiny of the successful purchaser-assignee under Bankruptcy Code section 365.[6]

## IV. CONCLUSION

As presented, the Debtor's Motion should be denied.

Dated: September 23, 2011

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Karen C. Bifferato

Karen C. Bifferato (Bar No. 3279)
Marc J. Phillips (Bar No. 4445)
The Nemours Building
1007 North Orange Street
P. O. Box 2207 (19899)
Wilmington, DE 19801
Telephone: (302) 658-9141

-and-

Michael S. Greger (CA Bar No. 156525)
Richard N. Dinets (CA Bar No. 265197)
Allen Matkins Leck Gamble Mallory & Natsis LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Telephone: (949) 553-1313
Facsimile: (949) 553-8354
Email: mgreger@allenmatkins.com
Email: rdinets@allenmatkins.com

*Attorneys for Global Kato HG, LLC*

#4485286

---

[6] Is Debtor proposing that Global and others review financial information regarding all back-up bidders and subject objections to each and every one prior to the Sale Hearing, with the Court rendering advisory opinions regarding the adequacy of the showing of adequate assurance of future performance as to each Competing Bidder?