# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SOLYNDRA LLC, *et al.*, | ) | Case No. 11-12799 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: 9/27/2011 at 9:30 a.m. |
| | ) | Obj. Deadline: 9/23/11 at 4:00 p.m. |
| | ) | |
| | ) | Re: Dkt. No. 12 |

**LIMITED OBJECTION TO DEBTORS' MOTION FOR FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION SECURED FINANCINC AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSES STATUS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY AND (V) SCHEDULING A FINAL HEARING**

Peter M. Kohlstadt, on behalf of himself and a class of similarly-situated former employees of Solyndra LLC and 360 Degree Solar Holdings (collectively, the "WARN Claimants"), hereby files this limited objection (the "Objection") to the Motion for entry of an order authorizing the Debtors to (a) incur post-petition, priming secured financing pursuant to the terms of a $4,000,000.00 Senior Secured, Superpriority Debtor in Possession Term Loan, Guaranty and Security Agreement, (b) use cash collateral in which the Debtors' prepetition lenders may have an interest and (c) provide adequate protection to such lenders (the "Motion") [Dkt. No. 12; filed 9/6/2011].[1] In support of this Objection, the WARN Claimants respectfully state as follows:

---

[1] Unless defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

{00007910. } 1

## Preliminary Statement

1. The WARN Claimants[2] are approximately 1,100 former employees of the Debtors, who were terminated in mass layoffs or plant closings on or about August 31, 2011 and in the days thereafter. The typical WARN Claimant is owed approximately $30,000 pursuant to the federal WARN Act, the California WARN Act and the California Wage Payment provisions of the Labor Code. The WARN Claimants file this Objection to preserve any hope of a recovery.

2. Pursuant to the DIP Financing, the Debtors seek authority to grant to the DIP Lender: (a) DIP Liens on the proceeds of Avoidance Actions and (b) a Superpriority Administrative Claim against the Avoidance Actions recoveries. *See, e.g.,* Interim Order, ¶¶2(d)(i)-(iii) and 2(g)(i).[3] The Debtors also seek authority to grant to the Prepetition Secured Parties: (c) Adequate Protection Replacement Liens in the proceeds of the Avoidance Actions and (d) Adequate Protection Superpriority Claims against the Avoidance Action recoveries. *See, e.g.,* Interim Order, ¶6(a)(i) and (b)(ii).

3. The DIP Financing should be denied to the extent the Debtors propose to grant a security interest in the Avoidance Action recoveries. The Avoidance Actions are not an asset or property of the Debtors' estates. The Debtors cannot encumber the Avoidance Actions (or the recoveries) because §364(c) only authorizes a debtor to encumber property of the estate. In

---

[2] The WARN Claimants originally filed a complaint on September 2, 2011 in the United States District Court for the Northern District of California, Case No. C11-04403 JSC. The Debtors thereafter commenced these cases on September 6, 2011, and the WARN Claimants filed an adversary proceeding styled *Peter M. Kohlstadt, et al. v. Solyndra LLC and 360 Degree Solar Holdings, Inc.,* Adv. Proc. No. 11-53155 (MFW).

[3] The proposed grant: (x) to the DIP Lender, of a lien on, and a Superpriority Administrative Claim against, Avoidance Actions recoveries, and (y) to the Prepetition Secured Parties, of an Adequate Protection Replacement Lien on, and an Adequate Protection Superpriority Claim against, Avoidance Action recoveries, appears in factual findings and decretal paragraphs throughout the DIP Financing/Interim Order. The WARN Claimants request that all such factual findings and decretal paragraphs be stricken from any final order approving DIP Financing.

addition, chapter 5 rights are unique powers, intended by Congress and the Bankruptcy Code to be held and exercised by the debtor in possession (or, derivatively, another estate fiduciary) for the benefit of its estate. The recoveries of Avoidance Actions should redound to the benefit of general unsecured creditors, not secured creditors.

4. When a bankruptcy case is filed, creditors temporarily are stayed from exercising their state law remedies, *inter alia*, to pursue fraudulent transfer actions. The debtor, as debtor in possession and a fiduciary to its bankruptcy estate, is empowered to investigate and bring those actions for the benefit of its general unsecured creditors. The Court should not permit the Debtors to grant any interest in avoidance recoveries to secured creditors because it comes at the expense of 1,100 WARN Claimants holding approximately $33,000,000 in unsecured debt. The loss of any portion of the Avoidance Action recoveries is not part of any bargain that is in the best interests of these estates. The Debtors' business is not operating. The Debtors offer their creditors the prospect of a quick sale that will primarily (perhaps only) benefit secured creditors. Even if the business is sold as a turnkey, the sale proceeds most likely will not clear the high hurdle of the aggregate secured debt in these cases. The dismal prospect for any recovery highlights the importance of preserving the Avoidance Actions for the benefit of WARN Claimants, among others.

