IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*,[1] | ) | Case No.: 11-12799 (MFW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | Re: Docket Nos.: |
| | | DIP Motion – 12, 125 and 132 |
| | | Sale Procedures Motion – 91, 120, 121, 122 and 131 |

**OMNIBUS REPLY AND SUBMISSION OF REDLINED ORDERS IN SUPPORT OF (I) ENTRY OF FINAL ORDER APPROVING POSTPETITION SECURED FINANCING AND USE OF CASH COLLATERAL AND (II) APPROVAL OF PROCEDURES FOR SALE OF BUSINESS ASSETS ON TURNKEY BASIS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submit this omnibus reply and submission in support of:

- the Debtors' request for entry of a Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Secured Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Status, (III) Granting Adequate Protection, and (IV) Modifying the Automatic Stay (the "Proposed Final DIP Order"), and

- the motion of Solyndra LLC ("Solyndra") for approval of procedures for the sale of Solyndra's business assets on a "turnkey" basis (the "Bid Procedures"); (b) scheduling an auction and a hearing to consider approval of the sale and the assumption and assignment of certain executory contracts and unexpired leases (the "Sale Hearing"); (c) approving forms of notice; and (d) granting related relief (the "Bid Procedures Motion").

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

The Debtors' proposed form of budget for the period ending November 19, 2011 (the "Budget") is attached hereto as **Exhibit A**. The form of Proposed Final DIP Order is attached hereto as **Exhibit B**, along with a redline against the prior interim order entered by the Court attached hereto as **Exhibit C**.

A revised form of order (the "Proposed Bid Procedures Order") approving the Bid Procedures Motion is attached hereto as **Exhibit D**, along with a redline against the form of order originally submitted with the Bid Procedures Motion attached hereto as **Exhibit E**. In support of this omnibus reply and submission, the Debtors respectfully state as follows:

## REPLY

### Financing Motion

1. The Debtors seek final approval of their proposed debtor-in-possession financing facility of up to $4,000,000 and authority to use cash collateral in accordance with the Budget. The Debtors have received objections to entry of a final order from the Official Committee of Unsecured Creditors (the "Committee") and Peter M. Kohlstadt, on behalf of himself and a purported class of similarly-situated former employees of the Debtors. Both objections raise a single point: avoidance actions should remain unencumbered.

2. The Proposed Final DIP Order does not purport to encumber avoidance actions or the proceeds thereof. As a result of negotiations with the Committee,

(a) the DIP Lender, AE DIP 2011, LLC, a special purpose entity created by Argonaut Ventures I, L.L.C. and Madrone Partners, L.P., and (b) Argonaut Ventures I, L.L.C., as Tranche A Representative, consent to the exclusion of avoidance actions and the proceeds thereof from the scope of the postpetition financing liens, replacement liens, and superpriority claims granted under the Proposed Final DIP Order.

3. The U.S. Department of Energy, acting by and through the Secretary of Energy, as loan servicer (the "<u>Prepetition Tranche B/D Agent</u>") has not filed any objection to entry of a final order. However, counsel for the Prepetition Tranche B/D Agent has informally requested that the proceeds of up to $13,000,000 of the first available proceeds from avoidance actions should be pledged as collateral for the replacement liens of the Prepetition B/D Agent. Given that such a grant of a security interest in avoidance actions would be junior to the claims of the DIP Lender and the Tranche A Representative, both of whom have conceded this point after negotiations with the Committee, and in light of the circumstances of this cases, the Debtors are unwilling to propose a form of order that would have the effect of encumbering what may be the only free and clear assets in the Debtors' estates.

4. Any objection of the Prepetition Tranche B/D Agent to the entry of the Proposed Final DIP Order on the basis that avoidance actions should be pledged to secure avoidance actions is untimely. Further, even if the Court were to hear from the Prepetition Tranche B/D Agent on this point, the Debtors submit that in a case such as this where the orderly liquidation of the collateral benefits the secured lenders and there is no

reasonable expectation that there will be a recovery to unsecured creditors, the Debtors believe that the Committee's position on this point is well taken.

**Bid Procedures**

5. As to Solyndra's proposed Bid Procedures for its turnkey sale of assets, the Debtors have received objections from the Committee and three of the Debtors' landlords: Global Kato HG, LLC, iStar CTL I, L.P., and Calaveras LLC (together, the "Landlords"). The Committee has requested, and the Debtors have agreed, to modify the Bid Procedures to reduce the initial overbid increment from $1,000,000 to $500,000, and to delay the objection deadline for the sale to the day after the anticipated auction (the auction would be moved up by one day to October 27, 2011 to accommodate this change).

