IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*,[1] | ) | Case No.: 11-12799 (MFW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Hearing Date: October 17, 2011, 2011 at 2:00 p.m. (ET)
Objection Deadline: October 10, 2011, 2011 at 4:00 p.m. (ET)

**MOTION OF SOLYNDRA LLC FOR ENTRY OF AN ORDER APPROVING
PROCEDURES FOR THE SALE, TRANSFER AND ABANDONMENT
OF DE MINIMIS ASSETS AND SALES OF INVENTORY AND RAW MATERIALS**

Solyndra LLC ("Solyndra"), one of the captioned debtors herein, along with 360 Degree Holdings, Inc. (collectively, the "Debtors"), files this motion (the "Motion") for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, approving procedures for the sale, transfer and abandonment of Solyndra's De Minimis Assets (as defined herein). In support of this Motion, Solyndra respectfully states as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 363(b) and 363(f) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

**Relief Requested**

4. By this Motion, Solyndra respectfully requests entry of an order authorizing the implementation of procedures to (a) effectuate, from time to time, sales of Solyndra's laboratory equipment, including lab chamber test equipment, barcode systems, including scanners and printers, automated guidance vehicles used in the transport of materials around the Debtors' factory, data center equipment, scanning electron microscopes, as well as the sales or transfers of surplus, obsolete, non-core or burdensome assets including the sale of certain accounts receivables owned by Solyndra that either may take an extended period of time to collect or which have a discounted value due to issues regarding the collectability of such receivables (collectively, the "De Minimis Assets") in any individual transaction or series of related transactions to a single buyer or group of related buyers with a selling price equal to or less than $500,000 free and clear of all liens, claims, interests and encumbrances (collectively, the "Liens") with such Liens attaching to the proceeds with the same validity, extent and priority as had attached to the assets immediately prior to the sale or transfer, (b) abandon a De Minimis Asset to the extent that a sale thereof cannot be consummated at value greater than the cost of liquidating such De Minimis Asset, and (c) pay those necessary fees and expenses incurred in the sale or abandonment of De Minimis Assets, including, but not limited to, commission fees to agents, brokers, auctioneers and liquidators with the amount of proposed commission fees to be paid to be disclosed in the Sale Notice (as defined herein).

5. In addition to approval of the De Minimis Assets Sale Procedures and the De Minimis Asset Abandonment Procedures (defined below), Solyndra also seeks approval to

continue to sell their owned inventory and raw materials in the ordinary course of business postpetition, and for approval of sale procedures for the sale of inventory and raw materials not in the ordinary course of business, as described herein.

### Background

6. On September 6, 2011 (the "Petition Date"), the Debtors commenced voluntary cases under Chapter 11 Cases of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code.

7. No request has been made for the appointment of a trustee or an examiner in this case. On September 15, 2011, the Office of the United States Trustee appointed a committee of unsecured creditors and appointed seven initial members thereto (the "Committee").

8. The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the *Declaration of W.G. Stover, Jr., Senior Vice President and Chief Financial Officer, in Support of First Day Motions* (the "Stover Declaration") filed on the Petition Date and incorporated herein by reference.

9. Solyndra is a U.S. manufacturer of solar photovoltaic ("PV") solar power systems specifically designed for large commercial and industrial rooftops and for certain shaded agriculture applications. The Debtors' worldwide headquarters and its manufacturing operations are located in Fremont, California. Solyndra's innovative cylindrical solar PV panels are highly differentiated and unique in the PV industry. Unlike conventional flat solar panels, Solyndra's

panels are a series of cylindrical modules connected to form a panel. As a result of the form factor, Solyndra panels require no ballast, tilting, or roof penetration and weigh approximately one-half of other solar panels per rooftop unit of area. In addition, Solyndra's current high-volume solar PV panels require no tools for installation and can be installed more quickly than conventional solar panels, resulting in an installation cost substantially below that of conventional solar panels. Solyndra manufactured all of its products in the United States with the support of a well-developed domestic supply chain.

10. Prior to the lay-off of substantially all of the Solyndra workforce that occurred on August 31, 2011, Solyndra had approximately 968 full time employees and 211 temporary employees.

11. Solyndra has sold more than 500,000 of its panels since 2008 and has generated cumulative sales of over $250 million. Solyndra panels are estimated to be installed on more than 1,000 commercial and industrial roofs in 20 countries. Solyndra sells three primary types of solar panels: (i) 100 Series; (ii) 150 Series for higher power density; and (iii) 200 Series. In addition, the Company developed new mounting solutions that allow some of the Solyndra panels to be used in new situations: these solutions include (a) Elevated Shade Structure (aka "Greenhouse") mounts, announced in February 2011; (b) mounts for metal roofs, announced in June 2011; and (c) an "Extreme Wind Solution", allowing for deployment of panels in areas with winds up to 180 miles per hour, announced in August 2011. The 100 Series is Solyndra's original PV system composed of panels and mounting hardware for low-slope, commercial rooftops. The 200 Series is Solyndra's second generation PV system, which has an

enhanced form factor over the 100 Series thereby increasing its Watt peak performance, and requires no tools for installation. The 150 Series is a hybrid product, using the advanced PV modules of the 200 Series, but the existing mounting solution of the 100 Series.

