# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Solyndra LLC, *et al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 11-12799 (MFW)<br><br>Jointly Administered<br><br>Hearing Date: October 17, 2011 at 2:00 p.m. (ET)<br>Objection Deadline: October 10, 2011 at 4:00 p.m. (ET) |

## DEBTORS' MOTION FOR ORDER, PURSUANT TO SECTIONS 105(a), 362 AND 546 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, (I) ESTABLISHING PROCEDURES FOR RESOLUTION OF RECLAMATION CLAIMS, (II) AUTHORIZING DEBTORS TO RETURN GOODS, AND (III) PROHIBITING INTERFERENCE WITH DELIVERY OF DEBTORS' GOODS

Solyndra LLC ("Solyndra") and 360 Degree Solar Holdings, Inc., the captioned debtors and debtors in possession (collectively with Solyndra, the "Debtors"), submit this motion (the "Motion") for an order (i) establishing procedures for reconciling reclamation claims asserted by vendors and suppliers, (ii) authorizing, but not directing, the Debtors to return certain Goods (as defined below) purchased prior to the Petition Date (as defined below), and (iii) prohibiting third parties from interfering with delivery of the Debtors' Goods. In further support of this Motion, the Debtors respectfully represent:

### Background

1. On September 6, 2011 (the "Petition Date"), each of the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra, LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

DOCS_DE:172973.2

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner in this case. On September 15, 2011, the Office of the United States Trustee appointed a committee of unsecured creditors and appointed seven initial members thereto (the "Committee").

3. The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the *Declaration of W.G. Stover, Jr., Senior Vice President and Chief Financial Officer, in Support of First Day Motions* (the "Stover Declaration") filed on the Petition Date and incorporated herein by reference.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### The Debtors' Business

5. Solyndra is a U.S. manufacturer of solar photovoltaic ("PV") solar power systems specifically designed for large commercial and industrial rooftops and for certain shaded agriculture applications. The Debtors' worldwide headquarters and its manufacturing operations are located in Fremont, California. Solyndra's innovative cylindrical solar PV panels are highly differentiated and unique in the PV industry. Unlike conventional flat solar panels, Solyndra's panels are a series of cylindrical modules connected to form a panel. As a result of the form factor, Solyndra panels require no ballast, tilting, or roof penetration and weigh approximately

one-half of other solar panels per rooftop unit of area. In addition, Solyndra's current high-volume solar PV panels require no tools for installation and can be installed more quickly than conventional solar panels, resulting in an installation cost substantially below that of conventional solar panels. Solyndra manufactured all of its products in the United States with the support of a well-developed domestic supply chain.

6. Prior to the lay-off of substantially all of the Solyndra workforce that occurred on August 31, 2011, the Debtors had approximately 968 full time employees and 211 temporary employees. The Debtors currently employ approximately 113 employees.

7. Solyndra has sold more than 500,000 of its panels since 2008 and has generated cumulative sales of over $250 million. Solyndra panels are estimated to be installed on more than 1,000 commercial and industrial roofs in 20 countries. Solyndra sells three primary types of solar panels: (i) 100 Series; (ii) 150 Series for higher power density; and (iii) 200 Series. In addition, the Company developed new mounting solutions that allow some of the Solyndra panels to be used in new situations: these solutions include (a) Elevated Shade Structure (aka "Greenhouse") mounts, announced in February 2011; (b) mounts for metal roofs, announced in June 2011; and (c) an "Extreme Wind Solution", allowing for deployment of panels in areas with winds up to 180 miles per hour, announced in August 2011. The 100 Series is Solyndra's original PV system composed of panels and mounting hardware for low-slope, commercial rooftops. The 200 Series is Solyndra's second generation PV system, which has an enhanced form factor over the 100 Series thereby increasing its Watt peak performance, and

requires no tools for installation. The 150 Series is a hybrid product, using the advanced PV modules of the 200 Series, but the existing mounting solution of the 100 Series.

8. For the fiscal year ended January 1, 2011, Solyndra had annual revenues of approximately $142 million and incurred a net loss of approximately $329 million. As of the year ended January 1, 2011, Solyndra had assets with a book value of approximately $859 million and liabilities with a book value of approximately $749 million.

