IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*,[1] | ) | Case No.: Case No. 11-12799 (MFW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**ORDER AUTHORIZING THE EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AND DESIGNATING R. TODD NEILSON AS CHIEF RESTRUCTURING OFFICER TO THE DEBTORS *NUNC PRO TUNC* TO OCTOBER 6, 2011**

Upon consideration of the motion (the "Motion")[2] of the Debtors in the above-captioned cases seeking entry of an order, pursuant to section 363 of the Bankruptcy Code, authorizing the employment of Berkeley Research Group, LLC ("BRG") and designating R. Todd Neilson as Chief Restructuring Officer to the Debtors; and the Court having reviewed the Motion, the Declaration of R. Todd Neilson (the "Neilson Declaration") filed in support thereof; and the Court being satisfied based on the representations made in the Motion and in the Neilson Declaration that neither BRG or Mr. Neilson represents an interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and would be in the best interests of the Debtors' estates, and after due deliberation and sufficient cause

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

appearing therefor, it is

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that, in accordance with section 363 of the Bankruptcy Code, the Debtors are authorized to employ and retain BRG to perform restructuring services to the Debtors, and R. Todd Neilson as CRO to the Debtors, *nunc pro tunc* to October 6, 2011, on the terms set forth in the Motion and the Engagement Letter and the Neilson Declaration; and it is further

ORDERED that the indemnification provisions in the Engagement Letter are approved, subject to the following procedures; and it is further

ORDERED, that notwithstanding the Motion or the Engagement Letter, the indemnification provision shall be modified as follows:

1. BRG shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than those described in the Engagement Letter, unless such services and indemnification therefore are approved by the Court;

2. The Debtors shall have no obligation to indemnify BRG, or provide contribution or reimbursement to BRG, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from BRG's gross negligence or willful misconduct; (b) for a contractual dispute in which the Debtors allege the breach of BRG's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination as to the exclusions set forth in clauses (a) and (b) above, but determined by the Court, after notice and a hearing to be a claim or expense for which BRG should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

3.   If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (b) the entry of an order closing these chapter 11 cases, BRG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, BRG must file an application therefore in this Court, and the Debtors may not pay any such amounts to BRG before the entry of an order by this Court approving the payment. This subparagraph (3) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by BRG for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify BRG. All parties in interest shall retain the right to object to any demand by BRG for indemnification, contribution or reimbursement; and it is further

ORDERED, that notwithstanding the limitation of liability provision or provisions in the Engagement Letter, the Engagement Letter shall be modified to delete such provision or provisions from the Engagement Letter; and it is further

ORDERED that the payments contemplated in the Engagement Letter are hereby approved and may be made by the Debtors without any further order from this Court, *provided however*, that BRG shall file quarterly statements of its fees and expenses as provided in the Motion and parties in interest shall have the right to object to fees paid when quarterly reports of compensation earned are filed with the Court, *provided further* that any such objection shall be filed within twenty-one (21) days of the filing of the quarterly report; and it is further

ORDERED that to the extent this Order is inconsistent with the Motion or the Engagement Letter, the terms of this Order shall govern; and it is further

3

ORDERED that notwithstanding any provision to the contrary in the Motion or the Engagement Letter the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: October ____, 2011

                                                                       _____
                                                                       HONORABLE MARY F. WALRATH
                                                                       UNITED STATES BANKRUPTCY JUDGE