IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SOLYNDRA LLC, et al. | ) | Case No. 11-12799 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: October 17, 2011** |
| | ) | **at 2:00 p.m.** |
| | ) | **Related Docket No. 176** |

**RESPONSE OF THE UNITED STATES OF AMERICA, ON BEHALF OF THE DEPARTMENT OF ENERGY, TO UNITED STATES TRUSTEE'S MOTION FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE UNDER 11 U.S.C. § 1104**

The United States of America, on behalf of the Department of Energy ("DOE"), hereby responds to the United States Trustee's Motion for Entry of an Order Directing the Appointment of a Chapter 11 Trustee Under 11 U.S.C. § 1104 (Docket. 176) (the "Motion").[1]

1. Debtors are indebted and liable to DOE for approximately $528 million secured by interests in and liens on substantially all of the Debtors' assets. *Declaration of W.G. Stover, Jr., Senior Vice President and Chief Financial Officer, in Support of First Day Motions* (Docket No. 13) at ¶¶ 18 and 20.

2. The undersigned attorneys, under the direction and supervision of the Attorney General, represent the United States and its agencies in litigation, 28 U.S.C. §§ 516 and 519, including as a creditor in a bankruptcy proceeding, *see* 28 C.F.R. § 0.45(h).

3. United States Trustees are appointed by, and under the general supervision of, the Attorney General. 28 U.S.C. §§ 581(a)(3) and 586(c). As noted in the Motion, however, "the United

---

[1] On October 7, 2011, the United States Trustee withdrew the alternative relief in the Motion which sought conversion of this case (Docket No. 195).

States Trustee does not represent the interest of the Government as a creditor in bankruptcy cases," *Motion* at 2, n.3, but rather "is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code," *id*. at ¶ 5; *see United Artists Theatre Co. v. Walton* (*In re United Artists Theatre Co.*), 315 F.3d 217, 225 (3d Cir. 2003) ("U.S. Trustees are officers of the Department of Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings."); *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6th Cir. 1990) ("[T]he U.S. trustees are responsible for 'protecting the public interest and ensuring that bankruptcy cases are conducted according to law.'").

4. After careful consideration of the Motion, DOE does not object to the United States Trustee's request for the appointment of a chapter 11 trustee. DOE does so in deference to the United States Trustee's experience and expertise in fulfilling her statutory duty to ensure bankruptcy cases are conducted according to law, including the full and transparent disclosure of a debtor's financial condition and history.

5. DOE has weighed the cost, delay and disruption to this case attendant to the appointment of a chapter 11 trustee. The appointment of a chapter 11 trustee will likely delay, but should not derail, the Debtors' ongoing sale process; it may affect the value realized from the sale of the Debtors' assets. Nevertheless, DOE does not oppose the Motion because it believes that its interests as a creditor do not outweigh the United States' interest in having the United States Trustee fulfill her statutory duty.

This 12th day of October 2011.

        Respectfully submitted,

        MICHAEL F. HERTZ
        Acting Assistant Attorney General

        CHARLES M. OBERLY, III
        United States Attorney

        /s/ Matthew J. Troy
        J. CHRISTOPHER KOHN
        JOHN T. STEMPLEWICZ
        MATTHEW J. TROY
        Attorneys, Civil Division
        U.S. Department of Justice
        P.O. Box 875
        Ben Franklin Station
        Washington, D.C. 20044
        (202) 514-9038 (o)
        (202) 307-0494 (f)

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 12th day of October 2011, I caused a true and correct copy of foregoing Response to be served via electronic mail upon all other parties receiving electronic notice under the Court's CM/ECF system.

        /s/ Matthew J. Troy
        Matthew J. Troy