IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Solyndra LLC, *et al.*,[1] | ) Case No.: 11-12799 (MFW) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

**DECLARATION OF ERIC CARLSON IN SUPPORT OF THE DEBTORS'
OPPOSITION TO THE UNITED STATES TRUSTEE'S MOTION FOR ENTRY
OF AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11
TRUSTEE UNDER 11 U.S.C. SECTION 1104 OR, IN THE ALTERNATIVE,
CONVERSION OF THE CASE TO CHAPTER 7 UNDER 11 U.S.C. SECTION 1112(B)**

Eric Carlson, under penalty of perjury, deposes and says:

      1.     This Declaration is submitted in support of the opposition (the

"Opposition") of Solyndra LLC ("Solyndra") and 360 Degree Solar Holdings, Inc., the above-

captioned debtors and debtors in possession (together, the "Debtors"), to the motion filed by the

Office of United States Trustee to appoint a chapter 11 trustee in these cases or, alternatively, to

convert these cases to chapter 7 under the Bankruptcy Code.  The facts set forth in this

Declaration are personally known to me and, if called as a witness, I could and would testify

thereto.  Capitalized terms not defined herein shall have the meanings set forth in the Opposition.

      2.     I am a managing director of Imperial Capital, LLC ("Imperial").  I am

duly authorized to make this Declaration on behalf of Imperial.

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number
are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583).  The Debtors' address is 47488
Kato Road, Fremont, CA 94538.

3. I have been employed with Imperial since 2005. I have over twenty years' experience in restructuring advisory services and investment banking. In that capacity, I regularly represent debtors, buyers and creditors in the context of asset sales under the Bankruptcy Code. Over the past three years, Imperial has represented debtors or key constituents in the sale of more than a dozen companies in chapter 11.

4. On September 10, 2011, Imperial was retained as financial advisor and investment banker to the Debtors in these cases. I have senior responsibility for this assignment on behalf of Imperial.

5. Immediately following Imperial's engagement, I and my staff began working with Solyndra to market its business on a "turnkey" basis. In connection with these marketing efforts, Imperial has prepared a "teaser" and confidential information memorandum, updated an online data room, has now contacted over 140 parties, and has received signed non-disclosure agreements and shared confidential information with over 20 parties. I have worked closely with Solyndra to develop procedures for the turnkey sale that have been approved by the Court. Recently, in light of the level of interest in the assets during the early stages of the process, Solyndra, after consultation with its creditor constituencies, elected to extend the bid deadline to allow the Debtors to conduct the sale process through mid-November 2011.

6. I believe that Solyndra's efforts to sell its assets to date have been hindered by widespread negative publicity and political maneuvering. Solyndra has had to endure ongoing federal investigations and Congressional hearings that together create a climate of uncertainty and risk for investors and potential buyers.

7.     The prospect that a chapter 11 trustee could be appointed in these cases in the midst of the ongoing turnkey sale process further serves to chill the bidding. The mere filing of the motion to appoint a trustee is likely to have a negative impact on Solyndra's sale efforts. Solyndra's assets are technically advanced and highly customized. A chapter 11 trustee will not immediately have the experience or knowledge needed to effectively and promptly market and sell Solyndra's assets on a turnkey basis in a manner that will realize going concern value. Hence, the appointment of a trustee will create delay and uncertainty, particularly during the first few weeks following the appointment while the trustee and his professionals familiarize themselves with the case. Further, prospective buyers have been dealing with representatives of Solyndra and Imperial during the course of the sale process to date, which process has included numerous communications with Solyndra personnel and even management presentations. I believe that replacing Solyndra's management at this stage of the proceedings with a chapter 11 trustee could have a dire effect on the prospects of a successful turnkey sale.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 12 day of October 2011.

Eric Carlson