# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Solyndra LLC, *et al.*,[1] | ) Case No.: 11-12799 (MFW) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Related Docket No.** _____ |

## ORDER APPROVING PROCEDURES FOR THE SALE, TRANSFER AND ABANDONMENT OF DE MINIMIS ASSETS OF SOLYNDRA LLC AND SALES OF INVENTORY AND RAW MATERIALS

Upon the motion (the "Motion")[2] of Solyndra LLC ("Solyndra"), for the entry of an order (this "Order") approving procedures of the sale, transfer and abandonment of its De Minimis Assets; and it appearing that the relief requested is in the best interests of Solyndra's estate, its creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing thereofor, it is hereby ORDERED THAT:

1. The Motion is granted.

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

[2] Capitalized terms used but not otherwise herein shall have the meaning set for in the Motion.

2. Pursuant to section 363(b) of the Bankruptcy Code, Solyndra is authorized to sell or transfer the De Minimis Assets in accordance with the following procedures (the "De Minimis Assert Sale Procedures"):

    a. With regard to sales or transfers of the De Minimis Assets[3] in any individual transaction or series of related transactions to a single buyer or group of related buyers with a selling price[4] equal to or less than $1,000,000:

        i. Solyndra is authorized to consummate such transaction(s) upon ~~without~~ further order of the Court if Solyndra determines in the reasonable exercise of its business judgment that such sales or transfers are in the best interest of the estate, subject to the procedures set forth herein;

        ii. Any such transaction(s) shall be free and clear of all Liens, with such Liens attaching only to the sale or transfer proceeds with the same validity, extent and priority as had attached to the De Minimis Assets immediately prior to such sale or transfer;

        iii. Solyndra shall file with the Court and give written notice of each proposed sale or transfer (a "Sale Notice") to (a) counsel to AE DIP 2011, LLC, the DIP Lender, and Argonaut Ventures I, L.L.C., as the Prepetition Tranche A Representative and the Prepetition Tranche E Agent, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: Michael A. Rosenthal (email: mrosenthal@gibsondunn.com) and Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE 19899, Attn: Sean M. Beach, Esq. (email: sbeach@ycst.com); (b) counsel to the U.S. Department of Energy, acting by and through the Secretary of Energy, as the Prepetition Tranche B/D Agent, U.S. Department of Justice, Civil Division, 1100 L Street NW, Room 10030, Washington, D.C. 20530, Attn: Matthew J. Troy (email: matthew.troy@usdoj.gov); (c) counsel to the Official Committee of Unsecured Creditors appointed in these

---

[3] The assets set forth on **Exhibit A** hereto shall not be sold pursuant to this Order (collectively, the "Excluded Assets"). The Debtors and all other parties in interest reserve their respective rights to file a motion to sell or to object to the sale of the Excluded Assets at a later date and with respect to the Motion of Solyndra LLC Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Authorizing Them to (A) Conduct Auction for Non-Core Assets, and (B) Sell Such Assets to the Successful Bidders at an Auction Free and Clear of all Encumbrances.

[4] For purposes of these procedures, selling price shall refer to Solyndra's estimate of the net proceeds of any sale transaction.

chapter 11 cases (the "Committee"), Blank Rome LLP, 1201 Market Street, Wilmington, DE 19801, Attn: Bonnie Fatell (email: fatell@blankrome.com); and (d) Office of the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Jane M. Leamy (email: jane.m.leamy@usdoj.gov) (collectively, the "Notice Parties");

iv. The content of the Sale Notice shall consist of (a) identification of the De Minimis Assets being sold or transferred, (b) identification of the purchaser of the assets, (c) the purchase price, (d) the significant terms of the sale or transfer agreement; and (e) the location and the identity of any broker or any other party utilized by the debtors in consummating the Sale, the fee to be paid to such broker or other party and a statement regarding the disinterestedness of such broker;

v. If no written objection from any of the Notice Parties is received by Solyndra within seven (7) days after the date of the service of such Sale Notice, then Solyndra is authorized to immediately consummate such sale or transfer after entry of an order approving such Sale under certification of counsel;

