# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Solyndra LLC, *et al.*,[1] | ) Case No.: 11-12799 (MFW) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) Related Docket No. 150 ⏋ 2 58 |

## ORDER GRANTING MOTION OF SOLYNDRA LLC PURSUANT TO SECTIONS 105(A) AND 363 OF THE BANKRUPTCY CODE AND AUTHORIZING THEM TO (A) CONDUCT AUCTION FOR NON-CORE ASSETS, AND (B) SELL SUCH ASSETS TO THE SUCCESSFUL BIDDERS AT AN AUCTION FREE AND CLEAR OF ALL ENCUMBRANCES

This matter having come before the Court on the *Motion of Solyndra LLC Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, For Authority to (A) Conduct an Auction for Non-Core Assets, and (B) Sell Assets to the Successful Bidders at an Auction Free and Clear uf All Encumbrances* (the "Motion"),[2] filed by Solyndra; the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Motion was sufficient under the circumstances, (d) the Auction Procedures, the Auction, and the sale of the Non-Core Assets pursuant to the terms of the Motion are in the best interests of Solyndra and its estate and creditors, and (e) any objections to the Motion or the relief requested therein having been withdrawn, resolved or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

[2] Unless otherwise noted, capitalized terms used herein have the meanings ascribed in the Motion.

DOCS_SF:78538.4 80368-002

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The relief requested in the Motion, as modified by this Order, is

GRANTED.

2.    To facilitate the Auction, Solyndra proposes the implementation and

approval of the following Auction Procedures:

(a)    Assets. The Auction will include all Non-Core Assets[3] as substantially set forth on **Exhibit B**[4] to the Motion.

(b)    Pricing. The Auction will be conducted on an asset-by-asset basis or in lots or combinations of lots as determined by Solyndra and HGP in their discretion. Solyndra, in consultation with HGP, will set the initial bid on each Non-Core Asset or lot of Non-Core Assets.

(c)    Participation Requirements. Any person that wishes to participate in the Auction must become a "Qualified Bidder." As a prerequisite to becoming a Qualified Bidder, a potential Qualified Bidder must deliver to the satisfaction of Solyndra:

(i)    A list of Non-Core Asset(s) on which the bidder seeks to bid; and

(ii)    Sufficient information, as requested by Solyndra, to allow Solyndra to determine that the potential Qualified Bidder has the financial wherewithal and any required authorizations to close the sale, including without limitation, such entity's current audited (if applicable) financial statements and a good faith, cash deposit (the amount of which shall to be set by Solyndra in consultation with HGP) (the "Good Faith Deposit").

---

[3] The assets set forth on **Exhibit A** hereto shall not be sold pursuant to this Order (collectively, the "Excluded Assets"). The Debtors and all other parties in interest reserve their respective rights to file a motion to sell or to object to the sale of the Excluded Assets at a later date with respect to the Motion of Solyndra LLC Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Authorizing Them to (A) Conduct Auction for Non-Core Assets, and (B) Sell Such Assets to the Successful Bidders at an Auction Free and Clear of all Encumbrances . Nothing herein shall authorize the auction and sale of the assets (the "Von Ardenne Assets") described in the Limited Objection of Von Ardenne Anlagentechnik GMBH to the Motion of the Debtors of the Debtors for Authority to (A) Conduct an Auction for Non-Core Assets; and (B) Sell Assets to the Successful Bidders at an Auction Free and Clear of All Encumbrances (Docket No. 214). Any auction and sale of the Von Ardenne Assets shall be determined by the Bankruptcy Court at a later hearing date and the Debtors and Von Ardenne each reserve their respective rights in connection therewith.

[4] While Solyndra believes that the items listed on **Exhibit B** constitute substantially all of the Non-Core Assets, Solyndra reserves the ability to add additional Non-Core Assets to the list of assets to be sold at the Auction.

2

(d)     Auction: The Auction shall commence on November 2, 2011 at 9:00 a.m. (prevailing Pacific Time) and continue through November 4, 2011 to the extent necessary to sell the Non-Core Assets, at 47700 Kato Road, Fremont, CA 94538 as well as other locations where the Non-Core Assets are stored ("Auction Period") and shall by administered by HGP. The Auction shall be conducted on-site and over the Internet using webcast technology. Only Qualified Bidders will be permitted to participate in the Auction. The Auction shall be conducted on the following terms:

(i)     In order to participate in the Auction, each Qualified Bidder shall, to Solyndra's satisfaction, register its acknowledgement of the Auction terms (which shall include a statement that such Qualified Bidders do not have any connection to the Debtors).

(ii)    Each Non-Core Asset, lot of Non-Core Assets or combinations of such lots will be auctioned either separately or in lots determined by HGP and Solyndra at the Auction. During the Auction Period, bidding shall begin at an amount set by Solyndra and HGP and subsequently continue in minimum bid increments of no less than 5% of the suggested purchase price.

(iii)   None of the bids may contain any financing, due diligence or "material adverse change" contingencies and the bid of any Successful Bidder will be binding whether or not (a) the Successful Bidder has obtained financing or completed its due diligence investigation, or (b) a "material adverse change" has occurred.

(iv)    Pre-Auction Bidding. All bidding for the Non-Core Assets will occur at the Auction. Notwithstanding the foregoing, a Qualified Bidder shall be permitted to submit a bid to HGP prior to the Auction and designate HGP as its proxy to make such a bid on its behalf at the Auction.

(v)     The Auction shall be either transcribed or videotaped. The Auction shall be conducted openly and all creditors will be permitted to attend.

(vi)    Terms of Sale. The Non-Core Assets are being sold, (i) "AS IS, WHERE IS, AND WITH ALL FAULTS AND WITH NO LICENSE," and the Debtors expressly disclaim all warranties, including (but not limited to) warranties of merchantability, warranties of non-infringement, and fitness for a particular purpose or use, and (ii) "THERE IS NO WARRANTY RELATING TO QUIET ENJOYMENT, OR THE LIKE IN THE

3

**DISPOSITION OF ANY OF THE ASSETS."** Bidders are advised, and by submitting a bid each bidder is deemed to acknowledge, that HGP, the Debtors and each of their respective directors, officers, managers, employees, agents, advisors and attorneys have no knowledge with respect to, and have no obligation to investigate, the merchantability or fitness for any particular purpose or use of any of the Assets. **NO WARRANTY OR REPAIR PROGRAM FOR THE ASSETS IS BEING OFFERED AS PART OF THE SALE.**

(vii) <u>Bid(s); Backup Bid(s)</u>. Upon the conclusion of the Auction, HGP and Solyndra shall (a) identify and certify the bid or bids that constitutes the highest or best offer or offers for the Non-Core Assets (each bid a "<u>Prevailing Bid</u>" and each person submitting such bid a "<u>Successful Bidder</u>") and (b) identify and certify the bid or bids that constitute the next highest or best offer or offers for the Assets (each bid a "<u>Backup Bid</u>" and each person submitting such a bid a "<u>Backup Bidder</u>"), and, in each case, notify the Successful Bidder(s) and Backup Bidder(s).

(viii) Within two (2) business days of the conclusion of the Auction Period, Solyndra shall file with the Court the following (as described below, the "<u>Post-Auction Disclosures</u>"):

    (1)    A list of each Successful Bidder, Backup Bidder, the Non-Core Asset(s) purchased by such bidder, the price to be paid by each Successful Bidder for each Non-Core Asset or lot(s) of Non-Core Assets;

    (2)    A declaration of HGP stating that the Auction was run without collusion, in good faith and at arms' length with each Successful Bidder or Backup Bidder; and

    (3)    A declaration from a representative of Solyndra stating that no Successful Bidder is an insider of either Debtor.

(ix) Contemporaneous with the filing of the Post-Auction Disclosures, Solyndra will serve the Post-Auction Disclosures by email and/or facsimile on: (a) counsel to AE DIP 2011, LLC, the DIP Lender, and Argonaut Ventures I, L.L.C., as the Prepetition Tranche A Representative and the Prepetition Tranche E Agent, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: Michael A. Rosenthal (email:

4

mrosenthal@gibsondunn.com) and Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE 19899, Attn: Sean M. Beach, Esq. (email: sbeach@ycst.com); (b) counsel to the U.S. Department of Energy, acting by and through the Secretary of Energy, as the Prepetition Tranche B/D Agent, U.S. Department of Justice, Civil Division, 1100 L Street NW, Room 10030, Washington, D.C. 20530, Attn: Matthew J. Troy (email: matthew.troy@usdoj.gov); (c) counsel to any Official Committee of Unsecured Creditors (the "Committee"); (d) Office of the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Jane M. Leamy (email: jane.m.leamy@usdoj.gov); and counsel for Global Kato HG, LLC, Allen Matkins Leck Gamble Mallory & Natsis LLP, Four Embarcadero Center, 12th Floor, San Francisco, CA 94111, Attn: Michael S. Greger (email: mgreger@allenmatkins.com); and Ivan M. Gold (email: igold@allenmatkins.com) (collectively, the "Notice Parties").

(x)    No earlier than two (2) business days after Solyndra files the Post Auction Disclosures with the Court and if no timely objection is received by any of the Notice Parties prior to the expiration of such period, then Solyndra is authorized to immediately consummate the proposed sales contemplated under the Post Auction Disclosures upon entry of an order approving such Sale filed under certification of counsel.

(xi)    No Successful Bid will be subject to higher and better offers. The highest cash bid at the Auction is the Successful Bid.

(xii)    All sales of Non-Core Assets shall be, subject to section 363 of the Bankruptcy Code, free and clear of all third-party liens, claims, encumbrances and security interests (each an "Encumbrance" and collectively, "Encumbrances"); *provided,* that such Encumbrances shall attach to the net proceeds of the sale of such Non-Core Assets with the same enforceability, validity and priority as such Encumbrances had against the Non-Core Assets.

(e)    Sales Commission, Buyer's Premium; Expense Reimbursement. HGP will receive a 5% commission from sale proceeds of the Non-Core Assets at Auction (the "Sales Commission") and will also charge each Successful Bidder a buyer's premium of fifteen percent (15%) of the gross sale proceeds to be paid by such Successful Bidder pursuant to its Prevailing Bid(s) (the "Buyer's

5

Premium"). The Successful Bidder shall be required to pay the Buyer's Premium at or prior to the closing of the sale. Neither of the Debtors' estates shall be liable for any unpaid portion of the Buyer's Premium.

In addition to the Buyer's Premium, HGP shall be permitted to deduct from the gross proceeds an amount equal to the reasonable expenses actually incurred by HGP in connection with the Auction and the proposed Sale Process (including, without limitation, labor, advertising, travel and lodging, digital photography of the Non-Core Assets, print and electronic media production, brochure and catalog production, and telemarketing), provided that such amount shall not exceed $40,000, and payable to HGP, upon order of the Court (the "Expense Reimbursement").

(f)     Closing Deadline; Asset Removal Deadline. The sale(s) contemplated by the Successful Bid(s) shall be closed within two (2) business days after entry of the order approving the sales contemplated under the Post-Auction Disclosures as provided under section 2(d)(x) of this Order, or by such other deadline agreed to between Solyndra and the Successful Bidder(s) (the "Closing Deadline"). At the closing of the sale of any Non-Core Asset, the purchaser shall (a) pay HGP with a certified check, bank check or wire transfer for the full outstanding cash balance of the purchase price, and (b) pay HGP with a certified check, bank check or wire transfer in favor of HGP for any Buyer's Premium due to HGP in accordance with these Auction Procedures and the Court's order approving HGP's employment. Each Successful Bidder's or Backup Bidder's sole remedy in the event that a sale fails to close as a result of Solyndra's refusal or inability to close shall be a refund of the monies deposited by such bidder.

Following the Closing Deadline(s), HGP shall promptly disburse to Solyndra the net Auction proceeds owed to Solyndra less HGP's asserted Buyer's Premium, Sales Commission and Expense Reimbursement, which amounts shall be paid to HGP pursuant to further order of the Court.

Any Successful Bidder that is purchasing any Non-Core Assets shall be required to remove such Non-Core Assets from Solyndra's facility immediately and, in any event, by no later than fifteen (15) days after the Auction or by such other deadline agreed to between Solyndra and such Successful Bidder. Each Successful Bidder shall be solely responsible for any and all fees, costs and expenses associated with any purchased Non-Core Assets on and immediately after the Closing Deadline, including, without limitation, any costs and expenses attributable to rent and related expenses for the period of time following the Closing Deadline

6

(regardless of when payment of such rent became due or related expenses of Solyndra were incurred in connection with such Non-Core Asset following the Closing Deadline).[5]

(g) <u>Customs and Taxes</u>. Purchasers of the Non-Core Assets shall be solely responsible for paying any customs duties and taxes due and owing on any of the Non-Core Assets including, without limitation, any sales taxes, stamp taxes, recording taxes or transfer taxes.

(h) <u>Publicity.</u> HGP will distribute a prospectus (the "<u>Prospectus</u>") to all persons who have previously shown an interest in purchasing the Non-Core Assets or whom HGP has identified as a potential bidder. The Prospectus will include, among other things, a listing of the Non-Core Assets, the associated suggested pricing, and a copy of the Order specifying the date and time of the Auction and the participation requirements. Solyndra may, in its discretion but without any obligation, publish a notice of the Auction in the national edition of *The Wall Street Journal* or similar publication.

(i) <u>Return of Good Faith Deposit.</u> All Good Faith Deposits will be held in a non-interest-bearing account and will be returned to any Qualified Bidder who is not a Successful Bidder; *provided, however,* that if a Successful Bidder fails to consummate a transaction within five (5) days of the conclusion of the Auction with respect to a Successful Bid (other than as a result of the failure of Solyndra to convey title to the applicable Non-Core Asset to the applicable Successful Bidder), Solyndra will not have any obligation to return the Good Faith Deposit and such Good Faith Deposit shall irrevocably become the property of Solyndra.

(j) <u>Additional Requirements.</u> Solyndra shall be permitted to adopt such additional reasonable rules and procedures that will serve to maximize the value of the Non-Core Assets.

(k) <u>Modification</u>. HGP may determine, in its business judgment, but only following the receipt of Solyndra's consent, which bid or bids, if any, constitute the highest or otherwise best offer(s) for the Non-Core Assets, and may reject at any time any bid that, in HGP's discretion, but subject to Solyndra's consent, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Auction Procedures or the terms and conditions of sale, or (c) contrary to the best interests of Solyndra. At any time before or at the Auction, and subject to the consent of Solyndra, HGP (y) may impose such other bidding procedures and

---

[5] Nothing in this order or the asset sales shall affect or alter any respective rights and obligations of any Debtor or of any landlord under any applicable real property lease, all such rights and obligations being expressly preserved to each respective party.

DOCS_SF:78538.4 80368-002

terms and conditions as it may determine are in the best interests of Solyndra and other parties in interest, and (z) may modify or amend these Auction Procedures.

(l)     The following additional Auction Procedures (the "Global Kato Procedures") set forth on **Exhibit B** hereto shall govern solely with respect to the Non-Core Assets located at 47700 Kato Road and 1055 Page Avenue, Fremont, California (the "Global Kato Premises"). The Global Kato Premises are leased by Global Kato HG, LLC ("Global Kato"), as landlord, to Solyndra LLC, as tenant . In the event of any conflict between the Auction Procedures set forth above and the Global Kato Procedures set forth on Exhibit B hereto, the Global Kato Procedures shall control.

3.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

4.     Any lien, claim or interest asserted by Menlo Logistics Inc. in the Solyndra Inventory and Raw Materials (the "Menlo Claim") shall attach with same priority, amount and validity (or invalidity) to the proceeds derived from the sale of any such Solyndra Inventory and Raw Materials as existed immediately prior to such sale. Nothing herein shall be deemed an admission of the allowance of the Menlo Claim and all parties reserve any and all their respective rights in connection therewith. Nothing herein shall obligate Menlo to release any inventory except on the terms and conditions set forth in the agreement reached between Menlo and the Debtor on September 9, 2011 (the "September 9 Letter") and nothing in this Order shall supersede or contradict the provisions of paragraph 14 of the *Order (a) Authorizing But Not Directing the Debtors to Pay Prepetition Claims of Essential Service Providers and (b) Authorizing But Not Directing, the Debtors to Pay Prepetition Claims of Warehousemen* (the "Order"), provided however, that the Debtors and Menlo each reserve their respective rights

8

under the September 9 Letter, the Order and any other applicable agreements between the parties and further reserve the right to request the Bankruptcy Court adjudicate any disputes arising thereunder.

5. This court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____Oct. 19_____, 2011

HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

DOCS_SF:78538.4 80368-002