IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, et al.,[1] | ) | Case No.: 11-12799 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL

STATE OF            )
                           ) ss:
COUNTY OF        )

I, Rodrigo Rodriguez, hereby declare that the following is true to the best of my knowledge, information and belief:

I am a Attorney-at-law (of Counsel) of UMBRICHT Attorneys (the "Firm") which maintains offices at Bahnhofstrasse 22, PO Box 2957, 8022 Zurich, Switzerland.

This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of Delaware dated September 6, 2011 authorizing the above-captioned debtors and debtors in possession (the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' Chapter 11 cases (the "Chapter 11 Cases").

The Firm, through me, and members of the firm, have represented and advised the Debtors as legal counsel with respect to a broad range of aspects of the Debtors' business, including Swiss labor law and Swiss insolvency law since August 15, 2011.

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with respect to such matters. Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors:

- Legal assistance in connection wind down proceedings for Solyndra International AG, Baar, a 100% subsidiary of the debtor, in particular with the filing of insolvency of that subsidiary;
- Legal assistance on payments to be made to privileged creditors and/or local taxes and/or social security entities in order to avoid criminal or civil exposure of the Debtor;
- Legal assistance on further issues possibly raised by the insolvency administrator in the course of the proceedings (hearings, submission of documents);
- Filing of possible claims of the Debtor in the proceedings of Solyndra International AG
- Other legal issues that may arise or defenses that may be necessary (avoidance, liability).

The Firm's current customary hourly rates, subject to change from time to time, are $ 605 for Partners (CHF 550.--), $ 495 (CHF 450.--) for Associates and $ 275 (CHF 250.--) for Trainees. To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any employee thereof has any connection with the Debtors or currently represents any of the

Debtors' creditors, other parties-in-interest, the Office of the United States Trustee or any person employed by the Office of the United States Trustee with respect to the matters upon which it is to be engaged, and the Firm does not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates, or any class of creditors or equity interest holders, except Solyndra International AG, the Debtors 100% subsidiary (in liquidation proceedings). We have received from Solyndra International AG a retainer of CHF 25'000 for legal services in the context of the liquidation proceedings. The services covered by said retainer are, of course, not being billed in our invoices to the Debtor.

Thus, I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such services impair the Firm's ability to represent the Debtors in the ordinary course in the Chapter 11 Cases.

In addition, although unascertainable at this time after due inquiry, due to the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters entirely unrelated to the Debtors and their estates. The Firm does not and will not represent any such entity in connection with the pending Chapter 11 Cases and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtors or their estates.

In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matters in which the firm will be engaged.

Except as set forth herein, no promises have been received by the Firm or any partner, associate or other professional thereof as to compensation in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and orders of this Court.

The Firm further states that it has not shared or agreed to share any compensation received in connection with the Chapter 11 Cases with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(b).

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Prof. Dr. Rodrigo Rodriguez
Bahnhofstrasse 22, 8022 Zürich