# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:  360 Degree Solar Holdings, Inc.                    Case No. 11-12800 (MFW)

**Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtor's Statement and Schedules**

360 Degree Solar Holdings, Inc. (the "Debtor") submits its Statement of Financial Affairs (the "Statement") and Schedules of Assets and Liabilities (the "Schedules"), pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007. The following notes regarding the Statement and Schedules are fully incorporated into and made part of the Statement and Schedules. These notes comprise an integral part of the Statement and Schedules and should be referred to and considered in connection with any review of the Statement and Schedules. Unless otherwise noted, the financial and other information contained in the Statement and Schedules is derived from the Debtor in accordance with the Debtor's financial reporting and accounting policies and procedures and are the Debtor's best estimates based upon the information and knowledge readily available to the Debtor.

The Debtor's bankruptcy petition was filed on September 6, 2011, along with the bankruptcy petitions of its affiliate (collectively, the "Debtors"). The Debtors' bankruptcy cases are jointly administered by order of the Bankruptcy Court under the caption In re Solyndra LLC, Case No. 11-12799 (MFW).

The Debtor reserves all rights to amend the Statement and Schedules in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Statement and Schedules as to amount, liability or classification of the claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Furthermore, nothing contained in the Statement and Schedules shall constitute a waiver of rights by the Debtor involving any present or future causes of action, contested matters or other issues under the provisions of chapter 11 of title 11 of the United States Code or other applicable non-bankruptcy laws.

Given the differences between the information to be submitted in the Statement and Schedules and the financial information utilized under U.S. Generally Accepted Accounting Principles, the aggregate asset values and claim amounts set forth in the Statement and Schedules may not reflect the values and amounts that would be set forth in a balance sheet for the Debtor prepared in accordance with U.S. Generally Accepted Accounting Principles on a consolidated basis.

It would be prohibitively expensive, unduly burdensome and extremely time-consuming to obtain current market valuations of the Debtor's assets. Accordingly, unless otherwise indicated, book values rather than current market values are reflected on the Statement and Schedules. Assets that have been fully depreciated or expensed for accounting purposes have no book value. The current book values may not reflect a comprehensive review of accounting adjustments, including asset impairments and write-downs, which may be required and conducted in relation to the Debtor's bankruptcy. The reader therefore should not place undue reliance upon the book values associated with the assets listed.

1

## General Notes Regarding the Debtor's Statement and Schedules

### 1. Financial Information.

The information provided for herein, except as otherwise noted, represents the assets and liabilities, and other data of the Debtor as of September 3, 2011, unless otherwise noted.

### 2. Unaudited Financial Information.

The Statement and Schedules prepared by the Debtor's management and professionals are unaudited. While the Debtor has tried to ensure that the Statement and Schedules are accurate and complete based upon information that was available at the time of the preparation, the subsequent receipt of information or an audit may result in material changes in financial data contained in the Statement and Schedules.

### 3. Claim Description.

Any failure to designate a claim on the Statement and Schedules as "contingent," "unliquidated," or "disputed" does not constitute an admission that such claim is not "contingent," "unliquidated," or "disputed." The Debtor reserves the right to dispute, or to assert offsets or defenses to any claim reflected on its Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."

Moreover, the Debtor reserves all rights to amend the Statement and Schedules, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Statement and Schedules as to amount, liability or classification of the claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

Furthermore, nothing contained in the Statement and Schedules shall constitute a waiver of rights by the Debtor involving any present or future causes of action, contested matters or other issues under the provisions of Chapter 11 of title 11 of the United States Code or other relevant non-bankruptcy laws.

### 4. Accuracy.

While the Debtor has sought to file complete and accurate Statement and Schedules, inadvertent errors and omissions may exist. The Debtor reserves the right to amend its Statement and Schedules as necessary or appropriate.

### 5. Liabilities.

The Debtor has sought to allocate liabilities between the pre-petition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Statement and Schedules. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change.

### 6. Insiders.

For the purposes of the Schedules and Statements, the Debtor defines "insiders" pursuant to section 101(31) as (a) directors, (b) officers, (c) those in control of the Debtor, (d) relatives of directors, officers, or persons in control of the Debtor and (e) non-debtor affiliates. Persons listed as "insiders" have been included for informational purposes only. The Debtor does not

take any position with respect to (a) such person's influence over the control of the Debtor, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law.

The Debtor has included all gross payments and awards made over the twelve months preceding the filing to any individual deemed an insider. Included in the value reflected are cash payments to or for the benefit of the insider; commissions, relocation stipends; vacation payouts and bonuses.

## 7. Transfers Made Within 90 Days of Petition Date.

These payments include payroll and payroll related expenses or commissions paid to employees. The response to Question 3.b of the Statements lists all transfers made to any party within 90 days immediately preceding the Petition Date, whether or not the transferee is a creditor of any of the Debtor. Accordingly, the listing of any transfer in response to Question 3.b of the Statements does not constitute an admission that the transferee of such transfer is a creditor of any of the Debtors.

## 8. Setoffs.

The Debtor routinely incurs setoffs from third parties during the ordinary course of business. Setoffs in the ordinary course can result from various routine transactions, including intercompany transactions, counterparty settlements, pricing discrepancies, rebates, and other disputes between the Debtor and third parties. Certain of these constitute normal setoffs consistent with the ordinary course of business in the Debtor's industry. In such instances, such ordinary course setoffs are excluded from the Debtor's responses to Question 13 of the Statements. The Debtor reserves all rights to enforce or challenge, as the case may be, any setoffs that have been or may be asserted.

## 9. Specific Notes.

These general notes are in addition to the specific notes set forth in the related Statement and Schedules hereinafter.

### Note to Schedule "B"

### Schedule B Disclaimer

Unless otherwise noted, all of the amounts listed on Schedule B represent the value of the Debtor's assets as reflected in the Debtor's books and records (net of depreciation or amortization where applicable). For the bank accounts, the values are as of the Petition Date. In some instances, the assets are also net of reserves. The Debtor has performed no independent review of the value of these assets. The actual value of the assets listed may differ significantly from the amounts reflected in the Debtor's books and records.

### Note to Schedule "D"

The amounts listed on Schedule D do not include accrued interest, and are listed at principal amounts only.

DOCS_LA:246704.2

## Note to Schedule "E"

### Taxes

Schedule "E" contains the Debtor's best estimate of all of the potential priority claims against the Debtor's estate held by governmental and quasi-governmental entities. The Debtor has not determined whether, and to what extent, any of the creditors identified on Schedule "E" in fact are entitled to priority under Section 507 of the Bankruptcy Code. The Debtor reserves the right to assert that claims identified on Schedule "E" are not claims of governmental entities and/or that such claims are not entitled to priority.

## Note to Schedule "G"

### Executory Contracts and Unexpired Leases

While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusions may have occurred, and the listing of an agreement on Schedule G does not constitute an admission that such agreement is either an executory contract or an unexpired lease. The Debtor hereby reserves all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend and supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may not have taken effect or be binding on any party and may have expired or been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein.

Certain of the real property leases and contracts listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G.

Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of these agreements or any other agreements on Schedule G does not constitute an admission that any such agreement is an executory contract or unexpired lease.

The Debtor reserves all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedule, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument as either an executory contract or an unexpired lease, as the case may be. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedule. Schedule G generally does not include standalone equipment, materials and supply purchase orders. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G.

DOCS_LA:246704.2

Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by more than one of the Debtors. Such contracts, agreements and leases are listed on Schedule G of each such Debtor.

The Debtor has not listed any customer purchase orders.

## Note to Schedule "H"

Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by more than one of the Debtors. Such contracts, agreements and leases are listed on Schedule G of each such Debtor, however such co-debtor references have not been captured on Schedule H.

## General Disclaimer

The Debtor has prepared the Schedules and the Statements based on the information reflected in the Debtor's books and records. However, inasmuch as the Debtor's books and records have not been audited, the Debtor cannot warrant the absolute accuracy of these documents. The Debtor has made a diligent effort to complete these documents accurately and completely. To the extent additional information becomes available, the Debtor will amend and supplement the Schedules and Statements.

DOCS_LA:246704.2

# United States Bankruptcy Court
## District of Delaware

In re   **360 Degree Solar Holdings, Inc.**                                          Case No.   **11-12800**
                                                    Debtor(s)                 Chapter   **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$5,079,999.92** | **January 1, 2011 - February 23, 2011 Business Income** |
| **$141,946,829.00** | **2010 Business Income** |
| **$100,464,831.00** | **2009 Business Income** |

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $10,064.45 | Interest Income - January 1, 2011 - February 23, 2011 |
| $281,954.77 | Interest Income - 2009 |
| $273,916.93 | Interest Income - 2010 |

**3. Payments to creditors**

None ■

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **See Attachment 3c hereto** | | $4,707,482.41 | Unknown |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Solyndra, Inc. v. Spark Group Engineering & Communication Ltd. CA 34830-11-09** | **Breach of contract** | **District Court - Petach-Tikva, Israel** | **Claim dismissed February, 2010** |
| **Von Ardenne Anlagentechnik GmbH (Germany) v. Solyndra, Inc. (U.S.A) Case No. 16838/MLK** | **Arbitration relating to a contract dispute and alleged misappropriation of intellectual property** | **International Court of Arbitration of the International Chamber of Commerce** | **Stayed** |
| **Solyndra, Inc. v. All Neon S.r.l. 257 041610** | **Payment Injunction** | **Court of Pinerolo, Italy** | **Stayed** |

None ■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ■    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

#### 7. Gifts

None ■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

#### 8. Losses

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

#### 9. Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Pachulski Stang Ziehl & Jones LLP**<br>**10100 Santa Monica Blvd.**<br>**13th Floor**<br>**Los Angeles, CA 90067** | **See payments made by Solyndra LLC identified on solyndra LLC's statement of financial affairs, which included the benefit of 360 Degree Solar Holdings, Inc.** | **$417,802.50** |
| **Wilson Sonsini Goodrich & Rosati** | **12/29/10**<br>**01/04/11**<br>**01/27/11**<br>**02/11/11**<br>**02/16/11** | **$206,693.04**<br>**$100,000.00**<br>**$100,000.00**<br>**$100,000.00**<br>**$208,666.60** |

#### 10. Other transfers

None ☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Solyndra LLC**<br>**47488 Kato Road**<br>**Fremont, CA 94538** | **April 29, 2011** | **360 Degree Solar Holdings, Inc. transferred all of its right,title and interest in and to all tangible and intangible assets, properties and rights which are owned, used or held for use by 360 Degree Solar Holdings, Inc. effective as of April 29, 2011** |

None ■    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None ☐    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Wells Fargo Bank, N.A.**<br>**400 Hamilton Avenue**<br>**Palo Alto, CA 94302** | **CD - cash collateral for WFB LoC No.**<br>**NZS646152 - Acct. No. xxx-xxx6690** | **12/31/10 $1,000,000.00** |
| **Wells Capital Management**<br>**525 Market Street**<br>**10th Floor**<br>**San Francisco, CA 94105** | **Money market Account No. xxxx3500** | **03/01/11 $749,593.25** |
| **Wells Fargo Bank, N.A.**<br>**400 Hamilton Avenue**<br>**Palo Alto, CA 94302** | **CD - cash collateral for WFB LoC No.**<br>**NZS635016 - Account No. xxx-xxx5445** | **02/23/11 $75,000.00** |
| **Silicon Valley Bank**<br>**3003 Tasman Drive**<br>**Santa Clara, CA 95054** | **CD - cash collateral for SVB LoC No.**<br>**SVBSF004498** | **04/29/11 $2,500,000.00** |

---

**12. Safe deposit boxes**

None ■    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13. Setoffs**

None ■    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14. Property held for another person**

None ■    List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 47700 Kato Road<br>Fremont, CA 94538 | Solyndra, Inc. | January 2007 - January 2011 |

**16. Spouses and Former Spouses**

None ■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Solyndra LLC** | **30-0559771** | **47488 Kato Road Fremont, CA 94538** | **Manufacture of solar panels** | **January 27, 2011 - current** |
| **Solyndra International LLC** | | | **International operating structure** | **November 12, 2010 - January 17, 2011** |
| **Solyndra Fab 1 LLC** | | **47700 Kato Road Fremont, CA 94538** | **Holding company** | **March 2, 2007 - January 17, 2011** |
| **Solyndra Fab 2 LLC** | **30-0559771** | **47700 Kato Road Fremont, CA 94538** | **Manufacture of solar panels** | **June 27, 2008 - January 27, 2011** |
| **Solyndra Services LLC** | | | **Asia operations (no activity since 2008)** | **June 27, 2008 - January 17, 2011** |
| **Solyndra (Cayman) Ltd** | | **Harbor Place 103 South Church Street PO Box 1034 Grand Cayman KY1-1102, Cayman Islands** | **International operating structure** | **October 8, 2008 - January 17, 2011** |
| **Solyndra GmbH** | | **Raiffesenstr. 4a 83607 Holzkirchen Germany** | **European sales** | **February 16, 2009 - current** |
| **Solyndra Operator LLC** | | **47700 Kato Road Fremont, CA 94538** | **Operation and management of manufacturing facility** | **July 10, 2009 - January 17, 2011** |
| **Solyndra California Development LLC** | | **47700 Kato Road Fremont, CA 94538** | **Special purpose entity** | **April 6, 2010 - January 17, 2011** |

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                                 ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                  DATES SERVICES RENDERED
**See Attachment 19a**

None ☐    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|------------------------|
| **PricewaterhouseCoopers LLP** | **488 Almden Blvd.**<br>**San Jose, CA 95110** | **March 16, 2010**<br>**June 30, 2011** |

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| **Jean Choi** | **47488 Kato Road**<br>**Fremont, CA 94538** |
| **Eugene Dela Cruz** | **47488 Kato Road**<br>**Fremont, CA 94538** |
| **Rosalinda Estella** | **47488 Kato Road**<br>**Fremont, CA 94538** |
| **Chanel Fang** | **47488 Kato Road**<br>**Fremont, CA 94538** |
| **Robert Haggerty** | **47488 Kato Road**<br>**Fremont, CA 94538** |
| **Shigeyuki Hamamatsu** | **47488 Kato Road**<br>**Fremont, CA 94538** |
| **Jill Lewis** | **47488 Kato Road**<br>**Fremont, CA 94538** |
| **John McKune** | **47488 Kato Road**<br>**Fremont, CA 94538** |
| **Robert Mills** | **47488 Kato Road**<br>**Fremont, CA 94538** |
| **Ann Nguyen** | **47488 Kato Road**<br>**Fremont, CA 94538** |
| **Patty Nowak** | **47488 Kato Road**<br>**Fremont, CA 94538** |
| **Azfar Qureshi** | **47488 Kato Road**<br>**Fremont, CA 94538** |
| **Sharon Shaghafi** | **47488 Kato Road**<br>**Fremont, CA 94538** |
| **W.G. Stover, Jr.** | **47488 Kato Road**<br>**Fremont, CA 94538** |
| **Ted Warrilow** | **47488 Kato Road**<br>**Fremont, CA 94538** |

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| - | **Financial statements were issued annually to all shareholders and board members once a year in connection with an annual audit. Fianancial statements were also regularly provided to Department of Energy.** |

---

### 20. Inventories

None ☐   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|
| **January 2, 2011** | **Anthony Volpicella** | **$45,747,657 (cost basis) *does not include (WIP)** |
| **January 3, 2010** | **Anthony Volpicella** | **$15,958,005 (cost basis)** |

None ☐   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| **January 2, 2011** | **Aaron Baird** <br> **884 Myrtle Street** <br> **San Jose, CA 95126** |
| **January 3, 2010** | **Brian De Grassi** <br> **2472 Oak Road** <br> **Apt. 230** <br> **Walnut Creek, CA 94597** |

---

### 21 . Current Partners, Officers, Directors and Shareholders

None ■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Younes Achkire** <br> **855 Arguello Blvd.** <br> **San Francisco, CA 94118** | **VP, Engineering** | |
| **Richard Adkisson** <br> **3236 Greenbier** <br> **Dallas, TX 75225** | **Director** | |
| **Benjamin Bierman** <br> **47438 Cholla Street** <br> **Fremont, CA 94539** | **Executive VP, Operations & Engineering** | |
| **Paula Camporaso** <br> **19551 Vineyard Lane** <br> **Saratoga, CA 95070** | **VP, Information Technologies** | |
| **Sanat Dave** <br> **40693 Palatino Street** <br> **Fremont, CA 94539** | **VP, Purchsaing & Materials Management** | |

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **John Gaffney**<br>**49 Glen Avenue**<br>**West Orange, NJ 07052** | **Sr. VP, Corporate Development**<br>**& General Counsel** | |
| **James Gibbons**<br>**15 Redberry Ridge**<br>**Portola Valley, CA 94028** | **Director** | |
| **Shigeyuki Hamamatsu**<br>**1753 Whispering Willow Place**<br>**San Jose, CA 95125** | **VP, Finance** | |
| **Brian Harrison**<br>**3736 Selvanate St.**<br>**Pleasanton, CA 94566** | **Director, CEO & President** | |
| **Clemens Jargon**<br>**Palnkam 2b**<br>**Otterfing, Bavaria 83624** | **VP Sales, EMEA** | |
| **Steve Johnson**<br>**2828 Hood Unit 1504**<br>**Dallas, TX 75219** | **Director** | |
| **Shahzad Mahmud**<br>**49002 Cinnamon Fern Common**<br>**Unit 229**<br>**Fremont, CA 94539** | **VP, Facilities** | |
| **Dan Maydan**<br>**12000 Murietta Lane**<br>**Los Altos, CA 94022** | **Director** | |
| **Jamie McJunkin**<br>**3000 Sand Hill Road**<br>**Building 2**<br>**Suite 150**<br>**Menlo Park, CA 94025** | **Director** | |
| **Steve Mitchell**<br>**Argonaut Ventures**<br>**6733 South Yale**<br>**Tulsa, OK 74136** | **Director** | |
| **David Prend**<br>**Rockport Capital Partners**<br>**160 Federal Street, 18th Floor**<br>**Boston, MA 02110** | **Director** | |
| **Benjamin Schwartz**<br>**29 Mendosa Avenue**<br>**San Francisco, CA 94116** | **VP, Deputy General Counsel &**<br>**Corp. Secretary** | |
| **John Scott**<br>**1001 Olive Street**<br>**Menlo Park, CA 94025** | **VP, Global Project Finance &**<br>**Bus. Dev.** | |
| **Ray Sims**<br>**1270 University Avenue**<br>**Palo Alto, CA 94301** | **Director** | |
| **W.G. Stover, Jr.**<br>**431 El Camino Real**<br>**Apt. 1410**<br>**Santa Clara, CA 95050** | **Sr. VP, CFO** | |
| **Vincent Valentin**<br>**7 Orchard Lane**<br>**Simsbury, CT 06070** | **VP, Customer Service & Field**<br>**Support** | |

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Erik Westre**<br>**783 Rolling Hills Lane**<br>**Pleasanton, CA 94566** | **VP, Quality & Reliability** | |
| **Corby Whitaker**<br>**2451 Spyglass Drive**<br>**Oakland, MI 48363** | **VP, North American Sales** | |
| **Argonaut Ventures**<br>**Attn: Steve Mitchell**<br>**6733 South Yale**<br>**Tulsa, OK 74136** | **Shareholder** | **39% common stock ownership** |
| **Madrone Partners**<br>**c/o Cooley Godward Kronish LLP**<br>**3175 Hanover Street**<br>**Palo Alto, CA 94306** | **Shareholder** | **13% common stock ownership** |
| **USVP Venture Partners**<br>**Attn: CFO**<br>**2735 Sand Hill Road**<br>**Menlo Park, CA 94025** | **Shareholder** | **9% common stock ownership** |
| **Rockport Capital Partners**<br>**Attn: David Prend**<br>**160 Federal Street, 18th Floor**<br>**Boston, MA 02110** | **Shareholder** | **7% common stock ownership** |
| **CMEA Ventures**<br>**Attn: Meryl L. Schreibsten**<br>**One Embarcadero Center**<br>**Suite 3250**<br>**San Francisco, CA 94111** | **Shareholder** | **5% common stock ownership** |

---

**22 . Former partners, officers, directors and shareholders**

None
■

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
☐

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **Edwards Barnholt**<br>**26076 Altadena Drive**<br>**Los Altos, CA 94022** | **Director** | **02/23/11** |
| **Tom Baruch**<br>**1750 Montgomery Street**<br>**San Francisco, CA 94111** | **Director** | **02/23/11** |
| **Arthur de Cordova**<br>**2131 Bay Street**<br>**San Francisco, CA 94123** | **VP, Strategic Accounts** | **08/31/11** |
| **Winston Fu**<br>**2735 Sand Hill Road**<br>**Menlo Park, CA 94025** | **Director** | **02/23/11** |
| **Chris Gronet**<br>**1 Portola Green Circle**<br>**Portola Valley, CA 94028** | **Founder, Director** | **07/01/11** |

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **Anup Jacob**<br>**27 South Park Street**<br>**Suite 200**<br>**San Francisco, CA 94107** | **Director** | **02/23/11** |
| **Peter Matthews**<br>**12271 Hilltop Drive**<br>**Los Altos, CA 94024** | **VP, Sales** | **01/19/11** |
| **Dan Marohl**<br>**3461 Outlook Court**<br>**San Jose, CA 95132** | **VP, Front End Engineering** | **10/22/10** |
| **Patrick O'Brien**<br>**4146 Moselle Ct.**<br>**Pleasanton, CA 94566** | **VP, Fab Operations** | **07/22/11** |
| **Alex O'Cinneide**<br>**Masdar City**<br>**Khalifa City A**<br>**PO Box 54115**<br>**Abu Dhabi, UAE** | **Director** | **02/23/11** |
| **William Sproull**<br>**24420 NW Dairy Creek Road**<br>**North Plains, OR 97133** | **VP, Strategic Accounts** | **08/31/11** |
| **John Walecka**<br>**3000 Sand Hill Road**<br>**Suildilng 2, Suite 290**<br>**Menlo Park, CA 94025** | **Director** | **02/23/11** |

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS<br>OF RECIPIENT,<br>RELATIONSHIP TO DEBTOR<br>**See Attachment 23 hereto** | DATE AND PURPOSE<br>OF WITHDRAWAL | AMOUNT OF MONEY<br>OR DESCRIPTION AND<br>VALUE OF PROPERTY<br>**$4,237,499.33** |
|---|---|---|

---

**24. Tax Consolidation Group.**

None ■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

---

**25. Pension Funds.**

None ■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _October 31, 2011_          Signature _____

**Shig Hamamatsu**
**Vice President, Finance**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Attachment 3c to Statement of Financial Affairs
Payments within one year prior to the Petition Date
to or for the benefit of creditors
who are or were Insiders

*In re 360 Degree Solar Holdings, Inc.*
*Case No. 11-12800*

| Name | Payment Date | Payment Amount |
|---|---|---|
| Achkire, Younes | 09/17/10 | 7,307.70 |
| Achkire, Younes | 10/01/10 | 7,307.70 |
| Achkire, Younes | 10/15/10 | 7,307.70 |
| Achkire, Younes | 10/29/10 | 7,307.70 |
| Achkire, Younes | 11/12/10 | 7,307.70 |
| Achkire, Younes | 11/26/10 | 7,307.70 |
| Achkire, Younes | 11/29/10 | 21,000.00 |
| Achkire, Younes | 12/10/10 | 8,076.93 |
| Achkire, Younes | 12/23/10 | 8,076.93 |
| Achkire, Younes | 01/07/11 | 8,076.93 |
| Achkire, Younes | 01/21/11 | 8,076.93 |
| Achkire, Younes | 02/04/11 | 8,076.93 |
| Achkire, Younes | 02/04/11 | 26,268.00 |
| Achkire, Younes | 02/18/11 | 8,076.93 |
| **Achkire, Younes Total** | | **139575.78** |
| Alter, Karen L | 10/15/10 | 10,576.93 |
| Alter, Karen L | 10/29/10 | 901.08 |
| Alter, Karen L | 10/29/10 | 10,576.93 |
| Alter, Karen L | 11/12/10 | 10,576.93 |
| Alter, Karen L | 11/26/10 | 10,576.93 |
| Alter, Karen L | 12/10/10 | 10,576.93 |
| Alter, Karen L | 12/10/10 | 27,500.00 |
| Alter, Karen L | 12/23/10 | 10,576.93 |
| Alter, Karen L | 01/07/11 | 10,576.93 |
| Alter, Karen L | 01/21/11 | 10,576.93 |
| Alter, Karen L | 02/04/11 | 10,576.93 |
| Alter, Karen L | 02/18/11 | 10,576.93 |
| Alter, Karen L | 02/18/11 | 37,500.00 |
| **Alter, Karen L Total** | | **171670.38** |
| ARGONAUT PRIVATE EQUITY | 10/21/10 | 9,569.78 |
| ARGONAUT PRIVATE EQUITY | 12/22/10 | 4,953.20 |
| ARGONAUT PRIVATE EQUITY | 03/17/11 | 4,753.46 |
| ARGONAUT PRIVATE EQUITY | 07/20/11 | 8,984.25 |
| ARGONAUT PRIVATE EQUITY | 08/23/11 | 9,240.66 |
| **ARGONAUT PRIVATE EQUITY Total** | | **37501.35** |
| Bierman, Ben | 09/17/10 | 11,538.47 |
| Bierman, Ben | 10/01/10 | 11,538.47 |
| Bierman, Ben | 10/15/10 | 11,538.47 |
| Bierman, Ben | 10/29/10 | 11,538.47 |
| Bierman, Ben | 11/12/10 | 11,538.47 |
| Bierman, Ben | 11/26/10 | 11,538.47 |
| Bierman, Ben | 12/10/10 | 154.89 |
| Bierman, Ben | 12/10/10 | 11,538.47 |
| Bierman, Ben | 12/10/10 | 30,000.00 |
| Bierman, Ben | 12/23/10 | 11,538.47 |
| Bierman, Ben | 01/07/11 | 11,538.47 |
| Bierman, Ben | 01/21/11 | 11,538.47 |
| Bierman, Ben | 02/04/11 | 11,538.47 |

DOCS_LA:246786v1

Attachment 3c to Statement of Financial Affairs
Payments within one year prior to the Petition Date
to or for the benefit of creditors
who are or were Insiders

*In re 360 Degree Solar Holdings, Inc.*
*Case No. 11-12800*

| | | |
|---|---|---|
| Bierman, Ben | 02/04/11 | 124,425.00 |
| Bierman, Ben | 02/18/11 | 11,538.47 |
| **Bierman, Ben Total** | | **293041.53** |
| Camporaso, Paula | 09/17/10 | 6,923.08 |
| Camporaso, Paula | 10/01/10 | 6,923.08 |
| Camporaso, Paula | 10/15/10 | 6,923.08 |
| Camporaso, Paula | 10/29/10 | 6,923.08 |
| Camporaso, Paula | 11/12/10 | 6,923.08 |
| Camporaso, Paula | 11/26/10 | 6,923.08 |
| Camporaso, Paula | 11/29/10 | 20,000.00 |
| Camporaso, Paula | 12/10/10 | 7,692.31 |
| Camporaso, Paula | 12/23/10 | 7,692.31 |
| Camporaso, Paula | 01/07/11 | 7,692.31 |
| Camporaso, Paula | 01/21/11 | 7,692.31 |
| Camporaso, Paula | 02/04/11 | 24,885.00 |
| Camporaso, Paula | 02/04/11 | 7,692.31 |
| Camporaso, Paula | 02/18/11 | 7,692.31 |
| **Camporaso, Paula Total** | | **132577.34** |
| Dave, Sanat | 09/17/10 | 6,923.08 |
| Dave, Sanat | 10/01/10 | 836.52 |
| Dave, Sanat | 10/01/10 | 6,923.08 |
| Dave, Sanat | 10/15/10 | 6,923.08 |
| Dave, Sanat | 10/29/10 | 6,923.08 |
| Dave, Sanat | 11/12/10 | 6,923.08 |
| Dave, Sanat | 11/26/10 | 6,923.08 |
| Dave, Sanat | 11/29/10 | 20,000.00 |
| Dave, Sanat | 12/10/10 | 124.16 |
| Dave, Sanat | 12/10/10 | 7,692.31 |
| Dave, Sanat | 12/23/10 | 7,692.31 |
| Dave, Sanat | 01/07/11 | 7,692.31 |
| Dave, Sanat | 01/21/11 | 7,692.31 |
| Dave, Sanat | 02/04/11 | 67.50 |
| Dave, Sanat | 02/04/11 | 7,692.31 |
| Dave, Sanat | 02/04/11 | 32,848.00 |
| Dave, Sanat | 02/18/11 | 7,692.31 |
| **Dave, Sanat Total** | | **141568.52** |
| Gaffney, John | 09/17/10 | 15,384.63 |
| Gaffney, John | 10/01/10 | 992.52 |
| Gaffney, John | 10/01/10 | 15,384.63 |
| Gaffney, John | 10/14/10 | 3,534.54 |
| Gaffney, John | 10/15/10 | 15,384.63 |
| Gaffney, John | 10/29/10 | 15,384.63 |
| Gaffney, John | 11/12/10 | 15,384.63 |
| Gaffney, John | 11/24/10 | 3,928.73 |
| Gaffney, John | 11/26/10 | 15,384.63 |
| Gaffney, John | 12/10/10 | 30,151.34 |
| Gaffney, John | 12/10/10 | 30,000.00 |
| Gaffney, John | 12/10/10 | 15,384.63 |
| Gaffney, John | 12/16/10 | 5,156.64 |

DOCS_LA:246786v1

Attachment 3c to Statement of Financial Affairs
Payments within one year prior to the Petition Date
to or for the benefit of creditors
who are or were Insiders

*In re 360 Degree Solar Holdings, Inc.*
*Case No. 11-12800*

| | | |
|---|---|---|
| Gaffney, John | 12/23/10 | 7,074.77 |
| Gaffney, John | 12/23/10 | 15,384.63 |
| Gaffney, John | 01/07/11 | 15,384.63 |
| Gaffney, John | 01/21/11 | 15,384.63 |
| Gaffney, John | 02/04/11 | 124,425.00 |
| Gaffney, John | 02/04/11 | 15,384.63 |
| Gaffney, John | 02/18/11 | 15,384.63 |
| **Gaffney, John Total** | | **389879.10** |
| Gibbons, James F. | 09/29/10 | 1,525.36 |
| **Gibbons, James F. Total** | | **1525.36** |
| GIBSON, DUNN & CRUTCHER LLP | 09/08/10 | 214,895.06 |
| GIBSON, DUNN & CRUTCHER LLP | 10/12/10 | 7,075.17 |
| **GIBSON, DUNN & CRUTCHER LLP Total** | | **221970.23** |
| Gronet, Christian M. | 09/17/10 | 15,384.62 |
| Gronet, Christian M. | 10/01/10 | 15,384.62 |
| Gronet, Christian M. | 10/15/10 | 15,384.62 |
| Gronet, Christian M. | 10/29/10 | 15,384.62 |
| Gronet, Christian M. | 11/12/10 | 15,384.62 |
| Gronet, Christian M. | 11/26/10 | 15,384.62 |
| Gronet, Christian M. | 12/10/10 | 11,367.16 |
| Gronet, Christian M. | 12/23/10 | 11,367.16 |
| Gronet, Christian M. | 01/07/11 | 11,367.16 |
| Gronet, Christian M. | 01/21/11 | 11,367.16 |
| Gronet, Christian M. | 02/04/11 | 40,508.00 |
| Gronet, Christian M. | 02/04/11 | 11,367.16 |
| Gronet, Christian M. | 02/18/11 | 15,384.62 |
| **Gronet, Christian M. Total** | | **205036.14** |
| Hamamatsu, Shig | 09/17/10 | 7,307.70 |
| Hamamatsu, Shig | 10/01/10 | 7,307.70 |
| Hamamatsu, Shig | 10/15/10 | 7,307.70 |
| Hamamatsu, Shig | 10/29/10 | 7,307.70 |
| Hamamatsu, Shig | 11/12/10 | 7,307.70 |
| Hamamatsu, Shig | 11/26/10 | 7,307.70 |
| Hamamatsu, Shig | 11/29/10 | 22,500.00 |
| Hamamatsu, Shig | 12/10/10 | 8,653.85 |
| Hamamatsu, Shig | 12/23/10 | 8,653.85 |
| Hamamatsu, Shig | 01/07/11 | 8,653.85 |
| Hamamatsu, Shig | 01/21/11 | 8,653.85 |
| Hamamatsu, Shig | 02/04/11 | 42,028.00 |
| Hamamatsu, Shig | 02/04/11 | 8,653.85 |
| Hamamatsu, Shig | 02/18/11 | 8,653.85 |
| **Hamamatsu, Shig Total** | | **160297.30** |
| Harrison, Brian L | 09/24/10 | 49,230.79 |
| Harrison, Brian L | 10/01/10 | 15,384.62 |
| Harrison, Brian L | 10/15/10 | 15,384.62 |
| Harrison, Brian L | 10/29/10 | 15,384.62 |
| Harrison, Brian L | 11/12/10 | 15,384.62 |
| Harrison, Brian L | 11/26/10 | 15,384.62 |
| Harrison, Brian L | 12/10/10 | 15,384.62 |

DOCS_LA:246786v1

Attachment 3c to Statement of Financial Affairs
Payments within one year prior to the Petition Date
to or for the benefit of creditors
who are or were Insiders

*In re 360 Degree Solar Holdings, Inc.*
*Case No. 11-12800*

| | | |
|---|---|---|
| Harrison, Brian L | 12/16/10 | 192.13 |
| Harrison, Brian L | 12/23/10 | 15,384.62 |
| Harrison, Brian L | 01/07/11 | 15,384.62 |
| Harrison, Brian L | 01/21/11 | 15,384.62 |
| Harrison, Brian L | 02/04/11 | 15,384.62 |
| Harrison, Brian L | 02/18/11 | 15,384.62 |
| **Harrison, Brian L Total** | | **218653.74** |
| Hoenig, David | 09/17/10 | 7,115.39 |
| Hoenig, David | 10/01/10 | 7,115.39 |
| Hoenig, David | 10/15/10 | 7,115.39 |
| Hoenig, David | 10/29/10 | 7,115.39 |
| Hoenig, David | 11/12/10 | 7,115.39 |
| Hoenig, David | 11/26/10 | 7,115.39 |
| Hoenig, David | 11/29/10 | 19,500.00 |
| Hoenig, David | 12/10/10 | 7,500.00 |
| Hoenig, David | 12/23/10 | 7,500.00 |
| Hoenig, David | 01/07/11 | 7,500.00 |
| Hoenig, David | 01/21/11 | 7,500.00 |
| Hoenig, David | 02/04/11 | 7,500.00 |
| Hoenig, David | 02/04/11 | 25,576.00 |
| Hoenig, David | 02/18/11 | 7,500.00 |
| **Hoenig, David Total** | | **132768.34** |
| Jargon, Clemens | 09/30/10 | 17,511.00 |
| Jargon, Clemens | 10/31/10 | 17,511.00 |
| Jargon, Clemens | 11/30/10 | 42,727.00 |
| Jargon, Clemens | 12/31/10 | 21,013.00 |
| Jargon, Clemens | 01/31/11 | 111,749.50 |
| **Jargon, Clemens Total** | | **210511.50** |
| Mahmud, Shahzad | 09/17/10 | 6,730.77 |
| Mahmud, Shahzad | 10/01/10 | 6,730.77 |
| Mahmud, Shahzad | 10/15/10 | 6,730.77 |
| Mahmud, Shahzad | 10/29/10 | 6,730.77 |
| Mahmud, Shahzad | 11/12/10 | 6,730.77 |
| Mahmud, Shahzad | 11/26/10 | 6,730.77 |
| Mahmud, Shahzad | 11/29/10 | 18,500.00 |
| Mahmud, Shahzad | 12/10/10 | 7,115.39 |
| Mahmud, Shahzad | 12/23/10 | 7,115.39 |
| Mahmud, Shahzad | 01/07/11 | 7,115.39 |
| Mahmud, Shahzad | 01/21/11 | 7,115.39 |
| Mahmud, Shahzad | 02/04/11 | 284.85 |
| Mahmud, Shahzad | 02/04/11 | 7,115.39 |
| Mahmud, Shahzad | 02/04/11 | 31,936.00 |
| Mahmud, Shahzad | 02/18/11 | 7,115.39 |
| **Mahmud, Shahzad Total** | | **133797.81** |
| Marohl, Dan | 09/17/10 | 8,076.93 |
| Marohl, Dan | 10/01/10 | 8,076.93 |
| Marohl, Dan | 10/15/10 | 8,076.93 |
| Marohl, Dan | 10/29/10 | 32,307.72 |
| **Marohl, Dan Total** | | **56538.51** |

DOCS_LA:246786v1

Attachment 3c to Statement of Financial Affairs
Payments within one year prior to the Petition Date
to or for the benefit of creditors
who are or were Insiders

In re 360 Degree Solar Holdings, Inc.
Case No. 11-12800

| | | |
|---|---|---|
| Matthews, Peter B. | 09/17/10 | 7,307.70 |
| Matthews, Peter B. | 10/01/10 | 7,307.70 |
| Matthews, Peter B. | 10/15/10 | 7,307.70 |
| Matthews, Peter B. | 10/29/10 | 7,307.70 |
| Matthews, Peter B. | 11/12/10 | 7,307.70 |
| Matthews, Peter B. | 11/26/10 | 7,307.70 |
| Matthews, Peter B. | 12/10/10 | 7,307.70 |
| Matthews, Peter B. | 12/10/10 | 34,974.99 |
| Matthews, Peter B. | 12/10/10 | 34,974.99 |
| Matthews, Peter B. | 12/23/10 | 7,307.70 |
| Matthews, Peter B. | 01/07/11 | 7,307.70 |
| Matthews, Peter B. | 01/21/11 | 25,780.64 |
| Matthews, Peter B. | 01/21/11 | 25,780.64 |
| **Matthews, Peter B. Total** | | **187280.56** |
| Mitchell, Steve | 10/22/10 | 10,696.20 |
| **Mitchell, Steve Total** | | **10696.20** |
| O'Brien, Patrick | 09/17/10 | 8,461.54 |
| O'Brien, Patrick | 10/01/10 | 8,461.54 |
| O'Brien, Patrick | 10/15/10 | 8,461.54 |
| O'Brien, Patrick | 10/29/10 | 8,461.54 |
| O'Brien, Patrick | 11/12/10 | 8,461.54 |
| O'Brien, Patrick | 11/26/10 | 8,461.54 |
| O'Brien, Patrick | 11/29/10 | 24,000.00 |
| O'Brien, Patrick | 12/10/10 | 9,230.77 |
| O'Brien, Patrick | 12/23/10 | 9,230.77 |
| O'Brien, Patrick | 01/07/11 | 9,230.77 |
| O'Brien, Patrick | 01/21/11 | 9,230.77 |
| O'Brien, Patrick | 02/04/11 | 9,230.77 |
| O'Brien, Patrick | 02/04/11 | 54,747.00 |
| O'Brien, Patrick | 02/18/11 | 9,230.77 |
| **O'Brien, Patrick Total** | | **184900.86** |
| Schwartz, Benjamin | 09/17/10 | 7,692.31 |
| Schwartz, Benjamin | 10/01/10 | 7,692.31 |
| Schwartz, Benjamin | 10/14/10 | 2,330.51 |
| Schwartz, Benjamin | 10/15/10 | 7,692.31 |
| Schwartz, Benjamin | 10/29/10 | 1,155.70 |
| Schwartz, Benjamin | 10/29/10 | 7,692.31 |
| Schwartz, Benjamin | 11/12/10 | 7,692.31 |
| Schwartz, Benjamin | 11/26/10 | 7,692.31 |
| Schwartz, Benjamin | 11/29/10 | 24,500.00 |
| Schwartz, Benjamin | 12/10/10 | 9,423.08 |
| Schwartz, Benjamin | 12/23/10 | 9,423.08 |
| Schwartz, Benjamin | 01/07/11 | 1,519.18 |
| Schwartz, Benjamin | 01/07/11 | 9,423.08 |
| Schwartz, Benjamin | 01/21/11 | 3,421.19 |
| Schwartz, Benjamin | 01/21/11 | 9,423.08 |
| Schwartz, Benjamin | 02/04/11 | 9,423.08 |
| Schwartz, Benjamin | 02/04/11 | 49,770.00 |
| Schwartz, Benjamin | 02/18/11 | 9,423.08 |

DOCS_LA:246786v1

Attachment 3c to Statement of Financial Affairs
Payments within one year prior to the Petition Date
to or for the benefit of creditors
who are or were Insiders

*In re 360 Degree Solar Holdings, Inc.*
*Case No. 11-12800*

| | | |
|---|---|---|
| **Schwartz, Benjamin Total** | | **185388.92** |
| Scott, John | 09/17/10 | 8,461.54 |
| Scott, John | 10/01/10 | 8,461.54 |
| Scott, John | 10/14/10 | 2,903.97 |
| Scott, John | 10/15/10 | 8,461.54 |
| Scott, John | 10/29/10 | 8,461.54 |
| Scott, John | 11/12/10 | 8,461.54 |
| Scott, John | 11/26/10 | 8,461.54 |
| Scott, John | 11/29/10 | 24,500.00 |
| Scott, John | 12/10/10 | 9,423.08 |
| Scott, John | 12/23/10 | 9,423.08 |
| Scott, John | 01/07/11 | 9,423.08 |
| Scott, John | 01/21/11 | 9,423.08 |
| Scott, John | 02/04/11 | 9,423.08 |
| Scott, John | 02/04/11 | 54,747.00 |
| Scott, John | 02/18/11 | 9,423.08 |
| **Scott, John Total** | | **189458.69** |
| Sims, Raymond | 09/21/10 | 77.64 |
| Sims, Raymond | 12/14/10 | 15,000.00 |
| **Sims, Raymond Total** | | **15077.64** |
| Spindt, Christopher, J. | 09/17/10 | 7,692.31 |
| Spindt, Christopher, J. | 10/01/10 | 7,692.31 |
| Spindt, Christopher, J. | 10/15/10 | 7,692.31 |
| Spindt, Christopher, J. | 10/29/10 | 7,692.31 |
| Spindt, Christopher, J. | 11/12/10 | 7,692.31 |
| Spindt, Christopher, J. | 11/26/10 | 7,692.31 |
| Spindt, Christopher, J. | 12/10/10 | 25,000.00 |
| Spindt, Christopher, J. | 12/10/10 | 9,615.39 |
| Spindt, Christopher, J. | 12/23/10 | 9,615.39 |
| Spindt, Christopher, J. | 01/07/11 | 9,615.39 |
| Spindt, Christopher, J. | 01/21/11 | 9,615.39 |
| Spindt, Christopher, J. | 02/04/11 | 55,300.00 |
| Spindt, Christopher, J. | 02/04/11 | 9,615.39 |
| Spindt, Christopher, J. | 02/18/11 | 9,615.39 |
| **Spindt, Christopher, J. Total** | | **184146.20** |
| Stover, Wilbur G. | 09/17/10 | 15,384.63 |
| Stover, Wilbur G. | 10/01/10 | 15,384.63 |
| Stover, Wilbur G. | 10/15/10 | 15,384.63 |
| Stover, Wilbur G. | 10/29/10 | 15,384.63 |
| Stover, Wilbur G. | 11/12/10 | 15,384.63 |
| Stover, Wilbur G. | 11/26/10 | 15,384.63 |
| Stover, Wilbur G. | 12/10/10 | 30,000.00 |
| Stover, Wilbur G. | 12/10/10 | 15,384.63 |
| Stover, Wilbur G. | 12/23/10 | 15,384.63 |
| Stover, Wilbur G. | 01/07/11 | 15,384.63 |
| Stover, Wilbur G. | 01/21/11 | 15,384.63 |
| Stover, Wilbur G. | 02/04/11 | 190.86 |
| Stover, Wilbur G. | 02/04/11 | 124,425.00 |
| Stover, Wilbur G. | 02/04/11 | 15,384.63 |

DOCS_LA:246786v1

Attachment 3c to Statement of Financial Affairs
Payments within one year prior to the Petition Date
to or for the benefit of creditors
who are or were Insiders

In re 360 Degree Solar Holdings, Inc.
Case No. 11-12800

| | | |
|---|---|---|
| Stover, Wilbur G. | 02/18/11 | 15,384.63 |
| **Stover, Wilbur G. Total** | | **339231.42** |
| Valentin, Vincent | 09/17/10 | 905.10 |
| Valentin, Vincent | 09/17/10 | 7,692.31 |
| Valentin, Vincent | 10/01/10 | 7,692.31 |
| Valentin, Vincent | 10/14/10 | 357.24 |
| Valentin, Vincent | 10/15/10 | 7,692.31 |
| Valentin, Vincent | 10/29/10 | 7,692.31 |
| Valentin, Vincent | 11/12/10 | 7,692.31 |
| Valentin, Vincent | 11/26/10 | 7,692.31 |
| Valentin, Vincent | 11/29/10 | 22,000.00 |
| Valentin, Vincent | 12/10/10 | 8,461.54 |
| Valentin, Vincent | 12/23/10 | 8,461.54 |
| Valentin, Vincent | 12/31/10 | 0.00 |
| Valentin, Vincent | 12/31/10 | 106,290.98 |
| Valentin, Vincent | 01/07/11 | 5,076.92 |
| Valentin, Vincent | 01/21/11 | 390.25 |
| Valentin, Vincent | 01/21/11 | 8,461.54 |
| Valentin, Vincent | 02/04/11 | 44,240.00 |
| Valentin, Vincent | 02/04/11 | 8,461.54 |
| Valentin, Vincent | 02/18/11 | 490.29 |
| Valentin, Vincent | 02/18/11 | 8,461.54 |
| **Valentin, Vincent Total** | | **268212.34** |
| Westre, Erik, D. | 09/17/10 | 7,500.00 |
| Westre, Erik, D. | 10/01/10 | 7,500.00 |
| Westre, Erik, D. | 10/15/10 | 7,500.00 |
| Westre, Erik, D. | 10/29/10 | 7,500.00 |
| Westre, Erik, D. | 11/12/10 | 7,500.00 |
| Westre, Erik, D. | 11/26/10 | 7,500.00 |
| Westre, Erik, D. | 11/29/10 | 21,000.00 |
| Westre, Erik, D. | 12/10/10 | 8,076.93 |
| Westre, Erik, D. | 12/23/10 | 8,076.93 |
| Westre, Erik, D. | 01/07/11 | 8,076.93 |
| Westre, Erik, D. | 01/21/11 | 8,076.93 |
| Westre, Erik, D. | 02/04/11 | 35,586.00 |
| Westre, Erik, D. | 02/04/11 | 8,076.93 |
| Westre, Erik, D. | 02/18/11 | 8,076.93 |
| **Westre, Erik, D. Total** | | **150047.58** |
| Whitaker, Corby C. | 09/24/10 | 161,346.16 |
| Whitaker, Corby C. | 10/01/10 | 8,461.54 |
| Whitaker, Corby C. | 10/15/10 | 8,461.54 |
| Whitaker, Corby C. | 10/29/10 | 8,461.54 |
| Whitaker, Corby C. | 10/29/10 | 66,012.86 |
| Whitaker, Corby C. | 11/12/10 | 8,461.54 |
| Whitaker, Corby C. | 11/26/10 | 8,461.54 |
| Whitaker, Corby C. | 12/10/10 | 22,000.00 |
| Whitaker, Corby C. | 12/10/10 | 8,461.54 |
| Whitaker, Corby C. | 12/23/10 | 3,693.11 |
| Whitaker, Corby C. | 12/23/10 | 8,461.54 |

DOCS_LA:246786v1

Attachment 3c to Statement of Financial Affairs
Payments within one year prior to the Petition Date
to or for the benefit of creditors
who are or were Insiders

*In re 360 Degree Solar Holdings, Inc.*
*Case No. 11-12800*

| | | |
|---|---|---|
| Whitaker, Corby C. | 01/07/11 | 8,461.54 |
| Whitaker, Corby C. | 01/21/11 | 8,461.54 |
| Whitaker, Corby C. | 02/04/11 | 8,461.54 |
| Whitaker, Corby C. | 02/18/11 | 8,461.54 |
| **Whitaker, Corby C. Total** | | **346129.07** |
| | | |
| **Grand Total** | | **4,707,482.41** |

DOCS_LA:246786v1

Attachment 19a to Statement of Financial Affairs
List of bookkeepers and accountants that kept or supervised the keeping of
books and records within two years of the Petition Date

In re 360 Degree Solar Holdings, Inc.
Case No. 11-12800

| First Name | Last Name | Address | CitySTZip | Dates Services Rendered |
|---|---|---|---|---|
| Jean | Choi | 47488 Kato Road | Fremont, CA 94538 | 10-12-09 - current |
| Chris | Cunningham | 47488 Kato Road | Fremont, CA 94538 | 04-07-08 - 04-26-11 |
| Kiran | Dalsania | 47488 Kato Road | Fremont, CA 94538 | 10-26-09 - 08-31-11 |
| Eugene | Dela Cruz | 47488 Kato Road | Fremont, CA 94538 | 09-12-07 - current |
| Rosalinda | Estella | 47488 Kato Road | Fremont, CA 94538 | 06-16-08 - 10-21-11 |
| Selinda | Fajardo | 47488 Kato Road | Fremont, CA 94538 | 01-11-10 - 08-31-10 |
| Chanel | Fang | 47488 Kato Road | Fremont, CA 94538 | 07-14-08 - 09-24-11 |
| Karen | Galano | 47488 Kato Road | Fremont, CA 94538 | 10-09-06 - 08-31-11 |
| Bob | Haggerty | 47488 Kato Road | Fremont, CA 94538 | 09-13-10 - 09-24-11 |
| Shig | Hamamatsu | 47488 Kato Road | Fremont, CA 94538 | 02-19-08 - current |
| Linda | Heyes | 47488 Kato Road | Fremont, CA 94538 | 03-10-08 - current |
| Ellie | Howard | 47488 Kato Road | Fremont, CA 94538 | 02-16-10 - 08-31-11 |
| Sandy | Hughes | 47488 Kato Road | Fremont, CA 94538 | 01-04-10 - 02-04-11 |
| Sonya | Knox | 47488 Kato Road | Fremont, CA 94538 | 10-12-09 - 04-11-11 |
| Jill | Lewis | 47488 Kato Road | Fremont, CA 94538 | 09-07-10 - 09-17-11 |
| John | McKune | 47488 Kato Road | Fremont, CA 94538 | 06-16-08 - current |
| Rob | Mills | 47488 Kato Road | Fremont, CA 94538 | 05-19-08 - current |
| Kaelyn | Ngo | 47488 Kato Road | Fremont, CA 94538 | 12-21-07 - 08-31-11 |
| Ann | Nguyen | 47488 Kato Road | Fremont, CA 94538 | 11-27-06 - current |
| Patty | Nowak | 47488 Kato Road | Fremont, CA 94538 | 11-12-07 - 10-14-11 |
| Randy | Pajarillo | 47488 Kato Road | Fremont, CA 94538 | 02-08-10 - 08-08-11 |
| Lucas | Pannell | 47488 Kato Road | Fremont, CA 94538 | 06-18-07 - 08-13-10 |
| Azfar | Qureshi | 47488 Kato Road | Fremont, CA 94538 | 11-30-09 - current |
| Qasim | Qureshi | 47488 Kato Road | Fremont, CA 94538 | 04-21-08 - 08-31-11 |
| Sharon | Shaghafi | 47488 Kato Road | Fremont, CA 94538 | 08-31-09 - current |
| Bill | Stover | 47488 Kato Road | Fremont, CA 94538 | 11-26-07 - current |
| Brian | Trinidad | 47488 Kato Road | Fremont, CA 94538 | 12-06-10 - 8-31-11 |
| Tracy | Tsui | 47488 Kato Road | Fremont, CA 94538 | 06-16-08 - 08-31-08 |
| Ted | Warrilow | 47488 Kato Road | Fremont, CA 94538 | 03-21-11 - 09-24-11 |
| Michael | Yee | 47488 Kato Road | Fremont, CA 94538 | 06-26-06 - 01-21-11 |
| Lei | Yu | 47488 Kato Road | Fremont, CA 94538 | 03-01-10 - 08-31-11 |

80368-002\DOCS_LA:245849v1

Attachment 23
Payments made to insiders within one year of the petition date.

*In re 360 Degree Solar Holdings, Inc.*
*Case No. 11-12800*

| Name | Payment Date | Payment Amount |
|------|--------------|----------------|
| Achkire, Younes | 09/17/10 | 7,307.70 |
| Achkire, Younes | 10/01/10 | 7,307.70 |
| Achkire, Younes | 10/15/10 | 7,307.70 |
| Achkire, Younes | 10/29/10 | 7,307.70 |
| Achkire, Younes | 11/12/10 | 7,307.70 |
| Achkire, Younes | 11/26/10 | 7,307.70 |
| Achkire, Younes | 11/29/10 | 21,000.00 |
| Achkire, Younes | 12/10/10 | 8,076.93 |
| Achkire, Younes | 12/23/10 | 8,076.93 |
| Achkire, Younes | 01/07/11 | 8,076.93 |
| Achkire, Younes | 01/21/11 | 8,076.93 |
| Achkire, Younes | 02/04/11 | 8,076.93 |
| Achkire, Younes | 02/04/11 | 26,268.00 |
| Achkire, Younes | 02/18/11 | 8,076.93 |
| **Achkire, Younes Total** | | **139,575.78** |
| Alter, Karen L | 10/15/10 | 10,576.93 |
| Alter, Karen L | 10/29/10 | 901.08 |
| Alter, Karen L | 10/29/10 | 10,576.93 |
| Alter, Karen L | 11/12/10 | 10,576.93 |
| Alter, Karen L | 11/26/10 | 10,576.93 |
| Alter, Karen L | 12/10/10 | 10,576.93 |
| Alter, Karen L | 12/10/10 | 27,500.00 |
| Alter, Karen L | 12/23/10 | 10,576.93 |
| Alter, Karen L | 01/07/11 | 10,576.93 |
| Alter, Karen L | 01/21/11 | 10,576.93 |
| Alter, Karen L | 02/04/11 | 10,576.93 |
| Alter, Karen L | 02/18/11 | 10,576.93 |
| Alter, Karen L | 02/18/11 | 37,500.00 |
| **Alter, Karen L Total** | | **171,670.38** |
| Bierman, Ben | 09/17/10 | 11,538.47 |
| Bierman, Ben | 10/01/10 | 11,538.47 |
| Bierman, Ben | 10/15/10 | 11,538.47 |
| Bierman, Ben | 10/29/10 | 11,538.47 |
| Bierman, Ben | 11/12/10 | 11,538.47 |
| Bierman, Ben | 11/26/10 | 11,538.47 |
| Bierman, Ben | 12/10/10 | 154.89 |
| Bierman, Ben | 12/10/10 | 11,538.47 |
| Bierman, Ben | 12/10/10 | 30,000.00 |
| Bierman, Ben | 12/23/10 | 11,538.47 |
| Bierman, Ben | 01/07/11 | 11,538.47 |
| Bierman, Ben | 01/21/11 | 11,538.47 |
| Bierman, Ben | 02/04/11 | 11,538.47 |
| Bierman, Ben | 02/04/11 | 124,425.00 |
| Bierman, Ben | 02/18/11 | 11,538.47 |
| **Bierman, Ben Total** | | **293,041.53** |
| Camporaso, Paula | 09/17/10 | 6,923.08 |
| Camporaso, Paula | 10/01/10 | 6,923.08 |
| Camporaso, Paula | 10/15/10 | 6,923.08 |
| Camporaso, Paula | 10/29/10 | 6,923.08 |
| Camporaso, Paula | 11/12/10 | 6,923.08 |

* All payroll, bonus and relocation payments
are listed in gross amounts.

80368-002\DOCS_LA:246594v1

Attachment 23
Payments made to insiders within one year of the petition date.

*In re 360 Degree Solar Holdings, Inc.*
*Case No. 11-12800*

| | | |
|---|---|---|
| Camporaso, Paula | 11/26/10 | 6,923.08 |
| Camporaso, Paula | 11/29/10 | 20,000.00 |
| Camporaso, Paula | 12/10/10 | 7,692.31 |
| Camporaso, Paula | 12/23/10 | 7,692.31 |
| Camporaso, Paula | 01/07/11 | 7,692.31 |
| Camporaso, Paula | 01/21/11 | 7,692.31 |
| Camporaso, Paula | 02/04/11 | 24,885.00 |
| Camporaso, Paula | 02/04/11 | 7,692.31 |
| Camporaso, Paula | 02/18/11 | 7,692.31 |
| **Camporaso, Paula Total** | | **132,577.34** |
| Dave, Sanat | 09/17/10 | 6,923.08 |
| Dave, Sanat | 10/01/10 | 836.52 |
| Dave, Sanat | 10/01/10 | 6,923.08 |
| Dave, Sanat | 10/15/10 | 6,923.08 |
| Dave, Sanat | 10/29/10 | 6,923.08 |
| Dave, Sanat | 11/12/10 | 6,923.08 |
| Dave, Sanat | 11/26/10 | 6,923.08 |
| Dave, Sanat | 11/29/10 | 20,000.00 |
| Dave, Sanat | 12/10/10 | 124.16 |
| Dave, Sanat | 12/10/10 | 7,692.31 |
| Dave, Sanat | 12/23/10 | 7,692.31 |
| Dave, Sanat | 01/07/11 | 7,692.31 |
| Dave, Sanat | 01/21/11 | 7,692.31 |
| Dave, Sanat | 02/04/11 | 67.50 |
| Dave, Sanat | 02/04/11 | 7,692.31 |
| Dave, Sanat | 02/04/11 | 32,848.00 |
| Dave, Sanat | 02/18/11 | 7,692.31 |
| **Dave, Sanat Total** | | **141,568.52** |
| Gaffney, John | 09/17/10 | 15,384.63 |
| Gaffney, John | 10/01/10 | 992.52 |
| Gaffney, John | 10/01/10 | 15,384.63 |
| Gaffney, John | 10/14/10 | 3,534.54 |
| Gaffney, John | 10/15/10 | 15,384.63 |
| Gaffney, John | 10/29/10 | 15,384.63 |
| Gaffney, John | 11/12/10 | 15,384.63 |
| Gaffney, John | 11/24/10 | 3,928.73 |
| Gaffney, John | 11/26/10 | 15,384.63 |
| Gaffney, John | 12/10/10 | 30,151.34 |
| Gaffney, John | 12/10/10 | 30,000.00 |
| Gaffney, John | 12/10/10 | 15,384.63 |
| Gaffney, John | 12/16/10 | 5,156.64 |
| Gaffney, John | 12/23/10 | 7,074.77 |
| Gaffney, John | 12/23/10 | 15,384.63 |
| Gaffney, John | 01/07/11 | 15,384.63 |
| Gaffney, John | 01/21/11 | 15,384.63 |
| Gaffney, John | 02/04/11 | 124,425.00 |
| Gaffney, John | 02/04/11 | 15,384.63 |
| Gaffney, John | 02/18/11 | 15,384.63 |
| **Gaffney, John Total** | | **389,879.10** |
| Gibbons, James F. | 09/29/10 | 1,525.36 |
| **Gibbons, James F. Total** | | **1,525.36** |

Attachment 23
Payments made to insiders within one year of the petition date.

*In re 360 Degree Solar Holdings, Inc.*
*Case No. 11-12800*

| | | |
|---|---|---|
| Gronet, Christian M. | 09/17/10 | 15,384.62 |
| Gronet, Christian M. | 10/01/10 | 15,384.62 |
| Gronet, Christian M. | 10/15/10 | 15,384.62 |
| Gronet, Christian M. | 10/29/10 | 15,384.62 |
| Gronet, Christian M. | 11/12/10 | 15,384.62 |
| Gronet, Christian M. | 11/26/10 | 15,384.62 |
| Gronet, Christian M. | 12/10/10 | 11,367.16 |
| Gronet, Christian M. | 12/23/10 | 11,367.16 |
| Gronet, Christian M. | 01/07/11 | 11,367.16 |
| Gronet, Christian M. | 01/21/11 | 11,367.16 |
| Gronet, Christian M. | 02/04/11 | 40,508.00 |
| Gronet, Christian M. | 02/04/11 | 11,367.16 |
| Gronet, Christian M. | 02/18/11 | 15,384.62 |
| **Gronet, Christian M. Total** | | **205,036.14** |
| Hamamatsu, Shig | 09/17/10 | 7,307.70 |
| Hamamatsu, Shig | 10/01/10 | 7,307.70 |
| Hamamatsu, Shig | 10/15/10 | 7,307.70 |
| Hamamatsu, Shig | 10/29/10 | 7,307.70 |
| Hamamatsu, Shig | 11/12/10 | 7,307.70 |
| Hamamatsu, Shig | 11/26/10 | 7,307.70 |
| Hamamatsu, Shig | 11/29/10 | 22,500.00 |
| Hamamatsu, Shig | 12/10/10 | 8,653.85 |
| Hamamatsu, Shig | 12/23/10 | 8,653.85 |
| Hamamatsu, Shig | 01/07/11 | 8,653.85 |
| Hamamatsu, Shig | 01/21/11 | 8,653.85 |
| Hamamatsu, Shig | 02/04/11 | 42,028.00 |
| Hamamatsu, Shig | 02/04/11 | 8,653.85 |
| Hamamatsu, Shig | 02/18/11 | 8,653.85 |
| **Hamamatsu, Shig Total** | | **160,297.30** |
| Harrison, Brian L | 09/24/10 | 49,230.79 |
| Harrison, Brian L | 10/01/10 | 15,384.62 |
| Harrison, Brian L | 10/15/10 | 15,384.62 |
| Harrison, Brian L | 10/29/10 | 15,384.62 |
| Harrison, Brian L | 11/12/10 | 15,384.62 |
| Harrison, Brian L | 11/26/10 | 15,384.62 |
| Harrison, Brian L | 12/10/10 | 15,384.62 |
| Harrison, Brian L | 12/16/10 | 192.13 |
| Harrison, Brian L | 12/23/10 | 15,384.62 |
| Harrison, Brian L | 01/07/11 | 15,384.62 |
| Harrison, Brian L | 01/21/11 | 15,384.62 |
| Harrison, Brian L | 02/04/11 | 15,384.62 |
| Harrison, Brian L | 02/18/11 | 15,384.62 |
| **Harrison, Brian L Total** | | **218,653.74** |
| Hoenig, David | 09/17/10 | 7,115.39 |
| Hoenig, David | 10/01/10 | 7,115.39 |
| Hoenig, David | 10/15/10 | 7,115.39 |
| Hoenig, David | 10/29/10 | 7,115.39 |
| Hoenig, David | 11/12/10 | 7,115.39 |
| Hoenig, David | 11/26/10 | 7,115.39 |
| Hoenig, David | 11/29/10 | 19,500.00 |
| Hoenig, David | 12/10/10 | 7,500.00 |

* All payroll, bonus and relocation payments
are listed in gross amounts.

80368-002\DOCS_LA:246594v1

Attachment 23
Payments made to insiders within one year of the petition date.

*In re 360 Degree Solar Holdings, Inc.*
*Case No. 11-12800*

| | | |
|---|---|---:|
| Hoenig, David | 12/23/10 | 7,500.00 |
| Hoenig, David | 01/07/11 | 7,500.00 |
| Hoenig, David | 01/21/11 | 7,500.00 |
| Hoenig, David | 02/04/11 | 7,500.00 |
| Hoenig, David | 02/04/11 | 25,576.00 |
| Hoenig, David | 02/18/11 | 7,500.00 |
| **Hoenig, David Total** | | **132,768.34** |
| Mahmud, Shahzad | 09/17/10 | 6,730.77 |
| Mahmud, Shahzad | 10/01/10 | 6,730.77 |
| Mahmud, Shahzad | 10/15/10 | 6,730.77 |
| Mahmud, Shahzad | 10/29/10 | 6,730.77 |
| Mahmud, Shahzad | 11/12/10 | 6,730.77 |
| Mahmud, Shahzad | 11/26/10 | 6,730.77 |
| Mahmud, Shahzad | 11/29/10 | 18,500.00 |
| Mahmud, Shahzad | 12/10/10 | 7,115.39 |
| Mahmud, Shahzad | 12/23/10 | 7,115.39 |
| Mahmud, Shahzad | 01/07/11 | 7,115.39 |
| Mahmud, Shahzad | 01/21/11 | 7,115.39 |
| Mahmud, Shahzad | 02/04/11 | 284.85 |
| Mahmud, Shahzad | 02/04/11 | 7,115.39 |
| Mahmud, Shahzad | 02/04/11 | 31,936.00 |
| Mahmud, Shahzad | 02/18/11 | 7,115.39 |
| **Mahmud, Shahzad Total** | | **133,797.81** |
| Marohl, Dan | 09/17/10 | 8,076.93 |
| Marohl, Dan | 10/01/10 | 8,076.93 |
| Marohl, Dan | 10/15/10 | 8,076.93 |
| Marohl, Dan | 10/29/10 | 32,307.72 |
| **Marohl, Dan Total** | | **56,538.51** |
| Matthews, Peter B. | 09/17/10 | 7,307.70 |
| Matthews, Peter B. | 10/01/10 | 7,307.70 |
| Matthews, Peter B. | 10/15/10 | 7,307.70 |
| Matthews, Peter B. | 10/29/10 | 7,307.70 |
| Matthews, Peter B. | 11/12/10 | 7,307.70 |
| Matthews, Peter B. | 11/26/10 | 7,307.70 |
| Matthews, Peter B. | 12/10/10 | 7,307.70 |
| Matthews, Peter B. | 12/10/10 | 34,974.99 |
| Matthews, Peter B. | 12/10/10 | 34,974.99 |
| Matthews, Peter B. | 12/23/10 | 7,307.70 |
| Matthews, Peter B. | 01/07/11 | 7,307.70 |
| Matthews, Peter B. | 01/21/11 | 25,780.64 |
| Matthews, Peter B. | 01/21/11 | 25,780.64 |
| **Matthews, Peter B. Total** | | **187,280.56** |
| Mitchell, Steve | 10/22/10 | 10,696.20 |
| **Mitchell, Steve Total** | | **10,696.20** |
| O'Brien, Patrick | 09/17/10 | 8,461.54 |
| O'Brien, Patrick | 10/01/10 | 8,461.54 |
| O'Brien, Patrick | 10/15/10 | 8,461.54 |
| O'Brien, Patrick | 10/29/10 | 8,461.54 |
| O'Brien, Patrick | 11/12/10 | 8,461.54 |
| O'Brien, Patrick | 11/26/10 | 8,461.54 |
| O'Brien, Patrick | 11/29/10 | 24,000.00 |

Attachment 23
Payments made to insiders within one year of the petition date.

*In re 360 Degree Solar Holdings, Inc.*
*Case No. 11-12800*

| O'Brien, Patrick | 12/10/10 | 9,230.77 |
|---|---|---|
| O'Brien, Patrick | 12/23/10 | 9,230.77 |
| O'Brien, Patrick | 01/07/11 | 9,230.77 |
| O'Brien, Patrick | 01/21/11 | 9,230.77 |
| O'Brien, Patrick | 02/04/11 | 9,230.77 |
| O'Brien, Patrick | 02/04/11 | 54,747.00 |
| O'Brien, Patrick | 02/18/11 | 9,230.77 |
| **O'Brien, Patrick Total** | | **184,900.86** |
| Schwartz, Benjamin | 09/17/10 | 7,692.31 |
| Schwartz, Benjamin | 10/01/10 | 7,692.31 |
| Schwartz, Benjamin | 10/14/10 | 2,330.51 |
| Schwartz, Benjamin | 10/15/10 | 7,692.31 |
| Schwartz, Benjamin | 10/29/10 | 1,155.70 |
| Schwartz, Benjamin | 10/29/10 | 7,692.31 |
| Schwartz, Benjamin | 11/12/10 | 7,692.31 |
| Schwartz, Benjamin | 11/26/10 | 7,692.31 |
| Schwartz, Benjamin | 11/29/10 | 24,500.00 |
| Schwartz, Benjamin | 12/10/10 | 9,423.08 |
| Schwartz, Benjamin | 12/23/10 | 9,423.08 |
| Schwartz, Benjamin | 01/07/11 | 1,519.18 |
| Schwartz, Benjamin | 01/07/11 | 9,423.08 |
| Schwartz, Benjamin | 01/21/11 | 3,421.19 |
| Schwartz, Benjamin | 01/21/11 | 9,423.08 |
| Schwartz, Benjamin | 02/04/11 | 9,423.08 |
| Schwartz, Benjamin | 02/04/11 | 49,770.00 |
| Schwartz, Benjamin | 02/18/11 | 9,423.08 |
| **Schwartz, Benjamin Total** | | **185,388.92** |
| Scott, John | 09/17/10 | 8,461.54 |
| Scott, John | 10/01/10 | 8,461.54 |
| Scott, John | 10/14/10 | 2,903.97 |
| Scott, John | 10/15/10 | 8,461.54 |
| Scott, John | 10/29/10 | 8,461.54 |
| Scott, John | 11/12/10 | 8,461.54 |
| Scott, John | 11/26/10 | 8,461.54 |
| Scott, John | 11/29/10 | 24,500.00 |
| Scott, John | 12/10/10 | 9,423.08 |
| Scott, John | 12/23/10 | 9,423.08 |
| Scott, John | 01/07/11 | 9,423.08 |
| Scott, John | 01/21/11 | 9,423.08 |
| Scott, John | 02/04/11 | 9,423.08 |
| Scott, John | 02/04/11 | 54,747.00 |
| Scott, John | 02/18/11 | 9,423.08 |
| **Scott, John Total** | | **189,458.69** |
| Sims, Raymond | 09/21/10 | 77.64 |
| Sims, Raymond | 12/14/10 | 15,000.00 |
| **Sims, Raymond Total** | | **15,077.64** |
| Spindt, Christopher, J. | 09/17/10 | 7,692.31 |
| Spindt, Christopher, J. | 10/01/10 | 7,692.31 |
| Spindt, Christopher, J. | 10/15/10 | 7,692.31 |
| Spindt, Christopher, J. | 10/29/10 | 7,692.31 |
| Spindt, Christopher, J. | 11/12/10 | 7,692.31 |

* All payroll, bonus and relocation payments
are listed in gross amounts.

Page 5 of 7

80368-002\DOCS_LA:246594v1

Attachment 23
Payments made to insiders within one year of the petition date.

*In re 360 Degree Solar Holdings, Inc.*
*Case No. 11-12800*

| | | |
|---|---|---:|
| Spindt, Christopher, J. | 11/26/10 | 7,692.31 |
| Spindt, Christopher, J. | 12/10/10 | 25,000.00 |
| Spindt, Christopher, J. | 12/10/10 | 9,615.39 |
| Spindt, Christopher, J. | 12/23/10 | 9,615.39 |
| Spindt, Christopher, J. | 01/07/11 | 9,615.39 |
| Spindt, Christopher, J. | 01/21/11 | 9,615.39 |
| Spindt, Christopher, J. | 02/04/11 | 55,300.00 |
| Spindt, Christopher, J. | 02/04/11 | 9,615.39 |
| Spindt, Christopher, J. | 02/18/11 | 9,615.39 |
| **Spindt, Christopher, J. Total** | | **184,146.20** |
| Stover, Wilbur G. | 09/17/10 | 15,384.63 |
| Stover, Wilbur G. | 10/01/10 | 15,384.63 |
| Stover, Wilbur G. | 10/15/10 | 15,384.63 |
| Stover, Wilbur G. | 10/29/10 | 15,384.63 |
| Stover, Wilbur G. | 11/12/10 | 15,384.63 |
| Stover, Wilbur G. | 11/26/10 | 15,384.63 |
| Stover, Wilbur G. | 12/10/10 | 30,000.00 |
| Stover, Wilbur G. | 12/10/10 | 15,384.63 |
| Stover, Wilbur G. | 12/23/10 | 15,384.63 |
| Stover, Wilbur G. | 01/07/11 | 15,384.63 |
| Stover, Wilbur G. | 01/21/11 | 15,384.63 |
| Stover, Wilbur G. | 02/04/11 | 190.86 |
| Stover, Wilbur G. | 02/04/11 | 124,425.00 |
| Stover, Wilbur G. | 02/04/11 | 15,384.63 |
| Stover, Wilbur G. | 02/18/11 | 15,384.63 |
| **Stover, Wilbur G. Total** | | **339,231.42** |
| Valentin, Vincent | 09/17/10 | 905.10 |
| Valentin, Vincent | 09/17/10 | 7,692.31 |
| Valentin, Vincent | 10/01/10 | 7,692.31 |
| Valentin, Vincent | 10/14/10 | 357.24 |
| Valentin, Vincent | 10/15/10 | 7,692.31 |
| Valentin, Vincent | 10/29/10 | 7,692.31 |
| Valentin, Vincent | 11/12/10 | 7,692.31 |
| Valentin, Vincent | 11/26/10 | 7,692.31 |
| Valentin, Vincent | 11/29/10 | 22,000.00 |
| Valentin, Vincent | 12/10/10 | 8,461.54 |
| Valentin, Vincent | 12/23/10 | 8,461.54 |
| Valentin, Vincent | 12/31/10 | 0.00 |
| Valentin, Vincent | 12/31/10 | 106,290.98 |
| Valentin, Vincent | 01/07/11 | 5,076.92 |
| Valentin, Vincent | 01/21/11 | 390.25 |
| Valentin, Vincent | 01/21/11 | 8,461.54 |
| Valentin, Vincent | 02/04/11 | 44,240.00 |
| Valentin, Vincent | 02/04/11 | 8,461.54 |
| Valentin, Vincent | 02/18/11 | 490.29 |
| Valentin, Vincent | 02/18/11 | 8,461.54 |
| **Valentin, Vincent Total** | | **268,212.34** |
| Westre, Erik, D. | 09/17/10 | 7,500.00 |
| Westre, Erik, D. | 10/01/10 | 7,500.00 |
| Westre, Erik, D. | 10/15/10 | 7,500.00 |
| Westre, Erik, D. | 10/29/10 | 7,500.00 |

Attachment 23
Payments made to insiders within one year of the petition date.

*In re 360 Degree Solar Holdings, Inc.*
*Case No. 11-12800*

| | | |
|---|---|---:|
| Westre, Erik, D. | 11/12/10 | 7,500.00 |
| Westre, Erik, D. | 11/26/10 | 7,500.00 |
| Westre, Erik, D. | 11/29/10 | 21,000.00 |
| Westre, Erik, D. | 12/10/10 | 8,076.93 |
| Westre, Erik, D. | 12/23/10 | 8,076.93 |
| Westre, Erik, D. | 01/07/11 | 8,076.93 |
| Westre, Erik, D. | 01/21/11 | 8,076.93 |
| Westre, Erik, D. | 02/04/11 | 35,586.00 |
| Westre, Erik, D. | 02/04/11 | 8,076.93 |
| Westre, Erik, D. | 02/18/11 | 8,076.93 |
| **Westre, Erik, D. Total** | | **150,047.58** |
| Whitaker, Corby C. | 09/24/10 | 161,346.16 |
| Whitaker, Corby C. | 10/01/10 | 8,461.54 |
| Whitaker, Corby C. | 10/15/10 | 8,461.54 |
| Whitaker, Corby C. | 10/29/10 | 8,461.54 |
| Whitaker, Corby C. | 10/29/10 | 66,012.86 |
| Whitaker, Corby C. | 11/12/10 | 8,461.54 |
| Whitaker, Corby C. | 11/26/10 | 8,461.54 |
| Whitaker, Corby C. | 12/10/10 | 22,000.00 |
| Whitaker, Corby C. | 12/10/10 | 8,461.54 |
| Whitaker, Corby C. | 12/23/10 | 3,693.11 |
| Whitaker, Corby C. | 12/23/10 | 8,461.54 |
| Whitaker, Corby C. | 01/07/11 | 8,461.54 |
| Whitaker, Corby C. | 01/21/11 | 8,461.54 |
| Whitaker, Corby C. | 02/04/11 | 8,461.54 |
| Whitaker, Corby C. | 02/18/11 | 8,461.54 |
| **Whitaker, Corby C. Total** | | **346,129.07** |
| **Grand Total** | | **4,237,499.33** |