# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, et al.,[1] | ) | Case No.: 11-12799 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Hearing Date: November 22, 2011, 2011 at 4:00 p.m. (ET)
Objection Deadline: November 15, 2011, 2011 at 4:00 p.m. (ET)

## DEBTORS' SECOND MOTION FOR ORDER UNDER SECTION 365(a) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS (A) TO REJECT UNEXPIRED LEASE AND (B) ABANDON ANY PERSONAL PROPERTY LOCATED AT SUCH PREMISES AND FIXING A BAR DATE FOR CLAIMS OF COUNTERPARTY

Solyndra LLC ("Solyndra") and 360 Degree Solar Holdings, Inc., the above-captioned debtors and debtors in possession (the "Debtors") hereby file this motion (the "Motion") for entry of an order under 11 U.S.C. §§ 105 and 365(a) approving the rejection of the unexpired lease of non-residential real property located at 47700 Kato Road and 1055 Page Avenue (Buildings 1 and 2), Fremont, California, listed on Exhibit A attached hereto (the "Rejected Lease"), authorizing the Debtors to abandon any personal property located at the premises leased by the Rejected Lease (the "Leased Premises"), and fixing a bar date for claims, if any, of the counterparty (the "Counterparty") to the Rejected Lease. In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

## Jurisdiction

1. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), and (O). Venue of these proceedings and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 365 of title 11 of the United States Code (the "Bankruptcy Code").

## Background

3. On September 6, 2011 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors are continuing in possession of their property and are managing their business as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases. On September 15, 2011, the Office of the United States Trustee appointed a committee of unsecured creditors and appointed seven initial members thereto (the "Committee").

6. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of W.G. Stover, Jr., Senior Vice President and Chief Financial Officer, in Support of First Day Motions* (the "Stover Declaration") filed contemporaneously with this Motion and incorporated herein by reference.[2]

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Stover Declaration.

## Relief Requested

7.      By this Motion, the Debtors seek authorization to reject the Rejected Lease described in this Motion and on Exhibit A, which is an unexpired lease of non-residential real property, effective on November 30, 2011, the date on which the Debtors intend to surrender the Leased Premises to the Counterparty (the "Rejection Effective Date").

## The Rejected Leases

8.      Just prior to the Petition Date, the Debtors terminated their manufacturing operations and have begun the process of streamlining their financial affairs. Previously, the Debtors operated their business: (1) at leased premises at 47700 Kato Road and 1055 Page Avenue (Buildings 1 and 2), 901 Page Avenue (Building 3), 400-472 Kato Terrace (Building 5) and 1210 California Circle (Building 6), all in Fremont, California, and (2) at premises owned by the Debtors at 47488 Kato Terrace, also in Fremont, California. The Debtors previously rejected the lease for the premises at 400-472 Kato Terrace (Building 5), Fremont, California.

9.      The Debtors have determined that they have no further use for the Leased Premises located at 47700 Kato Road and 1055 Page Avenue (Buildings 1 and 2), Fremont, California.

10.     Therefore, the Debtors, in the exercise of their business judgment, have determined to reject the Rejected Lease for the Leased Premises as follows, effective on the Rejection Effective Date:

- Industrial Lease dated 9/16/03 between Global Kato HG, LLC (lessor) and Maxtor Corporation (lessee), as amended.

11. The Debtors have no further use for the Leased Premises under any of the restructuring alternatives that they are considering, including the possible sale of the business or by licensing of their technology.

12. The Debtors anticipate that they will have vacated the Leased Premises on or before the November 30, 2011 Rejection Effective Date.

13. The Debtors propose to surrender the Leased Premises to the Counterparty under the Rejected Lease on or before the Rejection Effective Date.

## **Relief Requested**

14. By this Motion, the Debtors seek entry of an order (a) approving the rejection of the Rejected Lease, identified above and on Exhibit A, effective on the November 30, 2011 Rejection Effective Date, (b) authorizing the Debtors to abandon any personal property located at the Leased Premises on the Rejection Effective Date, and (c) fixing a bar date for claims, if any, of the Counterparty to the Rejected Lease.

## **Authority for Requested Relief**

15. In the absence of a statutory standard, the Third Circuit, consistent with other circuits, utilizes the "business judgment" standard to determine whether to approve the rejection of an unexpired lease of non-residential real property. *See, e.g., In re Market Square Inn, Inc.*, 978 F.2d 116, 121 (3d Cir. 1992) ("The resolution of this issue of assumption or rejection will be a matter of business judgment by the bankruptcy court.") (citing *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 318 U.S. 523, 550 (1943)); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d

1095, 1098 (2d Cir. 1993) ("[A] bankruptcy court reviewing a trustee's or debtor-in-possession's decision to assume or reject an executory contract should examine the contract and the surrounding circumstances and apply its best "business judgment" to determine if it would be beneficial or burdensome to the estate to assume (or reject) it.").

16. The Debtors seek to reject the Rejected Lease, in accordance with principles of sound business judgment, based on the belief that the Rejected Lease is, and will continue to be, a burden to the Debtors' estates. As set forth above, the Debtors have terminated their manufacturing operations, have no further use for and have vacated the Leased Premises, and the Rejected Lease no longer provides any economic benefit to the Debtors in connection with their operations.

17. Additionally, the Debtors have determined, in their reasonable business judgment, that there is no net benefit that can be realized from an attempt to market and assign the Rejected Lease for several reasons, including because the lease has above-market rent.[3] As a result, the Debtors have determined that the cost to the Debtors of continuing to occupy the Leased Premises under the Rejected Lease, and of performing their obligations under the Rejected Lease and incurring unnecessary administrative expenses, will exceed any realistic sales price, and that rejection of the Rejected Lease is thus in the best interests of the Debtors' estates and creditors.

---

[3] The Debtors reserve all of their rights with respect to the determination of whether the Rejected Lease has been or will have been terminated or breached. In either event, the Debtors do not believe that assumption of the Rejected Lease is in the best interests of their estates or their creditors and thus seek to reject the Rejected Lease pursuant to this Motion.

18. Finally, the Debtors do not believe that the value of the Rejected Lease will increase in the immediate future.

19. For all of the above reasons, the Debtors submit that rejection of the Rejected Lease is in the best interests of the Debtors' estates and creditors, and other parties in interest.

20. The Debtors may have claims against the Counterparty arising under, or independently of, the Rejected Lease. The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Rejected Lease.

**Personal Property**

21. In addition, the Debtors seek authority to abandon any owned personal property located at each Leased Premises on the Rejection Effective Date, as is, where is, and in accordance with section 554(a) of the Bankruptcy Code. Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The Debtors believe that the costs associated with liquidating any personal property assets remaining at the Leased Premises on the Rejection Effective Date will likely approach or exceed the value of such assets. Accordingly, the Debtors believe that the personal property at the Leased Premises, if any, has inconsequential value to the estate and should be abandoned as of the Rejection Effective Date.

## Claims Bar Date

22.     As set forth above, the Counterparty may seek to assert a rejection damage claim under section 502 of the Bankruptcy Code or other claims in connection with the Rejected Lease or the rejection or termination of the Rejected Lease. The Debtors further request by this Motion that the Court fix a claims bar date with respect to the Rejected Lease of thirty (30) days after entry of an order granting the relief requested in this Motion.

23.     Bankruptcy Rule 3003(c)(3) provides: "[t]he court shall fix . . . the time within which proofs of claim may be filed." Bankruptcy Rule 2002(a)(7) requires at least twenty days notice by mail of the time fixed for filing proofs of claim and interest pursuant to Bankruptcy Rule 3003(c)(3).

24.     The Debtors request that the Court, in accordance with Bankruptcy Rule 3003(c)(3), establish a bar date that is thirty days from an order granting relief by which the Counterparty must file any claims.

25.     The Debtors will give notice of such bar date to the Counterparty by service of the Order approving this Motion and fixing such bar date. The Debtors will serve such order within three business days of its entry, thereby satisfying the requirements of Bankruptcy Rule 2002(a)(7). The Debtors reserve any and all rights to object to any rejection damage claims or other claims filed by the Counterparty.

## Notice

26.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors'

prepetition and postpetition lenders; (c) the creditors listed in the consolidated list of creditors holding 35 largest unsecured claims; (d) the Counterparty; and (e) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

27. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, (i) approving the rejection of the Rejected Lease, identified above and in Exhibit A, effective on the date of the November 30, 2011 Rejection Effective Date, (ii) authorizing the Debtors to abandon any personal property located at the Leased Premises on the Rejection Effective Date, (iii) fixing a bar date for claims, if any, of the

Counterparty to the Rejected Lease, and (iv) granting such other and further relief as the Court deems appropriate.

Dated: November 4, 2011          PACHULSKI STANG ZIEHL & JONES LLP

/s/ BG

Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
Joshua M. Fried (CA Bar No. 181541)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:      rpachulski@pszjlaw.com
             dgrassgreen@pszjlaw.com
             bgrohsgal@pszjlaw.com
             jfried@pszjlaw.com

Counsel for the Debtors and Debtors in Possession

# EXHIBIT A

## Rejected Lease

| Lease | Leased Premises | Name and Notice Address of Counterparty (Current Lessor) | Rejection Effective Date |
|---|---|---|---|
| Industrial Lease dated 9/16/02 between Global Kato HG, LLC (lessor) and Maxtor Corporation, as amended | 47700 Kato Road and 1055 Page Avenue, Fremont, CA (Buildings 1 and 2) | Global Kato HG, LLC c/o Digital Realty Trust, LP Attn: Chrissa H. Tran 560 Mission Street Ste. 2900 San Franciso, CA 94105<br><br>Global Kato HG, LLC Attn: Scott Peterson 2370 Sand Hill Road Menlo Park, CA 94025 | November 30, 2011 |