IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*,[1] | ) | Case No.: 11-12799 (MFW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Related Docket Nos. 150 & 260 ✦ 327 |

## ORDER AUTHORIZING AND APPROVING THE SALE OF NON-CORE ASSETS TO SUCCESSFUL BIDDERS AT AUCTION HELD ON NOVEMBER 2, 2011 AND NOVEMBER 3, 2011 FREE AND CLEAR OF ALL ENCUMBRANCES

On October 19, 2011, the Court entered its *Order Granting Motion of Solyndra LLC Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Authorizing Them to (A) Conduct Auction for Non-Core Assets, and (B) Sell Such Assets to the Successful Bidders at an Auction Free and Clear of All Encumbrances* [Docket No. 260] (the "Non-Core Auction Procedures Order").[2] On November 2, 2011 and November 3, 2011 (together, the "November Auction"), Solyndra LLC ("Solyndra"), one of the debtors herein, conducted an auction of certain of its non-core assets that were not necessary to the operation of its business (the "Non-Core Assets") pursuant to the Non-Core Auction Procedures Order. Solyndra filed its *Notice of Auction Results and Auction Report* with the Court on November 4, 2011 [Docket No. 310] (the "Post Auction Disclosures"). A copy of the assets to be sold pursuant to the November Auction, along with the proposed buyers and purchase price for such assets, are listed in "Exhibit A" to the Post-Auction Disclosures and are also annexed hereto as **Exhibit 1** (the "Purchased Assets").

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

[2] Unless otherwise noted, capitalized terms used herein have the same meanings ascribed in the Non-Core Auction Procedures Order.

DOCS_SF:78792.1 80368-002

1

The Post Auction Disclosures state that Solyndra generated over $6.2 million from the proposed sale of the Non-Core Assets pursuant to the auction procedures set forth in the Non-Core Auction Procedures Order.

On November 4, 2011, Solyndra filed its *Declaration of Benjamin Bierman in Support of Debtors' Motion of Solyndra LLC Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, For Authority to (A) Conduct An Auction for Non-Core Assets, and (B) Sell Assets to the Successful Bidders at An Auction Free and Clear of All Encumbrances* [Docket No. 308] (the "Bierman Declaration"). The Bierman Declaration states that, based upon Mr. Bierman's review of the Post Auction Disclosures, Mr. Bierman believes that none of the proposed buyers of the Purchased Assets are insiders of either Solyndra or its debtor affiliate, 360 Degree Solar Holdings, Inc.

On November 4, 2011, Solyndra filed its *Declaration of Stephen Gross of Heritage Global Partners in Support of Debtors' Motion of Solyndra LLC Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, For Authority to (A) Conduct An Auction for Non-Core Assets, and (B) Sell Assets to the Successful Bidders at An Auction Free and Clear of All Encumbrances* [Docket No. 309] (the "Gross Declaration"). The Gross Declaration sets forth Solyndra's marketing efforts with respect to the November Auction. The Gross Declaration also provides that the November Auction was at all times conducted without any collusion and in good faith and at arms' length with each of the bidders for the Purchased Assets.

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A.  Jurisdiction and Venue. This Court has jurisdiction to consider this matter under

28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O). Venue of these cases is proper under 28 U.S.C. §§ 1408 and 1409.

B. <u>Statutory Predicates</u>. The statutory predicates for the relief sought for the sale of the Non-Core Assets are Bankruptcy Code sections 105, 363, 1107 and 1008, Bankruptcy Rules 2002(a)(2), 6004, and 9014. Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.

C. <u>Notice</u>. As evidenced by the affidavit of service filed with this Court [Docket No. 311] that the Post Auction Disclosures, the Bierman Declaration and the Gross Declaration were served on the "Notice Parties" (as that term is defined in the Non-Core Auction Procedures Order) and complies with the requirements of the Non-Core Auction Procedures Order. No other or further notice need be provided and such notice was and is good, sufficient, and appropriate under the circumstances of the Debtors' chapter 11 cases.

D. <u>Opportunity to Object</u>. The Non-Core Auction Procedures Order provides that the Notice Parties had two (2) Business Days in which they could object to the proposed sale of Purchased Assets described in the Post Auction Disclosures filed on November 4, 2011. There was a reasonable opportunity to object and to be heard with respect to the proposed sale of Purchased Assets and no objection was filed by any party in interest.

E. <u>Free and Clear</u>. As noted above, no objections to the Post Auction Disclosures have been filed. Accordingly, pursuant to the terms set forth in the Non-Core Auction Procedures Order, the Post Auction Disclosures, the Bierman Declaration and the Gross

Declaration, Solyndra may sell its interest in the Purchased Assets free and clear of any liens, claims, and interests because the standard set forth in section 363(f)(2) of the Bankruptcy Code has been satisfied. The transfer of the Purchased Assets will be a legal, valid, and effective transfer of such assets and vests or will vest the purchasers of such assets (collectively, the "Purchasers") with all right, title, and interests previously held by Solyndra pursuant to section 363(f) of the Bankruptcy Code free and clear of all liens, claims, and interests.

    F.    Arm's-Length, Good-Faith Sale. The Purchasers are purchasing the Purchased Assets in good faith and are a good faith purchasers within the meaning of 11 U.S.C. § 363(m), and are therefore entitled to the protections of that provision, and otherwise have proceeded in good faith in all respects in connection with the sale of such Purchased Assets. None of the Purchasers are "insiders" of any of the Debtors, as that term is defined in Bankruptcy Code section 101(31). Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Purchased Assets shall not affect the validity of the sale of such assets unless, prior to the consummation, such authorization is duly stayed pending such appeal. There are no other agreements or other arrangement entered into between the Debtors or the Purchasers other than any bill of sale in respect of the Purchased Assets. As a result, the Purchasers have not violated 11 U.S.C. § 363(n) by any action or inaction and the negotiation and execution of the sale of the Purchased Assets and any other agreements or instruments related thereto was in good faith and the terms and conditions of such sale, including without limitation the consideration provided in respect thereof, is fair and reasonable and shall not be avoided under Bankruptcy Code section 363(n).

NOW, THEREFORE, IT IS ORDERED THAT:

1. The sale of the Purchased Assets is hereby GRANTED and APPROVED.

2. Pursuant to section 363(f)(2) of the Bankruptcy Code, upon consummation of the sale of the Purchased Assets, such assets shall be transferred to the Purchasers with all right, title, and interest in such assets free and clear of any liens, claims, or interests with any such right, title, and interest attaching with the same validity (or invalidity) in the proceeds of the Purchased Assets.

3. The Purchasers are good faith purchasers within the meaning of 11 U.S.C. § 363(m) and, as such, are entitled to the full protections of 11 U.S.C. § 363(m).

4. The Purchasers have given substantial consideration under the terms of the agreement for the benefit of the Debtors, their estates and creditors and is fair and reasonable and accordingly the purchase may not be avoided under 11 U.S.C. § 363(n).

5. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted herein as provided under the Non-Core Auction Procedures Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November 10, 2011

HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE