# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT DELAWARE

| | |
|---|---|
| In re:<br><br>**SOLYNDRA LLC,** *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No.: 11-12799 (MFW)<br>(Jointly Administered)<br><br>Hearing Date: November 22, 2011 at 4:00 p.m. (ET)<br>Objection Deadline: November 15, 2011 at 4:00 p.m. (ET) |

**LIMITED OBJECTION OF SEAGATE TECHNOLOGY (US) HOLDINGS, INC. TO DEBTORS' MOTION FOR ORDER UNDER SECTION 365(a) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS (A) TO REJECT UNEXPIRED LEASE AND (B) ABANDON ANY PERSONAL PROPERTY LOCATED AT SUCH PREMISES AND FIXING A BAR DATE FOR CLAIMS OF COUNTERPARTY**

Seagate Technology (US) Holdings, Inc., a Delaware corporation ("Seagate"), by and through its attorneys, Snyder & Associates, P.A. and Connell Foley LLP, hereby files this limited objection (the "Limited Objection") to the motion filed by the debtors, Solyndra LLC ("Solyndra") and 360 Degree Solar Holding, Inc. ("360 Degree") (collectively, the "Debtors"), in the above-captioned chapter 11 cases seeking an order under 11 U.S.C. §§ 105 and 365(a) approving the rejection of a certain lease of non-residential real property located at 47700 Kato Road and 1055 Page Avenue, Fremont, California (the "Premises"), authorizing the Debtors to abandon any personal property located on the Premises, and fixing a bar date for claims, if any, of the counterparty to the rejected lease (the "Rejection Motion").

Seagate objects to the Rejection Motion on the grounds that: A) the Debtors have either listed the incorrect lease they wish to reject in the Rejection Motion or otherwise are improperly seeking to reject an expired lease to which they are not a party. In addition, assuming the Debtors

2610148-02

are seeking to reject the operative unexpired lease for the Premises between the Debtors and Global Kato HG, LLC ("Global"), Seagate objects to the Debtors' attempt to abandon personal property at the Premises that may pose a threat to public health and safety. In support of its Limited Objection, Seagate respectfully states as follows:

## BACKGROUND

1. Global Kato HG, LLC, a California limited liability corporation ("Global"), is the owner/lessor of certain non-residential real property having an address at 47700 Kato Road and 1055 Page Avenue in Fremont, California (the "Premises") that is the subject of the Debtors' Rejection Motion.

2. Seagate is a former lessee of the Premises from Global pursuant to a certain Industrial Lease between Global and Maxtor Corporation[1] dated September 16, 2003 (the "Seagate Lease") which expired by its own terms on September 29, 2011. Seagate, however, has not been in possession of the Premises since January 2007.

3. Solyndra, LLC is currently a tenant at the Premises pursuant to a certain lease, dated January 24, 2007, with Global (the "Solyndra Lease"). Solyndra's right of possession under the Solyndra Lease went into effect on September 30, 2011.

4. Prior to September 30, 2011, Solyndra was a tenant at the Premises pursuant to a certain Sublease, also dated January 24, 2007, between Seagate and Solyndra, Inc. (now known as 360 Degree) (the "Sublease")[2]. The term of the Sublease expired coterminous with the Seagate Lease on September 29, 2011.

---

[1] Seagate purchased Maxtor Corporation in 2006 and succeeded to the rights of Maxtor Corporation under the Seagate Lease.

[2] On or about April 1, 2011, Solyndra, Inc. (now known as 360 Degree) entered into a Lease Assignment and Assumption Agreement with Solyndra, LLC (the "Assignment") that resulted in the assignment of all of Solyndra, Inc.'s right title and interest in and to the Sublease to Solyndra, LLC

2610148-02          2

5. Since neither of the Debtors have ever been a party to the Seagate Lease, which has expired, and the Sublease has also expired, Seagate believes that it is the operative Solyndra Lease (the only unexpired lease for the Premises) that the Debtors seek to reject.

6. In this regard, while Seagate takes no position on the Debtors' decision to reject the Solyndra Lease, Seagate does object to the Debtors request for permission in the Rejection Motion to abandon any "owned personal property" located at the Premises. The Debtors have not identified in the Rejection Motion what property they intend to abandon at the Premises even though the Debtors' business operations involved the use of hazardous materials and/or environmental substances on the Premises which may pose a threat to public health and safety if abandoned, and abandonment thereof in its current condition may be in violation of applicable laws relating to its handling and closure, which violations would further not be in compliance with Debtors' obligations under the Sublease and the Solyndra Lease.

**LEGAL ARGUMENT**

**I. THE DEBTORS CANNOT REJECT AN UNEXPIRED LEASE TO WHICH THEY ARE NOT A PARTY AND WHICH HAS EXPIRED BY ITS OWN TERMS.**

7. The Bankruptcy Code generally allows a debtor, subject to the Court's approval, to assume or reject executory contracts and unexpired leases. *See* 11 U.S.C. § 365. This authority, however, is limited only to those leases to which the debtor is actually a party and to those leases that are not expired by their own terms[3] at the time of assumption or rejection. *See In re Andorra Meat Market, Inc.*, 7 B.R. 744 (Bankr. E.D.Pa.1980); *In re Darwin*, 22 B.R. 259 (Bankr. E.D. N.Y. 1982).

---

[3] If a lease has expired by its own terms after the bankruptcy has been filed, there is no leasehold interest for a debtor to assume or reject. Additionally, § 541(b)(2) expressly provides that a lease of nonresidential real property under which the debtor is the lessee ceases to be property of the estate if the term of the lease expires by its own terms during the case.

8. Here, the Debtors have stated in their Rejection Motion that they seek to reject the Seagate Lease. Since the Debtors are clearly not parties to the now expired Seagate Lease, Seagate believes that the Debtors have mistakenly identified the Seagate Lease for rejection instead of the Solyndra Lease that presently exists between Solyndra LLC and Global.

9. Accordingly, Seagate objects to the Debtors' attempt to reject the Seagate Lease.

## II. THE DEBTORS SHOULD BE PROHIBITED FROM ABANDONING PROPERTY THAT PRESENTS A DANGER TO PUBLIC HEALTH AND SAFETY.

10. To the extent that the Debtors actually seek to reject the Solyndra Lease with Global and vacate the Premises, Seagate objects to the Debtors' attempt to abandon unidentified property of the estate pursuant to 11 U.S.C. § 554 that may constitute an immediate danger to public health and safety in violation of applicable law, and which would further not be in compliance with certain provisions of the Solyndra Lease or the Sublease.

11. Section 554(a) provides, in pertinent part, "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate." 11 U.S.C. § 554. This broad grant of authority, however, is not without limits. In *Midlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494 (1986), the Supreme Court held that a bankruptcy trustee cannot abandon property in contravention of state environmental statutes and regulations. *Id*. at 507.

12. The factual context of the Supreme Court's decision in *Midlantic* involved contaminated waste oil facilities which were in violation of both state and federal environmental laws. *Midlantic*, 474 U.S. at 496-99. The debtor filed a chapter 11 petition one day before the New Jersey Department of Environmental Protection ordered the debtor to clean up the facilities. *Id*. at 497. Shortly thereafter, the chapter 11 case was converted to a chapter 7 liquidation. *Id*. When the chapter 7 trustee failed to sell the contaminated facility, he sought to abandon it under

2610148-02 4

§ 554. *Id*. The Supreme Court in *Midlantic* concluded that the seemingly unlimited abandonment power under § 554(a) is indeed limited by state law:

> We conclude that Congress did not intend for § 554(a) to pre-empt all state and local laws. **The Bankruptcy Court does not have the power to authorize an abandonment without formulating conditions that will adequately protect the public's health and safety**. Accordingly, without reaching the question whether certain state laws imposing conditions on abandonment may be so onerous as to interfere with the bankruptcy adjudication itself, **we hold that a trustee may not abandon property in contravention of a state statute or regulation that is reasonably designed to protect the public health or safety from identified hazards**. *Id*. at 507 (emphasis added).

13. Fed. R. Bankr. Pro. 6007 contains the implementing notice provisions for abandonment under § 554. For a notice of abandonment or a notice of compromise to be effective under Rule 6007, it must identify the property to be abandoned or the dispute to be compromised. *See In re FCX, Inc.*, 54 B.R. 833 (Bankr. E.D.N.C. 1985)("For a notice of abandonment . . . to be effective, it must identify the property to be abandoned . . .."); *In re Killebrew,* 888 F.2d 1516 (5th Cir. 1989)(notification not adequate where particular property to be abandoned is not identified).

14. Accordingly, as set forth by the Court in *Midlantic*, it is both necessary and appropriate for the Bankruptcy Court to consider whether the property subject to abandonment constitutes a threat to public health or safety and, if so, under what conditions the Debtors should be permitted to abandon the property, if at all.

15. The Debtors' business operations involved the use of hazardous materials and/or environmental substances on the Premises which may pose a threat to public health and safety. Accordingly, before permitting the Debtors to abandon any personal property in place at the Premises, the Debtors should be required to identify what property they intend to abandon at the

Premises. In addition and regardless, the Debtors should be required to comply with all applicable Environmental Laws and Regulations as part of their vacation of the Premises.

16. As such, Seagate objects to the Debtors' abandonment of any personal property on the Premises that constitutes a danger to public health and safety.

## **CONCLUSION**

17. For the foregoing reasons, Seagate objects A) to the Debtors' proposed rejection of the Seagate Lease listed in the Rejection Motion and B) in any event, to the Debtors' rejection of the operative Solyndra Lease for the Premises without identifying the personal property the Debtors intend to abandon and any non-compliance with applicable Environmental Laws and Regulations and contractual provisions of the Solyndra Lease and the Sublease as part of their vacation of the Premises so as not to pose a danger to public health and safety.

        CONNELL FOLEY LLP
        85 Livingston Avenue
        Roseland, NJ 07068

        -- and --

        SNYDER & ASSOCIATES, P.A.
        Suite 1014
        300 Delaware Avenue
        Wilmington, DE 19801

        By: __/s/ Bayard J. Snyder (DE #175)

        Attorneys for Seagate Technology (US) Holdings, Inc.

Executed on: November 15, 2011