# **EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Solyndra LLC, *et al.*, ) | Case No. 11-12799 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Objection Deadline: November 15, 2011 |
| ) | at 4:00 p.m. (ET) |
| ) | Hearing: November 22, 2011 at 4:00 p.m. (ET) |

## DECLARATION OF CAROL STENSRUD SUPPORTING GLOBAL KATO HG, LLC'S OBJECTION TO DEBTORS' SECOND MOTION FOR ORDER UNDER SECTION 365(A) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS (A) TO REJECT UNEXPIRED LEASE AND (B) ABANDON ANY PERSONAL PROPERTY LOCATED AT SUCH PREMISES, ETC.

I, CAROL STENSRUD, declare:

1. I am Senior Asset Manager, Portfolio Management for Digital Realty Trust, Inc. ("Digital"), which is affiliated with, and has been retained to provide asset management and leasing services for, Global Kato HP, LLC, a California limited liability ("Landlord"), the owner of the real property located at and commonly known as 47700 Kato Road and 1055 Page Avenue, Fremont, California. My duties include the monitoring of the property management, leasing and financial performance of certain of the properties managed by, and affiliated with, Digital, and the enforcement of the Landlord's rights and remedies for breach of lease.

2. As a consequence of my position as Senior Asset Manager, Portfolio Management, I am one of the custodians of the books, records, and files of Digital as those books, records, and files relate to the use and occupancy of the premises at 47700 Kato Road and 1055 Page Avenue, Fremont, California (the "Premises"), leased by Solyndra, LLC ("Debtor"), the debtor-in-possession herein. If called upon to testify in this proceeding, as to the matters set forth in this declaration, I could and would competently testify thereto, since the facts set forth herein are personally known to me to be true.

827770.01/SF

3. This declaration is submitted in support of Landlord's opposition to the *Debtors' Second Motion For Order Under Section 365(A) Of The Bankruptcy Code Authorizing The Debtors (A) To Reject Unexpired Lease And (B) Abandon Any Personal Property Located At Such Premises And Fixing A Bar Date For Claims Of Counterparty*, filed herewith.

4. As set forth in my prior declaration filed October 11, 2011 in support of Landlord's opposition to the *Motion of Solyndra, LLC Pursuant To Sections 105(a) and 363 of the Bankruptcy Code, For Authority To (A) Conduct An Auction For Non-Core Assets, and (B) Sell Assets To The Successful Bidders at an Auction Free and Clear of All Encumbrances*, the term of the January 24, 2007 Lease, between Solyndra, LLC and Global, as subsequently amended (the "Lease"), commenced September 30, 2011. Following the commencement of the term of the Lease, Debtor provided Landlord with its Certificate of Insurance, purporting to evidence the insurance coverage required by the terms of the Lease. Such Certificate of Insurance, dated October 6, 2011, a copy of which was attached as Exhibit "7" to my October 11, 2011 declaration, provides that such insurance coverage expires November 15, 2011. To date, notwithstanding the requirement of Section 8.5.1 of the Lease that evidence of replacement coverage be provided to Landlord a minimum of ten (10) days prior to expiration of prior coverage, as of the morning of November 15, 2011, Landlord has not been provided with evidence of replacement insurance coverage.

5. This morning, November 15, 2011, Landlord received for the first time the disclosures of the identity of "Successful Buyers" of "Non-Core Assets" and their contractors, with relating licensure and insurance information, as required in connection with the removal of assets sold at the November 2-4, 2011 auction of Non-Core Assets, as provided by Exhibit B of this Court's *Order Granting Motion of Solyndra, LLC Pursuant To Sections 105(a) and 363 of the Bankruptcy Code and Authorizing Them To (A) Conduct Auction For Non-Core Assets, and (B) Sell Such Assets To The Successful Bidders At An Auction Free and Clear of All Encumbrances*. This information was expected over a week ago, shortly after the conclusion of the auction, and has not yet been reviewed for completeness or compliance with the Court's order.

6. While Digital is aware of communications between the Debtors and the City of Fremont, California Fire Department regarding a potential "Closure Plan" with respect to hazardous materials at the Premises, Landlord has further not received any notification that a final closure plan has been submitted by Debtor and approved by the City of Fremont.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 15, 2011, at Santa Clara, California.

*Carol Stensrud*
Carol Stensrud