IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| SOLYNDRA LLC, *et al.*,[1] ) ) | Case No. 11-12799 (MFW) |
| Debtors. ) ) | Jointly Administered |
| ) ) | |

## CERTIFICATION OF COUNSEL REGARDING PROPOSED ORDER APPROVING THE STIPULATION GOVERNING PRODUCTION AND USE OF CONFIDENTIAL INFORMATION

On September 27, 2011, this Court entered that certain Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Secured Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Status, (III) Granting Adequate Protection, and (IV) Modifying the Automatic Stay [Docket No. 161] (the "Final DIP Order"). In connection with the rights of the Official Committee of Unsecured Creditors of the Debtors (the "Creditors' Committee") to investigate and challenge the findings and stipulations contained in the Final DIP Order and bring any related claims (collectively, the "Investigation Proceedings"), the Creditors' Committee and Argonaut Ventures I, L.L.C. ("Argonaut," and together with the Creditors' Committee, the "Parties") have determined that with respect to the discovery requested and other information provided in connection with the Investigation Proceedings, such matters may involve the production of information considered sensitive, confidential, personal, proprietary, and/or protected by statutory or other legal privileges.

---

[1] The Debtors in the above captioned Chapter 11 proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

As a result, the Parties have reached an agreement governing all discovery, including both formal and informal discovery, conducted by the Parties in connection with the Investigation Proceedings, the full terms and conditions of which are set forth in that certain Stipulation Governing Production and Use of Confidential Information (the "Stipulation").[2] A copy of the Stipulation is attached as Exhibit 1 to the proposed form of order (the "Proposed Order") annexed hereto as Exhibit A.

Argonaut submits that the Stipulation and the Proposed Order are appropriate and consistent with the Parties' discussions, and that entry of the Proposed Order is in the best interests of the above-captioned debtors and debtors-in-possession and their estates, as well as those of the Parties. The Creditors' Committee has consented to the entry of the Proposed Order. Accordingly, Argonaut respectfully requests the Court to enter the Proposed Order, attached hereto as Exhibit A, at its earliest convenience without further notice or a hearing.

Dated: Wilmington, Delaware
November 18, 2011

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Sean M. Beach (No. 4070)
Robert F. Poppiti, Jr. (No. 5052)
The Brandywine Building, 1000 West St., 17th Fl.
Wilmington, DE 19801
Telephone: 302.571.6600  Facsimile: 302.571.1253

---- and ----

GIBSON, DUNN & CRUTCHER LLP
Michael A. Rosenthal (admitted *pro hac vice*)
Mitchell A. Karlan (admitted *pro hac vice*)
Matthew K. Kelsey (admitted *pro hac vice*)
200 Park Ave, 47th Floor
New York, NY 10166-0193
Telephone: 212.351.4000  Facsimile: 212.351.4035

---

[2] To the extent there is any inconsistency between the summary provided herein and the actual terms and conditions of the Stipulation, the latter shall control.

# EXHIBIT A

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| SOLYNDRA LLC, *et al.*,[1] ) ) | Case No. 11-12799 (MFW) |
| Debtors. ) ) | Jointly Administered |
| ) ) | Ref. Docket No. ____ |

## ORDER APPROVING THE STIPULATION GOVERNING PRODUCTION AND USE OF CONFIDENTIAL INFORMATION

Upon consideration of the Stipulation Governing Production and Use of Confidential Information (the "Stipulation"), a copy of which is attached hereto as Exhibit 1; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Stipulation is approved and the terms, conditions and provisions of the Stipulation are incorporated in this Order by reference as if fully set forth herein;

ORDERED that any future signatories to the Stipulation, as provided for in Paragraph 19 of the Stipulation, shall be subject to and governed by the terms of this Order; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to enforce, modify, or vacate all or any portion of the Stipulation and this Order upon appropriate motion by a party in interest.

Date: November ____, 2011

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in the above captioned Chapter 11 proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

# EXHIBIT 1

Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>SOLYNDRA LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-12799 (MFW)<br><br>Jointly Administered |

**STIPULATION GOVERNING PRODUCTION
AND USE OF CONFIDENTIAL INFORMATION**

This Stipulation is entered into by and among counsel for (i) Argonaut Ventures I, L.L.C. ("Argonaut") and (ii) the Official Committee of Unsecured Creditors of the Debtors (the "Creditors' Committee") (each a "Party", and collectively, the "Parties")[2] with respect to the discovery requested and other information provided in connection with the Investigation Proceedings (defined below) in the above-referenced bankruptcy case, as the Parties have agreed that such matters may involve the production of information considered sensitive, confidential, personal, proprietary, and/or protected by statutory or other legal privileges.

1. The terms of this Stipulation shall take full force and effect immediately upon execution by the Parties.

2. This Stipulation shall govern all discovery, including both formal and informal discovery, conducted by the Parties in connection with the Creditors' Committee's right to investigate and challenge the findings and stipulations contained in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Secured Financing and (B) Utilize Cash*

---

[1] The Debtors in the above captioned Chapter 11 proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

[2] The Debtors are not included among the Parties herein because the Debtors' discovery is governed by a separate Letter Confidentiality Agreement entered into between the Debtors and the Creditors Committee.

*Collateral, (II) Granting Liens and Superpriority Administrative Expense Status, (III) Granting Adequate Protection, and (IV) Modifying the Automatic Stay* [Docket No. 161] and bring any related claims (collectively the "Investigation Proceedings") including, but not limited to, documents, deposition testimony, deposition exhibits, interrogatory responses, admissions, and any other information produced, filed with or submitted to the Court and/or given or exchanged by and among the Parties and any non-parties who produce or request documents in connection with the Investigation Proceedings and are signatories to this Stipulation. This information is collectively hereinafter referred to as "Discovery Material."

3. Any Party or non-party who produces Discovery Material (each, a "Producing Party" and collectively, the "Producing Parties") may designate as "Confidential" any Discovery Material (the "Confidential Discovery Material") that it reasonably believes contains information that is (i) not generally available to the public; and (ii) sensitive commercial, financial or business information, sensitive personal information, or other confidential research, development, or commercial information, the public disclosure of which may adversely affect the Producing Party (or a third party that supplied the document or documents). Discovery Material may be designated as "Highly Confidential – ATTORNEYS' EYES ONLY" (the "Highly Confidential Discovery Material") if it contains proprietary information, pricing data or trade secrets, the disclosure of which would risk competitive harm, subject to the reasonable judgment of the Producing Party, to the Producing Party; or, if the material itself is subject to a confidentiality agreement and the other party requires that the information only be disseminated to an attorneys' eyes only group.

4. Documents shall be designated as "Confidential" or "Highly Confidential – ATTORNEYS' EYES ONLY":

a.  in the case of paper documents, by placing or affixing the words "Confidential" or "Highly Confidential – ATTORNEYS' EYES ONLY" on each such document;

b.  in the case of electronically stored information produced in electronic form, by (i) affixing to the physical media on which any such information is produced the legend "Confidential" or the legend "Highly Confidential – ATTORNEYS' EYES ONLY" and by indicating in writing what portions of the electronically stored information are Confidential or Highly Confidential Discovery Material, or (ii) affixing, by electronic means, to each document or other electronically stored information the legend "Confidential" or "Highly Confidential – ATTORNEYS' EYES ONLY";

c.  in the case of deposition testimony or deposition exhibits, by designating as "Confidential" or "Highly Confidential – ATTORNEYS' EYES ONLY" either on the record during the deposition itself or by written notice (which may be by email) delivered within five (5) business days following the date of the deposition. Where deposition testimony or exhibits are designated as "Confidential" or "Highly Confidential – ATTORNEYS' EYES ONLY", the deposition transcript or deposition exhibits shall be so marked as "Confidential" or "Highly Confidential – ATTORNEYS' EYES ONLY".

5.  The failure to designate Discovery Material as Confidential or Highly Confidential at the time of production may be remedied at any time thereafter by supplemental written notice (which may be by email). Upon the service and receipt of such notice, the identified materials shall be fully subject to this Stipulation as if the Discovery Materials had been initially designated as Confidential or Highly Confidential, as applicable. However, no Party shall be required to take any action to protect Discovery Materials that may have already

been used or disclosed in the Proceedings as not Confidential. However, the Party receiving such notice shall make a reasonable good faith effort to ensure that any analyses, memoranda, or notes which were internally generated based upon such information shall immediately be treated in conformance with any such designation or redesignation.

      6.      Discovery Material designated as Confidential pursuant to this Stipulation shall be inspected by and disseminated to only the following persons:

      a.      Argonaut, the Debtors and Court-approved professionals retained by the Creditors' Committee, including Argonaut's, the Debtors' and Court approved professionals retained by the Creditors' Committee's officers, directors, managers, and employees (including in-house counsel), who are necessary to assist counsel for the Parties in the conduct of the Investigation Proceedings for use in accordance with this Stipulation;

      b.      experts or consultants who are assisting the Parties' (and the Debtors') outside counsel of record in the conduct of the Investigation Proceedings, subject to Paragraph 7(a) of this Stipulation;

      c.      counsel of record for the Parties (and the Debtors) in the Investigation Proceedings, in-house and outside counsel for members of the Creditors' Committee, regular and temporary employees of such counsel assisting in the conduct of the Investigation Proceedings for use in accordance with the terms of this Stipulation, including without limitation third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with the action;

      d.      trial or deposition witnesses and their counsel, subject to Paragraph 7(b) of this Stipulation;

      e.      the Court and Court personnel;

f.  any third-party mediator, settlement judge, or arbitrator selected by the Parties or assigned by the Court;

g.  court reporters and videographers engaged for recording testimony in connection with the Investigation Proceedings; and

h.  any other person that the Producing Party agrees to in writing pursuant to Paragraph 7(b) of this Stipulation.

7.  Discovery Material designated by another Party as "Confidential" may be provided to persons:

a.  listed in Paragraph 6(b) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of the Investigation Proceedings, <u>provided</u> that such expert or consultant is using said Confidential Discovery Material solely in connection with the Investigation Proceedings; and <u>further provided</u> that such expert or consultant confirms their understanding and agreement to abide by the terms of this Stipulation by signing a confidentiality statement in the form attached as Exhibit A hereto (the "<u>Confidentiality Undertaking</u>"), which copy shall be maintained by counsel for the Party who received the Confidential Discovery Material who seeks to disclose such Confidential Discovery Material. With respect to testifying experts, the undertakings shall be provided to opposing counsel at the time that the expert witness is disclosed.

b.  Before a Party or its counsel may show or disclose Discovery Material designated by another Party as "Confidential" to any person listed in Paragraphs 6(d) or (h) (to the extent such persons are not covered by Paragraphs 6(a), (b), (c), (f) or (g) above), that person

5

shall be advised that the Confidential Discovery Material is disclosed subject to this Stipulation and may not be disclosed other than pursuant to its terms.

8. Highly Confidential Discovery Material shall be inspected by and disseminated to only the following persons:

a. the Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in connection with the Investigation Proceedings;

b. counsel to the Parties and attorneys, clerical, paralegal and secretarial staff, and other such personnel working under their supervision;

c. noticed or subpoenaed witnesses and their counsel, provided that counsel making such disclosure shall inform each such person that the material is Highly Confidential and may not be disclosed or used except as provided in this Stipulation, and provided further that such persons shall not be permitted to take copies of any documents, material or information designated as "Highly Confidential – ATTORNEYS' EYES ONLY";

d. experts or consultants retained in good faith to assist counsel in connection with the Proceedings, who have signed a Confidentiality Undertaking, a copy of which shall be maintained by counsel for the Party who received the Highly Confidential Discovery Material who seeks to disclose such Highly Confidential Discovery Material; and

e. any other person that the Producing Party agrees to in writing.

9. Confidential or Highly Confidential Discovery Material or any information derived therefrom, shall be used or disclosed by a Receiving Party solely for the purpose of the Investigation Proceedings and not for any other purpose whatsoever. No Party shall use any Confidential or Highly Confidential Discovery Material in any other proceedings

but the Investigation Proceedings, including any subsequent adversary proceeding within the above captioned Chapter 11 proceedings or any other related or non-related litigation or other proceedings. Any person receiving Confidential or Highly Confidential Discovery Material or any information derived therefrom shall not reveal or discuss such information to or with any person who is not entitled to receive such information in connection with the Investigation Proceedings.

10. The production of any Discovery Material subject to a claim of attorney-client privilege, attorney work product, or any other privilege or discovery exemption shall not be deemed to be a waiver of any claim of privilege, confidentiality, or other protection with respect to that or any other Discovery Material. In the event that any Discovery Material that is subject to a claim that it is privileged or protected from discovery on any other ground is produced, the Party who received such Discovery Material shall return it and all copies of it to the Producing Party, or shall destroy it and all copies of it, within three (3) business days after the Party receives written notice (by letter or email) from the Producing Party that such Discovery Material was produced.

11. To the extent that any Confidential or Highly Confidential Discovery Material (or any pleading, motion or memorandum referring to such Discovery Material) is proposed to be filed or is filed with the Court, that Confidential or Highly Confidential Discovery Material, or any portion thereof which discloses Confidential or Highly Confidential Discovery Materials, shall be filed under seal (by the filing Party), together with a simultaneous motion to seal such documents (a "Sealing Motion"). Even if the filing Party believes that the materials are not properly classified as Confidential or Highly Confidential Discovery Material, the filing Party shall file the Sealing Motion; provided, however, that the filing of the Sealing

7

Motion shall be wholly without prejudice to the filing Party's rights under paragraph 12 of this Stipulation.

12. If at any time a Party objects to the designation of Discovery Material as Confidential or Highly Confidential under this Stipulation, including any Discovery Material filed under seal in accordance with paragraph 11, the objecting Party shall notify the Producing Party in writing (which may be by email). The objecting Party shall identify the Discovery Material in question and shall specify the reasons for the objection. Within two (2) business days of the receipt of such notice, the Producing Party and objecting Parties shall meet and confer in an effort to resolve their differences. If the Parties cannot resolve their differences, the objecting Party may apply for a ruling from the Court on the propriety of the designation. While any such application is pending, the Discovery Material that is subject to the application shall remain Confidential or Highly Confidential until the Court rules. The Producing Party shall have the burden of proving, to the Court's satisfaction and by a preponderance of the evidence, that the Discovery Material qualifies as sufficiently confidential, under 11 U.S.C. § 107, Rule 26(c) of the Federal Rules of Civil Procedure and/or Rule 9018 of the Federal Rules of Bankruptcy Procedure and that its dissemination and use should be restricted in accordance with the terms of this Stipulation.

13. Nothing herein shall prevent any Party from seeking further, greater, or lesser protection with respect to the use of any Confidential or Highly Confidential Discovery Materials in connection with the Investigation Proceedings or seeking to prevent Confidential Discovery Materials from being provided to persons described in paragraph 6 of this Stipulation upon notice, a hearing and order of the Bankruptcy Court.

14. If any Party, person or entity receiving Confidential or Highly Confidential Discovery Material pursuant to this Stipulation (the "Receiving Party") receives a subpoena or other compulsory process from any person or entity seeking production or other disclosure of such Confidential or Highly Confidential Discovery Material, or any portion thereof, the Receiving Party shall promptly give written notice of the receipt of that process to the Producing Party stating that such Confidential or Highly Confidential Discovery Material is sought and enclosing a copy of the subpoena or process. If written notice cannot be provided at least 14 calendar days prior to the time for production or other disclosure, the Receiving Party shall, in addition, give notice to counsel for the Producing Party by telephone. In no event shall production or disclosure be made before reasonable notice is given to the Producing Party. The purpose of this paragraph is to give the Producing Party an opportunity to intervene, at its expense, to object to the production or disclosure of Confidential or Highly Confidential Discovery Material pursuant to compulsory process.

15. Nothing in this Stipulation shall be construed as preventing any Party from objecting to the designation of any Discovery Material as Confidential or Highly Confidential or preventing any Party from seeking further protection from the Court for any Discovery Material.

16. Within thirty (30) calendar days after the conclusion of the Investigation Proceedings, including all appeals, all Discovery Material designated as Confidential or Highly Confidential pursuant to this Stipulation and all copies thereof, shall, upon written request of the Producing Party, either be (a) returned to the Producing Party or (b) destroyed. If the receiving Party chooses to destroy any such Discovery Material, then that Party shall deliver a certificate attesting to that destruction to the Party who produced the Confidential and/or Highly Confidential Discovery Material.

17. This Stipulation shall not be construed to affect in any way the admissibility of any Discovery Material or other evidence.

18. Nothing in this Stipulation shall be construed to limit any Producing Party's use or disclosure of its own documents, materials, or information. In addition, nothing in this Stipulation shall prevent or in any way limit disclosure, use, or dissemination of any information or documents that are in the public domain or that were otherwise in a party's possession other than through the receipt of Discovery Material.

19. Any entity that is not a Party hereto that is producing Discovery Materials may be governed by this Stipulation by endorsing a copy of this Stipulation and delivering it to the requesting Party who, in turn, will serve it upon counsel for the other Parties and file it with the Court. The Parties may designate Discovery Materials produced by a non-Party as Confidential or Highly Confidential in accordance and consistent with the terms and provisions of this Stipulation.

20. Any Party may apply to the Court for further or additional protective orders or for the modification of this Stipulation. The Parties may agree with each other to modify this Stipulation.

21. The Parties agree that money damages may not be a sufficient remedy for any breach of this Stipulation and that the Parties may be irreparably harmed in the event of such a breach. Accordingly, in addition to any other remedies to which the Parties may be entitled at law or in equity, the Parties shall be entitled to seek specific performance and injunctive or other equitable relief as a remedy for any breach of this Stipulation (regardless of whether damages may or may not be readily quantifiable and without posting a bond or other security).

22. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Delaware without giving effect to the otherwise applicable principles of law as to conflicts or choice of law of such state.

23. This Stipulation shall operate as a binding agreement between Argonaut and any Party, or other entity that is not a Party, which signs this Stipulation. The Parties agree to submit this Stipulation to the Court for entry of an order of the Court approving this Stipulation as soon as practical upon execution by the Parties; provided, however, that the Parties, and all other signatories, agree to be bound by the terms of the Stipulation immediately upon execution by the Parties and pending entry of an order of the Court approving this Stipulation.

24. The Court shall retain exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation upon appropriate motion by a party in interest.

Dated: Wilmington, Delaware
November 17, 2011

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_____
Sean M. Beach (No. 4070)
Robert F. Poppiti, Jr. (No. 5052)
The Brandywine Building
1000 West St., 17th Floor
Wilmington, DE 19801
Telephone:  302.571.6600
Facsimile:  302.571.1253

---- and ----

GIBSON, DUNN & CRUTCHER LLP
Michael A. Rosenthal (admitted *pro hac vice*)
Mitchell A. Karlan (admitted *pro hac vice*)
Matthew K. Kelsey (admitted *pro hac vice*)
200 Park Ave, 47th Floor
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

*ATTORNEYS FOR ARGONAUT VENTURES I,
L.L.C. AND AE DIP 2011, LLC*

BLANK ROME LLP

_____
Bonnie Glantz Fatell
David W. Carickhoff (No. 3715)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Telephone:  302.425.6400
Facsimile:  302.425-6464

*ATTORNEYS FOR THE CREDITORS'
COMMITTEE*

**EXHIBIT A**
**CONFIDENTIALITY UNDERTAKING**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| IN RE: | Chapter 11 |
| --- | --- |
| SOLYNDRA LLC, *et al.*,[3] | ) Case No. 11-12799 (MFW) |
| Debtors. | ) Jointly Administered |

**CONFIDENTIALITY UNDERTAKING PURSUANT TO
THE STIPULATION GOVERNING PRODUCTION AND USE
OF CONFIDENTIAL INFORMATION**

I, _____, hereby certify (i) my understanding that Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulation Governing Production and Use of Confidential Information (the "Stipulation") in the above-captioned case and (ii) that I have read the Stipulation. I understand the terms of the Stipulation, I agree to comply with the Stipulation in all respects, and I hereby submit and waive any objection to the jurisdiction of the United States Bankruptcy Court for the District of Delaware (the "Court") for the adjudication of any dispute concerning or related to my compliance with the Stipulation.

---

[3] The Debtors in the above captioned Chapter 11 proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

14

I understand that any violation of the terms of the Stipulation may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or other or additional relief as deemed appropriate by the Court.

Date: _____

By: _____

Name: _____

Title: _____

Affiliation: _____

Address: _____

Telephone: _____