IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>SOLYNDRA LLC, *et al.,*<br><br>Debtors. | Chapter 11<br>Case Nos. 11-12799 (MFW), *et seq.*<br>(jointly administered) |

**CURE OBJECTION OF SAPPHIRE AUTOMATION, INC. TO
NOTICE TO COUNTERPATRIES TO EXECUTORY CONTRACTS AND
<u>UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED</u>**
*(relates to Docket No. 290)*

Sapphire Automation, Inc. ("SAC") by and through its undersigned counsel, hereby files this cure objection to the Notice To Counterparties To Executory Contracts and Unexpired Leases That May Be Assumed And Assigned (the "Notice"). In support of their cure objection, SAC states as follows:

1. On September 1, 2011, Solyndra LLC ("Solyndra") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq.

2. On September 16, 2011, Solyndra filed a motion seeking the entry of an order which would, among other things, establish bidding procedures pursuant to which Solyndra would sell substantially all of its assets to a purchaser ("Purchaser") and procedures for identifying any executory contracts Solyndra would assume and assign to the Purchaser in connection with the sale. Solyndra's motion was granted and a hearing has been scheduled for November 22, 2011, at which the Court will be asked to approve the sale of assets and the assumption and assignment of contracts to the Purchaser.

3. On November 1, 2011, Solyndra sent out copies of the Notice. Exhibit 1 to the

Notice identifies Sapphire Software[1] as the counterparty to a contract entitled Software Licensing Agreement for SA Framework ("Agreement") that Solyndra seeks to assume and assign in connection with the sale to the Purchaser. The cure amount listed on Exhibit 1 for the Agreement contract is $0. This cure amount is incorrect.

4. Before the filing of its petition, SAC provided Solyndra certain rights in software in accordance with the Agreement that was originally executed on December 21, 2009, a copy of which is attached hereto as **EXHIBIT A** and was subsequently modified by written agreement executed on July 7, 2011, a copy of which is attached hereto as **EXHIBIT B**.

5. Under the terms of the Agreement, as set forth in paragraphs 2.1a and 2.1b of Exhibit B, SAC conditionally agreed to provide Solyndra with the license rights to, *inter alia*, expand the scope of the previous software license to Solyndra so that the software may be used at two different sites concurrently. Pursuant to paragraphs 3.1a and 3.1b of Exhibit B the Agreement required Solyndra to pay an amount of $60,000.00 + $23,000.00 for a total amount of $83,000.00. This money has not yet been received by SAC.

CURE OBJECTION

5. The cure amount listed on Exhibit 1 to the Notice for the Agreement is $0, while the correct amount due and owing to SAC for the software license is $83,000.00. SAC objects to the incorrect cure amount listed in the Notice.

6. SAC is prepared to cooperate with Solyndra to reconcile the difference between the cure amounts noted in the Notice and the actual cure amounts. SAC requests that Solyndra's

---

[1] The counterparty identified in Exhibit 1 of the Notice is incorrect and should be Sapphire Automation, Inc. The contract identified in the Notice states that Sapphire Automation, Inc. and Solyndra, LLC are the parties thereto and not Sapphire Software.

counsel promptly contact the undersigned counsel to initiate this reconciliation process.

7.     SAC reserves the right to (a) amend, supplement, or otherwise modify this Cure Objection and (b) raise such other and further objections (including but not limited to objections to the assumption and/or assignment of the Agreement for reasons other than the appropriate cure amount) as may be advisable based upon further investigation.

## CONCLUSION

WHEREFORE, SAC respectfully requests this Court to bar Solyndra from assuming or assigning the Agreement without first paying SAC the appropriate cure amount, determine the correct cure amount due SAC and such other or further relief as is just and proper.

Dated: November 18, 2011
      Wilmington, Delaware

Respectfully submitted,

HILLER & ARBAN, LLC

 /s/ Brian L. Arban
Adam Hiller (DE No. 4105)
Brian L. Arban (DE No. 4511)
1500 N. French St., 2nd Fl.
Wilmington, Delaware 19801
(302) 442-7677 telephone
(302) 442-7045 facsimile

-and-

Kenneth C. Brooks, Esquire
Law Office of Kenneth C. Brooks
125 East Sunnyoaks Ave, Suite 103
Los Gatos, California 95008
(408) 368-7997
kcb@brookspatents.com

*Attorneys for Sapphire Automation, Inc.*