# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*, | ) | Case No. 11-12799 (MFW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Related Docket No.: 290 |

Cure Objection Deadline: November 22, 2011 at 4:00 p.m. ET
Sale Motion Objection Deadline: January 20, 2012 at 12:00 noon ET
Sale Hearing: January 23, 2012 at 11:30 a.m. ET

## CURE OBJECTION OF SHIN-ETSU MICROSI, INC. TO NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED

Shin-Etsu MicroSi, Inc. ("Shin-Etsu"), by and through its undersigned counsel, hereby files this cure objection to the Notice to Counterparties to Executory Contracts and Unexpired Leases That May Be Assumed and Assigned [DI 290] (the "Notice"). In support of its cure objection, Shin-Etsu states as follows:

### Procedural Background

1. On September 6, 2011 (the "Petition Date"), Solyndra LLC ("Solyndra") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*

2. On September 16, 2011, Solyndra filed a motion seeking entry of an order which would, among other things, establish bidding procedures pursuant to which Solyndra would sell substantially all of its assets to a purchaser (the "Purchaser") and procedures for identifying any executory contracts Solyndra would assume and assign to the Purchaser in connection with the sale. Solyndra's motion was granted. A hearing to approve the sale of assets and the assumption and assignment of contracts to the Purchaser is scheduled for November 22, 2011.

3. On November 1, 2011, Solyndra filed the Notice. Exhibit 1 to the Notice identifies Shin-Etsu as counterparty to the Consignment Agreement (as defined below) that Solyndra intends to assume and assign in connection with the sale to the Purchaser. The cure amount listed on Exhibit 1 for the Consignment Agreement is $0. The cure amount listed on Exhibit 1 is not correct.

## The Consignment Agreement

4. Prior to the Petition Date and in accordance with a Consignment Agreement entered into by Shin-Etsu and Solyndra effective as of March 3, 2011 (the "Consignment Agreement"), Shin-Etsu provided Solyndra consignment inventory of Pyolitic Boron Nitride ("PBN") and PBN-coated graphite parts. A copy of the Consignment Agreement is attached as Exhibit A.

5. Paragraph 5 of the Consignment Agreement provides in relevant part as follows:

> Solyndra agrees to remove and purchase individual parts comprising all Consignment Inventory within one hundred twenty (120) days after delivery of such parts to the SIL, provided that Supplier has not delivered quantities of Consignment Inventory in excess of Solyndra's Forecast.

6. Paragraph 7 of the Consignment Agreement further provides in relevant part as follows:

> Upon removal of any Consignment Inventory from the SIL to a Solyndra inventory location, Solyndra will send Supplier a notice of the removal. Supplier shall issue invoices on the 1st and the 15th of each month, and Solyndra shall make payment within fifteen (15) days of receiving a correct invoice.

7. After entry into the Consignment Agreement, Shin-Etsu provided Solyndra consignment inventory pursuant to the Consignment Agreement for which Shin-Etsu is entitled to be paid. Solyndra has not paid for consignment inventory it received pursuant to the Consignment Agreement; unpaid amounts under the Consignment Agreement total $1,030,708.87. Solyndra removed at least $337,100.00 in goods from the consignment inventory

for which it has not paid Shin-Etsu.  Copies of invoices evidencing a total of $337,100.00 in unpaid amounts under Paragraph 7 of the Consignment Agreement are attached as Exhibit B.  Furthermore, Solyndra has not paid, as required by Paragraph 5 of the Consignment Agreement, for consignment inventory worth $693,608.87.

## Cure Objection

8.  The cure amount listed on Exhibit 1 to the Notice for the Consignment Agreement is $0.  The correct amount due and owing to Shin-Etsu is $1,030,708.87.  Shin-Etsu objects to the incorrect cure amount listed in the Notice.

9.  Solyndra has failed to demonstrate that any assumption or assumption and assignment of the Consignment Agreement will fully comply with all of the requirements of section 365(b) of the Bankruptcy Code including (a) a cure of all defaults and (b) adequate assurance of future performance.  Shin-Etsu objects to any assumption and assignment of the Consignment Agreement until such time as full compliance with section 365(b) of the Bankruptcy Code is demonstrated.

10.  Shin-Etsu reserves the right to (a) amend, supplement, or otherwise modify this cure objection and (b) raise such other and further objections as may be advisable based upon further investigation.

**Conclusion**

WHEREFORE, Shin-Etsu respectfully requests this Court bar Solyndra from assuming or assigning the Consignment Agreement without first determining and paying Shin-Etsu the appropriate cure amount, providing adequate assurance of payment of the appropriate cure amount, and such other or further relief as is just and proper.

Dated: November 21, 2011
      Wilmington, Delaware

Respectfully Submitted,
CAMPBELL & LEVINE, LLC

*/s/ Mark T. Hurford*
Mark T. Hurford (DE No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Tel: (302) 426-1900
Fax: (302) 426-9947
mhurford@camlev.com

-and-

Joshua N. Eppich
Texas State Bar No. 24050567
Porter & Hedges, L.L.P.
1000 Main, 36th Floor
Houston, Texas 77002
Phone: (713) 226-6000
Fax: (713) 226-1331
jeppich@porterhedges.com

*Attorneys for Shin-Etsu MicroSi, Inc.*