# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SOLYNDRA, LLC *et al.*, | ) | Case No. 11-12799 (MFW) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: Docket No. 290** |

## CONNOR MANUFACTURING SERVICES, INC.'S OBJECTION TO DEBTORS' NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED

Connor Manufacturing Services, Inc. ("Connor"), by and through its undersigned counsel, submits this objection (the "Objection") to the above-captioned debtors' (collectively, the "Debtors") Notice to Counterparties to Executory Contracts and Unexpired Leases That May be Assumed and Assigned [D.I. 290] (the "Cure Notice"). In further support of this Objection, Connor respectfully represents as follows:

## BACKGROUND

### A. The Agreement

1. Headquartered in Silicon Valley, Connor is a leading global supplier of thin gage precision metal stamped parts, multi-level assemblies, wire forms and custom springs.

2. On June 29, 2009, Connor and the Debtors entered into that certain Domestic Supply Agreement, in which Connor agreed to sell to the Debtors certain specifically manufactured goods at specified prices up to delineated maximum quantities.[1]

---

[1] The Domestic Supply Agreement contains a confidentiality provision and therefore is not attached to this Objection. Specifically, section 22.1 provides that "no Confidential Information, including without limitation the provisions of this Agreement and the Buyer's Specifications, shall be disclosed by Seller

3. Under the Domestic Supply Agreement, the Debtors are obligated to purchase finished goods manufactured and delivered pursuant to purchase orders issued by the Debtors. Currently, the Debtors owe Connor $1,443,752.47 for finished goods delivered pursuant to valid purchase orders. This obligation is detailed in the spreadsheet attached hereto as Exhibit A.

4. The Domestic Supply Agreement further provides that the Debtors are responsible for the costs of raw materials purchased by Connor for the manufacture of the goods ordered by the Debtors and for finished goods held in inventory. Currently, the Debtors owe Connor $1,088,984.10 and $2,268,342.48, respectively, for raw materials purchased by Connor and finished goods held in inventory. These obligations are detailed in the spreadsheets attached hereto as Exhibits B and C.

5. In the aggregate, the Debtors have outstanding obligations for delivered goods, raw material costs, and finished goods in inventory in the aggregate amount of $4,801,079.05 under the Domestic Supply Agreement.

**B.     The Bankruptcy Cases**

6. On September 6, 2011 (the "Petition Date"), the Debtors filed petitions for relief in this Court under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued to operate their businesses and properties as debtors in possession.

7. On November 1, 2011, the Debtors filed the Motion of Solyndra LLC for an Order: (I) Approving Sale of Business Assets on Turnkey Basis Free and Clear of All Liens, Claims, Encumbrances and Other Interests; (II) Assuming and Assigning Certain

---

without the prior written consent of Buyer." The Debtors are a party to and have a copy of the Domestic Supply Agreement.

Executory Contracts and Unexpired Leases; and (III) Granting Related Relief [D.I. 289] (the "Sale Motion").  By the Sale Motion, the Debtors seek, *inter alia*, an order approving the sale of substantially all of their assets on a "turnkey" basis to a successful bidder (the "Sale") and authority to assume and assign contracts and unexpired leases affecting the assets to be sold and necessary for the continued operation of the business.

8. A hearing to consider the Sale Motion was originally scheduled for November 22, 2011, but has since been adjourned to January 23, 2012 [D.I. 344].

9. Also on November 1, 2011, the Debtors filed and served the Cure Notice, which designates certain executory contracts and unexpired leases that may be assumed and assigned in connection with the Sale.  Exhibit 1 to the Cure Notice lists the Domestic Supply Agreement with a proposed cure amount of $1,395,701.00.

10. Contrary to what is alleged in the Cure Notice, the Debtors owe Connor $4,801,079.05 on account of defaults by the Debtors under the Domestic Supply Agreement.

**OBJECTION**

11. Bankruptcy Code section 365(b)(1) provides that a debtor may not assume an executory contract on which there has been a default unless it: (a) cures the default or provides adequate assurance that the default will be promptly cured; (b) compensates or provides adequate assurance that any pecuniary loss of the counterparty resulting from the default will be promptly compensated; and (c) provides adequate assurance of future performance under the contract.  11 U.S.C. § 365(b)(1).

12. In the Cure Notice, the Debtors assert that they owe Connor $1,395,701.00 on account of defaults under the Domestic Supply Agreement  See Cure Notice, Exhibit

1. The cure amount proposed by the Debtors drastically understates the actual amount owed. Currently, the Debtors owe Connor $4,801,079.05 for finished goods delivered to the Debtors, raw material costs, and finished goods in inventory (the "Connor Cure Amount"). Therefore, Connor objects to the assumption and assignment of the Domestic Supply Agreement prior to payment in full of the Connor Cure Amount or adequate assurance that the Connor Cure Amount will be promptly cured pursuant to section 365(b)(1) of the Bankruptcy Code.

13. Further, the identity of the purchaser and potential assignee is unknown and will not be determined until an auction is conducted. Connor is entitled to adequate assurance of future performance under section 365(b)(1) and reserves all rights with respect to this issue.

## RESERVATION OF RIGHTS

14. Connor reserves its rights to (a) amend, supplement, or otherwise modify this Objection; (b) raise such other and further objections to any proposed assumption and assignment, cure amount for the proposed assumption of the Domestic Supply Agreement, and/or adequate assurance of future performance; and (c) amend, supplement or otherwise modify the Connor Cure Amount based on, among other thing, additional information that may become available to the Debtors and/or Connor.

## CONCLUSION

WHEREFORE, Connor respectfully requests that the Court enter an order: (a) determining that the Connor Cure Amount is $4,801,079.05; (b) requiring the Debtors or proposed assignee to provide Connor with information related to adequate assurance of future performance as a condition to any assumption and assignment of the Domestic Supply Agreement; and (c) granting such other and future relief as may be just and proper.

Dated: November 22, 2011
       Wilmington, Delaware

BAYARD, P.A.

/s/ *Justin R. Alberto*
Ashley B. Stitzer (No. 3891)
Justin R. Alberto (No. 5126)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: astitzer@bayardlaw.com
      jalberto@bayardlaw.com

*Counsel to Connor Manufacturing Services, Inc.*