IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*,[1] | ) | Case No.: Case No. 11-12799 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

Hearing Date: December 8, 2011, 2011 at 9:30 a.m. (ET)
Objection Deadline: December 1, 2011 at 4:00 p.m. (ET)

## DEBTORS' MOTION FOR THE ENTRY OF AN ORDER APPROVING STIPULATION TO OBTAIN RELIEF FROM AUTOMATIC STAY TO PERMIT PAYMENT OF DEFENSE COSTS BY INSURANCE CARRIERS

Solyndra LLC and 360 Degree Holdings, Inc., the debtors and debtors in possession in the captioned chapter 11 cases (collectively, the "Debtors"), hereby file this motion (the "Motion") for entry of an order approving the Stipulation attached as Exhibit A hereto (the "Stipulation"), providing for relief from automatic stay to permit payment of defense costs by certain D&O policy insurance carriers of Solyndra LLC. In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (M) and (O). Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105, 362 and 363 of title of the United States Code (the "Bankruptcy Code") and Rules 6006 and 6007 of

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

DOCS_DE:174943.2 80368-00001

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3. On September 5, 2011 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors are continuing in possession of their property and are managing their business as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases. On September 15, 2011, the Office of the United States Trustee appointed a committee of unsecured creditors and appointed seven initial members thereto (the "Committee").

## The D&O Policies

6. Before these chapter 11 cases were commenced, Navigators Insurance Company ("Navigators") issued Policy No. NY10DOL6093771V (the "Navigators Policy") to Debtor Solyndra LLC (the "Company"), with a policy period of November 15, 2010 to November 15, 2011.

7. In general terms, the Navigators Policy is a typical "D&O policy," providing insurance for the Company ("Company Insured"), its directors and officers ("Individual Insureds" and collectively, with the Company Insured, the "Insureds"), for certain claims made against them.

8. Subject to its terms, conditions and endorsements, the Navigators Policy affords a limit of liability of $5 million for claims made during the policy period. In addition to the Navigators Policy, the Insureds may be covered by another policy, issued by C.V. Starr &

Company ("CV Starr"), via syndicate CVS 1919 at Lloyd's, under Policy No. SILSXFL25011310 (the "CV Starr Policy"). The CV Starr Policy supplies an additional $5 million in excess of the Navigators Policy (collectively, the "Policies"), and may drop down in place of the Navigators Policy when, under certain circumstances, the Navigators Policy does not provide coverage to the Insureds. Both Policies provide an additional $500,000 of coverage exclusively for the Individual Insureds when the coverage limit of $5 million has been exhausted.

9. The Debtors have been informed that Navigators has agreed to advance the "Costs of Defense" (as that term is defined in the Navigators Policy) incurred by the Individual Insureds with regard to certain of the Claims, but it seeks further assurance that doing so will not violate the automatic stay in these chapter 11 cases or otherwise be challenged by the Debtors, the Committee or the other named Insureds under the Policies. The payment of the Costs of Defense reduces the amount of coverage available. The Navigators Policy, procured and executed before the commencement of these chapter 11 cases, provides for the payment first to the Individual Insureds, if the Company is unable to provide indemnification (for example, due to financial impairment or because the Claim is not eligible for indemnification).

10. The Debtors have been informed that CV Starr has taken a similar position to that of Navigators and seeks similar comfort concerning the automatic stay. The Parties agree that notice will be provided by counsel for an Individual Insured to counsel for the Debtors and counsel for the Committee, before counsel for an Individual Insured first requests that CV Starr begin to advance Costs of Defense.

11. Notwithstanding anything to the contrary in the Navigators Policy, it is a condition to the Debtors' agreement to modify the automatic stay on the terms set forth in the Stipulation that the advancement of Costs of Defense shall not create an administrative expense claim against the Debtors' estates for the "<u>Retention</u>" (as defined in the Navigators Policy) or Costs of Defense.

12. In light of the foregoing facts, and in accordance with the covenants set forth herein, there is cause for relief from the automatic stay imposed by operation of § 362 of the Bankruptcy Code, to the extent it applies, to permit Navigators and CV Starr to advance the Costs of Defense and otherwise perform their obligations under the Policies.

### Relief Requested

13. Through this Motion, the Debtors seek the entry of an order, pursuant to sections 105(a), 362(d) and 363 of the Bankruptcy Code and Bankruptcy Rules 4001(a) and 6004, approving the Stipulation permitting the insurers under the Debtors' D&O Policies, Navigators and C.V. Starr, to advance defenses costs, without Navigators' or CV Starr's thereby violating the automatic stay in these chapter 11 cases, on the terms set forth in the Stipulation. As set forth in the Stipulation both the Debtors and the Committee have consented to entry of the proposed order approving the Stipulation and both the Debtors and the Committee, through their respective counsel, have signed the Stipulation.

### Basis for Relief

14. Section 362(d) of the Bankruptcy Code provides that on request of a party in interest and after notice and a hearing, the Court may modify, condition or terminate the automate stay of Bankruptcy Code section 362, for cause.

15. Courts have recognized that an insurer's need to advance of defense costs under a D&O policy to fund the legal representation of a debtor's current and former directors and officers constitutes cause to lift or modify the automatic stay. *In re Cybermedica, Inc., 1280 B.R. 12* (Bankr. D. Mass. 2002); *In re Fleming Companies, Inc.,* No. 03-10945 (MFW) (Bankr. D. Del. June 5, 2003), *In re Fleming Companies, Inc.,* No. 03-10945 (MFW) (Bankr. D. Del. August 19, 2003).

16. Courts have recognized that the primary purpose of a D&O policy is to protect individual directors and officers. *See Ochs v. Lipson (In re First Central Fin. Corp.),* 238 B.R. 9, 16 (Bankr. E.D.N.Y. 1999). Thus, at its core, a D&O policy is a "safeguard of officer and director interests and not a vehicle for corporate protection" even where the policy provides for entity coverage. *Id.; see also Adelphia Comm. Corp. v. Associated Elec. & Gas Ins. Servs. Ltd. (In re Adelphia Comm. Corp.),* 285 B.R. 580, 593 (Bankr. S.D.N.Y. Nov. 15, 2002); *In re Cybermedica, Inc.,* 280 B.R. 12, 13-14 (Bankr. D. Mass. 2002), (insureds "may suffer substantial and irreparable harm if prevented from exercising their rights to defense payments. [They] are in need *now* of their contractual right to payment of defense costs and may be harmed if disbursements are not presently made to fund their defense . . . , and the debtor would not be harmed by advancement of defense costs because they "are among the claims for which the Debtor is ultimately obligated to indemnify the directors and officers.")

17. In *In re Adelphia Comm. Corp.,* the court noted that "bankruptcy courts should be wary of impairing the contractual rights of directors and officers even in cases where the policies provide entity coverage as well." 285 B.R. at 598. The court continued, "if directors and officers are to serve, they need to have comfort in knowing that bankruptcy courts will be

slow in depriving them of contractual rights under the D&O policies upon which they may have relied in agreeing to serve." *Id.*; *see also Exec. Risk Indemnity, Inc. v. Boston Reg'l Med. Ctr., Inc. (In re Boston Reg'l Med. Ctr., Inc.)*, 285 B.R. 87 (Bankr. D. Mass. 2002).

18. The Stipulation provides for the payment of the Debtors' current and former directors' and officers' defense costs pursuant to the terms and conditions of the Stipulation and the Policies. The provisions of the Stipulation were negotiated at arms length and provide interested parties an opportunity to monitor the advances under the Policy.

19. The business judgment standard of Bankruptcy Code Section 363(b) also supports the Court's approving the Debtors' business decision, unless the decision is the product of bad faith, whim or caprice, which it clearly is not here. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

## Notice

20. Notice of this Motion has been or will be given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; and (ii) the Debtors' prepetition and postpetition lenders; (iii) counsel for the Committee; (iv) counsel to Navigators and C.V. Starr; and (v) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

21. No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an Order (i) granting the Motion, (ii) approving the Stipulation; and (iii) granting such other and further relief as the Court may deem proper.

Dated: November 22, 2011

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Bom

Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
Joshua M. Fried (CA Bar No. 181541)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:  rpachulski@pszjlaw.com
 dgrassgreen@pszjlaw.com
 bgrohsgal@pszjlaw.com
 jfried@pszjlaw.com

Counsel for the Debtors and
Debtors in Possession