IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Solyndra LLC, *et al.*,[1] | ) Case No.: 11-12799 (MFW) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

Hearing Date: December 8, 2011 at 9:39 a.m. (ET)
Objection Deadline: December 1, 2011 at 4:00 p.m. (ET)

APPLICATION OF THE DEBTORS PURSUANT TO
SECTION 327(A) AND 328 OF THE BANKRUPTCY CODE, RULES
2014 AND 6005 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION
TO EMPLOY AND RETAIN HERITAGE GLOBAL PARTNERS; COUNSEL RB
CAPITAL, LLC; HILCO INDUSTRIAL, LLC; AND THE BRANFORD GROUP AS
AUCTIONEERS AND SALES AGENTS TO THE DEBTORS AND DEBTORS IN
POSSESSION NUNC PRO TUNC TO NOVEMBER 23, 2011 FOR SALE AND
AUCTION OF CORE ASSETS

Solyndra LLC ("Solyndra") and 360 Degree Holdings LLC (together, with

Solyndra the "Debtors") hereby seek entry of an order pursuant to section 327(a) and 328 of title

11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 6005 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of

the United States Bankruptcy Court for the District of Delaware (the "Local Rules" or "Del.

Bankr. LR") authorizing the Debtors' retention and employment of (i) Heritage Global Partners,

(ii) Counsel RB Capital, LLC; (iii) Hilco Industrial, LLC; and (iv) the Branford Group, Inc.

(each, an "Auctioneer" and collectively, the Auctioneers") as sales agents and Auctioneers for

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

1

the Debtors, *Nunc Pro Tunc* to November 23, 2011 for the sale and auction of Core Assets (as defined below) (the "Application").

In support of the Application, the Debtors rely on the (i) *Declaration of Adam M. Reich in Support of Application of the Debtors Pursuant to Section 327(a) and 328 of the Bankruptcy Code, Rules 2014 and 6005 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 to Employ and Retain Heritage Global Partners, Counsel RB Capital, LLC., Hilco Industrial, LLC and the Branford Group, Inc., As Sales Agent and Auctioneer to the Debtors and the Debtors in Possession;* (ii) *Declaration of James Gardner in Support of Application of the Debtors Pursuant to Section 327(a) and 328 of the Bankruptcy Code, Rules 2014 and 6005 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 to Employ and Retain Heritage Global Partners, Counsel RB Capital, LLC., Hilco Industrial, LLC and the Branford Group, Inc., As Sales Agent and Auctioneer to the Debtors and the Debtors in Possession* (iii) *Declaration of Ian Fredericks in Support of Application of the Debtors Pursuant to Section 327(a) and 328 of the Bankruptcy Code, Rules 2014 and 6005 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 to Employ and Retain Heritage Global Partners, Counsel RB Capital, LLC., Hilco Industrial, LLC and the Branford Group, Inc., As Sales Agent and Auctioneer to the Debtors and the Debtors in Possession;* and (iv) *Declaration of Ross Dove in Support of Application of the Debtors Pursuant to Section 327(a) and 328 of the Bankruptcy Code, Rules 2014 and 6005 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 to Employ and Retain Heritage Global Partners as Sales Agent and Auctioneer to the Debtors*

*and the Debtors in Possession* [Docket No. 170] (the "Dove Declaration"[2] and, together with the declarations described in paragraphs (i) through (iii) of this sentence, the "Declarations"). The Declarations were filed in support of the Application. In support of this Application, the Debtors respectfully represent as follows:

## Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are sections 327(e), 330 and 331 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 6005.

## Background

3. On September 6, 2011 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors are continuing in possession of their property and are managing their business as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[2] The Dove Declaration was filed in connection with the *Application of the Debtors Pursuant to Section 327(a) and 328 of the Bankruptcy Code, Rules 2014 and 6005 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Heritage Global Partners as Sales Agent and Auctioneer to the Debtors and Debtors in Possession Nunc Pro Tunc* to September 19, 2011 [Docket No. 170], which application was approved by ordered entered on October 17, 2011 [Docket No. 241]. At this time, HGP does not have any additional disclosures with respect to its connections to the Debtors, their creditors and other parties in interest since the filing of the Dove Declaration, and relies on such evidence in support of HGP's disinterestedness under Bankruptcy Rule 2014 and Local Rule 2014-1.

3

5. On September 15, 2011, the Office of the United States Trustee appointed a committee of unsecured creditors and appointed seven initial members thereto (the "Committee").

### Relief Requested

6. By this Application, the Debtors seek to employ and retain the Auctioneers in connection with the auction (the "Auction") of the core assets used to conduct and run Solyndra's business (the "Core Assets") as more fully set forth *Debtors' Motion (I) Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, for Authority to (A) Conduct An Auction For Core Assets, and (B) Sell Assets to the Successful Bidders at an Auction Free and Clear of All Encumbrances* (the "Core Asset Auction Motion") filed concurrently herewith. Accordingly, the Debtors respectfully request the entry of an order pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 6005, and Local Rule 2014-1 authorizing them to employ and retain Heritage Global Partners ("HGP"), Counsel RB Capital, LLC; Hilco Industrial, LLC, and the Branford Group each as their sales agents and Auctioneers, *nunc pro tunc* to November 23, 2011 to perform the services that will be necessary in order to effectuate any sale of the Core Assets by auction, pursuant to the terms set forth in this Application, attached Engagement Agreement (defined below) and the Declarations.

7. The Debtors seek to retain the Auctioneers because of their collective extensive experience and knowledge with respect to the auction of property, specifically in the Debtors' industry. The Court is already aware of the extensive experience of HGP based on its successful previous auction of Solyndra's non-core assets that took place on November 2 and 3,

4

2011. HGP is a leading, world-wide, full service, global auction and asset advisory firm. Its managing partners have more than a half-century of experience and have expertise in virtually every industry sector and have conducted over 4,000 industrial auctions, spanning 30 countries. HGP's representation has included large sales and brokerage of major machine tools, photovoltaic equipment, other industrial assets, and much more, including auctions in the solar power industry. In addition to HGP, the Debtors believe the collective expertise and breadth of the other three Auctioneers provides the best opportunity to reach as many prospective purchasers for the Core Assets as possible in order to provide the highest and best return on the auction of such assets.

8. Counsel RB Capital, LLC ("CRB") is also well qualified to represent the Debtors in these cases due to the considerable experience that its principals have in (i) selling by public auction sale the assets of entities in bankruptcy; (ii) selling by public auction sale the assets of industrial companies, including photovoltaic equipment and (iii) selling by public auction sale industrial machinery and equipment. Most recently, CRB was involved in the sale of similar assets for BP Solar and SpectraWatt together with HGP. Additionally, Hilco Industrial, LLC ("Hilco") and The Branford Group have also recently been involved in the sale of similar assets. Hilco handled the sale program for the assets of Evergreen Solar and has conducted numerous worldwide hi-tech asset disposition programs. The Branford Group is a recognized industry expert in valuation, marketing and monetizing hi-tech assets of all kinds and is currently the exclusive disposition agent for some of the world's largest hi-tech companies, including Sanmina and JDS Uniphase. Due to the scope the scope of the subject sale program,

5

The Debtors believe that pooling the collective resources, industry experience and customer lists of HGP, CRB, Hilco and The Branford Group will maximize the recoveries to the Debtors' estates and are in the best interests of all parties in interest.

9. Debtors believe that the Auctioneers are well qualified to perform the services described herein and to represent the Debtors.

A. **Disinterestedness of the Auctioneers**

10. To the best of the Debtors knowledge, information and belief, (a) each of the Auctioneers is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and referenced by section 328(c) of the Bankruptcy Code, and holds no interest materially adverse to the Debtors, their creditors, and shareholders for the matters for which each Auctioneer is to be employed; and (b) each Auctioneer has no connection to the Debtors, their creditors, their shareholders or related parties herein except as noted in the Declarations. Moreover, the retention and employment of each Auctioneer is necessary and in the best interest of the Debtors, their estates and creditors.

11. Also to the best of the Debtors' knowledge, information and belief, and based entirely and in reliance upon the Declarations, none of the Auctioneers have an interest materially adverse to the interest of the Debtors, their creditors, or equity security holders in these cases. To the extent any of the Auctioneers discover any facts bearing on the matters described herein during the period of their retention, such Auctioneer will supplement the information contain its Declaration.

## B. Scope of Services to be Provided and Compensation

12. The parties have entered into the engagement agreement attached hereto as Exhibit A (the "Engagement Agreement"), which governs the relationship between the Auctioneers, on the one hand, and the Debtors on the other hand. The terms and conditions of the Engagement Agreement reflect the parties' mutual agreement as to the efforts that will be required to liquidate Solyndra's Core Assets at auction, which assets are listed substantially in the form to the exhibit attached to the Core Auction Motion (collectively, the "Core Assets").[3]

13. The material terms of the proposed engagement include:

- The Auctioneers will act as sales agent and Auctioneer for the auction and sale of the Core Assets pursuant to the terms of the Core Asset Auction Motion, as approved by the Court.

- The Auctioneers will charge a buyer's premium of fifteen percent (15%) of the aggregate gross proceeds for the sale of a Core Asset or lot of Core Assets, payable by the buyers of such assets (the "Buyer's Premium"), and which Buyer's Premium shall be split as follows: 7.5% to be remitted to the Debtors and the remaining 7.5% to be remitted to the Auctioneers.

- No sales commission shall be paid to any of the Auctioneers proceeds from the sale of any Core Assets.

- The Auctioneers shall receive reimbursement of actually incurred and reasonable expenses (including, without limitation, labor, advertising, travel and lodging, digital photography of the Core Assets, print and electronic media production, brochure and catalog production, and telemarketing) up to $40,000.00 (the "Auction Expenses").

- The Auctioneers guarantee that the Debtors will receive a minimum of $4.25 million in net proceeds from the Auction, after payment of the Auctioneers' portion of the Buyer's Premium and Auction Expenses that are ultimately allowed by the Court and paid to the Auctioneers (the "Guaranteed Minimum Net Proceeds"). The Guaranteed

---

[3] The proposed Auction is scheduled to commence the week of January 23, 2012, as set forth in the Core Asset Auction Motion, subject to approval by the Court.

7

Minimum Net Proceeds shall payable to the Debtors upon the later of (i) entry of an order by the Court approving this Application or (ii) January 1, 2012. If a Breakup Fee, (as described below), is actually paid to the Auctioneers, the Debtors will refund the Guaranteed Minimum Net Proceeds to the Auctioneers.

- The Debtors and the Auctioneers each agree and acknowledge that the Debtors may continue to pursue a sale of the Debtors assets through a turnkey sale up to and including the week of January 16, 2012. To the extent the Core Assets are sold pursuant to a turnkey sale, the Auctioneers will be entitled to a breakup fee of $250,000 (the "Breakup Fee") plus reimbursement of the Auction Expenses. The Breakup Fee and Auction Expenses represent the Auctioneers' sole compensation to the extent a turnkey sale is approved by the Court.

14. The Debtors believe that the foregoing terms are reasonable, in accordance with the applicable industry standards and legal standards, that the Application should be approved, and the Auctioneers should be employed on the terms set forth in the Engagement Agreement pursuant to 11 U.S.C. § 327(a) and 11 U.S.C. § 328(a).

15. It is necessary that the Debtors employ the Auctioneers. The Debtors believe that the sale of the Core Assets at auction is the best way to maximize value for Solyndra's estate in the event that the turnkey sale does not occur. The Auctioneers' services will not duplicate the services that other professionals will be providing the Debtors in these cases. Specifically, the Auctioneers will use reasonable efforts to coordinate among themselves and with the Debtors to avoid the unnecessary duplication of services. As noted herein, the Debtors believe the collective industry experience, customer contact lists and coordination by and among the Auctioneers represents the best chance to maximize the sale and auction of the Core Assets at Auction.

8

16. In lieu of filing a fee application for the allowance of compensation and reimbursement of expenses, the Debtor propose that the Auctioneers be permitted to file with the Court and serve a notice (the "Fee Notice") describing (i) a list of the proposed Buyer's Premium charged on account of the sale on each Core Asset and the total Buyer's Premium the Auctioneers believes is owed to them and owed to the Debtors, and (ii) an itemized list of each of the Auction Expenses for which the Auctioneers seek reimbursement. The Fee Notice shall be served on the following parties: (a) counsel to AE DIP 2011, LLC, the DIP Lender, and Argonaut Ventures I, L.L.C., as the Prepetition Tranche A Representative and the Prepetition Tranche E Agent, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: Michael A. Rosenthal (email: mrosenthal@gibsondunn.com) and Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE 19899, Attn: Sean M. Beach, Esq. (email: sbeach@ycst.com); (b) counsel to the U.S. Department of Energy, acting by and through the Secretary of Energy, as the Prepetition Tranche B/D Agent, U.S. Department of Justice, Civil Division, 1100 L Street NW, Room 10030, Washington, D.C. 20530, Attn: Matthew J. Troy (email: matthew.troy@usdoj.gov); (c) counsel to the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee"), Blank Rome LLP, 1201 Market Street, Wilmington, DE 19801, Attn: Bonnie Fatell (email: fatell@blankrome.com); and (d) Office of the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Jane M. Leamy (email: jane.m.leamy@usdoj.gov) (collectively, the "Notice Parties").

17. If no objection is received by any Notice Party within 20 days from the date of the service of the Fee Notice, the Debtors proposed that the Auctioneers shall receive payment of the requested total 7.5% of the Buyer's Premium collectively allocated to the Auctioneers, plus reimbursement of the requested Auction Expenses set forth in the Fee Notice (together, the "Auctioneers' Compensation"), without the necessity of filing any application for payment of fees and reimbursement of expenses. To the extent an objection is filed to the Auctioneers' requested payment of the Auctioneers' Compensation, the Auctioneers propose that they be allowed to receive payment of the portion of the Auctioneers' Compensation that is not the subject of any objection and will file, on notice, an application for payment of the portion of the Auctioneers' Compensation that is the subject of any objection.

## Notice

18. Notice of this Motion has been or will be given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; and (ii) the Debtors' prepetition lenders; (iii) proposed counsel to the Committee; and (iv) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

10

DOCS_DE:175298.3 80368-002

## No Prior Request

19.     No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the Application in all respects, and grant such other and further relief it deems just and proper.

Dated: November 22, 2011                    PACHULSKI STANG ZIEHL & JONES LLP

/s/ B _____

Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
Joshua M. Fried (CA Bar No. 181541)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:     rpachulski@pszjlaw.com
            dgrassgreen@pszjlaw.com
            bgrohsgal@pszjlaw.com
            jfried@pszjlaw.com

Counsel for the Debtors and Debtors in Possession