# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Solyndra LLC, *et al.*,[1] | ) Case No.: 11-12799 (MFW) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

Hearing Date: October 17, 2011, 2011 at 2:00 p.m. (ET)
Objection Deadline: October 10, 2011, 2011 at 4:00 p.m. (ET)

## DECLARATION OF ADAM M. REICH IN SUPPORT OF APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(A) AND 328 OF THE BANKRUPTCY CODE, RULES 2014 AND 6005 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 TO EMPLOY AND RETAIN HERITAGE GLOBAL PARTNERS, COUNSEL RB CAPITAL, LLC., HILCO INDUSTRIAL, LLC AND THE BRANFORD GROUP, INC. AS SALES AGENT AND AUCTIONEER TO THE DEBTORS AND DEBTORS IN POSSESSION NUNC PRO TUNC TO NOVEMBER 23, 2011 FOR SALE AND AUCTION OF CORE ASSETS

I, Adam M. Reich, declare as follows:

1. I am the Co-CEO of Counsel RB Capital. LLC. ("CRB"), an asset recovery firm specializing in the auction and liquidation of industrial equipment, inventories, accounts receivable and intellectual property assets. The principals of CRB, including myself and Jonathan Reich are the former principals of Go Industry, the largest industrial auctioneer in the world today. After selling my interest in Go Industry in 2006, I formed Greystone Private Equity which specializes in the identical liquidation business. In February 2009, the principals of Greystone Private Equity also formed Counsel RB Capital ("CRB") to take advantage of principal distressed asset disposition opportunities. I make this Declaration in support of the *Application of the Debtors Pursuant to Section 327(a) and 328 of the Bankruptcy Code, Rules*

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

*2014 and 6005 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 to Employ and Retain Heritage Global Partner, Counsel RB Capital, LLC, Hilco Industrial, LLC. and The Branford Group, Inc. as Sales Agent and Auctioneer to the Debtors and Debtors in Possession* (the "Application"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

### CRB's Qualifications

2. CRB is qualified to represent the Debtors in these cases due to the considerable experience that its principals have in (i) selling by public auction sale the assets of entities in bankruptcy; (ii) selling by public auction sale the assets of industrial companies, including photovoltaic equipment and (iii) selling by public auction sale industrial machinery and equipment. This industry experience is crucial to the Debtors in maximizing the recovery to the estates because many of the interested buyers are located overseas and will not be known to the Debtors. Most recently, CRB was involved in the sale of similar assets for BP Solar and SpectraWatt together with Heritage Global Partners. Additionally, Hilco and The Branford Group have also recently been involved in the sale of similar assets, most notably, Evergreen Solar. Due to the scope the scope of the subject sale program, Heritage Global Partners, CRB, Hilco and The Branford group have agreed to pool their collective industry expertise and customer lists in an effort to maximize the recovery to creditor (together, the "Sales Agent").

## CRB's Disinterestedness

3. Neither I, CRB nor any principal or professional thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or any other parties-in-interest in these bankruptcy cases, or the respective attorneys except as set forth herein. Specifically, and as a matter of routine course in bankruptcy proceedings, we have manually analyzed the creditor lists attached provided by the Debtors and have determined that no conflicts exists. CRB does not hold nor represent any entity having an adverse interest in connection with this bankruptcy cases.

4. To the best of my knowledge, CRB is a "disinterested person" as the term is defined in section 101(14) of title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>"), as modified by section 1107(b) of the Bankruptcy Code. CRB and its members and employees:

(a) do not hold or represent any interests adverse to the estates, are disinterested, and are eligible to serve as sales consultant for the Debtors under the Bankruptcy Code;

(b) are not creditors, equity security holders, or insiders of the Debtors and do not represent any entity (or its attorneys and accountants) other than the Debtors, in connection with this case;

(c) are not, and were not within the past two years, a director, officer, or employee of the Debtors;

(d) have no interests materially adverse to the interests of the Debtors or of any class of creditors or equity security holders of the Debtors; and

(e) have no connections, other than as disclosed herein, with the Debtors, their creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

5. As part of its regular practice, CRB appears in numerous cases, proceedings and transactions involving attorneys, accountants, investment bankers and financial consultants, some of which may represent claimants and parties-in-interest in the Debtors' chapter 11 cases. Further, CRB has in the past, and may in the future, be represented by attorneys and law firms in the legal community, some of whom may be involved in these proceedings. In addition, CRB has in the past and will likely in the future be working with or against other professionals involved in this case in matters unrelated to this case. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relations constitute interests materially adverse to the Debtors regarding matters upon which CRB is to be employed.

6. CRB may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest of the Debtors in connection with matters unrelated to the Debtors and their chapter 11 cases.

### Professional Services Compensation

7. Pursuant to the Engagement Agreement annexed as Exhibit A to the Application, the Sales Agent will not receive a seller's commission payable by the Debtor. The Sales Agent will charge a buyer premium equal to fifteen percent (15%) of the aggregate gross proceeds for the sale of an asset (the "Buyer's Premium"). A Buyer's Premium is a standard in the auction industry. The Debtors' estate is not responsible for any unpaid portion of the Buyer's Premium. The collected Buyer's Premium will be allocated 50% to the Sales Agent and 50% to the Debtor. The Sales Agent also has a right of reimbursement of actually incurred reasonable

expenses (including, without limitation, labor, advertising, travel and lodging, digital photography of the Non-Core Assets, print and electronic media production, brochure and catalog production, and telemarketing) up to the amount of $40,000.00, and upon the terms and conditions stated in the Sales Agent Engagement Agreement. Reimbursement of such expenses is also standard in this industry. CRB does not have any rights of compensation, or reimbursement of expenses from the Debtors' estate, except as stated above. There is no indemnification provision in favor of CRB.

8. Based on its experience and independent analysis, CRB believes that the fees set forth herein are fair and reasonable. CRB believes that the fees set forth herein reflect the nature and scope of the services to be provided by CRB.

9. No promises have been received by CRB or by any shareholder or professional thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

10. There are no outstanding bills due and owing to CRB for professional services performed for the Debtors or for reimbursement of charges and disbursements.

11. As of the Petition Date, CRB was not a creditor of the Debtor.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of November 2011.

_____
Adam M. Reich