# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*,[1] | ) | Case No.: 11-12799 (MFW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related Docket No.** ____ |

## ORDER UNDER SECTION 327(A) AND 328 OF THE BANKRUPTCY CODE, RULES 2014 AND 6005 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF HERITAGE GLOBAL PARTNERS; COUNSEL RB CAPITAL LLC; HILCO INDUSTRIAL, LLC; AND THE BRANFORD GROUP AS AUCTIONEERS AND SALES AGENTS TO THE DEBTORS AND DEBTORS IN POSSESSION NUNC PRO TUNC TO NOVEMBER 23, 2011 FOR SALE AND AUCTION OF CORE ASSETS

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seeking authorization to employ and retain Heritage Global Partners, Counsel RB Capital, LLC; Hilco Industrial, LLC, and the Branford Group (collectively, the "Auctioneers") as sales agents for the sale and auction of the Core Assets; and upon each of the Declarations; and the Court being satisfied, based on the representations made in the Application, the Declarations that none of the Auctioneers represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which they are to be engaged, and is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of the Auctioneers is necessary and in the best interests of the Debtors and

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

1

the Debtors' estates; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that due notice of the Application has been given and no further notice need be given; and upon the proceedings before the Court; and after due deliberation and good and sufficient cause appearing; it is

ORDERED that the Application is granted; and it is further

ORDERED that pursuant to section 327(a) and 328 of the Bankruptcy Code, the Debtors are authorized to employ and retain each of the Auctioneers as sales agent and auctioneer for the purposes set forth in the Application, on the terms set forth in the Application, and the Declarations *nunc pro tunc* to November 23, 2011; and it is further

ORDERED, that notwithstanding any provision in the Application and the Engagement Agreement to the contrary, the indemnification provisions for the Auctioneers shall be modified as follows:

(a) The Auctioneers shall not be entitled to indemnification, contribution, or reimbursement for services other than the services provided under the Engagement Agreement, unless such services and indemnification, contribution, or reimbursement therefore are provided for in the Engagement Agreement and approved by the Court;

(b) Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any Auctioneer, for any claim or expense to the extent that is either: (i) judicially determined (the determination

2

having become final and no longer subject to appeal) to have arisen from any Auctioneer's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of any Auctioneer's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which any Auctioneer should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, the Auctioneers believe that they are entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Agreement, including without limitation the advancement of defense costs, each Auctioneer must file an application before this Court, and the Debtors may not pay any such amounts to the Auctioneer before the entry of an order by this Court approving payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by any Auctioneer

3

for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify any Auctioneer; and it is further

ORDERED that if no objection is received by any Notice Party, within 20 days from the date of the service of the Fee Notice, the Auctioneers may receive payment of the requested Buyer's Premium, and reimbursement of the requested Auction Expenses set forth in the Fee Notice (together, the "Auctioneers' Compensation") without the necessity of filing any application for payment of fees and reimbursement of expenses. To the extent an objection is filed to the Auctioneers' requested payment of the Auctioneers' Compensation, the Auctioneers may receive payment of the portion of the Auctioneers' Compensation that is not the subject of any objection and shall file, on regular notice, an application requesting payment of the portion of the Auctioneers' Compensation that is the subject of any objection. The Auctioneers shall file their Fee Notices in accordance with Bankruptcy Rule 6004(f)

Dated: _____, 2011

_____
HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE