# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Solyndra LLC, *et al.*,[1] | ) Case No.: Case No. 11-12799 (MFW) |
| | ) |
| Debtors. | ) (Jointly Administered) |

Hearing Date: December 21, 2011 at 11:30 a.m. (Eastern Time)
Objection Deadline: December 14, 2011 at 4:00 p.m. (Eastern Time)

## DEBTORS' MOTION FOR ORDER EXTENDING THE PERIOD WITHIN WHICH DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027

Solyndra LLC and 360 Degree Holdings, Inc., the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby file this motion (the "Motion") for entry of an order extending the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

3. By way of this Motion, the Debtors request the entry of an order, pursuant to Bankruptcy Rule 9006(b), further extending the time by which they may file notices of removal with respect to civil actions pending as of the Petition Date (as defined below) for ninety (90) days, from the *current* December 5, 2011 deadline to, and including, March 5, 2012 (the "Prepetition

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

DOCS_NY:25898.2 80368-00001
DOCS_DE:175371.1 80368-002

Removal Deadline").² Furthermore, the Debtors request the entry of an order extending the time by which they may file notices of removal with respect to civil actions initiated after the Petition Date to the later of (i) March 5, 2012, and (ii) the time period specified in Bankruptcy Rule 9027(a)(3) (the "Postpetition Removal Deadline").

4. The Debtors request that the Prepetition Removal Deadline apply to all matters specified in Rule 9027(a)(2) and that the Postpetition Removal Deadline apply to all matters specified in Rule 9027(a)(3) (collectively, the "Actions"). This Motion is without prejudice to the Debtors' right to seek further extensions of either or both of the Prepetition Removal Deadline and the Postpetition Removal Deadline.

5. The statutory predicates for the relief requested herein are 28 U.S.C. § 1452 ("Section 1452") and Bankruptcy Rules 9006 and 9027.

## Background

6. On September 5, 2011 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7. The Debtors are continuing in possession of their property and are managing their business as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

8. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases. On September 15, 2011, the Office of the United States Trustee appointed a committee of unsecured creditors and appointed seven initial members thereto (the "Committee").

---

² Ninety (90) days from December 5, 2011 is Sunday, March 4, 2011. As such, the Debtors respectfully request that the Court extend the removal deadline an additional day, to Monday, March 5, 2011.

DOCS_NY:25898.2 80368-00001      2
DOCS_DE:175371.1 80368-002

## Basis for Relief

9. Section 1452 and Rule 9027 of the Bankruptcy Rules govern the removal of pending civil actions. Specifically, Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). Bankruptcy Rule 9027(a)(3) provides, in pertinent part:

> If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

10. Bankruptcy Rule 9006(b) provides that the court may extend unexpired time periods, such as the removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(l).

11. The Debtors believe that it is prudent to seek a further extension of the time period to file notices of removal in order to protect their right to remove the Actions. The extension of time for removing Actions sought in this Motion will afford the Debtors the opportunity necessary to make fully-informed decisions concerning removal of any Actions and will assure that the Debtors do not forfeit valuable rights under Section 1452. Further, the rights of the Debtors' adversaries will not be prejudiced by such an extension because any party to an Action that is removed may seek to have it remanded to the state court pursuant to 28 U.S.C. § 1452(b).

12. The Debtors submit that their request to extend the deadline for removing the Actions is reasonable and practical in light of the present posture of the Chapter 11 Cases. Accordingly, the Debtors respectfully submit that the relief sought is in the best interests of the Debtors, their estates, and creditors.

## Notice

13. Notice of this Motion has been given to the following parties, or their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' prepetition lenders; (iii) counsel for the Committee; and (iv) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

14. No previous request for the relief set forth herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order (a) extending the period within which the Debtors may remove actions initiated prior to the Petition Date through and including March 5, 2012, subject to and without prejudice to the right of the Debtors to seek a further extension of time; (b) extending the period within which the Debtors may remove actions initiated after the Petition Date to the later of (i) March 5, 2012, and (ii) the time period specified in Bankruptcy Rule 9027(a)(3), subject to and without prejudice to the right of the Debtors to seek a further extension of time; and (d) granting such other relief as the Court deems just and proper.

Dated: November 23, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By: /s/

Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
Joshua M. Fried (CA Bar No. 181541)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
bgrohsgal@pszjlaw.com
jfried@pszjlaw.com

Counsel for the Debtors and Debtors in Possession