IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*,[1] | ) | Case No.:  Case No. 11-12799 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Hearing Date: December 21, 2011,at 11:30 a.m. (ET)**
**Objection Deadline: December 14, 2011, at 4:00 p.m. (ET)**

**DEBTORS' SECOND MOTION FOR THE ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO REJECT
CERTAIN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365**

---

**THIS MOTION SEEKS TO REJECT CERTAIN OF THE DEBTORS' EXECUTORY
CONTRACTS.  ANY NON-DEBTOR PARTY TO A CONTRACT WITH ANY DEBTOR
SHOULD REVIEW THE ATTACHED <u>EXHIBIT A</u> TO DETERMINE IF THE
DEBTORS ARE SEEKING TO REJECT ITS CONTRACT.**

---

Solyndra LLC and 360 Degree Holdings, Inc., the debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby file this

motion (the "Motion") for entry of an order, authorizing the rejection of the executory contracts

(the "Rejected Contracts") set forth on Exhibit A hereto effective as of the date of the filing of

this Motion.  In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction**

      1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  This proceeding is a core proceeding within the meaning of 28 U.S.C. §§

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number
are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583).  The Debtors' address is 47488
Kato Road, Fremont, CA 94538.

157(b)(2)(A) and (O).  Venue of these proceedings and this Motion is proper in this District

pursuant to 28 U.S.C. §§ 1408 and 1409.

      2.     The statutory predicates for the relief sought herein are sections 365(a)

and 554(a) of title of the United States Code (the "Bankruptcy Code") and Rules 6006 and 6007

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

      3.     On September 5, 2011 (the "Petition Date"), the Debtors commenced

these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

      4.     The Debtors are continuing in possession of their property and are

managing their business as debtors in possession, pursuant to sections 1107 and 1108 of the

Bankruptcy Code.

      5.     No trustee or examiner has been appointed in any of the Debtors' chapter

11 cases.  On September 15, 2011, the Office of the United States Trustee appointed a committee

of unsecured creditors and appointed seven initial members thereto (the "Committee").

## The Debtors' Business

      6.     Solyndra is a U.S. manufacturer of solar photovoltaic ("PV") solar power

systems specifically designed for large commercial and industrial rooftops and for certain shaded

agriculture applications.  The Debtors' worldwide headquarters and its manufacturing operations

are located in Fremont California.  Solyndra's innovative cylindrical solar PV panels are highly

differentiated and unique in the PV industry.  Unlike conventional flat solar panels, Solyndra's

panels are a series of cylindrical modules connected to form a panel.  As a result of the form

factor, Solyndra panels require no ballast, tilting, or roof penetration and weigh approximately one-half of other solar panels per rooftop unit of area. In addition, Solyndra's current high-volume solar PV panels require no tools for installation and can be installed more quickly than conventional solar panels, resulting in an installation cost substantially below that of conventional solar panels. Solyndra manufactured all of its products in the United States with the support of a well-developed domestic supply chain.

7.       Prior to the lay-off of substantially all of the Solyndra workforce that occurred on August 31, 2011, the Debtors had approximately 968 full time employees and 211 temporary employees.

8.       Solyndra has sold more than 500,000 of its panels since 2008 and generated cumulative sales of over $250 million. Solyndra panels are estimated to be installed on more than 1,000 commercial and industrial roofs in 20 countries. Solyndra sells three primary types of solar panels: (i) 100 Series; (ii) 150 Series for higher power density; and (iii) 200 Series. In addition, the Company developed new mounting solutions that allow some of the Solyndra panels to be used in new situations: these solutions include (a) Elevated Shade Structure (aka "Greenhouse") mounts, announced in February 2011; (b) mounts for metal roofs, announced in June 2011; and (c) an "Extreme Wind Solution", allowing for deployment of panels in areas with winds up to 180 miles per hour, announced in August 2011. The 100 Series is Solyndra's original PV system composed of panels and mounting hardware for low-slope, commercial rooftops. The 200 Series is Solyndra's second generation PV system, which has an enhanced form factor over the 100 Series thereby increasing its Watt peak performance and

requires no tools for installation.  The 150 Series is a hybrid product, using the advanced PV

modules of the 200 Series, but the existing mounting solution of the 100 Series.

9.    For the fiscal year ended January 1, 2011, Solyndra had annual revenues

of approximately $142 million and incurred a net loss of approximately $329 million.  As of the

year ended January 1, 2011, Solyndra had assets with a book value of approximately $859

million and liabilities with a book value of approximately $749 million.

10.    Solyndra is actively engaged in efforts to effectuate a sale of its business

to a "turnkey" buyer who would acquire all or substantially all of its core assets (the "Core

Assets") and business as a going concern (the "Turnkey Sale").  Solyndra believes that pursuing

a sale on a turnkey basis offers the best chance for it to maximize the value of its assets and to

reemploy certain of the employees who were terminated prior to the commencement of these

chapter 11 cases.  Solyndra believes that a Turnkey Sale would yield a far greater return to

creditors than a piecemeal liquidation of Solyndra's assets.

### Relief Requested

11.    Through this Motion, the Debtors seek the entry of an order, pursuant to

section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, authorizing and approving the

Debtors' rejection of the Rejected Contracts, effective as of the date of this Motion.[2]  As set forth

in detail below, the relief requested herein is in the best interest of the Debtors' estates and

creditors because the Debtors no longer require the services, licenses and/or equipment provided

---

[2] The Debtors reserve all rights with respect to the characterization of the Rejected Contracts and any rejection or
other damages that may be asserted.

by the Rejected Contracts, nor are the Rejected Contracts necessary in connection with the proposed Turnkey Sale.

12.     To the extent notice of intention to reject has not been previously provided, the filing and service of this Motion shall serve as notice to each non-Debtor party to the Rejected Contract of their intention to reject the executory contracts listed on Exhibit A hereto.[3]

### Basis for Relief

13.     Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in possession, "subject to the court's approval, may ... reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). *See also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996) *citing In re Muerexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994).

14.     The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the trustee. *See NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *In re Taylor*, 913 F.2d 102, 107 (3d Cir. 1990); *see also In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del.

---

[3] The Debtors have provided certain of the non-Debtor parties to the Rejected Contracts with previous notice of their intention to reject the contracts. For purpose of determining the appropriate rejection damages, the Debtors do not waive such earlier notice.

2003); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business

judgment standard mandates that a court approve a trustee's business decision unless the

decision is the product of bad faith, whim or caprice. *See In re Trans World Airlines, Inc.*,

261 B.R. 103, 121 (Bankr. D. Del. 2001). *See also Summit Land Co. v. Allen (In re Summit Land*

*Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court

approval of a debtor's decision to assume or reject an executory contract "should be granted as a

matter of course").

15.     Rejection of an executory contract is appropriate where rejection of the

contract would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.*

*(In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989). The standard for rejection is satisfied

when a trustee or debtor has made a business determination that rejection will benefit the estate.

*See Commercial Fin. Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.)*, 47 B.R.

425, 427 (D. Haw. 1985) ("under the business judgment test, a court should approve a debtor's

proposed rejection if such rejection will benefit the estate.").

16.     If the trustee's or debtor's business judgment has been reasonably

exercised, a court should approve the assumption or rejection of an unexpired lease or executory

contract. *See, e.g., NLRB v. Bildisco & Bildisco*, 462 U.S. at 523 (1984); *In re Federal Mogul*

*Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003).

17.     In applying the business judgment standard, courts show great deference

to the trustee's or debtor's decisions to reject. *See e.g., NRLB V. Bildisco & Bildisco*, 462 U.S. at

523 (1984); *In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003) (court should

approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

18.     Pursuant to section 365(a) of the Bankruptcy Code, the Debtors seek to reject the Rejected Contracts effective as of the filing date of this Motion, in order to avoid the possibility of incurring any additional expenses and costs related to the Rejected Contracts. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 530 (1984) (stating that rejection relates back to the petition date).  Furthermore, a court may permit retrospective rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses. *See In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (N.D. Tex. 1996). *See also In re Thinking Mach. Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *In re Jamesway Corp.*, 179 B.R. 33, 37-38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection). *See also In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").  As a result of the circumstances that led to the filing of these chapter 11 cases, as set forth in the Thigpen Declaration, and their subsequent sale of all assets, the Debtors have no use for the services and/or equipment provided by the Rejected Contracts.  Moreover, the Debtors have determined in the exercise of their business judgment that the Rejected Contracts are not necessary, do not

provide any value to the Debtors' estates, and are burdensome to the Debtors. Accordingly, the Debtors seek to reject the Rejected Contracts effective as of the date hereof.

## Notice

19.    Notice of this Motion has been or will be given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; and (ii) the Debtors' prepetition and postpetition lenders; (iii) counsel for the Committee; (iv) the non-debtor counterparties to the Rejected Contracts; and (v) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

20.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an Order

(i) granting the Motion, (ii) rejecting the Rejected Contracts effective as of the date of filing this

Motion, and (iii) granting such other and further relief as the Court may deem proper.


Dated: November 30, 2011               PACHULSKI STANG ZIEHL & JONES LLP

                                       Richard M. Pachulski (CA Bar No. 90073)
                                       Debra I. Grassgreen (CA Bar No. 169978)
                                       Bruce Grohsgal (DE Bar No. 3583)
                                       Joshua M. Fried (CA Bar No. 181541)
                                       919 North Market Street, 17th Floor
                                       P.O. Box 8705
                                       Wilmington, DE 19899-8705 (Courier 19801)
                                       Telephone: (302) 652-4100
                                       Facsimile:  (302) 652-4400
                                       E-mail:      rpachulski@pszjlaw.com
                                                    dgrassgreen@pszjlaw.com
                                                    bgrohsgal@pszjlaw.com
                                                    jfried@pszjlaw.com

                                       Counsel for the Debtors and
                                       Debtors in Possession