Trust on the Effective Date. The Solyndra Residual Trust shall be obligated to satisfy the

Solyndra Settlement Fund Loan with the first dollars available for distribution to the Holders of

Prepetition Tranche A Claims from Solyndra Net Lender Distributable Assets until the amounts

contributed by the Plan Sponsors to the Solyndra Residual Trust in respect of the Solyndra

Settlement Fund are repaid in full. The Solyndra Settlement Trust shall have no liability or

obligation whatsoever with respect to the Solyndra Settlement Fund Loan. The Solyndra

Settlement Trust Contribution may be used by the Solyndra Settlement Trustee to fund the

expenses of the Solyndra Settlement Trust as determined by the Solyndra Settlement Trustee in

his or her sole discretion. To the extent any portion of the Solyndra Settlement Trust

Contribution is not used to pay the expenses of the Solyndra Settlement Trust, such unused

portion shall be made available for distribution to the Holders of Class 8 Claims pursuant to the

Plan. To the extent expenses of the Solyndra Settlement Trustee exceed the Solyndra Settlement

Trust Contribution, payments may be made from other Solyndra Settlement Trust Assets with

approval from the Solyndra Settlement Trust Committee.

**H.**    **Solyndra Settlement Trustee**

      **1.**    **Generally**

      The initial Solyndra Settlement Trustee shall be designated by the Creditors'

Committee prior to the Confirmation Hearing. Any successor Solyndra Settlement Trustee shall

be appointed pursuant to the Solyndra Settlement Trust Agreement and subject to the approval of

the Bankruptcy Court. On the Effective Date and subject to the oversight of the Solyndra

Settlement Trust Committee, the Solyndra Settlement Trustee shall be the sole authorized

54

representative and signatory of the Solyndra Settlement Trust, with authority to render any and all services necessary to effectuate the terms of the Plan as they relate to the Solyndra Settlement Trust. From and after the Effective Date, the Solyndra Settlement Trustee shall be deemed to have been appointed as the representative of Solyndra's Estate by the Bankruptcy Court pursuant to section 1123(b)(3)(B) of the Bankruptcy Code for purposes of the Solyndra Settlement Trust Assets, specifically including Trust Avoidance Claims. The powers, authority, responsibilities and duties of the Solyndra Settlement Trustee shall be governed by the Plan, the Confirmation Order, and the Solyndra Settlement Trust Agreement. The Solyndra Settlement Trustee may execute, deliver, file or record such documents, instruments, releases and other agreements, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan as they relate to the Solyndra Settlement Trust.

## 2. Responsibilities and Authority of Solyndra Settlement Trustee

The responsibilities and authority of the Solyndra Settlement Trustee shall include (a) calculating and implementing all distributions from the Solyndra Settlement Trust in accordance with the Plan; (b) filing all required tax returns and paying taxes and all other obligations on behalf of the Solyndra Settlement Trust from funds held by the Solyndra Settlement Trust; (c) periodic reporting to the beneficiaries of the Solyndra Settlement Trust as frequently as the Solyndra Settlement Trustee reasonably believes is appropriate; (d) distributing the assets of the Solyndra Settlement Trust in accordance with the provisions of the Plan, including distributions of the Solyndra Settlement Fund; (e) retaining and paying at normal and customary rates (or on a contingency fee basis) professionals in connection with the Solyndra

55

Settlement Trustee's duties; (f) paying the reasonable expenses of the members of the Solyndra Settlement Trust Committee, in accordance with the provisions of the Plan and the Solyndra Settlement Trust Agreement; (g) reconciling and, if appropriate, objecting to Solyndra General Unsecured Claims with authority to settle any objections; (h) establishing a reserve for Disputed Claims; (i) analyzing Trust Avoidance Claims and deciding whether to abandon, pursue, litigate, or settle such claims; (j) updating the Solyndra Settlement Trust Committee on the progress of the implementation of the Plan as frequently as may be reasonably requested by the Solyndra Settlement Trust Committee; and (k) such other responsibilities as may be vested in the Solyndra Settlement Trustee pursuant to the Plan, the Solyndra Settlement Trust Agreement or the Confirmation Order or as may be necessary and proper to carry out the provisions of the Plan. The Solyndra Settlement Trust, the Solyndra Settlement Trustee and the Solyndra Settlement Trust Committee shall not be required to post a bond in favor of the United States.

3.    **Powers of the Solyndra Settlement Trustee**

Subject to the oversight of the Solyndra Settlement Trust Committee as set forth in the Plan and the Solyndra Settlement Trust Agreement, the powers of the Solyndra Settlement Trustee to administer the Solyndra Settlement Trust shall, without any need for approval of the Bankruptcy Court in each of the following instances, include *inter alia*, (a) the power to invest Solyndra Settlement Trust funds as permitted in the Solyndra Settlement Trust Agreement, withdraw funds, make distributions and pay taxes and other obligations owed by the Solyndra Settlement Trust from funds held by the Solyndra Settlement Trustee in accordance with the Plan and the Solyndra Settlement Trust Agreement, (b) the power to engage and compensate, without

56

prior Bankruptcy Court order or approval, employees and professionals to assist the Solyndra

Settlement Trustee with respect to his or her responsibilities, (c) the power to prosecute,

compromise and settle Solyndra General Unsecured Claims, (d) the power to abandon, pursue,

litigate, or settle any Trust Avoidance Claim, subject to at least five (5) business days' notice and

an opportunity to object by the Prepetition Tranche B/D Agent, (e) the power to abandon or

destroy any of the Relevant Books and Records when they are no longer necessary to administer

the Solyndra Settlement Trust, and (f) such other powers as may be vested in or assumed by the

Solyndra Settlement Trustee pursuant to the Plan, the Solyndra Settlement Trust Agreement,

order of the Bankruptcy Court, or as may be necessary and proper to carry out the provisions of

the Plan.  Subject to the oversight of the Solyndra Settlement Trust Committee as set forth in the

Plan and the Solyndra Settlement Trust Agreement, the Solyndra Settlement Trustee, on behalf

of the Solyndra Settlement Trust, shall have absolute discretion to pursue or not to pursue any

and all objections to Solyndra General Unsecured Claims and any and all Trust Avoidance

Claims, as he or she determines is in the best interests of the beneficiaries and consistent with the

purposes of the Solyndra Settlement Trust, and shall have no liability for the outcome of his/her

decision, other than those decisions constituting gross negligence or willful misconduct.  Any

determination by the Solyndra Settlement Trustee as to what actions are in the best interests of

the Solyndra Settlement Trust shall be conclusive.

   For the avoidance of doubt, on the Effective Date, the Solyndra Settlement

Trustee, on behalf of the Solyndra Settlement Trust, shall have standing as the representative of

Solyndra's Estate pursuant to section 1123(b)(3)(B) of the Bankruptcy Code to commence and

57

prosecute any Trust Avoidance Action and/or objections to Solyndra General Unsecured Claims on behalf of Solyndra's Estate without need for notice or order of the Bankruptcy Court. The Solyndra Residual Trust shall cooperate with the Solyndra Settlement Trustee as reasonably necessary to enable the Solyndra Settlement Trustee to perform his or her duties under the Plan or the Solyndra Settlement Trust Agreement and a common interest privilege shall exist between the Solyndra Residual Trustee and the Solyndra Settlement Trustee in connection with such matters.

4. **Compensation of Solyndra Settlement Trustee and Professionals**

The Solyndra Settlement Trustee shall serve on (i) the terms, conditions and rights set forth in the Plan, the Confirmation Order and the Solyndra Settlement Trust Agreement, or (ii) such terms, conditions and rights as otherwise agreed to by the Solyndra Settlement Trustee and the Solyndra Settlement Trust Committee. The compensation for the Solyndra Settlement Trustee shall be set forth in the Solyndra Settlement Trust Agreement or otherwise disclosed in a filing with the Bankruptcy Court. The Solyndra Settlement Trustee shall not be required to file a Fee Application to receive compensation, but the Solyndra Settlement Trustee's fees shall be subject to the oversight of the Solyndra Settlement Trust Committee. The Solyndra Settlement Trustee shall have the right to retain the services of attorneys, accountants, and other professionals and agents in the discretion of the Solyndra Settlement Trustee to assist and advise the Solyndra Settlement Trustee in the performance of his/her duties and compensate such professionals from the assets of the Solyndra Settlement Trust, subject to the oversight of the

Solyndra Settlement Trust Committee.  Any professionals retained by the Solyndra Settlement Trustee shall not be required to file a Fee Application to receive compensation.

        5.        **Limitations on Solyndra Settlement Trustee**

        The Solyndra Settlement Trustee, in such capacity, shall not at any time: (a) enter into or engage in any trade or business (other than the management and disposition of the Solyndra Settlement Trust Assets), and no part of the Solyndra Settlement Trust Assets or the proceeds, revenue or income therefrom shall be used or disposed of by the Solyndra Settlement Trust in furtherance of any trade or business, or (b) except as provided below, reinvest any Solyndra Settlement Trust Assets.

        With regard to any sale, disposition, release, modification or waiver of existing rights as to an asset of the Solyndra Settlement Trust or compromise or settlement of a controverted matter such as an objection to a Solyndra General Unsecured Claim or a Trust Avoidance Claim, if the asset or matter at issue exceeds $500,000 in value (after accounting for any applicable defenses in the case of a Trust Avoidance Claim) or amount asserted, the Solyndra Settlement Trustee must consult with, and obtain approval from, the Solyndra Settlement Trust Committee and the Prepetition Tranche B/D Agent with respect to any such transaction or, in the absence of such approval, an order of the Bankruptcy Court approving such transaction (*provided that* the Solyndra Settlement Trust Committee and the Prepetition Tranche B/D Agent shall be deemed to have approved such transaction if such parties fail to object thereto in a writing received by the Solyndra Settlement Trustee within five (5) business days following written notification by the Solyndra Settlement Trustee of the intended transaction).

Other than as provided in the Plan and the Solyndra Settlement Trust Agreement, the Solyndra Settlement Trustee is not empowered to incur indebtedness.

The Solyndra Settlement Trustee may only invest funds held in the Solyndra Settlement Trust consistent with the requirements of the Solyndra Settlement Trust Agreement, the Bankruptcy Code or any order of the Bankruptcy Court modifying such requirements and, provided that the Solyndra Settlement Trustee does so, he or she shall have no liability in the event of insolvency of any institution in which he or she has invested any funds of the Solyndra Settlement Trust. Notwithstanding the above, the Solyndra Settlement Trustee may only invest funds in the Solyndra Settlement Trust in investments permitted to be made by a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable IRS guidelines, rulings, or other controlling authorities.

The Solyndra Settlement Trustee shall hold, collect, conserve, protect and administer the Solyndra Settlement Trust in accordance with the provisions of the Plan and the Solyndra Settlement Trust Agreement, and pay and distribute amounts as set forth herein for the purposes set forth in the Plan and the Solyndra Settlement Trust Agreement. Any determination by the Solyndra Settlement Trustee as to what actions are in the best interests of the Solyndra Settlement Trust shall be conclusive.

## I.    **Solyndra Settlement Trust Committee**

### 1.    **Generally**

The Solyndra Settlement Trust Committee shall be created on the Effective Date consistent with the terms of the Solyndra Settlement Trust Agreement. The Solyndra Settlement

Trust Committee shall consist of no more than three (3) Persons initially selected by the Creditors' Committee and may consist of members of the Creditors' Committee.

2.    **Duties of Solyndra Settlement Trust Committee**

The Solyndra Settlement Trust Committee shall generally monitor the status and progress of the Solyndra Settlement Trust and approve certain material transactions in accordance with Article VI(H)(5) of the Plan.  The Solyndra Settlement Trust Committee may meet and/or consult periodically with the Solyndra Settlement Trustee and keep itself apprised of the affairs of the Solyndra Settlement Trust.

3.    **Reimbursement of Expenses of Solyndra Settlement Trust Committee**

Members of the Solyndra Settlement Trust Committee shall be entitled to reimbursement of reasonable and necessary expenses incurred in carrying out their duties as members of the Solyndra Settlement Trust Committee, all of which shall be paid from the Solyndra Settlement Trust.  Members of the Solyndra Settlement Trust Committee shall not be entitled to compensation for time spent on the Solyndra Settlement Trust Committee, nor shall they be reimbursed for any fees or expenses of any professional retained by an individual member of the Solyndra Settlement Trust Committee.  The Solyndra Settlement Trust shall provide an indemnity to members of the Solyndra Settlement Trust Committee for all suits, demands, actions, claims, losses and liabilities such members may suffer or incur other than to the extent arising from such member's willful misconduct or gross negligence.

61

J.    **Establishment of Solyndra Residual Trust and Vesting of Solyndra Residual Trust Assets**

On the Effective Date, Solyndra shall take any and all actions as may be necessary or appropriate to establish the Solyndra Residual Trust and to cause the transfer and assignment of the Solyndra Net Lender Distributable Assets and Solyndra Unencumbered Assets, including all Retained Rights of Action of Solyndra (excluding Trust Avoidance Claims), to the Solyndra Residual Trust.  On the Effective Date, the Solyndra Net Lender Distributable Assets and Solyndra Unencumbered Assets shall constitute the Solyndra Residual Trust Assets. Upon the Effective Date, the Solyndra Residual Trust shall be vested with all right, title and interest in the Solyndra Residual Trust Assets, and such property shall become the property of the Solyndra Residual Trust free and clear of all Claims, Liens, charges, other encumbrances and interests, except as to any Liens that are expressly preserved and survive under the Plan, including the Liens securing the Exit Facility, the WARN Settlement Loan, and the Prepetition Lender Claims. Proceeds of the Residual Trust Assets subject to such liens shall be distributed to the Plan Sponsors and the Holders of such Prepetition Lender Claims in accordance with the Plan.  It is intended that the Solyndra Residual Trust qualify as a liquidating trust for federal income tax purposes.

The sole beneficiaries of the Solyndra Residual Trust shall be the Solyndra Settlement Trust and the Holders of Prepetition Lender Deficiency Claims to the extent set forth in the Plan.  For federal income tax purposes, the beneficiaries of the Solyndra Residual Trust shall be treated as the grantors of the Solyndra Residual Trust and deemed to be the owners of the assets of the Solyndra Residual Trust, and the transfer of the Solyndra Residual Trust Assets

62

to the Solyndra Residual Trust shall be deemed a transfer to such beneficiaries by Solyndra followed by a deemed transfer by such beneficiaries to the Solyndra Residual Trust. The preceding sentence does not apply to the portion of the Solyndra Residual Trust which is treated as a disputed ownership fund and  may be subject to different treatment, as described in Article VI(O) of the Plan.

**K.**    **Purpose of Solyndra Residual Trust**

The Solyndra Residual Trust shall be established for the primary purpose of liquidating and distributing the Solyndra Residual Trust Assets in accordance with Treasury Regulation section 301.7701-4(d).  In particular, this includes:  (i) reviewing and reconciling, including where appropriate objecting to, the Claims of Holders of Administrative Expenses, Priority Tax Claims, Priority Non-Tax Claims and Miscellaneous Secured Claims; (ii) reviewing, litigating, settling, dismissing or releasing Retained Rights of Action of Solyndra (excluding Trust Avoidance Claims); and (iii) distributing the Solyndra Lender Net Distributable Assets, the Solyndra Settlement Fund (to the Solyndra Settlement Trust), the Net WARN Settlement Proceeds, and the proceeds of any Solyndra Unencumbered Assets in accordance with the Plan and the terms of the Solyndra Residual Trust Agreement.  The Solyndra Residual Trust shall have no objective to continue or engage in the conduct of a trade or business and shall not be deemed a successor-in-interest of Solyndra or its Estate for any purpose other than as specifically set forth herein.

Notwithstanding anything to the contrary in this Plan, the Solyndra Residual Trust shall at all times make distributions to the Prepetition Lenders and the Prepetition Master

63

Collateral Agent consistent with, and subject to, the terms of the Prepetition Intercreditor Agreement. To the extent that the proceeds of any Solyndra Unencumbered Assets, or any residual Solyndra Net Lender Distributable Assets after payment of Prepetition Lender Claims in full, are to be distributed to Holders of Solyndra General Unsecured Claims under this Plan, such proceeds shall be transferred by the Solyndra Residual Trust to the Solyndra Settlement Trust for the benefit of Holders of Solyndra General Unsecured Claims.

## L.    **Solyndra Residual Trustee**

### 1.    **Generally**

The initial Solyndra Residual Trustee shall be R. Todd Neilson. Any successor Solyndra Residual Trustee shall be appointed pursuant to the Solyndra Residual Trust Agreement and subject to the approval of the Bankruptcy Court. On the Effective Date and subject to the oversight of the Solyndra Residual Trust Committee, the Solyndra Residual Trustee shall be the sole authorized representative and signatory of the Solyndra Residual Trust, with authority to render any and all services necessary to effectuate the terms of the Plan as they relate to the Solyndra Residual Trust. From and after the Effective Date, the Solyndra Residual Trustee shall be deemed to have been appointed as the representative of Solyndra's Estate by the Bankruptcy Court pursuant to section 1123(b)(3)(B) of the Bankruptcy Code for purposes of the Solyndra Residual Trust Assets, specifically including the Retained Rights of Action of Solyndra (excluding Trust Avoidance Claims). The powers, authority, responsibilities and duties of the Solyndra Residual Trustee shall be governed by the Plan, the Confirmation Order, and the Solyndra Residual Trust Agreement. The Solyndra Residual Trustee may execute, deliver, file

64

or record such documents, instruments, releases and other agreements, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan as they relate to the Solyndra Residual Trust.

2. **Responsibilities and Authority of Solyndra Residual Trustee**

The responsibilities and authority of the Solyndra Residual Trustee shall include (a) calculating and implementing all distributions from the Solyndra Residual Trust in accordance with the Plan; (b) filing all required tax returns and paying taxes and all other obligations on behalf of the Solyndra Residual Trust from funds held by the Solyndra Residual Trust; (c) periodic reporting to the beneficiaries of the Solyndra Residual Trust as frequently as the Solyndra Residual Trustee reasonably believes is appropriate; (d) liquidating and distributing the assets of the Solyndra Residual Trust in accordance with the provisions of the Plan, including distributions of the Solyndra Net Lender Distributable Assets and the proceeds of Solyndra Unencumbered Assets; (e) retaining and paying at normal and customary rates (or on a contingency fee basis) professionals in connection with the Solyndra Residual Trustee's duties; (f) paying the reasonable expenses of the members of the Solyndra Residual Trust Committee, in accordance with the provisions of the Plan and the Solyndra Residual Trust Agreement; (g) reconciling and, if appropriate, objecting to Allowed Administrative Expenses, Allowed Tax Claims, Allowed Priority Non-Tax Claims, and Allowed Miscellaneous Secured Claims with authority to settle any objections; (h) establishing a reserve for Disputed Claims; (i) analyzing Retained Rights of Action of Solyndra (excluding Trust Avoidance Claims) and deciding whether to abandon, pursue, litigate, or settle such claims; (j) updating the Solyndra Residual

65

Trust Committee on the progress of the implementation of the Plan as frequently as may be reasonably requested by the Solyndra Residual Trust Committee; (k) providing commercially reasonable cooperation with the Solyndra Settlement Trust to reconcile Solyndra General Unsecured Claims and to support Trust Avoidance Claims; (l) winding-up the affairs of Solyndra and its subsidiaries and affiliates to the extent necessary (other than the Solyndra Settlement Trust); (m) determining Tax issues or liabilities in accordance with section 505 of the Bankruptcy Code (other than Tax issues specifically relating to the Solyndra Settlement Trust); (n) incurring and pay all of Solyndra's Plan Expenses and any reasonable costs and expenses incident to the performance of the duties of the Solyndra Residual Trustee under the Plan, including without limitation, reasonable rent for office space and storage, office supplies, travel and expense reimbursement, insurance, and other obligations; and (o) such other responsibilities as may be vested in the Solyndra Residual Trustee pursuant to the Plan, the Solyndra Residual Trust Agreement or the Confirmation Order or as may be necessary and proper to carry out the provisions of the Plan.  The Solyndra Residual Trust, the Solyndra Residual Trustee and the Solyndra Residual Trust Committee shall not be required to post a bond in favor of the United States.

      3.      **Powers of the Solyndra Residual Trustee**

Subject to the oversight of the Solyndra Residual Trust Committee as set forth in the Plan and the Solyndra Residual Trust Agreement, the powers of the Solyndra Residual Trustee to administer the Solyndra Residual Trust shall, without any need for approval of the Bankruptcy Court in each of the following instances, include *inter alia*, (a) the power to invest

Solyndra Residual Trust funds as permitted in the Solyndra Residual Trust Agreement, withdraw

funds, make distributions and pay taxes and other obligations owed by the Solyndra Residual

Trust from funds held by the Solyndra Residual Trustee in accordance with the Plan and the

Solyndra Residual Trust Agreement, (b) the power to engage and compensate, without prior

Bankruptcy Court order or approval, employees and professionals to assist the Solyndra Residual

Trustee with respect to his or her responsibilities, (c) the power to prosecute, compromise and

settle Allowed Administrative Expenses, Allowed Tax Claims, Allowed Priority Non-Tax

Claims, and Allowed Miscellaneous Secured Claims, (d) the power to abandon, pursue, litigate,

or settle any Retained Right of Action of Solyndra (excluding Trust Avoidance Claims), (e) the

power to abandon or destroy any of books and records of Solyndra (excluding the Relevant

Books and Records) when they are no longer necessary to administer the Solyndra Residual

Trust, and (f) such other powers as may be vested in or assumed by the Solyndra Residual

Trustee pursuant to the Plan, the Solyndra Residual Trust Agreement, order of the Bankruptcy

Court, or as may be necessary and proper to carry out the provisions of the Plan. Subject to the

oversight of the Solyndra Residual Trust Committee as set forth in the Plan and the Solyndra

Residual Trust Agreement, the Solyndra Residual Trustee, on behalf of the Solyndra Residual

Trust, shall have absolute discretion to pursue or not to pursue any and all Retained Rights of

Actions (excluding Trust Avoidance Claims) or objections to Allowed Administrative Expenses,

Allowed Tax Claims, Allowed Priority Non-Tax Claims, and Allowed Miscellaneous Secured

Claims, as he or she determines is in the best interests of the beneficiaries and consistent with the

purposes of the Solyndra Residual Trust, and shall have no liability for the outcome of his/her

decision, other than those decisions constituting gross negligence or willful misconduct. Any determination by the Solyndra Residual Trustee as to what actions are in the best interests of the Solyndra Residual Trust shall be conclusive.

For the avoidance of doubt, on the Effective Date, the Solyndra Residual Trustee, on behalf of the Solyndra Residual Trust, shall have standing as the representative of Solyndra's Estate pursuant to section 1123(b)(3)(B) of the Bankruptcy Code to commence and prosecute any Retained Right of Action (excluding Trust Avoidance Claims) and/or objections to Allowed Tax Claims, Allowed Priority Non-Tax Claims, and Allowed Miscellaneous Secured Claims on behalf of Solyndra's Estate without need for notice or order of the Bankruptcy Court.

**4.** **Compensation of Solyndra Residual Trustee and Professionals**

The Solyndra Residual Trustee shall serve on (i) the terms, conditions and rights set forth in the Plan, the Confirmation Order and the Solyndra Residual Trust Agreement, or (ii) such terms, conditions and rights as otherwise agreed to by the Solyndra Residual Trustee and the Solyndra Residual Trust Committee. The compensation for the Solyndra Residual Trustee shall be set forth in the Solyndra Residual Trust Agreement or otherwise disclosed in a filing with the Bankruptcy Court. The Solyndra Residual Trustee shall not be required to file a Fee Application to receive compensation, but the Solyndra Residual Trustee's fees shall be subject to the oversight of the Solyndra Residual Trust Committee. The Solyndra Residual Trustee shall have the right to retain the services of attorneys, accountants, and other professionals and agents in the discretion of the Solyndra Residual Trustee to assist and advise the Solyndra Residual Trustee in the performance of his/her duties and compensate such professionals from the assets

of the Solyndra Residual Trust, subject to the oversight of the Solyndra Residual Trust Committee.  Any professionals retained by the Solyndra Residual Trustee shall not be required to file a Fee Application to receive compensation.

### 5.    <u>Limitations on Solyndra Residual Trustee</u>

The Solyndra Residual Trustee, in such capacity, shall not at any time: (a) enter into or engage in any trade or business (other than the management and disposition of the Solyndra Residual Trust Assets), and no part of the Solyndra Residual Trust Assets or the proceeds, revenue or income therefrom shall be used or disposed of by the Solyndra Residual Trust in furtherance of any trade or business, or (b) except as provided below, reinvest any Solyndra Residual Trust Assets.

With regard to any sale, disposition, release, modification or waiver of existing rights as to an asset of the Solyndra Residual Trust or compromise or settlement of litigation or controverted matter that constitutes a Retained Right of Action of the Solyndra Residual Trust, if the asset or matter at issue exceeds $500,000 in value or amount asserted, the Solyndra Residual Trustee must consult with, and obtain approval of, the Solyndra Residual Trust Committee with respect to any such transaction or, in the absence of such approval, an order of the Bankruptcy Court approving such transaction (*provided that* the Solyndra Residual Trust Committee shall be deemed to have approved such transaction if it fails to object thereto in a writing received by the Solyndra Residual Trustee within ten (10) business days following written notification by the Solyndra Residual Trustee of the intended transaction).

DOCS_SF:79717.19 80368-002

With regard to any sale, disposition, release, modification or waiver of existing rights as to an asset of the Solyndra Residual Trust, or compromise or settlement of litigation or controverted matter that constitutes a Retained Right of Action of the Solyndra Residual Trust, that is the subject of a Lien securing the Allowed Prepetition Lender Claims, the Solyndra Residual Trustee must: (a) consult with the Prepetition Tranche A Representative, the Prepetition Tranche B/D Agent and the Prepetition Tranche E Agent with respect to any such transaction, in each case so long as any debt in each such tranche remains outstanding; (b) obtain approval of the Prepetition Tranche A Representative with respect to any such transaction, so long as any Prepetition Tranche A Claims remain outstanding, or, in the absence of such approval, an order of the Bankruptcy Court approving such transaction; (c) from and after the date when each of the Prepetition Tranche A Claims has been paid in full, obtain approval of the Prepetition Tranche B/D Agent with respect to any such transaction, so long as any Prepetition Tranche B Claims remain outstanding or, in the absence of such approval, an order of the Bankruptcy Court approving such transaction; and (d) from and after the date when each of the Prepetition Tranche A Claims and Prepetition Tranche B Claims has been paid in full, obtain approval of the Prepetition Tranche B/D Agent and the Prepetition Tranche E Agent with respect to any such transaction, so long as any Prepetition Tranche D Claims or Prepetition Tranche E Claims remain outstanding or, in the absence of such approval, an order of the Bankruptcy Court approving such transaction (*provided that* each of the foregoing parties, as applicable, shall be deemed to have approved such transaction if it fails to object thereto in a writing received by the

70

Solyndra Residual Trustee within ten (10) business days following written notification by the Solyndra Residual Trustee of the intended transaction).

Other than as provided in the Plan and the Solyndra Residual Trust Agreement, the Solyndra Residual Trustee is not empowered to incur indebtedness.

The Solyndra Residual Trustee may only invest funds held in the Solyndra Residual Trust consistent with the requirements of the Solyndra Residual Trust Agreement, the Bankruptcy Code or any order of the Bankruptcy Court modifying such requirements and, provided that the Solyndra Residual Trustee does so, he or she shall have no liability in the event of insolvency of any institution in which he or she has invested any funds of the Solyndra Residual Trust.  Notwithstanding the above, the Solyndra Residual Trustee may only invest funds in the Solyndra Residual Trust in investments permitted to be made by a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable IRS guidelines, rulings, or other controlling authorities.

The Solyndra Residual Trustee shall hold, collect, conserve, protect and administer the Solyndra Residual Trust in accordance with the provisions of the Plan and the Solyndra Residual Trust Agreement, and pay and distribute amounts as set forth herein for the purposes set forth in the Plan and the Solyndra Residual Trust Agreement.  Any determination by the Solyndra Residual Trustee, after consultation with the Solyndra Residual Trust Committee, as to what actions are in the best interests of the Solyndra Residual Trust shall be conclusive.

**M.**    **Solyndra Residual Trust Committee**

    **1.**    **Generally**

The Solyndra Residual Trust Committee shall be created on the Effective Date consistent with the terms of the Solyndra Residual Trust Agreement.  The Solyndra Residual Trust Committee shall consist of consist of three (3) representatives selected as follows:  one member selected by the Prepetition Tranche A Representative, one member selected by the Prepetition Tranche B/D Agent, and one member selected by the Prepetition Tranche E Agent. In the event that a member of the Solyndra Residual Trust Committee can no longer carry out his or her duties as a director (by reason of death, resignation or disability), the party that selected such member of the Solyndra Residual Trust Committee may appoint a successor, or in the event no such successor is appointed within ninety (90) days, the Solyndra Residual Trustee may petition the Bankruptcy Court to appoint a successor.  The members of the Solyndra Residual Trust Committee shall not be compensated for their service, aside from reimbursement of reasonable expenses.  The Solyndra Residual Trust shall provide an indemnity to members of the Solyndra Residual Trust Committee for all suits, demands, actions, claims, losses and liabilities such members may suffer or incur other than to the extent arising from such member's willful misconduct or gross negligence.

    **2.**    **Duties of Solyndra Residual Trust Committee**

The Solyndra Residual Trust Committee shall generally monitor the status and progress of the Solyndra Residual Trust and approve certain material transactions in accordance with Article VI(L)(5) of the Plan.  The Solyndra Residual Trust Committee may meet and/or

consult periodically with the Solyndra Residual Trustee and keep itself apprised of the affairs of the Solyndra Residual Trust.

### 3.    Reimbursement of Expenses of Solyndra Residual Trust Committee

Members of the Solyndra Residual Trust Committee shall be entitled to reimbursement of reasonable and necessary expenses incurred in carrying out their duties as members of the Solyndra Residual Trust Committee, all of which shall be paid from the Solyndra Residual Trust. Members of the Solyndra Residual Trust Committee shall not be entitled to compensation for time spent on the Solyndra Residual Trust Committee, nor shall they be reimbursed for any fees or expenses of any professional retained by an individual member of the Solyndra Residual Trust Committee.

### N.    U.S. Federal Income Tax Treatment of Liquidating Trusts

The Solyndra Residual Trust and Solyndra Settlement Trust (other than the portion which is treated as a disputed ownership fund, which may be subject to different treatment, as described in Article VI(O) of the Plan) are intended to qualify as liquidating trusts for federal income tax purposes, treated for federal income tax purposes as "grantor" trusts. The Solyndra Residual Trust and Solyndra Settlement Trust have been structured with the intention of complying with such general criteria. Pursuant to the Plan, and in conformity with Revenue Procedure 94-45, supra, all parties (including the Solyndra Residual Trustee or Solyndra Settlement Trustee, as applicable, and the holders of beneficial interests in the Solyndra Residual Trust and Solyndra Settlement Trust, as applicable) are required to treat for federal income tax

73

purposes, the Solyndra Residual Trust and Solyndra Settlement Trust as grantor trusts of which the holders of Allowed Claims are the owners and grantors.

After the Effective Date, any amount a Holder receives as a distribution from the Solyndra Residual Trust or Solyndra Settlement Trust, as applicable, in respect of its beneficial interest in such trusts should not be included, for federal income tax purposes, in the Holder's amount realized in respect of its Allowed Claim but should be separately treated as a distribution received in respect of such Holder's beneficial interest in the Solyndra Residual Trust or Solyndra Settlement Trust, as applicable.

For all federal income tax purposes, all parties (including the Solyndra Residual Trustee, Solyndra Settlement Trustee and the Holders of beneficial interests in such trusts) shall treat the transfer of assets to the Solyndra Residual Trust or Solyndra Settlement Trust, as applicable, in accordance with the terms of the Plan, as a transfer of those assets directly to the Holders of Allowed Claims followed by the transfer of such assets by such Holders to the Solyndra Residual Trust or Solyndra Settlement Trust, as applicable. Consistent therewith, all parties shall treat the Solyndra Residual Trustee and Solyndra Settlement Trustee as grantor trusts of which such Holders are to be owners and grantors. Thus, such Holders (and any subsequent Holders of interests in the Solyndra Residual Trust and Solyndra Settlement Trust) shall be treated as the direct owners of an undivided beneficial interest in the assets of such trusts for all federal income tax purposes. Accordingly, each Holder of a beneficial interest in the Solyndra Residual Trust or Solyndra Settlement Trust, as applicable, will be required to report on

74

its federal income tax return(s) the Holder's allocable share of all income, gain, loss, deduction or credit recognized or incurred by such trust.

The Solyndra Residual Trust or Solyndra Settlement Trust taxable income, as applicable, will be allocated to the Holders of beneficial interests in such trusts in accordance with each such Holder's Pro Rata share of such trusts. The Solyndra Residual Trustee and Solyndra Settlement Trustee will file with the IRS returns for their respective trusts each as a grantor trust pursuant to Treasury Regulations section 1.671-4(a). The Solyndra Residual Trustee and Solyndra Settlement Trustee, as applicable, will also send to each Holder of a beneficial interest in such trust a separate statement setting forth the Holder's share of items of income, gain, loss, deduction or credit and will instruct the Holder to report such items on its federal income tax return.

**O.   U.S. Federal Income Tax Treatment of Disputed Ownership Funds**

Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the receipt by the Solyndra Residual Trustee or Solyndra Settlement Trustee, as applicable, of an IRS private letter ruling if the Solyndra Residual Trustee or Solyndra Settlement Trustee, as applicable, so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Solyndra Residual Trustee or Solyndra Settlement Trustee, as applicable), the Solyndra Residual Trustee or Solyndra Settlement Trustee, as applicable, will (a) elect to treat any the Solyndra Residual Trust or Solyndra Settlement Trust assets, as applicable, allocable to, or retained on account of, Disputed Claims (the "Trust Claims Reserve") as a "disputed ownership fund" governed by Treasury

Regulation Section 1.468B-9, and (b) to the extent permitted by applicable law, report consistently with the foregoing for state and local income tax purposes.  Accordingly, the Trust Claims Reserve will be subject to tax annually on a separate entity basis on any net income earned with respect to the Solyndra Residual Trust or Solyndra Settlement Trust assets, as applicable, in such reserves, and all distributions from such reserves will be treated as received by Holders in respect of their Claims as if distributed by the Trust Claims Reserve.  All parties (including, without limitation, the Solyndra Residual Trustee or Solyndra Settlement Trustee, as applicable, and the Holders of beneficial interests in the Solyndra Residual Trustee or Solyndra Settlement Trustee, as applicable) will be required to report for tax purposes consistently with the foregoing.  References to the Solyndra Residual Trust and Solyndra Settlement Trust in Article VI(N) of the Plan shall be interpreted to refer only to that portion of such trusts that is not treated as a "disputed ownership fund" as described in this paragraph to the extent inconsistent with treatment under this paragraph.

**P.**     **Exit Facility for Solyndra Residual Trust**

On the Effective Date, the Plan Sponsors shall make available the Exit Facility to the Solyndra Residual Trust.  Funding from the Exit Facility shall be utilized by the Solyndra Residual Trust:  (a) with respect to the Tranche I Exit Facility, to satisfy Allowed Administrative Expenses, Priority Tax Claims (except any Secured Claims), Priority Non-Tax Claims (other than WARN Priority Claims) and Plan Expenses of the Solyndra Residual Trust, in each case not funded and paid through the Tranche II Exit Facility; and (b) with respect to the Tranche II Exit Facility, to satisfy certain Claims and expenses, including, without limitation, Priority Claims of

76

current or former employees of Solyndra (other than the WARN Priority Claims), Claims under section 503(b)(9) of the Bankruptcy Code, and Priority Tax Claims (except any Secured Claims). The Solyndra Residual Trust shall satisfy the Tranche I Exit Facility from the Solyndra Net Lender Distributable Assets prior to making any distributions to Holders of Claims other than Allowed Administrative Expenses, Allowed Priority Tax Claims, or Allowed Priority Non-Tax Claims. The Tranche I Exit Facility shall be secured by a Lien on the same assets and shall have the same priority as the DIP Credit Facility. The Tranche II Exit Facility shall be secured by a first priority Lien (subject to the Liens of the WARN Settlement Loan in specific Retained Rights of Action) on, and shall have recourse solely to, any and all Solyndra Unencumbered Assets. The specific terms of the Exit Facility shall be disclosed prior to the Confirmation Hearing in the Plan Supplement. The Solyndra Residual Trust shall satisfy all obligations under the Tranche I Exit Facility from the Solyndra Net Lender Distributable Assets prior to distributions to Holders of Prepetition Lender Claims contemplated by Article IV of this Plan.

## Q.      Retained Rights of Action of the Debtors

Unless a Right of Action of the Debtors (including the right to object to any Claim asserted against the Estates) is, in writing, expressly waived, relinquished, released, assigned, compromised, or settled in the Plan, or in a Final Order, all rights of the Estates from and after the Effective Date with respect to the Retained Rights of Action are expressly preserved for the benefit of, assigned to, and fully vested in, Reorganized Holdings, the Solyndra Residual Trust, and/or the Solyndra Settlement Trust (solely as to Trust Avoidance Claims and objections to Solyndra General Unsecured Claims), as applicable.

77

Reorganized Holdings, the Solyndra Residual Trustee, on behalf of the Solyndra Residual Trust, and the Solyndra Settlement Trustee, on behalf of the Solyndra Settlement Trust (solely as to Trust Avoidance Claims and objections to Solyndra General Unsecured Claims), as applicable, shall have standing as the representatives of the Debtors' Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code to pursue, or decline to pursue, the Retained Rights of Action and objections to Claims, as appropriate, in the business judgment of Reorganized Holdings, the Solyndra Residual Trustee, on behalf of the Solyndra Residual Trust, and/or the Solyndra Settlement Trustee, on behalf of the Solyndra Settlement Trust, as applicable.  The Solyndra Residual Trust and the Solyndra Settlement Trust, subject to the limitations set forth in Articles VI(H)(5)) and VI(L)(5) of the Plan, as applicable, may settle, release, sell, assign, otherwise transfer, or compromise, Retained Rights of Action, Avoidance Claims, and/or objections to Claims without need for notice or order of the Bankruptcy Court.

To the extent that the Solyndra Residual Trustee seeks to allow a Solyndra General Unsecured Claim in the context of settling a Retained Right of Action (excluding Trust Avoidance Claims), written consent of the Solyndra Settlement Trustee shall be required of such settlement where the allowance of such Solyndra General Unsecured Claim exceeds the unsecured claim amount of such creditor as had been reflected by Solyndra's books and records.

R.    **Corporate Action/Dissolution**

On the Effective Date, the matters under the Plan involving or requiring corporate or limited liability company action of the Debtors, including but not limited to actions requiring a vote or other approval of the board of directors, shareholders, managers or members of the

DOCS_SF:79717.19 80368-002

Debtors or the execution of any documentation incident to or in furtherance of the Plan, shall be deemed to have been authorized by the Confirmation Order and to have occurred and be in effect from and after the Effective Date without any further action by the Bankruptcy Court or the officers, directors, managers or members of the Debtors.

From and after the Effective Date, the Holders of Interests in Reorganized Holdings may take any and all necessary or appropriate actions to appoint directors, officers, and managers of Reorganized Holdings consistent with the charter, articles of incorporation, and/or by-laws of Reorganized Holdings, subject to any limitations in applicable non-bankruptcy law.

On the Effective Date, all then-incumbent officers and directors of Solyndra shall be deemed to have been removed as of such date and replaced with the Solyndra Residual Trustee as sole officer and representative of Solyndra for the purpose of winding-up Solyndra consistent with this Plan.

On the Effective Date, the Debtors' charters shall be amended to include a provision prohibiting the issuance of nonvoting equity securities and such other provisions as may be required pursuant to section 1123(a)(6) of the Bankruptcy Code. The Debtors may prepare, execute and/or file with the Delaware Secretary of State and other state governmental authorities having jurisdiction over the Debtors such amendments of their respective charters as may be necessary or appropriate under applicable non-bankruptcy law to fully effectuate such amendments.

Neither the occurrence of the Effective Date, nor the effectiveness of this Plan, nor any provision of applicable non-bankruptcy law requiring the dissolution of any business

79

entity upon the cancellation or extinguishment of all equity interests or the termination of the

sole remaining equity interest holder, shall cause a dissolution of Holdings, which shall be

continued as a corporation immediately following the Effective Date.

The respective articles or certificate of incorporation and bylaws (or other

applicable formation documents) in effect prior to the Effective Date for each Debtor shall

continue to be in effect after the Effective Date, except as amended pursuant to the Plan or, as to

Holdings, as otherwise amended as permitted by Holdings' charter, articles of incorporation,

and/or by-laws, subject to any limitations in applicable non-bankruptcy law.

On the first Business Day following the Effective Date, Solyndra shall be

dissolved without need for further action by any board of directors, shareholders, managers or

members.  In connection with the Effective Date, the Solyndra Residual Trustee is authorized to

(a) execute, acknowledge and/or file with the Delaware Secretary of State, or any other state

governmental authority having jurisdiction over Solyndra, any certificate of dissolution for

Solyndra as may be necessary or appropriate under applicable non-bankruptcy law to cause the

dissolution of Solyndra to occur and (b) execute any election to dissolve or other instrument as

may be necessary or appropriate under applicable non-bankruptcy law to cause the dissolution of

Solyndra to occur.  Notwithstanding anything to the contrary in the Plan, the Solyndra Residual

Trustee shall not be liable as a result of any action taken in accordance with the provisions of the

Plan, and after the entry of the final decree in Solyndra's Chapter 11 Case, and the Solyndra

Residual Trustee shall not have any responsibility for Solyndra following the Effective Date,

including any further responsibility for the management, supervision, administration, liquidation, winding up, or cancellation of the charter of Solyndra.

**S.**    **Interests in Affiliates and Subsidiaries**

As of the Effective Date, except as expressly provided in the Plan or by separate order of the Bankruptcy Court, the Solyndra Residual Trust shall retain any stock or interests that it may hold in its affiliates or subsidiaries and retain any rights to which such stock or interests may be entitled under applicable law with respect to such shares or other interests. After the Effective Date, the Solyndra Residual Trustee may sell, transfer, assign or otherwise dispose of such shares or interests as permitted by applicable law.

**T.**    **Payment of Plan Expenses**

The Solyndra Residual Trustee may pay all reasonable Plan Expenses of the Solyndra Residual Trust consistent with the Budget without further notice to Creditors or Holders of Interests or approval of the Bankruptcy Court; provided, however, that an accounting of the Plan Expenses, including the fees and expenses of professionals, shall be provided to the Solyndra Residual Trust Committee for review. The payment of Plan Expenses that are not contemplated by the Budget shall require the consent of the Plan Sponsors. The Plan Expenses of the Solyndra Residual Trust may also be paid out of the Solyndra Unencumbered Assets. To the extent that Holdings incurs any Plan Expenses, such amounts shall be payable by Reorganized Holdings subject to the consent of the Plan Sponsors.

**U.**    **Dissolution of Creditors' Committee**

As of the Effective Date, the Creditors' Committee shall be dissolved.

Notwithstanding such dissolution, the Creditors' Committee's professionals may seek payment

of any unpaid Administrative Expenses pursuant to the Plan.

**V.**    **Final Decree**

At any time following the Effective Date, the Solyndra Residual Trustee shall be

authorized to file a motion for the entry of a final decree closing either or both of the Chapter 11

Cases pursuant to section 350 of the Bankruptcy Code, subject to the consent of the Solyndra

Settlement Trust prior to closing Solyndra's Chapter 11 case.

**VII.**

**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**A.**    **Rejection of Executory Contracts and Unexpired Leases**

Except for any executory contracts or unexpired leases:  (i) that previously were

assumed or rejected by an order of the Bankruptcy Court, pursuant to section 365 of the

Bankruptcy Code; (ii) as to which a motion for approval of the assumption or rejection of such

contract or lease has been Filed and served prior to the Effective Date; (iii) that constitute

contracts of insurance in favor of, or that benefit, the Debtors or the Estates; or (iv) that were

previously sold, conveyed or otherwise assigned pursuant to Final Order, each executory contract

and unexpired lease entered into by the Debtors prior to the Petition Date that has not previously

expired or terminated pursuant to its own terms shall be deemed rejected pursuant to section 365

of the Bankruptcy Code as of the Effective Date.  The Confirmation Order shall constitute an

82

order of the Bankruptcy Court approving such rejections, pursuant to section 365 of the

Bankruptcy Code, as of the Effective Date.

## B.    Bar Date for Rejection Damages

If the rejection of an executory contract or unexpired lease pursuant to the Plan or

otherwise gives rise to a Claim by the other party or parties to such contract or lease, such Claim

shall be forever barred and shall not be enforceable against the Debtors or their Estates,

Reorganized Holdings, the Solyndra Residual Trust or the Solyndra Settlement Trust unless a

proof of Claim is Filed and served on the Debtors, Reorganized Holdings, the Solyndra Residual

Trust and the Solyndra Settlement Trust, and their counsel, within thirty (30) days after the

earlier of (a) Effective Date or (b) service of a notice that the executory contract or unexpired

lease has been rejected.  All such Claims for which proofs of Claim are required to be Filed, if

Allowed, will be, and will be treated as, General Unsecured Claims, subject to the provisions of

the Plan.

## VIII.

## DISTRIBUTIONS AND RELATED MATTERS

## A.    Dates of Distribution

The sections of the Plan on treatment of Administrative Expenses, Claims, and

Interests specify the times for distributions.  Whenever any payment or distribution to be made

under the Plan shall be due on a day other than a Business Day, such payment or distribution

shall instead be made, without interest, on the immediately following Business Day.

Distributions due on the Effective Date will be paid on such date or as soon as practicable

thereafter, provided that if other provisions of the Plan require the surrender of securities or

establish other conditions precedent to receiving a distribution, the distribution may be delayed

until such surrender occurs or conditions are satisfied.

If, under the terms of the Plan, the resolution of a particular Disputed Claim (*e.g.*,

it is Disallowed) entitles other Holders of Claims to a further distribution, either (a) Reorganized

Holdings, the Solyndra Residual Trust, or the Solyndra Settlement Trust, as applicable, may

make such further distribution as soon as practicable after the resolution of the Disputed Claim

or (b) if the further distribution is determined in good faith by Reorganized Holdings, the

Solyndra Residual Trust, or the Solyndra Settlement Trust, as applicable, to be less than $100 for

any Creditor, then, in order to afford an opportunity to minimize costs and aggregate such

distributions, Reorganized Holdings, the Solyndra Residual Trust, or the Solyndra Settlement

Trust, as applicable, may make such further distribution any time prior to sixty (60) days after

the Final Resolution Date or with the next distribution, in the discretion of Reorganized

Holdings, the Solyndra Residual Trust, or the Solyndra Settlement Trust, as applicable.

## B.    Cash Distributions

Distributions of Cash may be made either by check drawn on a domestic bank or

wire transfer from a domestic bank, at the option of Reorganized Holdings, the Solyndra

Residual Trust, or the Solyndra Settlement Trust, as applicable, except that Cash payments made

to foreign Creditors may be made in such funds and by such means as are necessary or

customary in a particular foreign jurisdiction.

C.     **Rounding of Payments**

Whenever payment of a fraction of a cent would otherwise be called for, the

actual payment shall reflect a rounding down of such fraction to the nearest whole cent.  To the

extent Cash remains undistributed as a result of the rounding of such fraction to the nearest

whole cent, such Cash shall be treated as "Unclaimed Property" under the Plan.

D.     **Disputed Claims**

Notwithstanding all references in the Plan to Claims that are Allowed, solely for

the purpose of calculating the amount or number of distributions to be made on account of

Allowed Claims or Allowed Administrative Expenses under the Plan, such calculations shall be

made as if each Disputed Claim were an Allowed Claim or Allowed Administrative Expense,

except that if the Bankruptcy Court estimates the likely portion of a Disputed Claim to be

Allowed or authorized or otherwise determines the amount or number which would constitute a

sufficient reserve for a Disputed Claim (which estimates and determinations may be requested by

Reorganized Holdings, the Solyndra Residual Trust, or the Solyndra Settlement Trust, as

applicable), such amount or number as determined by the Bankruptcy Court shall be used for

calculations as to such Disputed Claim.

All distributions due in respect of a Disputed Claim shall be held and not made

pending resolution of the Disputed Claim.

If an objection to a Disputed Claim is withdrawn, resolved by agreement, or

determined by Final Order, the distributions due on account of any resulting Allowed Claim or

Allowed Administrative Expense shall be made by Reorganized Holdings, the Solyndra Residual

Trust, or the Solyndra Settlement Trust, as applicable.  Such distribution shall be made within

forty-five (45) days of the date that the Disputed Claim becomes an Allowed Claim or Allowed

Administrative Expense or as soon thereafter as reasonably practicable.  No interest shall be due

to a Holder of a Disputed Claim based on the delay attendant to determining the allowance of

such Claim, Interest or Administrative Expense.

**E.      Undeliverable and Unclaimed Distributions**

If any distribution under the Plan, other than a distribution pursuant to the WARN

Settlement,[6] is returned to Reorganized Holdings, the Solyndra Residual Trust, or the Solyndra

Settlement Trust as undeliverable or the check or other similar instrument or distribution by

Reorganized Holdings, the Solyndra Residual Trust, or the Solyndra Settlement Trust, as

applicable, remains uncashed or unclaimed, as applicable, for ninety (90) days, such Cash shall

be deemed to be "Unclaimed Property."  Upon property becoming Unclaimed Property, it

immediately shall be revested in Reorganized Holdings, the Solyndra Residual Trust, or the

Solyndra Settlement Trust, as applicable.  For the avoidance of doubt, unclaimed distributions

out of the Holdings Settlement Fund or the Solyndra Settlement Fund shall be revested in such

fund, respectively, and made available for distribution to other Holders of Allowed General

Unsecured Claims in accordance with this Plan.

Once there becomes Unclaimed Property for a Holder, no subsequent

distributions for such Holder which may otherwise be due under the Plan will accrue or be held

for such Holder, provided that, if the applicable agent is notified in writing of such Holder's

---

[6] Returned or undeliverable distributions on the Allowed WARN Priority Claims of the WARN Employees shall be governed by the terms of the WARN Settlement.

then-current address and status as a Holder under the Plan, thereafter, the Holder will become entitled to its share of distributions, if any, which first become due after such notification.

**F.      Distributions by Solyndra Settlement Trustee**

Notwithstanding any provision in the Plan to the contrary, no payment of less than Twenty-Five Dollars ($25.00) ("Nominal Payment") shall be made on account of any Allowed Solyndra General Unsecured Claim.  If there are multiple distributions from the Solyndra Settlement Trust, all Nominal Payments shall remain in the Solyndra Settlement Trust and accumulate until the final distribution.  At that time, if the Nominal Payments remain less than $25.00, they shall be treated as Unclaimed Property and otherwise subject to Article VIII(E) hereof.

Notwithstanding any other provision of the Plan, if and to the extent that the Solyndra Settlement Trust has assets including Cash with a value of no more than $25,000 after the final distribution has been made, the Solyndra Settlement Trustee may, in lieu of making further distributions, donate such Cash held by the Solyndra Settlement Trust to a nonprofit organization or organizations that are exempt pursuant to section 501(c) of the Internal Revenue Code (Title 26 of the United States Code).

**G.      Compliance with Tax Requirements**

Reorganized Holdings, the Solyndra Residual Trust, and the Solyndra Settlement Trust, as applicable, shall comply with all withholding and reporting requirements imposed by federal, state or local taxing authorities in connection with making distributions pursuant to the

Plan, including, without limitation, in respect of distributions of the Net WARN Settlement

Proceeds to the WARN Employees hereunder.

In connection with each distribution with respect to which the filing of an

information return (such as an IRS Form 1099 or 1042) or withholding is required, Reorganized

Holdings, the Solyndra Residual Trust, or the Solyndra Settlement Trust, as applicable, shall file

such information return with the IRS and provide any required statements in connection

therewith to the recipients of such distribution, or effect any such withholding and deposit all

moneys so withheld to the extent required by law.  With respect to any Person, not including

WARN Employees, from whom a tax identification number, certified tax identification number

or other tax information required by law to avoid withholding has not been received,

Reorganized Holdings, the Solyndra Residual Trust, or the Solyndra Settlement Trust, as

applicable, may, in its sole option, withhold the amount required and distribute the balance to

such Person or decline to make such distribution until the information is received; provided,

however, that Reorganized Holdings, the Solyndra Residual Trust, or the Solyndra Settlement

Trust, as applicable, shall not be obligated to liquidate any securities to perform such

withholding.

**H.    Record Date in Respect to Distributions**

Except as set forth below, the record date and time for the purpose of determining

which Persons are entitled to receive any and all distributions on account of any Allowed Claims

or Interests, irrespective of the date of or number of distributions, shall be the same as the Record

Date.

I.    **Reserves**

In making any distributions in respect of Claims under this Plan, Reorganized Holdings, the Solyndra Residual Trust, or the Solyndra Settlement Trust, as applicable, shall reserve an appropriate and adequate amount of Cash on account of any unresolved Disputed Claims.  Reorganized Holdings, the Solyndra Residual Trust, or the Solyndra Settlement Trust, as applicable, shall make a corrective distribution following the successful resolution of any Disputed Claim on the next regularly scheduled distribution date.

## IX.

## LITIGATION, OBJECTIONS TO CLAIMS, AND DETERMINATION OF TAXES

A.    **Litigation; Objections to Claims; Objection Deadline**

Except as may be expressly provided otherwise in the Plan, Reorganized Holdings, the Solyndra Residual Trustee, on behalf of the Solyndra Residual Trust, or the Solyndra Settlement Trustee, on behalf of Solyndra Settlement Trust (solely as to Trust Avoidance Claims and objections to Solyndra General Unsecured Claims), as applicable, shall be responsible for pursuing Retained Rights of Action, any objection to the allowance of any Claim, and the determination of Tax issues and liabilities.

As of the Effective Date, Reorganized Holdings, the Solyndra Residual Trustee, on behalf of the Solyndra Residual Trust, or the Solyndra Settlement Trustee, on behalf of the Solyndra Settlement Trust (solely as to objections to Solyndra General Unsecured Claims), as applicable, shall have exclusive authority to file objections, settle, compromise, withdraw or litigate to judgment objections to Claims.  Unless another date is established by the Bankruptcy

89

Court *sua sponte* (which may so act without notice or hearing) or is established by other

provisions of the Plan, any objection to a Claim shall be filed with the Bankruptcy Court and

served on the Person holding such Claim within one hundred twenty (120) days after the

Effective Date (the "Objection Deadline"), provided that Reorganized Holdings, the Solyndra

Residual Trustee, on behalf of the Solyndra Residual Trust, or the Solyndra Settlement Trustee,

on behalf of the Solyndra Settlement Trust (solely as to objections to Solyndra General

Unsecured Claims), as applicable, may seek extension(s) thereof subject to Bankruptcy Court

approval and with notice only to parties that have requested such notice pursuant to Bankruptcy

Rule 2002.

  In addition to any other available remedies or procedures with respect to Tax

issues or liabilities or rights to Tax refunds, Reorganized Holdings, the Solyndra Residual

Trustee, on behalf of the Solyndra Residual Trust, or the Solyndra Settlement Trustee, on behalf

of the Solyndra Settlement Trust (solely as to objections to Solyndra General Unsecured Claims),

as applicable, at any time, may utilize (and receive the benefits of) section 505 of the Bankruptcy

Code with respect to: (1) any Tax issue or liability or right to a Tax refund relating to an act or

event occurring prior to the Effective Date; or (2) any Tax liability or right to a Tax refund

arising prior to the Effective Date.  If Reorganized Holdings, the Solyndra Residual Trustee, on

behalf of the Solyndra Residual Trust, or the Solyndra Settlement Trustee, on behalf of the

Solyndra Settlement Trust (solely as to objections to Solyndra General Unsecured Claims), as

applicable, utilize section 505(b) of the Bankruptcy Code: (1) the Bankruptcy Court shall

determine the amount of the subject Tax liability or right to a Tax refund in the event that the

appropriate governmental entity timely determines a Tax to be due in excess of the amount

indicated on the subject return; and (2) if the prerequisites are met for obtaining a discharge of

Tax liability in accordance with section 505(b) of the Bankruptcy Code, Reorganized Holdings,

the Solyndra Residual Trust, or the Solyndra Settlement Trust (solely as to objections to

Solyndra General Unsecured Claims), as applicable, shall be entitled to such discharge which

shall apply to any and all Taxes relating to the period covered by such return.

**B.** **Temporary or Permanent Resolution of Disputed Claims**

Reorganized Holdings, the Solyndra Residual Trustee, on behalf of the Solyndra

Residual Trust, or the Solyndra Settlement Trustee, on behalf of the Solyndra Settlement Trust

(solely as to objections to Solyndra General Unsecured Claims), as applicable, may request, at

any time prior to the Effective Date or on and after the Effective Date, that the Bankruptcy Court

estimate any contingent or unliquidated Disputed Claim pursuant to section 502(c) of the

Bankruptcy Code, irrespective of whether any party has previously objected to such Disputed

Claim. The Bankruptcy Court will retain jurisdiction to estimate any contingent or unliquidated

Disputed Claim at any time during litigation concerning any objection to the Disputed Claim. If

the Bankruptcy Court estimates any contingent or unliquidated Disputed Claim, that estimated

amount would constitute either the Allowed amount of such Disputed Claim or a maximum

limitation on such Disputed Claim, as determined by the Bankruptcy Court. If the estimated

amount constitutes a maximum limitation on such Disputed Claim, Reorganized Holdings, the

Solyndra Residual Trustee, on behalf of the Solyndra Residual Trust, or the Solyndra Settlement

Trustee, on behalf of the Solyndra Settlement Trust (solely as to objections to Solyndra General

91

Unsecured Claims), as applicable, may elect from and after the Effective Date to pursue any

supplemental proceedings to object to any ultimate payment on account of such Disputed Claim.

In addition, Reorganized Holdings, the Solyndra Residual Trustee, on behalf of the Solyndra

Residual Trust, or the Solyndra Settlement Trustee, on behalf of the Solyndra Settlement Trust

(solely as to objections to Solyndra General Unsecured Claims), as applicable, may resolve or

adjudicate any Disputed Claim from and after the Effective Date in the manner in which the

amount of such Claim, Interest or Administrative Expense and the rights of the Holder of such

Claim, Interest or Administrative Expense would have been resolved or adjudicated if the

Chapter 11 Cases had not been commenced.  All of the aforementioned objection, estimation and

resolution procedures are cumulative and not necessarily exclusive of one another.

## C.    Setoffs

Reorganized Holdings, the Solyndra Residual Trustee, on behalf of the Solyndra

Residual Trust, or the Solyndra Settlement Trustee, on behalf of the Solyndra Settlement Trust

may,[7] but shall not be required to, setoff against any Claim, and the payments or other

distributions to be made pursuant to the Plan in respect of such Claim, claims of any nature

whatsoever that any Debtor, the Solyndra Residual Trust, or the Solyndra Settlement Trust may

have against the Holder of such Claim; provided, however, neither the failure to do so nor the

allowance of any Claim hereunder shall constitute a waiver or release by Reorganized Holdings,

the Solyndra Residual Trustee, on behalf of the Solyndra Residual Trust, or the Solyndra

Settlement Trustee, on behalf of the Solyndra Settlement Trust, as applicable, of any such claim

---

[7] For avoidance of doubt, no setoffs may be applied to any Allowed WARN Priority Claims of WARN Employees.

that the Debtors, the Solyndra Residual Trust, or the Solyndra Settlement Trustee may have

against such Holder, unless otherwise agreed to in writing by such Holder and the Solyndra

Residual Trustee or the Solyndra Settlement Trustee, as applicable.

**D.**    **Preservation of Retained Rights of Action**

In accordance with section 1123(b) of the Bankruptcy Code, Reorganized

Holdings, the Solyndra Residual Trustee, on behalf of the Solyndra Residual Trust, and the

Solyndra Settlement Trustee, on behalf of the Solyndra Settlement Trust, as applicable, and their

successors, any assigns hereunder and future assigns will retain and may exclusively enforce any

Retained Rights of Action and the Confirmation Order shall be deemed a *res judicata*

determination of such rights to retain and exclusively enforce such Retained Rights of Action.

Absent such express waiver or release, Reorganized Holdings, the Solyndra Residual Trustee, on

behalf of the Solyndra Residual Trust, and the Solyndra Settlement Trustee, on behalf of the

Solyndra Settlement Trust, as applicable, or their successors or assigns shall have standing as the

representatives of the Debtors' Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code

to pursue Retained Rights of Action, as appropriate, in accordance with the best interests of

Reorganized Holdings, the Solyndra Residual Trust, and the Solyndra Settlement Trust, as

applicable (or their successors or future assigns).  The Retained Rights of Action may be asserted

or prosecuted before or after solicitation of votes on the Plan or before or after the Effective

Date.

Absent an express waiver or release set forth in the Plan, nothing in the Plan shall

(or is intended to) prevent, estop or be deemed to preclude Reorganized Holdings, the Solyndra

93

Residual Trustee, on behalf of the Solyndra Residual Trust, and the Solyndra Settlement Trustee, on behalf of the Solyndra Settlement Trust, as applicable, from utilizing, pursuing, prosecuting or otherwise acting upon all or any of their Retained Rights of Action and, therefore, no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches shall apply to such Retained Rights of Action upon or after Confirmation or Consummation.

## X.

## INJUNCTION AND EXCULPATION PROVISIONS

### A.    Injunctions

#### 1.    Generally

Unless otherwise provided in the Plan or the Confirmation Order and subject to Article X(D) below, all injunctions and stays provided for in the Chapter 11 Cases pursuant to sections 105 and 362 of the Bankruptcy Code or otherwise in effect on the Confirmation Date, shall remain in full force and effect until the Effective Date.  From and after the Effective Date, subject to Article X(D) below, all Persons are permanently enjoined from, and restrained against, commencing or continuing in any court any suit, action or other proceeding, or otherwise asserting any claim or interest, (a) seeking to hold (i) the Debtors, their Estates, Reorganized Holdings, the Solyndra Residual Trust, the Solyndra Residual Trustee, the Solyndra Residual Trust Committee, the Creditors' Committee, the Solyndra Settlement Trust, the Solyndra Settlement Trustee, or the Solyndra Settlement Trust Committee, (ii) the property of the Debtors, their Estates, Reorganized Holdings, the Solyndra Residual Trust, or the Solyndra Settlement

94

Trust, liable for any Claim, obligation, right, interest, debt or liability that has been released pursuant to the Plan.

2. **Injunction Related to Rights of Action and Claims,**
**Administrative Expenses and Interests**

*Except as provided in the Plan or in the Confirmation Order and subject to Article X(D) below, as of the Confirmation Date, all Entities that have held, currently hold or may hold a Claim, Administrative Expense, Interest or other debt or liability that is stayed, Impaired or terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against property of the Debtors, their Estates, the Solyndra Residual Trust, the Solyndra Residual Trustee, the Solyndra Residual Trust Committee, the Solyndra Settlement Trust, the Solyndra Settlement Trustee, or the Solyndra Settlement Trust Committee on account of all or such portion of any such Claims, Administrative Expenses, Interests, debts or liabilities that are stayed, Impaired or terminated:  (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order, (c) creating, perfecting or enforcing any lien or encumbrance; and (d) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan.  To avoid any doubt, (i) except as otherwise expressly noted in the Plan, nothing in the Plan shall be construed or is intended to discharge Solyndra from any debt for purposes of section 1141(d) of the Bankruptcy Code, (ii) nothing in the Plan shall affect, enjoin, modify, release or waive any claims, rights, and actions that a third party may have against a person other than the Debtors, their Estates, the Solyndra Residual Trust, the Solyndra Residual Trustee, the Solyndra Residual*

95

*Trust Committee, the Solyndra Settlement Trust, the Solyndra Settlement Trustee, or the*

*Solyndra Settlement Trust Committee; and (iii) nothing in the Plan shall affect or diminish any*

*defense to a Retained Right of Action or to any action brought by a third party against a Person*

*other than the Debtors, or the right of any person to assert a right of setoff, right of subrogation*

*or recoupment of any kind.*

### 3.    Discharge of Holdings

Except as otherwise provided in the Plan or in the Confirmation Order, rights

afforded in, and all consideration distributed under, this Plan shall be in exchange for, and in

complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever

against Holdings or any of its assets or properties, except as to the Holdings Settlement Fund.

Upon the Effective Date, Holdings shall be deemed discharged and released under section

1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, without limitation,

demands and liabilities that arose before the Confirmation Date, and all debts of the kind

specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (a) a Claim

based upon such debt is Allowed under Section 501 of the Bankruptcy Code, or (b) a Claim

based upon such debt is Allowed under Section 502 of the Bankruptcy Code, or (c) the Holder of

a Claim based upon such debt accepted this Plan, *provided, however*, that as to the United States,

its agencies, departments or agents, nothing in the Plan or Confirmation Order shall discharge,

release, or otherwise preclude: (1) any liability of Holdings arising on or after the Effective Date;

(2) any liability that is not a "claim" within the meaning of section 101(5) of the Bankruptcy

Code; (3) any valid defense of setoff or recoupment with respect to a Claim; and (4) any liability

96

of Holdings under environmental law arising after the Effective Date as the owner or operator of

property that such entity owns or operates after the Effective Date. The injunction and release

provisions set forth in Article X of the Plan and any similar provisions in the Plan or

Confirmation Order, are not intended and shall not be construed to bar the United States from,

subsequent to the Confirmation Date, pursuing any police or regulatory action.

## B.    <u>Exculpation</u>

As of and subject to the occurrence of the Effective Date and subject to Article

X(D) below, for good and valuable consideration, including the consideration provided under the

Plan, each of the Debtors and their Representatives, and the members of the Creditors'

Committee (acting in such capacity) and the Creditors' Committee's Representatives, shall

neither have nor incur any liability to any Person or Entity for any act taken or omitted to be

taken, in connection with, or related to, the formulation, preparation, dissemination,

implementation, administration, Confirmation or Consummation of the Plan or any contract,

instrument, waiver, release or other agreement or document created or entered into, in connection

with the Plan, or any other act taken or omitted to be taken in connection with the Chapter 11

Cases up to and including the Effective Date; provided, however, that the foregoing provisions of

this subsection shall have no effect on the liability of any Person or Entity that results from any

such act or omission that is determined in a Final Order to have constituted gross negligence or

willful misconduct.

DOCS_SF:79717.19 80368-002

C.    **Estate Releases of Prepetition Lenders and Debtors' Employees**

*As of and subject to the occurrence of the Effective Date and subject to Article*

*X(D) below, for good and valuable consideration, including the consideration provided under*

*the Plan, and as part of the Plan Settlement as described herein and the Disclosure Statement,*

*each of the Debtors, for themselves and the Estates, the Plan Sponsors, the lenders under the*

*Exit Facility, the Solyndra Settlement Fund Loan and the WARN Settlement Loan, the Creditors'*

*Committee and its respective members (acting in such capacity), and the Solyndra Settlement*

*Trustee hereby irrevocably, unconditionally and generally releases each of the Prepetition*

*Lenders, the Debtors' Employees, and each of the foregoing parties' Representatives (together,*

*the "Released Parties"), from any and all actions, causes of action, Rights of Action, suits,*

*debts, dues, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies,*

*agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims,*

*proceedings and demands of whatsoever character, nature and kind, in law, admiralty or equity,*

*including but not limited to claims based on statute, common law, public policy, contract*

*(whether oral or written, express or implied) or tort law, which such Person or Entity ever had,*

*now have or hereafter can, shall or may have against any of the Released Parties from the*

*beginning of the world to the Effective Date that in any way relates to any of the Debtors, the*

*Estates or the Chapter 11 Cases.  Further, upon the Effective Date, the Challenge Period*

*Termination Date under the Final DIP Order shall be deemed to have occurred and the releases*

*in favor of the Prepetition Lenders contained in section 10.14(b) of the DIP Credit Facility, as*

*modified by section 26 of the Final DIP Order, shall be in full force and effect.*

D.      **Reservation of Rights of United States**

Other than as set forth in Articles X(A)(3) and X(B) above, nothing in this Plan or the Confirmation Order shall be construed as either (1) enjoining, restraining or staying or (2) releasing any claim of the United States, its agencies, departments or agents against any Entity that is not a Debtor in these Chapter 11 Cases.

## XI.

## PENSION PLANS, OTHER RETIREE BENEFITS AND LABOR CONTRACTS

The Debtors are not obligated pursuant to section 1129(a)(13) of the Bankruptcy Code to pay any "retiree benefits" (as that term is defined in section 1114(a) of the Bankruptcy Code).

## XII.

## NO REGULATED RATE CHANGE WITHOUT GOVERNMENT APPROVAL

The Debtors do not charge any rates for purposes of section 1129(a)(6) that are regulated by any governmental regulatory commission with jurisdiction under applicable non-bankruptcy law.

## XIII.

## EXEMPTION FROM CERTAIN TRANSFER TAXES

Pursuant to section 1146(c) of the Bankruptcy Code, any transfers by the Debtors pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax or other similar Tax or governmental assessment.

99

## XIV.

## RETENTION OF JURISDICTION AND MISCELLANEOUS MATTERS

**A.**    **Retention of Jurisdiction**

Notwithstanding the entry of the Confirmation Order or the occurrence of the

Effective Date, the Bankruptcy Court shall retain jurisdiction over the Chapter 11 Cases and any

of the proceedings related to the Chapter 11 Cases pursuant to section 1142 of the Bankruptcy

Code and 28 U.S.C. § 1334 to the fullest extent permitted by the Bankruptcy Code and other

applicable law, including, without limitation, such jurisdiction as is necessary to ensure that the

purpose and intent of the Plan are carried out.  Without limiting the generality of the foregoing,

the Bankruptcy Court shall retain jurisdiction for the following purposes:

> (1)    establish the priority or secured or unsecured status of, allow, disallow, determine, liquidate, classify, or estimate any Claim, Administrative Expense or Interest (including, without limitation and by example only, determination of Tax issues or liabilities in accordance with section 505 of the Bankruptcy Code), resolve any objections to the allowance or priority of Claims, Administrative Expenses or Interests, or resolve any dispute as to the treatment necessary to reinstate a Claim, Administrative Expense or Interest pursuant to the Plan;

> (2)    grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending on or before the Effective Date;

> (3)    resolve any matters related to the rejection of any executory contract or unexpired lease to which either of the Debtors is a party or with respect to which either of the Debtors may be liable, and to hear, determine and, if necessary, liquidate any Claims or Administrative Expenses arising therefrom;

> (4)    ensure that distributions to Holders of Allowed Claims, Administrative Expenses or Interests are made pursuant to the provisions of the Plan, and to effectuate performance of the provisions of the Plan;

100

(5)      decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving the Debtors that may be pending before the Effective Date or that may be commenced thereafter as provided in the Plan;

(6)      enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, indentures and other agreements or documents created in connection with the Plan, the Disclosure Statement or the Confirmation Order, except as otherwise provided in the Confirmation Order or in the Plan, including, without limitation, any stay orders as may be appropriate in the event that the Confirmation Order is for any reason reversed, stayed, revoked, modified, supplemented or amended;

(7)      resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan or the Confirmation Order;

(8)      subject to the restrictions on modifications provided in any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, modify the Plan before or after the Effective Date pursuant to section 1127 of the Bankruptcy Code or modify the Disclosure Statement, the Confirmation Order or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, the Disclosure Statement or the Confirmation Order; or remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, the Disclosure Statement or the Confirmation Order, in such manner as may be necessary or appropriate to consummate the Plan, to the extent authorized by the Bankruptcy Code;

(9)      issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Person with the consummation, implementation or enforcement of the Plan or the Confirmation Order,

(10)      consider and act on the compromise and settlement of any Claim against, or Retained Right of Action of Reorganized Holdings or the Solyndra Residual Trust;

(11)    decide or resolve any Retained Rights of Action under the Bankruptcy Code;

(12)    enter such orders as may be necessary or appropriate in connection with the recovery of the assets of Reorganized Holdings or the Solyndra Residual Trust wherever located;

(13)    hear and decide any objections to Solyndra General Unsecured Claims brought by the Solyndra Settlement Trustee;

(14)    hear and decide any Trust Avoidance Claims brought by the Solyndra Settlement Trustee;

(15)    hear and determine any motions or contested matters involving Tax Claims or Taxes either arising prior (or for periods including times prior) to the Effective Date or relating to the administration of the Chapter 11 Cases, including, without limitation (i) matters involving federal, state and local Taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code, (ii) matters concerning Tax refunds due for any period including times prior to the Effective Date, and (iii) any matters arising prior to the Effective Date affecting Tax attributes of the Debtors;

(16)    determine such other matters as may be provided for in the Confirmation Order or as may from time to time be authorized under the provisions of the Bankruptcy Code or any other applicable law;

(17)    enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings issued or entered in connection with the Chapter 11 Cases or the Plan;

(18)    remand to state court any claim, cause of action, or proceeding involving either of the Debtors that was removed to federal court, in whole or in part in reliance upon 28 U.S.C. § 1334;

(19)    determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, the Disclosure Statement or the Confirmation Order, except as otherwise provided in the Plan;

(20)    determine any other matter not inconsistent with the Bankruptcy Code; and

DOCS_SF:79717.19 80368-002

(21)    enter an order or final decree concluding the Chapter 11 Cases.

**B.    Miscellaneous Matters**

### 1.    Headings

The headings used in the Plan are inserted for convenience only and neither constitute a portion of the Plan nor in any manner affect the construction of the provisions of the Plan.

### 2.    Services by and Fees for Professionals and Certain Parties

Fees and expenses for the Professional Persons retained by the Debtors or the Creditors' Committee for services rendered and costs incurred after the Petition Date and prior to the Effective Date will be fixed by the Bankruptcy Court after notice and a hearing and such fees and expenses will be paid by Reorganized Holdings or the Solyndra Residual Trust, as applicable (less deductions for any and all amounts thereof already paid to such Persons with respect thereto), within five (5) Business Days after entry of a Final Order of the Bankruptcy Court approving such fees and expenses.  From and after the Effective Date, Reorganized Holdings, the Solyndra Residual Trust, and the Solyndra Settlement Trust, as applicable, shall in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, pay the reasonable fees and expenses of professionals thereafter incurred by Reorganized Holdings, the Solyndra Residual Trust, and the Solyndra Settlement Trust (solely as to Avoidance Claims and objections to Solyndra General Unsecured Claims), as applicable, related to: (a) the implementation or consummation of the Plan; (b) the prosecution of any objections to Claims, Administrative Expenses or Interests, or (c) litigation or other Retained Rights of Action

103

reserved by Reorganized Holdings, the Solyndra Residual Trust, or the Solyndra Settlement

Trust, as applicable, under the Plan.

### 3.    Bar Date for Administrative Expenses

Requests for payment of all Administrative Expenses, other than for those for

which a Bar Date was previously set or for which a request and/or proof of Claim has previously

been filed, must be Filed and served on Reorganized Holdings and the Solyndra Residual Trust,

as applicable, the Prepetition Lenders, and the United States Trustee by no later than thirty (30)

days after the Effective Date.  Reorganized Holdings and the Solyndra Residual Trust, as

applicable, shall have until sixty (60) days after the Effective Date to bring an objection to a

Timely Filed request for payment of an Administrative Expense.  Nothing in the Plan shall

prohibit Reorganized Holdings and the Solyndra Residual Trust, as applicable, from paying

Administrative Expenses in the ordinary course in accordance with applicable law during or after

the Chapter 11 Cases, but after the Effective Date, Reorganized Holdings' or the Solyndra

Residual Trust's obligation, as applicable, to pay an Administrative Expense will depend upon

the claimant's compliance with this section and such Administrative Expense being Allowed

under the provisions of the Plan.  Notwithstanding the foregoing provisions of this Section, but

except as may be expressly provided in other sections of the Plan, Professional Persons

requesting compensation or reimbursement of expenses incurred after the Petition Date and prior

to the Effective Date must file and serve, on all parties entitled to notice thereof, a Fee

Application for final allowance of compensation and reimbursement of expenses in accordance

with the various orders of the Bankruptcy Court establishing procedures for submission and

review of such applications; provided that, if no last date is set in such procedures for filing such

applications, they must be filed no later than sixty (60) days after the Effective Date and any

objections to such applications must be made in accordance with applicable rules of the

Bankruptcy Court.

4.    **Notices**

All notices and requests in connection with the Plan shall be in writing and shall

be hand delivered or sent by mail addressed to:

> PACHULSKI STANG ZIEHL & JONES LLP
> Attn:   Richard M. Pachulski, Esq.
>         Debra I. Grassgreen, Esq.
>         Bruce Grohsgal, Esq.
>         Maxim B. Litvak, Esq.
> 919 North Market Street, 17th Floor
> Wilmington, DE 19899
> Telephone:  (302) 652-4100
> Facsimile: (302) 652-4400
>
>            -- and –
>
> GIBSON, DUNN & CRUTCHER LLP
> Attn:   Michael A. Rosenthal, Esq.
>         J. Eric Wise, Esq.
>         Matthew K. Kelsey, Esq.
> 200 Park Avenue
> New York, New York 10166
> Telephone:  (212) 351-4000
> Facsimile:  (212) 351-4035

All notices and requests to any Person of record holding any Claim,

Administrative Expense or Interest shall be sent to such Person at the Person's last known

address or to the last known address of the Person's attorney of record.  Any such Person may

designate in writing any other address for purposes of this Section of the Plan, which designation will be effective on receipt.

5.      **Successors and Assigns**

The rights, duties and obligations of any Person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such Person.

6.      **Severability of Plan Provisions**

If, prior to Confirmation, any non-material term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court will have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision will then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order will constitute a judicial determination that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to their terms.

7.      **No Waiver**

Except as to the Claims of the Prepetition Lenders which are Allowed by the Plan, neither the failure of the Debtors to list a Claim in the Debtors' Schedules, the failure of the

Debtors to object to any Claim or Interest for purposes of voting, the failure of the Debtors to object to a Claim, Administrative Expense or Interest prior to Confirmation or the Effective Date, the failure of the Debtors to assert a Retained Right of Action prior to Confirmation or the Effective Date, the absence of a proof of Claim having been filed with respect to a Claim, nor any action or inaction of the Debtors or any other party with respect to a Claim, Administrative Expense, Interest or Retained Right of Action other than a legally effective express waiver or release shall be deemed a waiver or release of the right of Reorganized Holdings, the Solyndra Residual Trust, or the Solyndra Settlement Trust (solely as to Avoidance Claims that are included within the Solyndra Settlement Trust Assets and objections to Solyndra General Unsecured Claims), as applicable, or their successors, before or after solicitation of votes on the Plan or before or after Confirmation or the Effective Date to (a) object to or examine such Claim, Administrative Expense or Interest, in whole or in part or (b) retain and either assign or exclusively assert, pursue, prosecute, utilize, otherwise act or otherwise enforce any Rights of Action.

### 8.    Inconsistencies

In the event the terms or provisions of the Plan are inconsistent with the terms and provisions of the exhibits to the Plan or documents executed in connection with the Plan, the terms of the Plan shall control.

### 9.    U.S. Trustee Fees

All fees payable on or before the Effective Date pursuant to section 1930 of title 28 of the United States Code shall be paid by the Debtors on or before the Effective Date.  From

107

and after the Effective Date, Reorganized Holdings and the Solyndra Residual Trust, as

applicable, shall pay the fees assessed against their respective Debtor's Estate until such time as

the particular Chapter 11 Case is closed, dismissed or converted.  In addition, Reorganized

Holdings and the Solyndra Residual Trust, as applicable, shall file post-confirmation quarterly

reports in conformity with the U.S. Trustee guidelines until entry of an order closing or

converting the applicable Chapter 11 Case.

### 10.  Plan Supplement

No later than ten (10) days prior to the Confirmation Hearing, the Debtors shall

File with the Bankruptcy Court the Plan Supplement, which shall contain such agreements and

other documents as may be necessary or appropriate to effectuate and further evidence the terms

and conditions of the Plan.  Holders of Claims or Interests may obtain a copy of the Plan

Supplement upon written request to the Claims Agent.

### 11.  Preservation of Insurance

The Debtors' release from and payment of Claims as provided in the Plan shall

not diminish or impair the enforceability of any insurance policy that may cover any Claims,

including, without limitation, any Claims on account of the Debtors' officers or directors.

### 12.  Waiver of Stay

The Debtors request as part of the Confirmation Order a waiver from the

Bankruptcy Court of the fourteen (14) day stay of Bankruptcy Rule 3020(e) and, to the extent

applicable, a waiver of the fourteen (14) day stay of Bankruptcy Rule 6004(h).

13.    **Choice of Law**

Except to the extent a rule of law or procedures is supplied by federal law

(including but not limited to the Bankruptcy Code and the Bankruptcy Rules), this Plan shall be

governed by, and construed in accordance with, the laws of the State of Delaware applicable to

contracts executed in and to be performed in that State.

XV.

CONDITIONS TO CONFIRMATION AND EFFECTIVENESS

A.    **Conditions Precedent to Plan Effectiveness**

The Plan will not be consummated and the Effective Date will not occur unless

and until (A) the Confirmation Order is in a form reasonably acceptable to the Debtors, the Plan

Sponsors, and the Creditors' Committee and confirms this Plan as to both Debtors; (B) all

documents to be provided in the Plan Supplement are in form and substance reasonably

acceptable to the Debtors, the Plan Sponsors, and the Creditors' Committee, (C) the

Confirmation Order shall be a Final Order; (D) the Holdings Settlement Fund, the Solyndra

Settlement Fund, the WARN Settlement Amount, and the Solyndra Settlement Trust

Contribution shall be available for immediate funding; (E) all settlements with the WARN

Plaintiffs, the Holdings Creditors, and the Creditors' Committee contemplated herein are

approved either (1) by a Final Order of the Bankruptcy Court or (2) the Confirmation Order, and

(F) the Exit Facility shall have been made available to the Solyndra Residual Trust.  Any of the

foregoing conditions may be waived by the Debtors with the consent of the Plan Sponsors and

109

the Creditors' Committee (which consent shall not be unreasonably withheld) (such waiver shall

not require any notice, Bankruptcy Court order, or any further action).

**B.**     **Effect of Non-Occurrence of Conditions to Effective Date**

Each of the conditions to the Effective Date must be satisfied or duly waived, as

provided above, within thirty (30) days after the Confirmation Date.  If each condition to the

Effective Date has not been satisfied or duly waived, as described above, within thirty (30) days

after the Confirmation Date, then upon motion by the Debtors made before the time that each of

such conditions has been satisfied or duly waived in accordance with the provisions herein and

upon notice to such parties in interest as the Bankruptcy Court may direct, the Confirmation

Order shall be vacated by the Bankruptcy Court.  Notwithstanding the filing of such motion,

however, the Confirmation Order may not be vacated if each of the conditions to the Effective

Date is either satisfied or duly waived before the Bankruptcy Court enters an order granting such

motion.  If the Confirmation Order is vacated for failure to satisfy a condition to the Effective

Date, the Plan shall be deemed null and void in all respects.

## XVI.

## EFFECT OF CONFIRMATION

**A.**     **Binding Effect of Confirmation**

Confirmation will bind the Debtors, all Holders of Claims, Administrative

Expenses, or Interests and other parties in interest to the provisions of the Plan whether or not the

Claim, Administrative Expense, or Interest of such Holder is Impaired under the Plan and

DOCS_SF:79717.19 80368-002

whether or not the Holder of such Claim, Administrative Expense, or Interest has accepted the Plan.

**B.      Good Faith**

Confirmation of the Plan shall constitute a finding that:  (i) the Plan has been proposed in good faith and in compliance with applicable provisions of the Bankruptcy Code; and (ii) all Persons' solicitations of acceptances or rejections of the Plan and the offer, issuance, sale, or purchase of a security offered or sold under the Plan have been in good faith and in compliance with applicable provisions of the Bankruptcy Code.

**C.      No Limitations on Effect of Confirmation**

Nothing contained in the Plan will limit the effect of Confirmation as described in section 1141 of the Bankruptcy Code.

**XVII.**

**MODIFICATION OR WITHDRAWAL OF PLAN**

**A.      Modification of Plan**

With the consent of the Creditors' Committee and the Plan Sponsors (which consent shall not be unreasonably withheld), the Debtors may seek to amend or modify the Plan at any time prior to its Confirmation in the manner provided by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code, except as the Bankruptcy Court may otherwise order, and except as otherwise set forth herein, the Debtors reserve the right to amend the terms of the Plan or waive any conditions to its Confirmation, effectiveness or consummation, in each case with the consent

111

of the Plan Sponsors and the Creditors' Committee (which consent shall not be unreasonably

withheld), if the Debtors determine that such amendments or waivers are necessary or desirable

to confirm, effectuate or consummate the Plan.

After Confirmation of the Plan, but prior to the Effective Date, the Debtors may,

with the consent of the Plan Sponsors and the Creditors' Committee (which consent shall not be

unreasonably withheld) apply to the Bankruptcy Court, pursuant to section 1127 of the

Bankruptcy Code, to modify the Plan.  After the Effective Date, Reorganized Holdings, the

Solyndra Residual Trust, or the Solyndra Settlement Trust may apply to remedy defects or

omissions in the Plan or to reconcile inconsistencies in the Plan.

## B.    **Withdrawal of Plan**

The Debtors reserve the right to revoke and withdraw the Plan at any time prior to

the Effective Date, in which case the Plan will be deemed to be null and void.

## XVIII.

## CONFIRMATION REQUEST

The Debtors request that the Bankruptcy Court confirm the Plan and that it do so,

if applicable, pursuant to section 1129(b) of the Bankruptcy Code notwithstanding the rejection

of the Plan by any Impaired Class.

112

September 7, 2012

R. Todd Neilson
Chief Restructuring Officer of Solyndra LLC and
360 Degree Solar Holdings, Inc.

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
Maxim B. Litvak (CA Bar No. 215852)
919 North Market Street, Seventeenth Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:        rpachulski@pszjlaw.com
                   dgrassgreen@pszjlaw.com
                   bgrohsgal@pszjlaw.com
                   mlitvak@pszjlaw.com

Counsel to Debtors and Debtors in Possession

113