5. For these reasons, the WARN Claimants object to the Debtors request to grant a security interest in the Avoidance Action recoveries to their secured creditors, and that those actions remain in the control of an estate fiduciary to be prosecuted for the benefit of unsecured creditors.

## Limited Objection

### A. *The Avoidance Actions are Not Property of the Debtors-in-Possession Bankruptcy Estates*

6. Prior to filing bankruptcy, only a creditor of a debtor may pursue a fraudulent transfer action. *See In re Cybergenics Corporation*, 226 F.3d 237, 242 (3d Cir. 2000) ("outside of the context of bankruptcy, it is clear that a fraudulent transfer claim arising from Cybergenics' [the debtor's] transfers and obligations belongs to Cybergenics' [the debtor's] creditors, not to Cybergenics."). Prepetition, fraudulent transfer actions are a remedy available only to a debtor's creditors. A debtor lacks standing to commence a fraudulent transfer action. The WARN Claimant's contention that the pre-bankruptcy Debtors did not own fraudulent transfer actions or any Avoidance Actions will be confirmed as a matter of fact when the Debtors file their Schedules of Assets and no Avoidance Action is included in any Schedule of property owned by the Debtors. *See Cybergencis*, 226 F.3d at 245 ("Although it is not a basis for our reasoning or result, we note that if the fraudulent transfer claim had been an asset of Cybergenics [the debtor], it should have been reflected as an asset on Cybergenics' bankruptcy schedules. It was not so listed.")

7. In *Cybergenics*, the Third Circuit considered whether the filing of a bankruptcy case means "that the chapter 11 debtor in possession actually acquires its creditors' fraudulent transfer claims against third parties." The Third Circuit found the answer to be a clear "no." *See, e.g.*, *Cybergenics*, 226 F.3d at 244 ("the avoidance powers neither shift ownership of the fraudulent transfer action to the debtor in possession, nor are themselves a debtor's assets"). The term "property of the estate" is defined in §541 of the Bankruptcy Code. The definition does not include Avoidance Actions. Although the definition includes all legal, equitable and other interests of the debtor in property as of the commencement of the case, the Debtors, as noted, did

not have any legal, equitable or other interest in Avoidance Actions, including fraudulent transfer claims, as of the commencement date.[4]

8. In *In re PWS Holding Corporation*, the Third Circuit confirmed that the duty and power of the debtor in possession to prosecute fraudulent transfers does not mean the action is property of the estate or that the debtor in possession actually owns the fraudulent transfer (or any avoidance) action. 303 F.3d 308, 315 (3d Cir. 2002) ("our conclusion in *Cybergenics* [is] that fraudulent transfer claims do not constitute assets of the debtor in possession."); *see also Harstad v. First Am. Bank*, 39 F.3d 898 (8th Cir. 1994) (holding that avoidance actions are not property of the estate because § 1123(b)(3)(B) requires that a debtor's chapter 11 plan specifically reserve the ability to commence avoidance actions); *In re Sweetwater*, 55 B.R. 724, 731 (D. Utah 1985), *rev'd on other grounds*, 884 F.2d 1323 (10th Cir. 1989) ("The avoiding powers are not 'property' but a statutorily created power to recover property."); *In re Adams*, 453 B.R. 774, 780 (Bankr. N.D. Ala. 2011) (§542 action not property of the estate); *Moyer v. ABN AMRO Mortgage Group, Inc. (In re Feringa),* 376 B.R. 614, 624 (Bankr. W.D. Mich. 2007) (avoiding powers not property of the estate).

---

[4] Section 541(a)(3) defines property of the estate to include "[a]ny interest in property that the trustee recovers under section 329(b), 363(n), 543, **550**, 553, or 723 of this title." 11 U.S.C. § 541(a)(3) (**emphasis** added). Not only does section 541(a)(3) exclude Avoidance Actions, it specifically omits any reference to sections 502(d), 544, 545, 547, 548, 549 and 553 of the Bankruptcy Code. Section 541(a)(3) references § 550(a), but §550(a) applies only "*to the extent that a transfer is avoided* under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title …." (*emphasis* added). Based on the plain language of § 550(a), until this Court enters an order avoiding a transfer, the debtor in possession is not authorized to utilize § 550(a) to recover the transferred property or its value, and the property does not constitute property of Debtors' estates under Bankruptcy Code § 541(a)(1) or (a)(3). Put simply, even if the Debtors had filed the Avoidance Actions on the commencement date, the Debtors still would have no interest in the Avoidance Action until the subject property or its value is recovered.

**B.   The Court Should Not Authorize the Debtors in Possession to Grant Security Interests in the Avoidance Action Recoveries to the DIP Lender/Prepetition Secured Parties**

9. In seeking to secure DIP Financing, the Debtors must operate within the confines of § 364. Section 364, entitled "Obtaining Credit," states in relevant part that:

> the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt –
> (c)(2)   secured by a lien on *property of the estate* that is not otherwise subject to a lien; or
> (c)(3)   secured by a junior lien on *property of the estate* that is subject to a lien.

11 U.S.C. §364(c)(2)(3) (*emphasis* added).

10. Here, the Debtors seek to grant the DIP Lender and Secured Prepetition Parties liens in the Avoidance Actions recoveries. The Court should not authorize the Debtors to encumber the Avoidance Actions because they are not property of the Debtors' estates. The plain and unambiguous language of section 364(c)(2) and (3) limits the Debtors' authority to obtain financing. Section 364 authorizes a debtor only to grant a security interest in property of the estate. That does not include the Avoidance Actions or the recoveries.

**C.   The Debtors, Acting as Fiduciaries to Their Estates, Have the Duty to Prosecute Avoidance Actions to Facilitate a Distribution to General Unsecured Creditors**

11. "[T]he Bankruptcy Code gives a debtor in possession the powers **and duties** of a trustee." *Cybergenics*, 226 F.3d at 243 (**emphasis** added). "A paramount **duty** of a trustee or debtor in possession in a bankruptcy case is to act on behalf of the bankruptcy estate, that is, for the benefit of the creditors." *Id.* (citations omitted) (**emphasis** added). To fulfill this fiduciary **duty**, the debtor is vested with the power to commence avoidance actions. *See In re Marvel Entertainment Group, Inc.*, 140 F. 3d 463 (3d Cir. 1998) (**emphasis** added). The prosecution of avoidance actions is intended to facilitate equality of distribution among the debtor's general unsecured creditors. *See Official Committee of Unsecured Creditors v. Chinery (In re*

*Cybergenics Corp.)*, 330 F.3d 548, 567 (3d Cir. 2000) (noting that the underlying intent of the avoidance powers is the recovery of valuable assets for the benefit of a debtor's estate).

### D. The Court Should Reject the Proposed Grant of Avoidance Action Recoveries to the DIP Lender and Prepetition Secured Parties

12. The Motion seeks to grant liens in and superpriority claims against Avoidance Action recoveries for the DIP Lender and the Prepetition Secured Parties. If permitted, these provisions obviously will inure solely to the benefit of secured creditors at the direct expense of general unsecured creditors. *See In re Gen. Growth Props., Inc.*, 423 B.R. 716, 725 (Bankr. S.D.N.Y 2010)("proposed financing will not be approved where it is apparent that the purpose of the financing is to benefit a creditor rather than the estate")(citing *Ames Dep't Stores*, 115 B.R. 34, 39 (Bankr. S.D.N.Y. 1990)); *In re The Colad Group, Inc.*, 324 B.R. 208, 224 (Bankr. W.D.N.Y. 2005) ("The debtor and its secured creditor do not constitute a legislature. Thus, they have no right to implement a private agreement that effectively changes the bankruptcy law with regard to the statutory rights of third parties.").

13. The Debtors, as debtors in possession and fiduciaries to their estates, are entrusted as caretakers for the Avoidance Actions. In conferring the exclusive right to prosecute avoidance actions upon debtors in possession, courts have recognized the paramount importance of the debtor's fiduciary duty because "empowering the trustee or debtor in possession to avoid a transaction by pursuing an individual creditor's cause of action is a method of forcing that creditor to share its valuable right with other unsecured creditors." *Cybergenics*, 226 F.3d at 244; *see also Buncher Co. v. Official Committee of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 250 (3d Cir. 2000) ("When recovery is sought under § 544(b) of the Bankruptcy Code, any recovery is for the benefit of all unsecured creditors, including those who individually had no right to avoid the transfer."); *In re Sweetwater*, 884 F.2d 1323, 1328 (10th

Cir. 1989) ("preference actions must be pursued in the bankruptcy proceeding to satisfy the basic bankruptcy purpose of treating all similarly situated creditors alike") (internal citation omitted); *see also Bear Stearns Sec. Corp. v. Gredd*, 275 B.R. 190, 194 (S.D.N.Y. 2002) ("[T]he purpose of § 547 is to ensure fair distribution between creditors, while the purpose of § 548 is to protect the estate itself for the benefit of all creditors.").

14. The Avoidance Action recoveries may be the most significant, or only, source of recovery for the WARN Claimants. Rights in these recoveries should be protected for unsecured creditors, not surrendered or granted by the Debtors to the DIP Lender or the Prepetition Secured Parties. Any such grant unfairly jeopardizes any hope the WARN Claimants have for a recovery in these cases.

*E. The Debtors Have Not Met Their Burden of Showing that the Prepetition Secured Parties are Entitled to Adequate Protection Replacement Liens or Adequate Protection Superpriority Claims*

15. The DIP Financing seeks to grant the Prepetition Secured Parties Adequate Protection Replacement Liens in and Adequate Protection Superpriority Claims against the proceeds of the Avoidance Actions. *See, e.g.,* Interim Order, ¶6(a)(i) and (b)(ii). The Motion informs that the DIP Lender holds the following pre-petition secured debt: a substantial portion of the Prepetition Tranche A Term Loan Facility Obligations and the Prepetition Tranche E Facility Obligations. That means the DIP Lender also is a Prepetition Secured Party, seeking the benefit of Adequate Protection Replacement Liens in and Adequate Protection Superpriority Claims against the proceeds of the Avoidance Actions. The DIP Lender also is an insider of the Debtors. *See Motion* at fn. 2.

16. The DIP Lender seeks to loan money to the Debtors to effectuate an orderly yet quick sale of its Prepetition Collateral. It is submitted that the primary beneficiaries of the DIP

Loan are the DIP Lender and the Prepetition Secured Parties. It is *their* collateral that is preserved pending the sale. As noted, there is overlap between the DIP Lender and the Prepetition Secured Parties.

17. "The concept of adequate protection finds its basis in the Fifth Amendment's protection of property interests." *In re DeSardi*, 340 B.R. 790, 797 (Bankr. S.D. Tex. 2006) (citing H.R. Rep. No. 95-595, 338-40 (1977)). The notion of adequate protection is grounded in the belief that secured creditors should not be deprived of the benefit of their bargain. *Resolution Trust Corp. v. Swedeland Dev. Group, Inc. (In re Swedeland Dev. Group, Inc.),* 16 F. 3d 552, 564 (3d Cir. 1994) ([t]he whole purpose of adequate protection for a creditor is to insure that the creditor receives the value for which [it] bargained pre-bankruptcy) (citation omitted).

18. The Prepetition Secured Parties claim they are harmed, and are entitled to adequate protection, by reason of the bankruptcy filing. But the bankruptcy filing is made possible only by the funding provided by the DIP Lender. The DIP Lender/Prepetition Secured Party cannot have it both ways: fees, commissions and other charges charged because of the DIP Loan and adequate protection because the DIP Loan is being made. The harm, if any, is self-inflicted. A lender cannot lend and at the same time be a victim of the lending. At a minimum, adequate protection should be denied to any Prepetition Secured Party that also is a DIP Lender under the DIP Facility. In any event, there has been no showing of actual post-petition diminution in the value of the Prepetition Secured Parties' interest in the Prepetition Collateral so adequate protection should be denied.

19. The WARN Claimants also object to the proposed Releases. They are, among other things, overly broad and not supported by consideration. Given the possibility that the

Debtors' tenure in chapter 11 will be brief, the releases should not be binding on a trustee, or any successor entity.

## Conclusion

For the reasons set forth above, the WARN Claimants respectfully requests that the Court deny the Motion to the extent set forth in this Limited Objection and grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: September 23, 2011
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Julia Klein*
Julia B. Klein (DE #5198)
Frederick B. Rosner (DE #3995)
824 Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
klein@teamrosner.com

-- and --

Jack A. Raisner
René S. Roupinian
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

*Counsel to the WARN Claimants*