6. The Committee also requested that the Court "*direct the Debtors to extend the marketing and sale process, even if only for a short time...*" (Committee Sales Procedures Objection at 5) while at the same time acknowledging that "*No one expects any recovery for general unsecured creditors from the proceeds of such sale.*" (Committee Financing Objection at 5-6). If there was a legitimate reason to extend the sales process for another four weeks, the parties that stand to gain from that extension – the Prepetition Secured Lenders – presumably would be the first to support or even demand an extentded process. Yet the Prepetition Lenders oppose any further extension of the sales process at this time, particularly because the process is not without cost to the estates.

7. However, the Bid Procedures provide flexibility here. Paragraph 4 of the proposed Bid Procedures provides that Solyndra, in its reasonable discretion after

consultation with the Notice Parties (which includes the Committee), may extend the Bid Deadline or the Auction Dates. If the Debtors determine that there is a reasonable basis to extend the time, they can do so and they will continue to evaluate the timeline as the process unfolds. However, at this point, in light of the cash situation, the Debtors believe that the proposed Bid Procedures are appropriate.

8.  The Landlords' objections to the Bid Procedures are focused on the timing of identifying a buyer and having such buyer provide adequate assurance of future performance for purposes of section 365 of the Bankruptcy Code. In order to address the Landlords' objections, Solyndra proposes to revise the Bid Procedures Order in the form submitted herewith which will provide the requested time for landlords to review the financial wherewithal of the bidder and the backup bidder and have the issue of adequate assurance of future performance determined by this Court.

## STATUS UPDATE

9.  On September 6, 2011 (the "Petition Date"), the Debtors commenced the above-captioned cases. The Debtors have continued in the possession of their property and to manage their affairs as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in these cases. On September 15, 2011, the Office of the United States Trustee appointed the Committee.

10. Since the Petition Date, the Debtors have been focused on an orderly wind down of their manufacturing operations and the sale of their assets. Specifically, the

Debtors have been focused on three principal goals: (1) minimizing cash burn; (2) preserving estate assets; and (3) maximizing value for creditor constituents through a combination of orderly liquidation and turnkey sale efforts. Throughout this process, the Debtors have been cooperating with a Federal investigation regarding the Debtors' Department of Energy loan guarantee that was initiated just after the commencement of these cases as well as a prepetition Congressional investigation regarding the same matter.

11. Notwithstanding the foregoing, the Debtors have continued to conscientiously fulfill their statutory and fiduciary duties to creditors and other parties in interest. The Debtors have promptly and diligently responded to numerous inquiries for documents and information from the Office of the United States Trustee, the Committee, the U.S. Department of Justice acting on behalf of the Prepetition Tranche B/D Agent, and other creditor constituents. The Debtors have also moved forward with their orderly liquidation efforts by (a) retaining Imperial Capital, LLC as financial advisors and investment bankers, (b) commencing the marketing process for a turnkey sale of Solyndra's assets, (c) continuing with sales of inventory in the ordinary course of business, and (d) preparing to retain an auctioneer and to obtain approval of the Court for sales of non-core and de minimis assets either through auction or private sale, subject to procedures that would be approved by the Court.

12. Taken together, despite the fact that the Debtors are operating under intense public and private pressure, the Debtors have been able to make substantial progress in resolving these cases in a few short weeks. The Debtors' next step is to complete the

turnkey sale process, which remains at a relatively early stage, and continue with efforts to generate inventory proceeds and proceeds from non-core asset sales. In order to move forward, the Debtors require authority to borrow up to $4,000,000 from the DIP Lender and to continue to have access to cash collateral for the purposes set forth in the Budget.

**WHEREFORE**, the Debtors respectfully request that the Court approve the Proposed Final DIP Order and Proposed Bid Procedures Order, substantially in the form attached hereto, and grant the relief requested herein and such other and further relief as this Court deems appropriate.

Dated: September 26, 2011				PACHULSKI STANG ZIEHL & JONES LLP

/s/ Bruce Grohsgal
Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
Maxim B. Litvak (CA Bar No. 215852)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:	rpachulski@pszjlaw.com
	dgrassgreen@pszjlaw.com
	bgrohsgal@pszjlaw.com
	mlitvak@pszjlaw.com

[Proposed] Counsel for the Debtors and Debtors in Possession