12. For the fiscal year ended January 1, 2011, Solyndra had annual revenues of approximately $142 million and incurred a net loss of approximately $329 million. As of the year ended January 1, 2011, Solyndra had assets with a book value of approximately $859 million and liabilities with a book value of approximately $749 million.

### The De Minimis Asset Sale/Transfer Procedures

13. Solyndra proposes to sell or transfer each of the De Minimis Assets for the highest and best offer received, taking into consideration the exigencies and circumstances in each such sale or transfer, under the following procedures (the "De Minimis Asset Sale Procedures"):

    a. With regard to sales or transfers of the De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a selling price[2] equal to or less than $1,000,000:

        i. Solyndra is authorized to consummate such transaction(s) without further order of the Court if Solyndra determines in the reasonable exercise of its business judgment that such sales or transfers are in the best interest of the estate, subject to the procedures set forth herein;

        ii. Any such transaction(s) shall be free and clear of all Liens, with such Liens attaching only to the sale or transfer proceeds with the same validity, extent and priority as had attached to the De Minimis Assets immediately prior to such sale or transfer;

---

[2] For purposes of these procedures, selling price shall refer to Solyndra's estimate of the net proceeds of any sale transaction.

iii. Solyndra shall give written notice of each proposed sale or transfer (a "Sale Notice") to (a) counsel to AE DIP 2011, LLC, the DIP Lender, and Argonaut Ventures I, L.L.C., as the Prepetition Tranche A Representative and the Prepetition Tranche E Agent, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: Michael A. Rosenthal (email: mrosenthal@gibsondunn.com) and Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE 19899, Attn: Sean M. Beach, Esq. (email: sbeach@ycst.com); (b) counsel to the U.S. Department of Energy, acting by and through the Secretary of Energy, as the Prepetition Tranche B/D Agent, U.S. Department of Justice, Civil Division, 1100 L Street NW, Room 10030, Washington, D.C. 20530, Attn: Matthew J. Troy (email: matthew.troy@usdoj.gov); (c) counsel to the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee"), Blank Rome LLP, 1201 Market Street, Wilmington, DE 19801, Attn: Bonnie Fatell (email: fatell@blankrome.com); and (d) Office of the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Jane M. Leamy (email: jane.m.leamy@usdoj.gov) (collectively, the "Notice Parties");

iv. The content of the Sale Notice shall consist of (a) identification of the De Minimis Assets being sold or transferred, (b) identification of the purchaser of the assets, (c) the purchase price, and (d) the significant terms of the sale or transfer agreement;

v. If no written objection from any of the Notice Parties is received by Solyndra within seven (7) days after the date of the service of such Sale Notice, then Solyndra is authorized to immediately consummate such sale or transfer after entry of an order approving such Sale under certification of counsel;

vi. If any of the Notice Parties submits a written objection to any such sale or transfer to Solyndra within seven (7) days after the date of service of such Sale Notice, then the relevant De Minimis Asset shall only be sold or transferred upon either the consensual resolution of the objection by the parties in question or further order of the Court. If no resolution to the objection is reached, the Debtors will then schedule a hearing to consider the proposed sale of any De Minimis Assets at the next scheduled omnibus hearing; and

      vii.    Solyndra will provide a written report to the Court, the Notice Parties and those parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), beginning with the month ending on October 31, 2011, and each month thereafter, no later than 15 days after the end of each such month, concerning any such sales made during the preceding month pursuant hereto, including the names of the purchasing parties and the types and amounts of the sales (each, a "Monthly Report").

14. Notwithstanding the foregoing, Solyndra is not seeking the authority to sell De Minimis Assets to "insiders," as that term is defined in section 101 of the Bankruptcy Code.

15. To the extent such De Minimis Assets cannot be sold at a price greater than the cost of liquidating such assets, Solyndra seeks authority to abandon such De Minimis Assets in accordance with the following procedures (the "De Minimis Asset Abandonment Procedures"):

    a.    Solyndra shall give written notice of the abandonment (the "Abandonment Notice") to the Notice Parties;

    b.    The Abandonment Notice shall contain a description in reasonable detail of the De Minimis Assets to be abandoned and Solyndra's reasons for such abandonment;

    c.    If no written objections from any of the Notice Parties are filed with the Court within seven (7) days after the date of service of such Abandonment Notice, then Solyndra is authorized to immediately proceed with the abandonment; and

    d.    If a written objection from any Notice Party is filed with the Court within seven (7) days after service of such Abandonment Notice, then the relevant De Minimis Asset shall only be abandoned upon either the consensual resolution of the objection by the parties in question or further order of the Court after notice and a hearing.

### Sale of the Solyndra Inventory and Raw Materials

16.     Postpetition, Solyndra has sold and continues to sell certain of its owned finished goods inventory, which includes Solyndra's finished panels, mounts and other balance of system items customarily included in such sales (the "Solyndra Inventory")[3] as well as certain raw materials that are not necessary to Solyndra's operations in light of the current manufacturing shutdown, which includes gallium, copper, indium and selenium (the "Raw Materials") in the ordinary course of business.  The Raw Materials are sold on the spot market at ascertainable market prices and the sales to date have been at prices greater than the prices paid by Solyndra.  Although Solyndra believes that such sales are in the ordinary course of business,[4] out of an abundance of caution, Solyndra requests authority to continue to sell the Solyndra Inventory and Raw Materials, free and clear of liens, claims and encumbrances, with any such liens, claims and encumbrances to attach to the proceeds of the sale of the Solyndra Inventory and Raw Materials in the same priority as existed prior to such sale.  While Solyndra does not believe such relief is necessary as to inventory sales, given the attention these chapter 11 cases have received, certain buyers have and may continue to request assurances that the sale of certain Solyndra Inventory and Raw Materials is authorized by this Court.  To the extent that there is any question as to whether the proposed sale of the Solyndra Inventory or Raw Materials is not within the ordinary course of business, or a counterparty demands assurances, Solyndra proposes to file with the Court and provide three (3) business days notice of any such proposed sale to the

---

[3] Such inventory does not include the sale of the inventory owned by Argonaut that Solyndra continues to sell under the terms of the *Inventory and Sales Agreement*, dated as of July 29, 2011.

[4] Prior to the filing of this Motion, where a counterparty demanded assurances from the Debtors, the Debtors obtained the consent from its prepetition lenders and the Committee.

Notice Parties. If no timely objection is filed by the Notice Parties to any proposed sale, Solyndra requests authority to consummate and close such sales free and clear of liens, claims and encumbrances, with any such liens, claims and encumbrances to attach to the proceeds of the sale of the Solyndra Inventory and Raw Materials in the same priority as existed prior to such sale, without further order of the Court. If any objection to the proposed sale of Solyndra Inventory and Raw Materials is filed, Solyndra will schedule a hearing on the proposed sale at the Debtors' next omnibus hearing.

## Basis for Relief

### A. The De Minimis Asset Sale Procedures Are Appropriate Under Section 363(b).

17. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, bankruptcy courts routinely authorize sales of a debtor's assets if such sale is based upon the sound business judgment of the debtor. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Trans World Airlines, Inc.*, No. 01-00056, 2001 Bankr. LEXIS 980, at *29 (Bankr. D. Del. Apr. 2, 2001).

18. Solyndra currently possesses (and may identify in the future) certain De Minimis Assets that it wants to sell or transfer because such assets are no longer necessary for

operating its businesses. To defray any operational, carrying or storage expenses associated with these assets, Solyndra has determined in its business judgment that it is in the best interests of the estate to sell or transfer the De Minimis Assets, the Solyndra Inventory and Raw Materials. To that end, Solyndra has proposed the sale procedures, whereby they can consummate the sale or effectuate the transfer of De Minimis Assets, the Solyndra Inventory and Raw Materials during the pendency of these chapter 11 cases. Under these proposed procedures, parties with an interest in Solyndra's assets are fully protected by the opportunity to object and to attend a hearing, if desired.

B.  **The De Minimis Asset Sale Procedures and the Sale of the Solyndra Inventory and Raw Materials Are Appropriate Under Section 363(f).**

19. Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if: (a) applicable nonbankruptcy law permits such a "free and clear" sale; (b) the holder of the interest consents; (c) the interest is a lien and the sales price of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.

20. Solyndra proposes to sell or transfer the De Minimis Assets, Solyndra Inventory and Raw Materials in a commercially reasonable manner, and expect that the value of the proceeds from such sales or transfers will fairly reflect the value of the property sold. Solyndra further proposes that any party with a lien on De Minimis Assets, Solyndra Inventory and Raw Materials sold or transferred pursuant to this Motion shall have a corresponding security interest in the proceeds of such sale or transfer. Moreover, Solyndra proposes that the

absence of any objection to the entry of the order approving this Motion, along with the absence of any timely objection under the De Minimis Asset Sale Procedures, in each case following the provision of notice, be deemed "consent" to any sales or transfers pursuant to the Order within the meaning of section 362(f)(2) of the Bankruptcy Code. As such, the requirements of section 363(f) of the Bankruptcy Code would be satisfied for any proposed sales or transfers free and clear of liens, encumbrances and other interests.

C. **The De Minimis Asset Abandonment Procedures Are Appropriate Under Section 554(a).**

21. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Solyndra expects to take all reasonable steps to sell De Minimis Assets not needed in its operations. The costs associated with sales of certain De Minimis Assets, however, may exceed any possible proceeds thereof. The inability to consummate a commercially reasonable sale of De Minimis Assets would indicate that these Assets have no meaningful monetary value to Solyndra's estate. Further, the costs of storing and maintaining such De Minimis Assets may burden Solyndra's estate. Accordingly, Solyndra contends that, in such circumstances, the abandonment of De Minimis Assets pursuant to the Abandonment Procedures is in the best interest of Solyndra's estate.

22. In light of the demonstrable benefits of streamlined procedures to sell, transfer or abandon De Minimis Assets, courts in this district have approved similar procedures in other large chapter 11 cases. *See, e.g., Flying J Inc., et al.* (MFW) (Bankr. D. Del. February 9,

2009); (approving de minimis sale procedures for sale of assets of up to $5,000,000); *In re Meridian Auto. Sys. Composites Operations, Inc.,* Case No. 05-11168 (MFW) (Bankr. D. Del. August 11, 2005) (selling procedures authorized for sales of up to $1,000,000); *In re Fleming Cos.,* Case No. 03-10945 (MFW) (Bankr. D. Del. May 21, 2003) (selling procedures authorized for sales of less than $6,500,000 and abandonment procedures authorized); *In re Exide Techs.,* Case No. 02-11125 (JCA) (Bankr. D. Del. May 10, 2002) (selling procedures authorized for sales of less than $5,000,000 and abandonment procedures authorized); *In re Dura Auto. Sys., Inc.,* No. 06-11202 (KJC) (Bankr. D. Del. Apr. 25, 2007) (selling procedures authorized for sales of up to $2,500,000 and abandonment procedures); *In re W. R. Grace & Co.,* Case No. 01-1139 (JJF) (Bankr. D. Del. August 2, 2001) (selling procedures authorized for sales of less than $5,000,000 and abandonment procedures authorized). *See also In re Hines Horticulture, Inc.,* 08-11922 (KJC) (Bankr. D. Del. Dec. 12, 2008) (selling procedures authorized for sales up to $100,000); *In re Leiner Health Prods. Inc.,* No. 08-10446 (KJC) (Bankr. D. Del. Apr. 4, 2008) (selling procedures authorized for sales of up to $500,000 and abandonment procedures); *In re Buffets Holdings, Inc.,* No. 08-10141 (MFW) (Bankr. D. Del. Feb. 13, 2008) (selling procedures authorized for sales up to $200,000); *In re Advanced Marketing Servs., Inc.,* No. 06-11480 (CSS) (Bankr. D. Del. June 6, 2007) (approving sale and abandonment procedures for the sale of assets up to $100,000); *In re New Century TRS Holdings, Inc.,* No. 07-10416 (KJC) (Bankr. D. Del. May 16, 2007) (approving sale procedures for the sale of assets up to $100,000); *In re Foamex Intl, Inc.,* Case No. 05-12685 (PJW) (Bankr. D. Del. Nov. 17, 2005) (selling procedures authorized for sales of less than $250,000); *In re Birch Telecom, Inc.,* Case No. 05-12237 (PJW)

(Bankr. D. Del. Nov. 4, 2005) (selling procedures authorized for sales of up to $100,000); *In re Loewen Group Intl, Inc.,* Case No. 991244 (PJW) (Bankr. D. Del. Aug. 25, 1999) (approving similar procedures for the sale of assets up to $2,000,000). For the foregoing reasons, Solyndra believes that granting the relief requested herein is appropriate and in the best interests of its estate and its creditors.

### Reservation of Rights

23.    Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their rights to contest any claim with respect to the De Minimis Assets in accordance with applicable non-bankruptcy law.

### No Prior Request

24.    No prior motion for the relief requested herein has been made to this or any other court.

### Notice

25.    The Debtors have provided notice of this Motion by mail to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the Debtors' prepetition and postpetition secured lenders; and (d) any persons who have filed a request for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, Solyndra respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems appropriate.

Dated: September 26, 2011

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Bruce Grohsgal
Richard M. Pachulski (CA Bar No. 90073)
Bruce Grohsgal (DE Bar No. 3583)
Debra I. Grassgreen (CA Bar No. 169978)
Joshua M. Fried (CA Bar No. 181541)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:    rpachulski@pszjlaw.com
           bgrohsgal@pszjlaw.com
           dgrassgreen@pszjlaw.com
           jfried@pszjlaw.com

[Proposed] Attorneys for the Debtors and Debtors in Possession