### **Relief Requested**

9. By this Motion, the Debtors seek an order pursuant to sections 105(a), 362, and 546 of the Bankruptcy Code and Bankruptcy Rule 9019, substantially in the form attached hereto as Exhibit A, (i) establishing procedures for reconciling reclamation claims asserted by vendors and suppliers (collectively, the "Vendors"), (ii) authorizing, but not directing, the Debtors to return to Vendors certain Goods (as defined below) purchased prior to the Petition Date, and (iii) prohibiting Vendors or other third parties from interfering with delivery of the Debtors' Goods.

10. Prior to the Petition Date, the Debtors purchased a wide variety of goods used in their daily operations (collectively, the "Goods"). As of the Petition Date, the Debtors were in possession of Goods for which payment to Vendors had not yet been made. As a result of the commencement of these cases, the Debtors expect to receive numerous written reclamation demands from Vendors with respect to the Goods under section 2-702 of the relevant states' versions of the Uniform Commercial Code. The Debtors also anticipate that a number of Vendors, after learning of the commencement of these cases, may attempt to interfere

with the delivery of Goods to the Debtors or attempt forcibly to repossess delivered Goods from the Debtors' facility pursuant to their alleged reclamation rights. Indeed, the Debtors have already received multiple demands from certain Vendors seeking the return of their goods.

11. The Debtors believe allowing Vendors to exercise reclamation rights without first establishing fair and uniform procedures would severely disrupt the Debtors' business operations. Further, if the proposed Reclamation Procedures (as defined below) are not approved, the Debtors will wind up facing reclamation claims on an *ad hoc* basis and, as a result, find the attention of their management and operational personnel diverted away from day-to-day business operations. Establishing the proposed Reclamation Procedures will avoid piecemeal litigation of reclamation demands and the inevitable strain on the Debtors' restructuring efforts that would accompany such litigation.

12. Further, to the best of the Debtors' knowledge, a portion of the Goods are likely commingled with the Debtors' existing supplies and, as a result, the Debtors may be unable to identify specific Goods allegedly subject to reclamation. Any attempt to do so would be overwhelmingly burdensome to the Debtors and undoubtedly unwarranted by the purported value of the claim. Indeed, most reclamation claims will be of *de minimis* value, as the Goods are subject to the blanket liens of the Debtors' pre-petition and postpetition secured lenders.

## The Proposed Reclamation Procedures

13. The Debtors propose the following procedures (the "<u>Reclamation Procedures</u>") for processing and reconciling reclamation claims (each, a "<u>Reclamation Claim</u>"):

a. Any Vendor asserting a Reclamation Claim must satisfy all procedural and timing requirements under applicable state and federal law and demonstrate the Vendor has satisfied all legal elements entitling it to a right of reclamation;

b. Any Vendor asserting a Reclamation Claim must deliver a written reclamation demand (the "Reclamation Demand") to: (a) the Debtors, Solyndra, LLC, 47488 Kato Road, Fremont, CA 94538, Attn: Ben Schwartz, Esq., (b) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111, Attn: Debra I. Grassgreen, Joshua M. Fried (email: dgrassgreen@pszjlaw.com; jfried@pszjlaw.com); (c) counsel to AE DIP 2011, LLC, the DIP Lender, and Argonaut Ventures I, L.L.C., as the Prepetition Tranche A Representative and the Prepetition Tranche E Agent, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: Michael A. Rosenthal (email: mrosenthal@gibsondunn.com) and Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE 19899, Attn: Sean M. Beach, Esq. (email: sbeach@ycst.com); (d) counsel to the U.S. Department of Energy, acting by and through the Secretary of Energy, as the Prepetition Tranche B/D Agent, U.S. Department of Justice, Civil Division, 1100 L Street NW, Room 10030, Washington, D.C. 20530, Attn: Matthew J. Troy (email: matthew.troy@usdoj.gov); (e) counsel to any Official Committee of Unsecured Creditors (the "Committee"); and (f) Office of the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Jane M. Leamy (email: jane.m.leamy@usdoj.gov) (collectively, the "Notice Parties").

c. After review of all Reclamation Demands and no later than 90 days after the Petition Date (the "Reclamation Notice Deadline"), the Debtors will file a notice (the "Notice") and serve such Notice on the Notice Parties;

d. If the Debtors fail to file the Notice by the Reclamation Notice Deadline, any holder of a Reclamation Claim may file, depending on the relief sought, an adversary proceeding or a motion on its own behalf to seek relief with respect to its Reclamation Claim, but may not file an adversary proceeding or any such motion until expiration of the Reclamation Notice Deadline;

e. Any party who wishes to object to the information set forth in the Notice must file and serve, no later than 20 days after the Notice is filed (the "Objection Deadline"), an objection (the "Reclamation Notice Objection") including the following information: (i) a copy of the Reclamation Demand and evidence of the date on which it

was mailed to the Debtors, (ii) the name of the Debtor that ordered the Goods, (iii) copies of any purchase orders and invoices relating to the Goods, (iv) evidence demonstrating the dates on which the Goods were shipped to and received by the Debtors, and (v) a statement describing with specificity why the Notice is incorrect and stating the legal basis, if any, for the Reclamation Notice Objection. The Reclamation Notice Objection shall be served on the Notice Parties.

f.  Any Reclamation Demand that is included in the Notice and is not the subject of a Reclamation Notice Objection filed and served by the Objection Deadline, shall be deemed a valid Reclamation Claim allowed or disallowed in the amount identified in the Notice; *provided, however*, that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved;

g.  Notwithstanding, and without limiting, the foregoing, the Debtors are authorized, but not required, to negotiate with any Vendor and to seek an agreement with any Vendor to resolve that Vendor's Reclamation Claim. In the event such an agreement is reached, the Debtors shall prepare a notice of settlement (the "Settlement Notice"), and file and serve on the Notice Parties such Settlement Notice. Parties in interest shall have 10 days from the date on which the Settlement Notice is filed to object to the Settlement Notice (a "Settlement Objection");

h.  If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Claim at issue shall be deemed valid and allowed, disallowed, or otherwise treated in accordance with the Settlement Notice without further order of the Court. If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court. If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, unless such period is extended by mutual agreement of the Debtors and the party filing the Settlement Objection, the Debtors shall thereafter file a motion requesting that the Court resolve the Settlement Objection;

i.  No later than 90 days following the Objection Deadline (or such date as agreed to by the Debtors and the Vendor), the Debtors shall file a motion seeking Court determination of any Reclamation

       Claims subject to a pending Reclamation Notice Objection that has not been otherwise resolved. The matter shall be set for the next regularly scheduled omnibus hearing, in accordance with appropriate notice, unless another hearing date is agreed to by the parties or ordered by the Court; and

  j.  Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code with respect to any Goods. Without limiting the foregoing, no Vendor shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or obtaining the prior express written consent of the Debtors. The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay.

  14.  The Debtors propose the foregoing Reclamation Procedures be the sole and exclusive method of resolving Reclamation Demands. Accordingly, the Debtors request all Vendors be prohibited from seeking any other means for the resolution or other treatment of Reclamation Demands, including, without limitation: (i) commencing adversary proceedings against the Debtors in connection with any Reclamation Claims, except as permitted by the Reclamation Procedures, (ii) seeking to regain possession of any Goods, except as permitted by the Reclamation Procedures, or (iii) interfering with the delivery of any Goods to the Debtors.

  15.  While it is not feasible for the Debtors to return all Goods for which Reclamation Demands are made, in some cases it may be advantageous to honor a Reclamation Demand pursuant to section 546(h) of the Bankruptcy Code. The Debtors therefore request the Court authorize, but not direct, the Debtors to return Goods, subject to the prior rights of holders of security interests in the Goods, where: (i) the Vendor timely submitted a Reclamation Demand, (ii) the Debtors accepted delivery of the Goods, (iii) the Vendor properly identified the

Goods, and (iv) the Debtors have determined, in accordance with the Reclamation Procedures, the Vendor holds a valid Reclamation Claim pursuant to section 546(c) of the Bankruptcy Code.

16. In all other cases, the Debtors request the Court to enjoin Vendors and other parties from seeking to reclaim or otherwise interfere with the delivery of Goods. Such relief will facilitate the uninterrupted operation of the Debtors' business.

## Basis for Relief

17. Absent the relief requested in this Motion, the Debtors will expend substantial time and limited resources establishing their right to retain Goods, and contesting or litigating reclamation demands. The inevitable result will be delay and disruption in the continuous flow of Goods to the Debtors. Any such material delay or disruption will, in turn, cause considerable harm to the Debtors' business operations, thereby imperiling the Debtors' restructuring efforts. Consequently, the relief requested herein is in the best interests of the Debtors, their estates, and all parties in interest.

### A. The Proposed Reclamation Procedures Are Appropriate Under Sections 105(a) and 546(c) of the Bankruptcy Code

18. Section 546(c)(1) of the Bankruptcy Code provides, in relevant part:
the rights and powers of the trustee . . . are subject to the right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, within 45 days before the date of commencement of a case under this title, but such a seller may not reclaim such goods unless such seller demands in writing reclamation of such goods –

(A) not later than 45 days after the date of receipt of such goods by the debtor; or

(B) not later than 20 days after the date of commencement of the case, if the 45-day period expires after the commencement of the case.

11. U.S.C. § 546(c)(1).

19. Section 546(c)(1) of the Bankruptcy Code contemplates that reclamation rights of sellers of goods may be subject to the prior interests of secured parties. A secured lender who holds a floating lien on the debtor's property holds a secured interest in all of the debtor's inventory such that "a reclaiming seller is entitled to a lien or administrative expense claim only to the extent the value of the specific inventory in which the reclaiming seller asserts an interest exceeds the amount of the floating lien in the debtor's inventory." *In re Dana Corp.*, 367 B.R. 409, 419 (Bankr. S.D.N.Y. 2007) (quoting *In re Pittsburgh-Canfield Corp.*, 309 B.R. 277, 287 (6th Cir. B.A.P. 2004)); *see also In re Primary Health Sys., Inc.*, 258 B.R. 111, 117 (Bankr. D. Del. 2001) ("[U]nder state law, a reclaiming seller would not have been able to reclaim its goods if the goods were not worth more than the value of the floating lien because the holder of the first lien could have asserted its rights and been entitled to all of the inventory."). In short, "if the value of any given reclaiming supplier's goods does not exceed the amount of debt secured by the prior lien, that reclamation claim is valueless." *In re Dana Corp.*, 367 B.R. at 419.

20. Substantially all the Debtors' assets are subject to liens of the Debtors' prepetition and postpetition lenders. Under the express language of section 546(c)(1) of the Bankruptcy Code, the interests of these lienholders are likely superior to any Reclamation Claims. Thus, expending resources at this early stage to litigate Reclamation Claims, which may be devoid of value, would waste the estates' resources. The proposed Reclamation Procedures

avoid such litigation and allow Vendors to establish the validity of their Reclamation Claims, the value of which (if any) will be determined at a later date.

21. Expending time and resources to litigate Reclamation Claims so early in these cases, when the gain to the Debtors' estates will likely be minimal, is at best unwise and, realistically, wasteful. The proposed Reclamation Procedures will avoid draining the Debtors' scarce time and resources and allow Vendors to establish the validity of their Reclamation Claims without costly and time-consuming litigation.

22. As set forth in the Reclamation Procedures, the Debtors request authority, but not a mandate, to negotiate with parties who file a Reclamation Notice Objection, so that a consensual resolution may be reached and an unnecessary drain on the Debtors' resources may be avoided. Pursuant to Bankruptcy Rule 9019(a), after notice and a hearing, the Court may approve a compromise or settlement between the Debtors and parties who file a Reclamation Notice Objection. *See* Fed. R. Bankr. P. 9019(a). Compromises are favored in bankruptcy so as to minimize litigation and expedite a bankruptcy estate's administration. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019(b) authorizes courts to fix classes of controversies and authorize debtors in possession to compromise or settle controversies within such classes without further hearing or notice. *See* Fed. R. Bankr. P. 9019(b). The Debtors submit the Reclamation Claims constitute a class of controversies for which Bankruptcy Rule 9019(b)'s authorization of settlement procedures is well-suited.

23. Section 105(a) of the Bankruptcy Code authorizes a court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title

11]." 11 U.S.C. § 105(a). Absent the approval of the proposed Reclamation Procedures, in the event numerous Reclamation Demands are received, the Debtors and their professionals will be unnecessarily distracted, to the detriment of the Debtors' business operations. The proposed Reclamation Procedures will allow the Debtors a reasonable period of time within which to evaluate any Reclamation Claims thoroughly and without undue haste.

### B. Section 546(h) of the Bankruptcy Code Permits the Debtors to Return Goods as Requested in the Motion

24. Section 546(h) of the Bankruptcy Code permits a debtor, with the consent of a creditor and subject to the prior rights of holders of security interest in such goods or the proceeds of such goods, to return goods the creditor shipped to the debtor before the commencement of the case, for credit against the creditor's prepetition claim, provided the Court determines (on a motion made no later than 120 days after the order for relief and after notice and hearing) that such return is in the best interests of the estate. *See* 11 U.S.C. § 546(h).

25. The purpose of section 546(h) of the Bankruptcy Code is to "relieve the bankruptcy estate of the burden of keeping unwanted or unsalable goods, and relieve the estate of unnecessary liabilities." 138 CONG. REC. S8241-01, at S8265-66 (daily ed. June 16, 1992) (statement of Sen. Heflin). The consensual return to vendors of damaged or unnecessary goods will "permit more efficient reorganizations of bankruptcy debtors." *Id.* at S8266 (statement of Sen. Heflin).

26. Through the Motion, the Debtors seek only the relief to which they are entitled under section 546(h) of the Bankruptcy Code. Accordingly, the Debtors should be

permitted to return Goods, in their discretion, as permitted by the Bankruptcy Code and as set forth herein.

### C. Sections 105 and 362 of the Bankruptcy Code Support Entry of an Order Prohibiting Reclamation Claimants From Reclaiming Goods Already Delivered or Interfering with Goods in Transit to the Debtors, Absent Further Relief From the Court.

27. Section 546 of the Bankruptcy Code does not include a waiver of the automatic stay protection afforded by section 362 of the Bankruptcy Code. Accordingly, the automatic stay prohibits reclamation efforts without leave of court. *See* 11 U.S.C. § 362; *see also In re Waccamaw's HomePlace*, 298 B.R. 233, 237 (Bankr. D. Del. 2003) ("Obviously, with the filing of the petition, the automatic stay of § 362(a) barred any seller from taking any possessory action."). Section 362 of the Bankruptcy Code prohibits third parties from taking action to, among other things, obtain or exercise control over property of the estate. Thus, the Debtors request the Court enjoin any Vendor or other third party from seeking to reclaim Goods that have already been delivered, or from interfering with the delivery of Goods in transit to the Debtors, absent further order of this Court granting relief from the automatic stay.

28. The proposed Reclamation Procedures are similar to those approved in chapter 11 cases in this district and others. *See, e.g., In re Ultimate Acquisition Partners, LP*, No. 11-10245 (MFW) (Bankr. D. Del. Feb. 23, 2011) [Docket No. 215]; *In re Chrysler LLC*, No. 09-50002 (AJG) (Bankr. S.D.N.Y. May 20, 2009) [Docket No. 1316]; *In re Loehmann's Holdings, Inc.*, No. 10-16077 (REG) (Bankr. S.D.N.Y. Dec. 6, 2010) [Docket No. 133]; *In re Sun-Times Media Grp., Inc.*, No. 09-11092 (CSS) (Bankr. D. Del. Apr. 28, 2009) [Docket No.

143]; and *In re Wellman, Inc.*, No. 08-10595 (Bankr. S.D.N.Y Apr. 2, 2008) [Docket No. 163]. The Debtors submit that similar relief is warranted in these chapter 11 cases.

### Reservation of Rights

29. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. Likewise, notwithstanding any authorization that may be granted pursuant to this Motion, the Debtors maintain the sole discretion to determine, in accordance with Reclamation Procedures, whether claims asserted against the Debtors related to Reclamation Demands are valid and whether to honor such claims.

### Notice

30. Notice of this Motion has been or will be given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' prepetition lenders; (iii) counsel for the Committee; and (iv) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE the Debtors respectfully request an order (i) establishing the proposed Reclamation Procedures, (ii) authorizing, but not directing, the Debtors to return certain Goods purchased prior to the Petition Date, (iii) prohibiting Vendors and other third parties from interfering with delivery of the Debtors' Goods, and (iv) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: September 26, 2011                          PACHULSKI STANG ZIEHL & JONES LLP

                                                        */s/ Bruce Grohsgal*
Richard M. Pachulski (CA Bar No. 90073)
Bruce Grohsgal (DE Bar No. 3583)
Debra I. Grassgreen (CA Bar No. 169978)
Joshua M. Fried (CA Bar No. 181541)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:     rpachulski@pszjlaw.com
            bgrohsgal@pszjlaw.com
            dgrassgreen@pszjlaw.com
            jfried@pszjlaw.com

[Proposed] Attorneys for the Debtors and
Debtors in Possession