vi. If any of the Notice Parties submits a written objection to any such sale or transfer to Solyndra within seven (7) days after the date of service of such Sale Notice, then the relevant De Minimis Asset shall only be sold or transferred upon either the consensual resolution of the objection by the parties in question or further order of the Court. If no resolution to the objection is reached, the Debtors will then schedule a hearing to consider the proposed sale of any De Minimis Assets at the next scheduled omnibus hearing; and

vii. Solyndra will provide a written report to the Court, the Notice Parties and those parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), beginning with the month ending on October 31, 2011, and each month thereafter, no later than 15 days after the end of each such month, concerning any such sales made during the preceding month pursuant hereto, including the names of the purchasing parties and the types and amounts of the sales (each, a "Monthly Report").

3. Sales to "insiders", as that term is defined in Section 101 of the Bankruptcy Code, are not covered by this Order.

4. Solyndra is authorized to continue to sell the Solyndra Inventory and Raw Materials in the ordinary course of business free and clear of liens, claims and encumbrances, with any such liens, claims and encumbrances to attach to the proceeds of the sale of the Solyndra Inventory and Raw Materials in the same priority as existed prior to such sale.

5. Solyndra may, in its discretion, file with the Court a notice of the proposed sale of any Solyndra Inventory or Raw Materials which notice contains the terms of any such sales and is served on the Notice Parties. If no objection to the proposed sale is filed within three (3) business days of the filing and service of such notice, then Solyndra is authorized to close and consummate the proposed sale free and clear of liens, claims and encumbrances, with any such liens, claims and encumbrances to attach to the proceeds of the sale of the Solyndra Inventory and Raw Materials in the same priority as existed prior to such sale, without further order of the Court.

6. Prior to the sale of any property that is the subject of an asserted reclamation claim, the Debtors shall (i) identify the property sold and price paid for each item sold, and (ii) segregate the proceeds of each sold item until such time as the asserted reclamation claim is either allowed or disallowed.

7. Solyndra is authorized pursuant to section 554(a) of the Bankruptcy Code to abandon De Minimis Assets in accordance with the following procedures (the "De Minimis Asset Abandonment Procedures"):

a. Solyndra shall give written notice of the abandonment (the "Abandonment Notice") to the Notice Parties;

b. The Abandonment Notice shall contain a description in reasonable detail of the De Minimis Assets to be abandoned and Solyndra's reasons for such abandonment;

c. If no written objections from any of the Notice Parties are filed with the Court within seven (7) days after the date of service of such Abandonment Notice, then Solyndra is authorized to immediately proceed with the abandonment; and

d. If a written objection from any Notice Party is filed with the Court within seven (7) days after service of such Abandonment Notice, then the relevant De Minimis Asset shall only be abandoned upon either the consensual resolution of the objection by the parties in question or further order of the Court after notice and a hearing.

8. Solyndra is authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order in accordance with the Motion, including paying those necessary fees and expenses incurred in the sale or abandonment of De Minimis Assets (including, but not limited to, commission fees to agents, brokers, auctioneers and liquidators).

9. Any lien, claim or interest asserted by Menlo Logistics Inc. in the Solyndra Inventory and Raw Materials (the "Menlo Claim") shall attach with same priority, amount and validity (or invalidity) to the proceeds derived from the sale of any such Solyndra Inventory and Raw Materials as existed immediately prior to such sale. Nothing herein shall be deemed an admission of the allowance of the Menlo Claim and all parties reserve any and all their respective rights in connection therewith. Nothing herein shall obligate Menlo to release any inventory except on the terms and conditions set forth in the agreement reached between Menlo and the Debtor on September 9, 2011 (the "September 9 Letter") and nothing in this

Order shall supersede or contradict the provisions of paragraph 14 of the *Order (a) Authorizing But Not Directing the Debtors to Pay Prepetition Claims of Essential Service Providers and (b) Authorizing But Not Directing, the Debtors to Pay Prepetition Claims of Warehousemen* (the "Order"), provided however, that the Debtors and Menlo each reserve their respective rights under the September 9 Letter, the Order and any other applicable agreements between the parties and further reserve the right to request the Bankruptcy Court adjudicate any disputes arising thereunder.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Oct 19, 2011

HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE