IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*,[1] | ) | Case No.:  11-12799 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Related Docket No. 1059**
**Confirmation Hearing Date:  October 17, 2012 at 11:30 A.M.**

## PLAN SUPPLEMENT FOR DEBTORS' AMENDED JOINT CHAPTER 11 PLAN

The captioned debtors and debtors in possession (the "Debtors") hereby file this

Plan Supplement pursuant to Article XIV(b)(10) of the Debtors' Amended Joint Chapter 11 Plan.

### Table of Contents

| Document | Tab |
|---|---|
| Solyndra Settlement Trust Agreement | 1 |
| Solyndra Residual Trust Agreement | 2 |
| $3,500,000 Limited Recourse Warn Settlement Loan Agreement | 3 |
| $3,175,000 Senior Secured Settlement Fund Loan Agreement | 4 |
| Senior Secured Exit Facility Loan Agreement | 5 |

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583).  The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

Dated:    October 5, 2012

PACHULSKI STANG ZIEHL & JONES LLP

/s/Bruce Grohsgal
Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
Maxim Litvak (CA Bar No. 215852)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:        rpachulski@pszjlaw.com
                    dgrassgreen@pszjlaw.com
                    bgrohsgal@pszjlaw.com
                    mlitvak@pszjlaw.com

Counsel for the Debtors and Debtors in Possession

# **TAB 1**

## SOLYNDRA SETTLEMENT TRUST AGREEMENT

This *Solyndra Settlement Trust Agreement* (the "Agreement") dated as of _____, 2012 is established by Solyndra LLC (hereafter referred to as the "Grantor"), and Bonnie Glantz Fatell, solely in her capacity as Solyndra Settlement Trustee for purposes of this Agreement (the "Solyndra Settlement Trustee"), and is executed in connection with and pursuant to the terms of the *Debtors' Amended Joint Chapter 11 Plan* filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Case No. 11-12799 (MFW), on September 7, 2012 (as may be amended, the "Plan"), which Plan provides for, among other things, the establishment of the trust evidenced hereby (the "Solyndra Settlement Trust").

## WITNESSETH

WHEREAS, Grantor filed a voluntary chapter 11 petition in the Bankruptcy Court on September 6, 2011;

WHEREAS, the Bankruptcy Court confirmed the Plan by order entered _____, 2012;

WHEREAS, the Solyndra Settlement Trust is created pursuant to, and to effectuate, the Plan;

WHEREAS, the Solyndra Settlement Trust is created on behalf, and for the sole benefit, of the holders of Allowed Solyndra General Unsecured Claims in Class 8 under the Plan (the "Beneficiaries");

WHEREAS, the Solyndra Settlement Trust is established for the purpose of collecting, distributing and liquidating the Solyndra Settlement Trust Assets for the benefit of the Beneficiaries in accordance with the terms of this Agreement and the Plan;

WHEREAS, the Solyndra Settlement Trust shall have no objective or authority to continue or to engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Solyndra Settlement Trust;

WHEREAS, the Plan provides that the Beneficiaries are entitled to their applicable Solyndra Settlement Trust Interests;

WHEREAS, pursuant to the Plan, the Grantor, the Solyndra Settlement Trustee, and the Beneficiaries are required to treat, for all federal income tax purposes, the transfer of the Solyndra Settlement Trust Assets to the Solyndra Settlement Trust as a transfer of the Solyndra Settlement Trust Assets by the Grantor to the Beneficiaries on account of their Allowed Claims in Class 8 under the Plan, followed by a transfer of the Solyndra Settlement Trust Assets by the Beneficiaries to the Solyndra Settlement Trust in exchange for the beneficial interests herein, and to treat the Beneficiaries as the grantors and owners of the Solyndra Settlement Trust in accordance with Treasury Regulation Section 301.7701-4;

WHEREAS, the Solyndra Settlement Trust is intended to be treated as a grantor trust for federal income tax purposes; and

WHEREAS, the Bankruptcy Court shall have jurisdiction over the Solyndra Settlement Trust, the Solyndra Settlement Trustee, and the Solyndra Settlement Trust Assets as provided herein and in the Plan;

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and in the Plan, the Grantor and the Solyndra Settlement Trustee agree as follows:

## ARTICLE I
## DEFINITIONS AND INTERPRETATIONS

1.1    <u>Definitions</u>.

1.1.1    "Agreement" shall have the meaning set forth in the introductory paragraph to this Agreement.

1.1.2    "Beneficiaries" shall have the meaning set forth in the Recitals to this Agreement, or any permitted successors to such Beneficiaries.

1.1.3    "Solyndra Settlement Trust" shall have the meaning set forth in the introductory paragraph to this Agreement.

1.1.4    "Solyndra Settlement Trustee" shall mean (x) initially, the person named in the introductory paragraph to this Agreement as the Solyndra Settlement Trustee, and (y) any successors or replacements duly appointed under the terms of this Agreement.

1.1.5    "Solyndra Settlement Trust Assets" shall mean the assets transferred to the Solyndra Settlement Trust in accordance with the Plan, which as of the Effective Date shall be comprised of the Solyndra Settlement Fund, the Solyndra Settlement Trust Contribution, Trust Avoidance Claims and the Relevant Books and Records.

1.1.6    "Effective Date" shall have the meaning set forth in the Plan.

1.1.7    "Grantor" shall have the meaning set forth in the introductory paragraph to this Agreement.

1.2    <u>Use of Plan Definitions</u>. All capitalized terms which are used in this Agreement and not otherwise defined herein shall have the same meaning set forth in the Plan. In the case of any inconsistency between the terms of this Agreement and the terms of the Plan, the terms of the Plan shall govern and control.

1.3    <u>Certain References</u>. Reference in this Agreement to any Section or Article is, unless otherwise specified, to that such section or article under this Agreement. The words "hereof," "herein," and similar terms shall refer to this Agreement and not to any particular section or article of this Agreement.

## ARTICLE II
## ESTABLISHMENT, PURPOSE AND FUNDING OF SOLYNDRA SETTLEMENT TRUST

2.1    Creation and Name.    There is hereby created the Solyndra Settlement Trust, which is referred to in Article VI of the Plan. The Solyndra Settlement Trustee may conduct the affairs of the Solyndra Settlement Trust under the name of the "Solyndra Solyndra Settlement Trust."

2.2    Purpose of Solyndra Settlement Trust.    The Grantor and the Solyndra Settlement Trustee, pursuant to the Plan and in accordance with the Bankruptcy Code, hereby create the Solyndra Settlement Trust for the purpose of collecting, distributing and liquidating the Solyndra Settlement Trust Assets for the benefit of the Beneficiaries in accordance with the terms of this Agreement and the Plan. The activities of the Solyndra Settlement Trust shall be limited to those activities set forth in Article IV hereof and as otherwise contemplated by the Plan. The Solyndra Settlement Trustee understands and agrees that the Solyndra Settlement Trust has no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Solyndra Settlement Trust.

2.3    Transfer of Solyndra Settlement Trust Assets.

2.3.1    Pursuant to the Plan, which is incorporated by reference herein, the Grantor and the Solyndra Settlement Trustee hereby establish, for the benefit of the Beneficiaries of the Solyndra Settlement Trust, and the Grantor hereby grants, releases, assigns, conveys, transfers and delivers, on behalf of the Beneficiaries, the Solyndra Settlement Trust Assets to the Solyndra Settlement Trustee as of the Effective Date, in trust for the benefit of the Beneficiaries for the uses and purposes as specified in this Agreement and the Plan. The Grantor shall have no further obligations with respect to the Allowed Claims in Class 8 under the Plan upon the transfer of the Solyndra Settlement Trust Assets to the Solyndra Settlement Trustee in accordance with this Agreement and the Plan. The Grantor shall from time to time execute and deliver or cause to be executed and delivered all such documents (in recordable form where necessary or appropriate) and the Grantor shall take or cause to be taken such further action as the Solyndra Settlement Trustee may reasonably deem necessary or appropriate, to vest or perfect in or confirm to the Solyndra Settlement Trustee title to and possession of the Solyndra Settlement Trust Assets.

2.3.2    For all federal, state and local income tax purposes, the Grantor, the Beneficiaries, and the Solyndra Settlement Trustee shall treat the transfer of the Solyndra Settlement Trust Assets to the Solyndra Settlement Trust as a transfer of the Solyndra Settlement Trust Assets by the Grantor to the Beneficiaries on account of their Allowed Claims in Class 8 under the Plan, followed by a transfer of the Solyndra Settlement Trust Assets by the Beneficiaries to the Solyndra Settlement Trust in exchange for their beneficial interests in the Solyndra Settlement Trust. Thus, the Beneficiaries shall be treated as the grantors and owners of the Solyndra Settlement Trust.

3

**ARTICLE III**
**SOLYNDRA SETTLEMENT TRUST COMMITTEE**

3.1     Solyndra Settlement Trust Committee. The initial members of the Solyndra Settlement Trust Committee shall be West Valley Staffing Group, Certified Thermoplastics Co., Inc. and **[INSERT]**.    The Solyndra Settlement Trust Committee shall make certain determinations, in accordance with this Agreement and the Plan.  Except as otherwise set forth herein, approval of a majority of the members of such Solyndra Settlement Trust Committee shall be required for the Solyndra Settlement Trust Committee to act, provided that the Solyndra Settlement Trust Committee may delegate responsibility for discrete issues or decisions to one or more of its members.  The Solyndra Settlement Trust Committee shall have the rights and powers set forth herein.  In the event that a Solyndra Settlement Trust Committee shall not continue to exist under this Agreement, all references herein to required approval or other action of such Solyndra Settlement Trust Committee shall be of no force or effect.

3.2     Resignation/Replacement of Member of Solyndra Settlement Trust Committee. In the event that a member of the Solyndra Settlement Trust Committee resigns, the remaining members of the Solyndra Settlement Trust Committee, along with the Solyndra Settlement Trustee, shall select a replacement to serve on the Solyndra Settlement Trust Committee.

3.3     Compensation.  Except for (i) reimbursement of reasonable expenses, and (ii) indemnification as set forth in Article VII hereof, the members of the Solyndra Settlement Trust Committee shall receive no compensation or other payment for the performance of their duties hereunder nor shall they be reimbursed for any fees or expenses of any professional retained by an individual member of the Solyndra Settlement Trust Committee.

3.4     Confidentiality.  Each member of the Solyndra Settlement Trust Committee shall, while serving as a member of the Solyndra Settlement Trust Committee under this Agreement and for a period of twelve (12) months following the termination of this Agreement or the Solyndra Settlement Trust, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Solyndra Settlement Trust Assets relate or of which he or she has become aware in her capacity as a member of the Solyndra Settlement Trust Committee.

**ARTICLE IV**
**ADMINISTRATION OF THE SOLYNDRA SETTLEMENT TRUST**

4.1     Rights, Powers and Privileges.  In connection with the administration of the Solyndra Settlement Trust, except as set forth in this Agreement, the Solyndra Settlement Trustee is authorized to perform any and all acts necessary or desirable to accomplish the purposes of the Solyndra Settlement Trust.  In connection therewith, and subject to the limitations of Section 4.4 hereof, the Solyndra Settlement Trustee shall have absolute discretion to pursue or not to pursue any and all Claims, rights or causes of action, as she determines are in the best interests of the Beneficiaries and consistent with the purposes of the Solyndra Settlement Trust, and shall have no liability for the outcome of her decision; provided, however, for the avoidance of doubt, that the Solyndra Settlement Trustee shall not bring, pursue, or threaten to bring any Claim, right or cause of action against any Prepetition Lenders.  Without any limitation other than the limitations in this

4

Agreement, the Solyndra Settlement Trustee shall be expressly authorized, but shall not be required, to take the following actions which the Solyndra Settlement Trustee, in her reasonable discretion, deems necessary or appropriate to fulfill the purpose of the Solyndra Settlement Trust:

4.1.1    hold legal title to any and all rights of the Grantor and the Beneficiaries in or arising from the Solyndra Settlement Trust Assets;

4.1.2    protect and enforce the rights to the Solyndra Settlement Trust Assets vested in the Solyndra Settlement Trustee by this Agreement and the Plan by any method deemed appropriate including, without limitation, by judicial proceedings or otherwise;

4.1.3    compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle, in accordance with the terms of this Agreement, claims in favor of or against the Solyndra Settlement Trust, including, without limitation, Solyndra General Unsecured Claims;

4.1.4    determine and satisfy any and all liabilities created or incurred by the Solyndra Settlement Trust;

4.1.5    file, if necessary, any and all tax and information returns with respect to the Solyndra Settlement Trust and pay taxes properly payable by the Solyndra Settlement Trust, if any;

4.1.6    request any appropriate tax determination with respect to the Solyndra Settlement Trust;

4.1.7    in reliance upon the official claims register maintained in the Chapter 11 Cases, maintain on the Solyndra Settlement Trustee's books and records, a register evidencing the beneficial interest herein held by each Beneficiary;

4.1.8    administer, reconcile, and, if necessary, object to, the Solyndra General Unsecured Claims in Class 8 under the Plan and make distributions to holders of Allowed Solyndra General Unsecured Claims under the Plan as provided for in, or contemplated by, this Agreement and the Plan;

4.1.9    open and maintain bank accounts on behalf of or in the name of the Solyndra Settlement Trust;

4.1.10    make all tax withholdings, file tax information returns, make tax elections by and on behalf of the Solyndra Settlement Trust and file returns for the Solyndra Settlement Trust;

4.1.11    send to each Beneficiary a separate statement stating the Beneficiary's share of income, gain, loss, deduction or credit;

4.1.12    establish such reserves for Disputed Claims, taxes, assessments, Solyndra Settlement Trustee's fees and professional fees and other expenses of administration of

5

the Solyndra Settlement Trust as may be necessary and appropriate for the proper operation of matters incident to the Solyndra Settlement Trust;

4.1.13   pay all expenses and make all other payments relating to the Solyndra Settlement Trust Assets;

4.1.14   retain and pay third parties pursuant to Section 4.2 hereof;

4.1.15   obtain insurance coverage or a bond with respect to the liabilities and obligations of the Solyndra Settlement Trustee and the members of the Solyndra Settlement Trust Committee under this Agreement (in the form of an errors and omissions policy or otherwise);

4.1.16   make distributions in accordance with the terms hereof;

4.1.17   exercise all powers provided under the Plan to the Solyndra Settlement Trustee;

4.1.18   invest any monies held as part of the Solyndra Settlement Trust Assets in accordance with the terms of Section 4.3 hereof; and

4.1.19   terminate the Solyndra Settlement Trust consistent with the terms of this Agreement and the Plan.

4.2     Agents and Professionals.  The Solyndra Settlement Trustee and the Solyndra Settlement Trust Committee may, but shall not be required to, consult with and retain attorneys, accountants, appraisers, or other parties deemed by the Solyndra Settlement Trustee to have qualifications necessary to assist in the proper administration of the Solyndra Settlement Trust. The Solyndra Settlement Trustee may pay the reasonable salaries, fees and expenses of such persons (including herself), including contingency fees, out of the Solyndra Settlement Trust Contribution, subject to the provisions of Section 8.8 hereof and the Plan.  To the extent expenses of the Solyndra Settlement Trustee exceed the Solyndra Settlement Trust Contribution, payments may be made from the Solyndra Settlement Trust with approval from the Solyndra Settlement Trust Committee.

4.3     Investment and Safekeeping of Solyndra Settlement Trust Assets.  Except as otherwise set forth in the Plan, all monies and other Solyndra Settlement Trust Assets received by the Solyndra Settlement Trustee shall, until distributed or paid over as herein provided, be held in the Solyndra Settlement Trust for the benefit of the Beneficiaries.  The Solyndra Settlement Trustee shall be under no liability for interest or producing income on any monies received by the Solyndra Settlement Trust and held for distribution or payment to the Beneficiaries, except as such interest shall be actually received by the Solyndra Settlement Trustee.  Investments of any monies held by the Solyndra Settlement Trustee shall be administered in view of the manner in which individuals of ordinary prudence, discretion and judgment would act in the management of their own affairs; _provided_, _however_, that the right and power of the Solyndra Settlement Trustee to invest monies held by the Solyndra Settlement Trustee, the proceeds from any sale of shares of stock, or any income earned by the Solyndra Settlement Trust shall be limited to the right and power to invest such monies, pending periodic distributions in accordance with the terms hereof

6

and the Plan. For the removal of doubt, the investment powers of the Solyndra Settlement Trustee, other than those reasonably necessary to maintain the value of the Solyndra Settlement Trust Assets and the liquidating purpose of the Solyndra Settlement Trust, are limited to powers to invest in demand and time deposits, such as short-term certificates of deposits, in banks or other savings institutions, or other temporary, liquid investments, such as treasury bills.

4.4    Limitations on Solyndra Settlement Trustee.    On behalf of the Solyndra Settlement Trust or the Beneficiaries, the Solyndra Settlement Trustee shall not at any time: (i) enter into or engage in any trade or business (other than the management and disposition of the Solyndra Settlement Trust Assets), and no part of the Solyndra Settlement Trust Assets or the proceeds, revenue or income therefrom shall be used or disposed of by the Solyndra Settlement Trust in furtherance of any trade or business, or (ii) except as provided below, reinvest any Solyndra Settlement Trust Assets.

4.4.1    With regard to any sale, disposition, release, modification or waiver of existing rights as to an asset of the Solyndra Settlement Trust or compromise or settlement of litigation or controverted matter such as an objection to a Solyndra General Unsecured Claim, if the asset or matter at issue exceeds $500,000 in value (after accounting for any applicable defenses in the case of a Trust Avoidance Claim) or amount asserted, the Solyndra Settlement Trustee must consult with, and obtain approval from, the Solyndra Settlement Trust Committee with respect to any such transaction or, in the absence of such approval, an order of the Bankruptcy Court approving such transaction (*provided that* the Solyndra Settlement Trust Committee shall be deemed to have approved such transaction if it fails to object thereto in a writing received by the Solyndra Settlement Trustee within five (5) business days following written notification by the Solyndra Settlement Trustee of the intended transaction).

4.4.2    Other than as provided in the Plan or this Agreement, the Solyndra Settlement Trustee is not empowered to incur indebtedness.

4.4.3    The Solyndra Settlement Trustee may only invest funds held in the Solyndra Settlement Trust consistent with the requirements of this Agreement, the Bankruptcy Code or any order of the Bankruptcy Court modifying such requirements and, provided that the Solyndra Settlement Trustee does so, he or she shall have no liability in the event of insolvency of any institution in which he or she has invested any funds of the Solyndra Settlement Trust.

4.4.4    The Solyndra Settlement Trustee shall hold, collect, conserve, protect and administer the Solyndra Settlement Trust in accordance with the provisions of this Agreement and the Plan, and pay and distribute amounts as set forth herein for the purposes set forth in this Agreement. Any determination by the Solyndra Settlement Trustee as to what actions are in the best interests of the Solyndra Settlement Trust shall be determinative.

4.5    Bankruptcy Court Approval of Solyndra Settlement Trustee Actions. Except as provided in the Plan or otherwise specified in this Agreement, the Solyndra Settlement Trustee need not obtain the order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred hereunder, or account to the Bankruptcy Court. The Solyndra Settlement Trustee shall exercise her business judgment for the benefit of the Beneficiaries in order to maximize the value of the Solyndra Settlement Trust Assets and distributions, giving due

7

regard to the cost, risk, and delay of any course of action. Notwithstanding the foregoing, the Solyndra Settlement Trustee shall have the right to submit to the Bankruptcy Court any question or questions regarding which the Solyndra Settlement Trustee may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the Solyndra Settlement Trustee with respect to the Solyndra Settlement Trust Assets, this Solyndra Settlement Trust, the Agreement, or the Plan, including the administration and distribution of the Solyndra Settlement Trust Assets. The Bankruptcy Court shall retain jurisdiction for such purposes and shall approve or disapprove any such proposed action upon motion by the Solyndra Settlement Trustee. In addition, the Solyndra Settlement Trustee shall have the authority, but not the obligation, to seek Bankruptcy Court approval to sell any Solyndra Settlement Trust Asset free and clear of any and all liens, claims and encumbrances.

      4.6     <u>Reliance by Solyndra Settlement Trustee:</u>

    (a)  The Solyndra Settlement Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by her to be genuine and to have been signed or presented by the proper party or parties;

    (b) The Solyndra Settlement Trustee may consult with any and all professionals to be selected by her and the Solyndra Settlement Trustee shall not be liable for any action taken or omitted to be taken by her in accordance with the advice of such professionals; and

    (c)  Persons dealing with the Solyndra Settlement Trustee shall look only to the Solyndra Settlement Trust Assets to satisfy any liability incurred by the Solyndra Settlement Trustee to such person in carrying out the terms of this Solyndra Settlement Trust Agreement, and the Solyndra Settlement Trustee shall have no personal obligation to satisfy any such liability.

      4.7    <u>Valuation of Solyndra Settlement Trust Assets</u>. The Solyndra Settlement Trustee shall apprise the Beneficiaries of the value of the Solyndra Settlement Trust Assets. The valuation shall be used consistently by all parties (including the Solyndra Settlement Trustee and Beneficiaries) for all federal income tax purposes. Any dispute regarding the valuation of Solyndra Settlement Trust Assets shall be resolved by the Bankruptcy Court.

## ARTICLE V
## DISTRIBUTIONS FROM THE SOLYNDRA SETTLEMENT TRUST

      5.1    <u>Distributions</u>. As soon as reasonably practicable after the Effective Date and thereafter as the Solyndra Settlement Trustee reasonably determines, the Solyndra Settlement Trustee shall make distributions to holders of Allowed Claims in Class 8 in accordance with this Agreement and the Plan. Subject to the last sentence of this Section 5.1, the Solyndra Settlement Trustee shall at least annually distribute to the Beneficiaries all net cash income plus all net cash proceeds from the liquidation of the Solyndra Settlement Trust Assets. Notwithstanding the foregoing, the Solyndra Settlement Trustee shall maintain a reserve of such amounts as are reasonably necessary to satisfy amounts that could be distributable in respect of Disputed Claims,

and any such other amounts (such as administrative or other claims or other contingent liabilities) as reasonably necessary in her business judgment to fulfill her duties under the Plan or this Agreement.

5.2     Share of Distributions.  Each Beneficiary shall receive its share of any and all distributions in accordance with the Plan, except that the Solyndra Settlement Trustee may withhold from amounts distributable to any Beneficiary, any and all amounts, determined in the Solyndra Settlement Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

5.3     Delivery of Distributions.  All distributions to be made under this Agreement and the Plan shall be made to holders of Allowed Claims in Class 8 (a) if any such holder has filed a Proof of Claim, at the address of such holder as set forth in the Proof of Claim, or at the addresses set forth in any written certification of address change filed with the Bankruptcy Court and delivered to the Solyndra Settlement Trustee after the date of filing of such Proof of Claim, or (b) if any such holder has not filed a Proof of Claim, at the last known address of such holder as set forth in the Debtors' Schedules or books and records.

5.4     Timing of Distributions.  Any payment or other distribution required to be made under the Plan on a day other than a Business Day shall be due on the next succeeding Business Day.  All payments or distributions due on the Effective Date shall be made thereon or as soon as practicable thereafter but in no event later than ten calendar days after the Effective Date.  Any payment of Cash made pursuant to this Plan shall be deemed made when such payment by check or wire transfer is transmitted.

5.5     Payments Limited to Solyndra Settlement Trust Assets.  All payments to be made by the Solyndra Settlement Trustee to or for the benefit of any Beneficiary shall be made only to the extent that the Solyndra Settlement Trustee has sufficient reserves to make such payments in accordance with this Agreement and the Plan.  Each Beneficiary shall have recourse only to the Solyndra Settlement Trust Assets for distribution under this Agreement and the Plan.

5.6     Fees and Expenses.

5.6.1     Subject to the limitations set forth herein and in the Plan, the Solyndra Settlement Trustee may pay the operating and administrative expenses of the Solyndra Settlement Trust out of the Solyndra Settlement Trust Contribution before approving distributions of any excess funds in the Solyndra Settlement Trust Contribution to or for the benefit of Beneficiaries.

5.6.2     The Solyndra Settlement Trustee shall satisfy any fees and expenses of the Solyndra Settlement Trust with the Solyndra Settlement Trust Contribution to the extent available.  To the extent expenses of the Solyndra Settlement Trustee exceed the Solyndra Settlement Trust Contribution, payments may be made from the Solyndra Settlement Trust with approval from the Solyndra Settlement Trust Committee.

5.7     Priority of Distributions.  Any recovery by the Solyndra Settlement Trust on account of the Solyndra Settlement Trust Assets shall be applied in accordance with the Plan.

5.8    <u>Compliance with Laws</u>.  Any and all distributions of Solyndra Settlement Trust Assets shall be in compliance with applicable laws.

5.9    <u>Unclaimed/Undeliverable Distributions</u>:

(a) <u>No Further Attempts At Delivery</u>.   If any distribution to a Beneficiary is returned to the Solyndra Settlement Trustee as undeliverable, then unless and until the Solyndra Settlement Trustee is notified in writing of such Beneficiary's then-current address and a notice of address change is filed with the Bankruptcy Court (i) subject to Section 5.9(b), such undeliverable distribution will remain in the possession of the Solyndra Settlement Trustee and such amount will be transferred to a segregated account established for the deposit of undeliverable distributions and no further attempt will be made to deliver such distribution and (ii) no attempt will be made to deliver subsequent distributions to such Beneficiary.

(b) <u>Forfeiture and Redistribution</u>.  Any Beneficiary that does not assert a claim for an undeliverable distribution by delivering to the Solyndra Settlement Trustee a written notice setting forth such Beneficiary's then-current address and filing a notice of change of address with the Bankruptcy Court within ninety (90) days after the date on which such distribution was first deliverable to the Beneficiary will have its claim for undeliverable distributions discharged.

(c) <u>No Requirement to Attempt to Locate Beneficiaries</u>.  Nothing in the Plan shall require the Solyndra Settlement Trustee to attempt to locate any Beneficiary.  The Solyndra Settlement Trustee shall comply with the provisions of Section 5.3 hereof with regard to delivery of distributions.

5.10    <u>Setoff Rights</u>.  The Solyndra Settlement Trustee may, but shall not be required to, setoff against or recoup from the holder of any Allowed Claim in Class 8 on which payments or other distributions are to be made hereunder, claims of any nature that the Solyndra Settlement Trust may have against the holder of such Allowed Claim.  However, neither the failure to do so, nor the allowance of any Claim under the Plan, shall constitute a waiver or release of any such claim, right of setoff or right of recoupment against the holder of such Allowed Claim.

5.11    <u>Right to Object to Claims</u>.    Subject to the following sentence, the Solyndra Settlement Trustee shall have the responsibility and authority for administering, disputing, objecting to, compromising and settling or otherwise resolving and finalizing distributions with respect to any Allowed Claims in Class 8 under the Plan.  The Solyndra Settlement Trustee may, at any time, request that the Bankruptcy Court estimate any contingent or unliquidated Claim in Class 8 pursuant to Section 502(c) of the Bankruptcy Code regardless of whether any party previously objected to such Claim.

5.12    <u>No Distributions Pending Allowance</u>.  If a Claim or any portion of a Claim is Disputed, no payment or distribution shall be made on account of the disputed portion of such Claim (or the entire Claim, if the entire Claim is disputed), unless such Disputed Claim or portion thereof becomes an Allowed Claim.

10

## ARTICLE VI
## BENEFICIARIES

6.1    Identification of Beneficiaries.  In order to determine the actual names and addresses of the Beneficiaries, the Solyndra Settlement Trustee may either (i) follow the procedures set forth in Section 5.3 hereof or (ii) deliver a notice to the Beneficiaries.  Such notice may include a form for each Beneficiary to complete in order to be properly registered as a Beneficiary and be eligible for distributions under the Solyndra Settlement Trust.  Such form may request the Beneficiary's federal taxpayer identification number or social security number if the Solyndra Settlement Trustee determines that such information is necessary to fulfill her tax reporting and withholding obligations.  The Solyndra Settlement Trustee, in her reasonable discretion, may suspend distributions to any Beneficiary that has not provided its federal taxpayer identification number or social security number, as the case may be, after a request is made pursuant to this Section 6.1.  If tax information is not provided within ninety (90) days after such request, the Solyndra Settlement Trustee may, but shall not be required to, seek an Order of the Bankruptcy Court, on at least thirty (30) days notice to such Beneficiary, to have its underlying claim expunged and its beneficial interest disallowed for all purposes of this Agreement and the Plan.  Each Beneficiary's Solyndra Settlement Trust Interest is dependent upon such Beneficiary's classification under the Plan and the status of its Allowed Claim.  Each distribution by the Solyndra Settlement Trustee to the Beneficiaries shall be made in accordance with the terms set forth in Article V hereof and the Plan.

6.2    Beneficial Interest Only.  The ownership of a beneficial interest in the Solyndra Settlement Trust shall not entitle any Beneficiary to any title in or to the Solyndra Settlement Trust Assets or to any right to call for a partition or division of such Solyndra Settlement Trust Assets or to require an accounting, except as specifically provided herein.

6.3    Ownership of Beneficial Interests Hereunder.  Each Beneficiary shall own a beneficial interest in the Solyndra Settlement Trust equal in proportion to the Pro Rata share of such Beneficiary's Allowed Claim in Class 8 in accordance with the Plan.

6.4    Evidence of Beneficial Interest.  Ownership of a beneficial interest in the Solyndra Settlement Trust Assets shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Solyndra Settlement Trust by the Solyndra Settlement Trustee.

6.5    Limitation on Transferability.  It is understood and agreed that the beneficial interests in the Solyndra Settlement Trust shall be non-assignable during the term of this Agreement except by operation of law.  An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Solyndra Settlement Trustee, and the Solyndra Settlement Trustee may continue to pay all amounts to or for the benefit of the assigning Beneficiaries until receipt of proper notification and proof of assignment by operation of law.  The Solyndra Settlement Trustee may rely upon such proof without the requirement of any further investigation.  Any notice of a change of beneficial interest ownership as permitted by operation of law shall be forwarded to the Solyndra Settlement Trustee by registered or certified mail as set forth herein and filed with the Bankruptcy Court.  The notice shall be executed by both the transferee and the transferor, and the signatures of the parties shall be acknowledged before a

11

notary public and as required by Bankruptcy Rule 3001(e). The notice must clearly describe the interest to be transferred. The Solyndra Settlement Trustee may conclusively rely upon such signatures and acknowledgments as evidence of such transfer without the requirement of any further investigation.

## ARTICLE VII
## THIRD PARTY RIGHTS AND LIMITATION OF LIABILITY

7.1    <u>Parties Dealing With the Solyndra Settlement Trustee</u>. In the absence of actual knowledge to the contrary, any person dealing with the Solyndra Settlement Trust or the Solyndra Settlement Trustee shall be entitled to rely on the authority of the Solyndra Settlement Trustee or any of the Solyndra Settlement Trustee's agents to act in connection with the Solyndra Settlement Trust Assets. No person or entity which may deal with the Solyndra Settlement Trustee shall have any obligation to inquire into the validity or expediency or propriety of any transaction by the Solyndra Settlement Trustee or any agent of the Solyndra Settlement Trustee.

7.2    <u>Limitation of Solyndra Settlement Trustee's Liability</u>. Anything herein to the contrary notwithstanding, in exercising the rights granted herein, the Solyndra Settlement Trustee shall exercise her best judgment, to the end that the affairs of the Solyndra Settlement Trust shall be properly managed and the interests of all the Beneficiaries and the Grantor are safeguarded; but the Solyndra Settlement Trustee shall not incur any responsibility or liability by reason of any error of law or of any matter or thing done or suffered or omitted to be done under this Agreement, unless the Solyndra Settlement Trustee has acted with recklessness, fraud or willful misconduct.

7.3    <u>Indemnification</u>. The Solyndra Settlement Trustee and the Solyndra Settlement Trust Committee and its members shall be indemnified and receive reimbursement against and from all loss, liability, expense (including counsel fees) or damage which the Solyndra Settlement Trustee and the Solyndra Settlement Trust Committee and its members may incur or sustain in the exercise and performance of any of the their powers and duties under this Agreement, to the full extent permitted by applicable law, except if such loss, liability, expense or damage is finally determined by a court of competent jurisdiction to result from the Solyndra Settlement Trustee's or the Solyndra Settlement Trust Committee's or its members' recklessness, willful misconduct, or fraud. The amounts necessary for such indemnification and reimbursement shall be paid by the Solyndra Settlement Trustee out of the Solyndra Settlement Trust Assets, except as otherwise provided in the Plan. The Solyndra Settlement Trustee shall not be personally liable for the payment of any Solyndra Settlement Trust expense or claim or other liability of the Solyndra Settlement Trust, and no Entity shall look to the Solyndra Settlement Trustee personally for the payment of any such expense or liability. This indemnification shall survive the death, dissolution, resignation or removal, as may be applicable, of the Solyndra Settlement Trustee, or the termination of the Solyndra Settlement Trust, and shall inure to the benefit of the Solyndra Settlement Trustee's heirs and assigns.

12

## ARTICLE VIII
## SELECTION, REMOVAL AND COMPENSATION OF SOLYNDRA SETTLEMENT TRUSTEE

8.1     Initial Solyndra Settlement Trustee.  The initial Solyndra Settlement Trustee shall be Bonnie Glantz Fatell.

8.2     Term of Service.  The Solyndra Settlement Trustee shall serve until (a) the completion of all the Solyndra Settlement Trustee's duties, responsibilities and obligations under this Agreement and the Plan; (b) termination of the Solyndra Settlement Trustee in accordance with this Agreement; or (c) the Solyndra Settlement Trustee's death, resignation or removal.

8.3     Removal of a Solyndra Settlement Trustee.  Any person serving as Solyndra Settlement Trustee may be removed and replaced by an order of the Bankruptcy Court upon the motion of the Solyndra Settlement Trust Committee and a showing of good cause.  The removal shall be effective on the date specified in the order.  The Solyndra Settlement Trust Committee may employ and retain professionals without the necessity of notice to the Beneficiaries or approval of the Bankruptcy Court, provided that notice of such employment is provided to the Solyndra Settlement Trustee.  Notwithstanding the removal of the Solyndra Settlement Trustee pursuant to this Section 8.3, the rights of the resigning Solyndra Settlement Trustee under this Agreement with respect to acts or omissions occurring prior to the effectiveness of such removal will continue for the benefit of such resigning Solyndra Settlement Trustee following the effectiveness of such resignation.

8.4     Resignation of Solyndra Settlement Trustee.  The Solyndra Settlement Trustee may resign at any time by giving the Beneficiaries and Solyndra Settlement Trust Committee at least sixty (60) days written notice of her intention to do so.  In the event of a resignation, the resigning Solyndra Settlement Trustee shall render to the Beneficiaries a full and complete accounting of monies and Solyndra Settlement Trust Assets received, disbursed, and held during the term of office of that Solyndra Settlement Trustee.  The resignation shall be effective on the later to occur of:  (i) the date specified in the notice; or (ii) the appointment of a successor by the Solyndra Settlement Trust Committee, the acceptance by such successor of such appointment and the approval of the Bankruptcy Court; *provided*, that if a successor Solyndra Settlement Trustee is not appointed or does not accept his or her appointment or if the appointment of a successor Trustee has not been approved by the Bankruptcy Court within sixty (60) days following delivery of notice of resignation, the resigning Solyndra Settlement Trustee may petition the Bankruptcy Court for the appointment of a successor Solyndra Settlement Trustee.  Notwithstanding the resignation of the Solyndra Settlement Trustee pursuant to this Section 8.4, the rights of the resigning Solyndra Settlement Trustee under this Agreement with respect to acts or omissions occurring prior to the effectiveness of such resignation will continue for the benefit of such resigning Solyndra Settlement Trustee following the effectiveness of such resignation.

8.5     Appointment of Successor Solyndra Settlement Trustee.  Upon the resignation, death, incapacity, or removal of a Solyndra Settlement Trustee, the Solyndra Settlement Trust Committee shall appoint a successor Solyndra Settlement Trustee to fill the vacancy, subject to the approval of the Bankruptcy Court so long as Solyndra's bankruptcy case is pending.  Any successor Solyndra Settlement Trustee so appointed shall consent to and accept in writing the

13

terms of this Agreement and agrees that the provisions of this Agreement shall be binding upon and inure to the benefit of the successor Solyndra Settlement Trustee.

8.6    Powers and Duties of Successor Solyndra Settlement Trustee.    A successor Solyndra Settlement Trustee shall have all the rights, privileges, powers, and duties of his or her predecessor under this Agreement and the Plan.    Notwithstanding anything to the contrary herein, a removed or resigning Solyndra Settlement Trustee shall, when requested in writing by the successor Solyndra Settlement Trustee, execute and deliver an instrument or, instruments conveying and transferring to such successor Solyndra Settlement Trustee under the Solyndra Settlement Trust all the estates, properties, rights, powers, and trusts of such predecessor Solyndra Settlement Trustee.

8.7    Solyndra Settlement Trust Continuance.    The death, resignation or removal of the Solyndra Settlement Trustee shall not terminate the Solyndra Settlement Trust or revoke any existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Solyndra Settlement Trustee.    In the event that a successor Solyndra Settlement Trustee is not appointed within thirty (30) days of when required under this Agreement, any Beneficiary may apply to the Bankruptcy Court for appointment of a successor Solyndra Settlement Trustee upon notice to the Solyndra Settlement Trust Committee.

8.8    Compensation and Costs of Administration.    The Solyndra Settlement Trustee shall receive a monthly fee of $2,000 for her services, which shall be disclosed in a filing with the Bankruptcy Court and charged against and paid out of the Solyndra Settlement Trust Contribution (subject to the limitations set forth in this Agreement and the Plan).    No compensation may be paid to the Solyndra Settlement Trustee's professionals unless and until the following procedures have been followed with respect to any individual request for compensation: (i) the Solyndra Settlement Trustee shall submit to the Solyndra Settlement Trust Committee a statement or statements ("Statements") reflecting all fees (itemized, as applicable, to indicate the individual performing services, such individual's billable rate, a description of the services performed, the time spent, and the fees incurred) and itemized costs to be reimbursed, (ii) the amount reflected in any such Statements may be paid by the Solyndra Settlement Trust after seven (7) days after the delivery of the Statements as specified in clause (i) above, unless prior to the expiration of such seven-day period, the Solyndra Settlement Trust Committee shall have objected in writing to any compensation reflected in the Statement, in which case the undisputed amounts may be paid and the disputed amounts may only be paid by agreement of the Solyndra Settlement Trust Committee, or pursuant to order of the Bankruptcy Court, which shall retain exclusive jurisdiction over all disputes regarding the Solyndra Settlement Trustee's professionals' compensation.    All costs, expenses, and obligations, including without limitation filing fees, incurred by the Solyndra Settlement Trustee (or professionals who may be employed by the Solyndra Settlement Trustee in administering the Solyndra Settlement Trust, in carrying out their other responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid from the Solyndra Settlement Trust Contribution prior to any distribution to the Beneficiaries (subject to the limitations set forth in this Agreement and the Plan).    To the extent expenses of the Solyndra Settlement Trustee exceed the Solyndra Settlement Trust Contribution, payments may be made from the Solyndra Settlement Trust (including from the Solyndra Settlement Fund) with approval from the Solyndra Settlement Trust Committee.

8.9     Annual Reporting and Filing Requirements.

8.9.1    Within 45 days after the end of each calendar year, the Solyndra Settlement Trustee shall furnish a report to the Solyndra Settlement Trust Committee of all Solyndra Settlement Trust Assets received by the Solyndra Settlement Trust, all Solyndra Settlement Trust Assets disbursed to Beneficiaries, all Solyndra Settlement Trust Assets disbursed for professional fees and costs of administering the Solyndra Settlement Trust (including compensation paid to the Solyndra Settlement Trustee). The Solyndra Settlement Trustee's report will be available and provided to any Beneficiary upon written request.

8.9.2    The Solyndra Settlement Trustee shall file tax returns for the Solyndra Settlement Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and any other applicable laws or regulations. The Solyndra Settlement Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Solyndra Settlement Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

8.9.3    The tax returns filed by the Solyndra Settlement Trustee shall report all Solyndra Settlement Trust earnings for the taxable year being reported.

8.10    Confidentiality. Except as required in the performance of her duties, the Solyndra Settlement Trustee shall, while serving as Solyndra Settlement Trustee under this Agreement and for a period of twelve (12) months following the termination of this Agreement or the Solyndra Settlement Trust, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Solyndra Settlement Trust Assets relate or of which she has become aware in her capacity as Solyndra Settlement Trustee.

## ARTICLE IX
## MAINTENANCE OF RECORDS

9.1     The Solyndra Settlement Trustee shall maintain books and records containing a description of all property from time to time constituting the Solyndra Settlement Trust Assets and an accounting of all receipts and disbursements. Such books and records may be destroyed without further notice to parties or approval of the Bankruptcy Court three (3) years after the final report to the Bankruptcy Court has been rendered by the Solyndra Settlement Trustee (unless such records and documents are necessary to fulfill the Solyndra Settlement Trustee's obligations pursuant to this Agreement). Notwithstanding the foregoing, during the term of the Solyndra Settlement Trust, the Solyndra Settlement Trustee may destroy business records transferred by Grantor to the Solyndra Settlement Trust thirty (30) days after delivery of written notice to the Solyndra Settlement Trust Committee of the Solyndra Settlement Trustee's intent to destroy such records, unless prior to the expiration of such 30-day period, the Solyndra Settlement Trust Committee shall have objected in writing to the destruction of such records. The Solyndra Settlement Trustee may estimate and include, as part of the Solyndra Settlement Trustee's compensation, a reasonable sum to be used for the purposes of maintaining, accessing and destroying records during the term of the Solyndra Settlement Trust and for up to three (3) years thereafter.

15

## ARTICLE X
## DURATION OF SOLYNDRA SETTLEMENT TRUST

10.1    <u>Duration</u>.    The Solyndra Settlement Trust shall become effective upon the Effective Date of the Plan. Thereupon, this Agreement shall remain and continue in full force and effect until the Solyndra Settlement Trust is terminated in accordance with the provisions of this Agreement and the Plan.

10.2    <u>Termination of the Solyndra Settlement Trust</u>.    The duties, responsibilities and powers of the Solyndra Settlement Trustee, and the Solyndra Settlement Trust, shall terminate on the earlier of (i) full resolution of all Solyndra Settlement Trust Assets transferred to the Solyndra Settlement Trust, distribution of the Solyndra Settlement Trust Assets and the net proceeds thereof in accordance with the Plan and this Agreement, and conclusion of all matters relative to the administration of the Solyndra Settlement Trust, except for the filing of all final tax returns, (ii) payment in full in Cash of the Allowed Claims in Class 8, or (iii) five (5) years from the Effective Date; *provided, however*, subject to approval of the Bankruptcy Court upon a finding for cause shown that an extension is necessary for the purpose of the Solyndra Settlement Trust, the term of the Solyndra Settlement Trust may be extended for a finite period based upon the particular circumstances at issue. Each such extension must be approved by the Bankruptcy Court within six (6) months of the beginning of the extended term.

10.3    <u>Continuance of Solyndra Settlement Trust for Winding Up</u>.    After the termination of the Solyndra Settlement Trust and for the purpose of liquidating and winding up the affairs of the Solyndra Settlement Trust, the Solyndra Settlement Trustee shall continue to act as such until her duties have been fully performed, including, without limitation, such post-distribution tasks as necessary to wind up the affairs of the Solyndra Settlement Trust. Subject to the provisions of 9.1 hereof, after the termination of the Solyndra Settlement Trust, the Solyndra Settlement Trustee shall retain for a period of three (3) years the books, records, Beneficiary lists, and certificates and other documents and files which shall have been delivered to or created by the Solyndra Settlement Trustee. At the Solyndra Settlement Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after three (3) years from the completion and winding up of the affairs of the Solyndra Settlement Trust. Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Solyndra Settlement Trust and final distribution of the Solyndra Settlement Trust, the Solyndra Settlement Trustee shall have no further duties or obligations hereunder.

## ARTICLE XI
## MISCELLANEOUS

11.1    <u>Preservation of Privilege</u>.    In connection with the rights, claims, and causes of action that constitute Solyndra Settlement Trust Assets, any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Solyndra Settlement Trust pursuant to the terms of the Plan or otherwise shall vest in the Solyndra Settlement Trustee and her representatives, and the Grantor and the Solyndra Settlement Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges, as necessary.

16

11.2    <u>Notices</u>.  All notices to be given to Beneficiaries may be given by ordinary mail, or may be delivered personally, to the holders at the addresses appearing on the books kept by the Solyndra Settlement Trustee.  Any notice or other communication which may be or is required to be given, served, or sent to the Solyndra Settlement Trust or the Solyndra Settlement Trust Committee, as applicable, shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by hand delivery or facsimile (if receipt is confirmed) addressed as follows:

If to the Solyndra Settlement Trust:

> Solyndra Settlement Trustee
> Bonnie Glantz Fatell, Esq.
> Blank Rome LLP
> 1201 Market Street
> Wilmington, DE 19801
> e-mail:  fatell@blankrome.com
> Fax: (302) 428-5110

With copy to:

> Blank Rome LLP
> 1201 Market Street
> Wilmington, DE 19801
> Fax:  (302) 428-5127
> Attn: David W. Carickhoff, Esq.

If to a Beneficiary:

> To the name and address for such Beneficiary determined pursuant to the provisions of Section 5.3 hereof.

11.3    <u>No Bond</u>.  Notwithstanding any state law to the contrary, the Solyndra Settlement Trustee (including any successor) shall be exempt from giving any bond or other security in any jurisdiction, unless the Solyndra Settlement Trustee or the Solyndra Settlement Trust Committee decide in their reasonable judgment to obtain such bond or other security.

11.4    <u>Governing Law</u>.    This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to principles of conflicts of law.

11.5    <u>Successors and Assigns</u>.  This Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns.

11.6    <u>Headings</u>.  The various headings of this Agreement are inserted for convenience only and shall not affect the meaning or understanding of this Agreement or any provision hereof.

11.7    <u>No Execution</u>.  All funds in the Solyndra Settlement Trust shall be deemed *in custodia legis* until such times as the funds have actually been paid to or for the benefit of a

17

Beneficiary, and no Beneficiary or any other Person can execute upon, garnish or attach the Solyndra Settlement Trust Assets or the Solyndra Settlement Trust in any manner or compel payment from the Solyndra Settlement Trust except by Final Order of the Bankruptcy Court. Payment will be solely governed by this Agreement and the Plan.

11.8    Intention of Parties to Establish Grantor Solyndra Settlement Trust.    This Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a grantor trust.

11.9    Amendment.    This Agreement may be amended only by order of the Bankruptcy Court.

11.10    Severability.    If any term, provision covenant or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, provisions, covenants and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

11.11    Counterparts and Facsimile Signatures.    This Agreement may be executed in counterparts and a facsimile or other electronic form of signature shall be of the same force and effect as an original.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year written above.

SOLYNDRA LLC


By:_____
R. Todd Neilson
Chief Restructuring Officer



By:_____
Bonnie Glantz Fatell, solely in her capacity as Solyndra Settlement Trustee under this Agreement

18

# **TAB 2**

## SOLYNDRA RESIDUAL TRUST AGREEMENT

This *Solyndra Residual Trust Agreement* (the "Agreement") dated as of _____, 2012 is established by Solyndra LLC (hereafter referred to as the "Grantor"), and R. Todd Neilson, solely in his capacity as Solyndra Residual Trustee for purposes of this Agreement (the "Solyndra Residual Trustee"), and is executed in connection with and pursuant to the terms of the *Debtors' Joint Chapter 11 Plan* filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Case No. 11-12799 (MFW), on _____, 2012 (the "Plan"), which Plan provides for, among other things, the establishment of the trust evidenced hereby (the "Solyndra Residual Trust").

## W I T N E S S E T H

WHEREAS, Grantor filed a voluntary chapter 11 petition in the Bankruptcy Court on September 6, 2011;

WHEREAS, the Bankruptcy Court confirmed the Plan by order entered _____, 2012;

WHEREAS, the Solyndra Residual Trust is created pursuant to, and to effectuate, the Plan;

WHEREAS, the Solyndra Residual Trust is created on behalf, and for the sole benefit, of the Solyndra Settlement Trust and the Holders of Prepetition Lender Deficiency Claims to the extent set forth under the Plan (the "Beneficiaries");

WHEREAS, the Solyndra Residual Trust is established for the purpose of collecting, distributing and liquidating the Solyndra Residual Trust Assets for the benefit of the Beneficiaries in accordance with the terms of this Agreement and the Plan;

WHEREAS, the Solyndra Residual Trust shall have no objective or authority to continue or to engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Solyndra Residual Trust;

WHEREAS, the Plan provides that the Beneficiaries are entitled to their applicable Solyndra Residual Trust Interests;

WHEREAS, pursuant to the Plan, the Grantor, the Solyndra Residual Trustee, and the Beneficiaries are required to treat, for all federal income tax purposes, the transfer of the Solyndra Residual Trust Assets to the Solyndra Residual Trust as a transfer of the Solyndra Residual Trust Assets by the Grantor to the Beneficiaries in accordance with the Plan, followed by a transfer of the Solyndra Residual Trust Assets by the Beneficiaries to the Solyndra Residual Trust in exchange for the beneficial interests herein, and to treat the Beneficiaries as the grantors and owners of the Solyndra Residual Trust in accordance with Treasury Regulation Section 301.7701-4;

WHEREAS, the Solyndra Residual Trust is intended to be treated as a grantor trust for federal income tax purposes; and

WHEREAS, the Bankruptcy Court shall have jurisdiction over the Solyndra Residual Trust, the Solyndra Residual Trustee, and the Solyndra Residual Trust Assets as provided herein and in the Plan;

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and in the Plan, the Grantor and the Solyndra Residual Trustee agree as follows:

## ARTICLE I
## DEFINITIONS AND INTERPRETATIONS

1.1     Definitions.

1.1.1    "Agreement" shall have the meaning set forth in the introductory paragraph to this Agreement.

1.1.2    "Beneficiaries" shall have the meaning set forth in the Recitals to this Agreement, or any permitted successors to such Beneficiaries.

1.1.3    "Solyndra Residual Trust" shall have the meaning set forth in the introductory paragraph to this Agreement.

1.1.4    "Solyndra Residual Trustee" shall mean (x) initially, the person named in the introductory paragraph to this Agreement as the Solyndra Residual Trustee, and (y) any successors or replacements duly appointed under the terms of this Agreement.

1.1.5    "Solyndra Residual Trust Assets" shall mean the assets transferred to the Solyndra Residual Trust in accordance with the Plan, which as of the Effective Date shall be comprised of the Solyndra Net Lender Distributable Assets and the Solyndra Unencumbered Assets.

1.1.6    "Effective Date" shall have the meaning set forth in the Plan.

1.1.7    "Grantor" shall have the meaning set forth in the introductory paragraph to this Agreement.

1.2     Use of Plan Definitions.  All capitalized terms which are used in this Agreement and not otherwise defined herein shall have the same meaning set forth in the Plan.  In the case of any inconsistency between the terms of this Agreement and the terms of the Plan, the terms of the Plan shall govern and control.

1.3     Certain References.  Reference in this Agreement to any Section or Article is, unless otherwise specified, to that such section or article under this Agreement.  The words "hereof," "herein," and similar terms shall refer to this Agreement and not to any particular section or article of this Agreement.

2

## ARTICLE II
## ESTABLISHMENT, PURPOSE AND FUNDING OF SOLYNDRA RESIDUAL TRUST

2.1    Creation and Name.  There is hereby created the Solyndra Residual Trust, which is referred to in Article VII of the Plan.  The Solyndra Residual Trustee may conduct the affairs of the Solyndra Residual Trust under the name of the "Solyndra Residual Trust."

2.2    Purpose of Solyndra Residual Trust.  The Grantor and the Solyndra Residual Trustee, pursuant to the Plan and in accordance with the Bankruptcy Code, hereby create the Solyndra Residual Trust for the purpose of collecting, distributing and liquidating the Solyndra Residual Trust Assets for the benefit of the Beneficiaries in accordance with the terms of this Agreement and the Plan.  The activities of the Solyndra Residual Trust shall be limited to those activities set forth in Article IV hereof and as otherwise contemplated by the Plan.  The Solyndra Residual Trustee understands and agrees that the Solyndra Residual Trust has no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Solyndra Residual Trust.

2.3    Transfer of Solyndra Residual Trust Assets.

2.3.1    Pursuant to the Plan, which is incorporated by reference herein, the Grantor and the Solyndra Residual Trustee hereby establish, for the benefit of the Beneficiaries of the Solyndra Residual Trust, and the Grantor hereby grants, releases, assigns, conveys, transfers and delivers, on behalf of the Beneficiaries, the Solyndra Residual Trust Assets to the Solyndra Residual Trustee as of the Effective Date, in trust for the benefit of the Beneficiaries for the uses and purposes as specified in this Agreement and the Plan.  The Grantor shall have no further obligations with respect to the Allowed Claims under the Plan upon the transfer of the Solyndra Residual Trust Assets to the Solyndra Residual Trustee in accordance with this Agreement and the Plan.  The Grantor shall from time to time execute and deliver or cause to be executed and delivered all such documents (in recordable form where necessary or appropriate) and the Grantor shall take or cause to be taken such further action as the Solyndra Residual Trustee may reasonably deem necessary or appropriate, to vest or perfect in or confirm to the Solyndra Residual Trustee title to and possession of the Solyndra Residual Trust Assets.

2.3.2    For all federal, state and local income tax purposes, the Grantor, the Beneficiaries, and the Solyndra Residual Trustee shall treat the transfer of the Solyndra Residual Trust Assets to the Solyndra Residual Trust as a transfer of the Solyndra Residual Trust Assets by the Grantor to the Beneficiaries on account of their Allowed Claims under the Plan, followed by a transfer of the Solyndra Residual Trust Assets by the Beneficiaries to the Solyndra Residual Trust in exchange for their beneficial interests in the Solyndra Residual Trust.  Thus, the Beneficiaries shall be treated as the grantors and owners of the Solyndra Residual Trust.

## ARTICLE III
## SOLYNDRA RESIDUAL TRUST COMMITTEE

3.1    Solyndra Residual Trust Committee.  The initial members of the Solyndra Residual Trust Committee shall be _____.  The Solyndra

3

Residual Trust Committee shall make certain determinations, in accordance with this Agreement and the Plan. Except as otherwise set forth herein, approval of a majority of the members of such Solyndra Residual Trust Committee shall be required for the Solyndra Residual Trust Committee to act, provided that the Solyndra Residual Trust Committee may delegate responsibility for discrete issues or decisions to one or more of its members. The Solyndra Residual Trust Committee shall have the rights and powers set forth herein. In the event that a Solyndra Residual Trust Committee shall not continue to exist under this Agreement, all references herein to required approval or other action of such Solyndra Residual Trust Committee shall be of no force or effect.

3.2    Resignation/Replacement of Member of Solyndra Residual Trust Committee. In the event that a member of the Solyndra Residual Trust Committee resigns, the remaining members of the Solyndra Residual Trust Committee, along with the Solyndra Residual Trustee, shall select a replacement to serve on the Solyndra Residual Trust Committee.

3.3    Compensation. Except for (i) reimbursement of reasonable expenses, and (ii) indemnification, in each case, as set forth in Article VII hereof, the members of the Solyndra Residual Trust Committee shall receive no compensation or other payment for the performance of their duties hereunder nor shall they be reimbursed for any fees or expenses of any professional retained by an individual member of the Solyndra Residual Trust Committee.

3.4    Confidentiality. Each member of the Solyndra Residual Trust Committee shall, while serving as a member of the Solyndra Residual Trust Committee under this Agreement and for a period of twelve (12) months following the termination of this Agreement or the Solyndra Residual Trust, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Solyndra Residual Trust Assets relate or of which he or she has become aware in his/her capacity as a member of the Solyndra Residual Trust Committee.

## ARTICLE IV
## ADMINISTRATION OF THE SOLYNDRA RESIDUAL TRUST

4.1    Rights, Powers and Privileges. In connection with the administration of the Solyndra Residual Trust, except as set forth in this Agreement, the Solyndra Residual Trustee, in consultation with the Solyndra Residual Trust Committee, is authorized to perform, any and all acts necessary or desirable to accomplish the purposes of the Solyndra Residual Trust. In connection therewith, and subject to the limitations of Section 4.4 hereof, the Solyndra Residual Trustee, in consultation with the Solyndra Residual Trust Committee, shall have discretion to pursue or not to pursue any and all Claims, rights or causes of action, as he or she determines are in the best interests of the Beneficiaries and consistent with the purposes of the Solyndra Residual Trust, and shall have no liability for the outcome of his or her decision; provided, however, for the avoidance of doubt, that the Solyndra Residual Trustee shall not bring, pursue, or threaten to bring any Claim, right or cause of action against any Prepetition Lenders or the DIP Lenders. Without any limitation other than the limitations in this Agreement, the Solyndra Residual Trustee shall be expressly authorized, but shall not be required, to take the following actions which the Solyndra Residual Trustee, in his/her reasonable discretion, deems necessary or appropriate to fulfill the purpose of the Solyndra Residual Trust:

4

4.1.1    hold legal title to any and all rights of the Grantor and the Beneficiaries in or arising from the Solyndra Residual Trust Assets;

4.1.2    protect and enforce the rights to the Solyndra Residual Trust Assets vested in the Solyndra Residual Trustee by this Agreement and the Plan by any method deemed appropriate including, without limitation, by judicial proceedings or otherwise;

4.1.3    after consultation with and obtaining approval from the Solyndra Residual Trust Committee, compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle, in accordance with the terms of this Agreement, claims in favor of or against the Solyndra Residual Trust, including, without limitation, Solyndra General Unsecured Claims;

4.1.4    determine and satisfy any and all liabilities created or incurred by the Solyndra Residual Trust;

4.1.5    file, if necessary, any and all tax and information returns with respect to the Solyndra Residual Trust and pay taxes properly payable by the Solyndra Residual Trust, if any;

4.1.6    request any appropriate tax determination with respect to the Solyndra Residual Trust;

4.1.7    in reliance upon the official claims register maintained in the Chapter 11 Cases, maintain on the Solyndra Residual Trustee's books and records, a register evidencing the beneficial interest herein held by each Beneficiary;

4.1.8    administer, reconcile, and, if necessary, object to, Administrative Expenses, Tax Claims, Priority Non-Tax Claims, and Miscellaneous Secured Claim under the Plan and make distributions to holders of such Claims to the extent Allowed as provided for in, or contemplated by, this Agreement and the Plan; provided, however, for the avoidance of doubt, the Solyndra Residual Trustee shall not dispute or object to any and all such claims held by the Prepetition Lenders or the DIP Lenders and shall not compromise, settle or otherwise resolve and finalize distributions to the Prepetition Lenders or the DIP Lenders in a manner that is inconsistent with the Plan;

4.1.9    open and maintain bank accounts on behalf of or in the name of the Solyndra Residual Trust;

4.1.10    make all tax withholdings, file tax information returns, make tax elections by and on behalf of the Solyndra Residual Trust and file returns for the Solyndra Residual Trust;

4.1.11    send to each Beneficiary a separate statement stating the Beneficiary's share of income, gain, loss, deduction or credit;

4.1.12    establish such reserves for Disputed Claims, taxes, assessments, Solyndra Residual Trustee's fees and professional fees and other expenses of administration of

5

the Solyndra Residual Trust as may be necessary and appropriate for the proper operation of matters incident to the Solyndra Residual Trust;

       4.1.13    pay all expenses and make all other payments relating to the Solyndra Residual Trust Assets;

       4.1.14    retain and pay third parties pursuant to Section 4.2 hereof;

       4.1.15    obtain insurance coverage or a bond with respect to the liabilities and obligations of the Solyndra Residual Trustee and the members of the Solyndra Residual Trust Committee under this Agreement (in the form of an errors and omissions policy or otherwise);

       4.1.16    make distributions in accordance with the terms hereof;

       4.1.17    exercise all powers provided under the Plan to the Solyndra Residual Trustee;

       4.1.18    invest any monies held as part of the Solyndra Residual Trust Assets in accordance with the terms of Section 4.3 hereof; and

       4.1.19    terminate the Solyndra Residual Trust consistent with the terms of this Agreement and the Plan.

       4.2    To the extent requested by a majority of the Solyndra Residual Trust Committee, the Solyndra Residual Trustee shall consult with, and obtain approval from, the Solyndra Residual Trust Committee to the extent reasonably practicable prior to the actions described or, in the absence of such approval, obtain an order of the Bankruptcy Court approving such transaction (*provided that* the Solyndra Residual Trust Committee shall be deemed to have approved such transaction if it fails to object thereto in a writing received by the Solyndra Residual Trustee within five (5) business days following written notification by the Solyndra Residual Trustee of the intended transaction).

       4.3    Agents and Professionals.    The Solyndra Residual Trustee and the Solyndra Residual Trust Committee may, but shall not be required to, consult with and retain attorneys, accountants, appraisers, or other parties deemed by the Solyndra Residual Trustee to have qualifications necessary to assist in the proper administration of the Solyndra Residual Trust. The Solyndra Residual Trustee may pay the reasonable salaries, fees and expenses of such persons (including himself/herself), including contingency fees, out of the Solyndra Residual Trust Assets, subject to the provisions of Section 8.8 hereof and the Plan.

       4.4    Investment and Safekeeping of Solyndra Residual Trust Assets.    Except as otherwise set forth in the Plan, all monies and other Solyndra Residual Trust Assets received by the Solyndra Residual Trustee shall, until distributed or paid over as herein provided, be held in the Solyndra Residual Trust for the benefit of the Beneficiaries. The Solyndra Residual Trustee shall be under no liability for interest or producing income on any monies received by the Solyndra Residual Trust and held for distribution or payment to the Beneficiaries, except as such interest shall be actually received by the Solyndra Residual Trustee. Investments of any monies held by the Solyndra Residual Trustee shall be administered in view of the manner in which

6

individuals of ordinary prudence, discretion and judgment would act in the management of their own affairs; *provided, however*, that the right and power of the Solyndra Residual Trustee to invest monies held by the Solyndra Residual Trustee, the proceeds from any sale of shares of stock, or any income earned by the Solyndra Residual Trust shall be limited to the right and power to invest such monies, pending periodic distributions in accordance with the terms hereof and the Plan. For the removal of doubt, the investment powers of the Solyndra Residual Trustee, other than those reasonably necessary to maintain the value of the Solyndra Residual Trust Assets and the liquidating purpose of the Solyndra Residual Trust, are limited to powers to invest in demand and time deposits, such as short-term certificates of deposits, in banks or other savings institutions, or other temporary, liquid investments, such as treasury bills.

4.5    Limitations on Solyndra Residual Trustee.  On behalf of the Solyndra Residual Trust or the Beneficiaries, the Solyndra Residual Trustee shall not at any time: (i) enter into or engage in any trade or business (other than the management and disposition of the Solyndra Residual Trust Assets), and no part of the Solyndra Residual Trust Assets or the proceeds, revenue or income therefrom shall be used or disposed of by the Solyndra Residual Trust in furtherance of any trade or business, or (ii) except as provided herein, reinvest any Solyndra Residual Trust Assets.

4.5.1    With regard to any sale, disposition, release, modification or waiver of existing rights as to an asset of the Solyndra Residual Trust or compromise or settlement of litigation or controverted matter such as an objection to a Solyndra General Unsecured Claim, if the asset or matter at issue exceeds $500,000 in value (after accounting for any applicable defenses in the case of a Trust Avoidance Claim) or amount asserted, the Solyndra Residual Trustee must consult with, and obtain approval from, the Solyndra Residual Trust Committee with respect to any such transaction or, in the absence of such approval, an order of the Bankruptcy Court approving such transaction (*provided that* the Solyndra Residual Trust Committee shall be deemed to have approved such transaction if it fails to object thereto in a writing received by the Solyndra Residual Trustee within five (5) business days following written notification by the Solyndra Residual Trustee of the intended transaction).

4.5.2    Other than as provided in the Plan or this Agreement, the Solyndra Residual Trustee is not empowered to incur indebtedness.

4.5.3    The Solyndra Residual Trustee may only invest funds held in the Solyndra Residual Trust consistent with the requirements of this Agreement, the Bankruptcy Code or any order of the Bankruptcy Court modifying such requirements and, provided that the Solyndra Residual Trustee does so, he or she shall have no liability in the event of insolvency of any institution in which he or she has invested any funds of the Solyndra Residual Trust.

4.5.4    The Solyndra Residual Trustee shall hold, collect, conserve, protect and administer the Solyndra Residual Trust in accordance with the provisions of this Agreement and the Plan, and pay and distribute amounts as set forth herein for the purposes set forth in this Agreement.  Any determination by the Solyndra Residual Trustee as to what actions are in the best interests of the Solyndra Residual Trust shall be determinative.

4.6     Bankruptcy Court Approval of Solyndra Residual Trustee Actions. Except as provided in the Plan or otherwise specified in this Agreement, the Solyndra Residual Trustee need not obtain the order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred hereunder, or account to the Bankruptcy Court. The Solyndra Residual Trustee, in consultation with the Solyndra Residual Trust Committee, shall exercise his/her business judgment for the benefit of the Beneficiaries in order to maximize the value of the Solyndra Residual Trust Assets and distributions, giving due regard to the cost, risk, and delay of any course of action. Notwithstanding the foregoing, the Solyndra Residual Trustee shall have the right to submit to the Bankruptcy Court any question or questions regarding which the Solyndra Residual Trustee may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the Solyndra Residual Trustee with respect to the Solyndra Residual Trust Assets, this Solyndra Residual Trust, the Agreement, or the Plan, including the administration and distribution of the Solyndra Residual Trust Assets. The Bankruptcy Court shall retain jurisdiction for such purposes and shall approve or disapprove any such proposed action upon motion by the Solyndra Residual Trustee. In addition, the Solyndra Residual Trustee shall have the authority, but not the obligation, to seek Bankruptcy Court approval to sell any Solyndra Residual Trust Asset free and clear of any and all liens, claims and encumbrances, in consultation with the Solyndra Residual Trust Committee.

4.7     Reliance by Solyndra Residual Trustee:

(a)  The Solyndra Residual Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by him to be genuine and to have been signed or presented by the proper party or parties;

(b)  The Solyndra Residual Trustee may consult with any and all professionals to be selected by him and the Solyndra Residual Trustee shall not be liable for any action taken or omitted to be taken by him in accordance with the advice of such professionals; and

(c)  Persons dealing with the Solyndra Residual Trustee shall look only to the Solyndra Residual Trust Assets to satisfy any liability incurred by the Solyndra Residual Trustee to such person in carrying out the terms of this Solyndra Residual Trust Agreement, and the Solyndra Residual Trustee shall have no personal obligation to satisfy any such liability.

4.8     Valuation of Solyndra Residual Trust Assets. The Solyndra Residual Trustee shall apprise the Beneficiaries of the value of the Solyndra Residual Trust Assets. The valuation shall be used consistently by all parties (including the Solyndra Residual Trustee and Beneficiaries) for all federal income tax purposes. Any dispute regarding the valuation of Solyndra Residual Trust Assets shall be resolved by the Bankruptcy Court.

DOCS_SF:81430.2 80368-002

# ARTICLE V
## DISTRIBUTIONS FROM THE SOLYNDRA RESIDUAL TRUST

5.1     Distributions.  As soon as reasonably practicable after the Effective Date and thereafter as the Solyndra Residual Trustee reasonably determines, the Solyndra Residual Trustee shall make distributions to Beneficiaries in accordance with this Agreement and the Plan.  Subject to the last sentence of this Section 5.1, the Solyndra Residual Trustee shall at least annually distribute to the Beneficiaries all net cash income plus all net cash proceeds from the liquidation of the Solyndra Residual Trust Assets.  Notwithstanding the foregoing, the Solyndra Residual Trustee shall maintain a reserve of such amounts as are reasonably necessary to satisfy amounts that could be distributable in respect of Disputed Claims, and any such other amounts (such as administrative or other claims or other contingent liabilities) as reasonably necessary in his or her business judgment to fulfill his or her duties under the Plan or this Agreement.

5.2     Share of Distributions.  Each Beneficiary shall receive its share of any and all distributions in accordance with the Plan, except that the Solyndra Residual Trustee may withhold from amounts distributable to any Beneficiary, any and all amounts, determined in the Solyndra Residual Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

5.3     Delivery of Distributions.  All distributions to be made under this Agreement and the Plan shall be made to Beneficiaries (a) if any such holder has filed a Proof of Claim, at the address of such holder as set forth in the Proof of Claim, or at the addresses set forth in any written certification of address change filed with the Bankruptcy Court and delivered to the Solyndra Residual Trustee after the date of filing of such Proof of Claim, (b) if any such holder has not filed a Proof of Claim, at the last known address of such holder as set forth in the Debtors' Schedules or books and records, or (c) as to the Solyndra Settlement Trust, at such address as directed by the Solyndra Settlement Trustee.

5.4     Timing of Distributions.  Any payment or other distribution required to be made under the Plan on a day other than a Business Day shall be due on the next succeeding Business Day.  All payments or distributions due on the Effective Date shall be made thereon or as soon as practicable thereafter but in no event later than ten calendar days after the Effective Date.  Any payment of Cash made pursuant to this Plan shall be deemed made when such payment by check or wire transfer is transmitted.

5.5     Payments Limited to Solyndra Residual Trust Assets.  All payments to be made by the Solyndra Residual Trustee to or for the benefit of any Beneficiary shall be made only to the extent that the Solyndra Residual Trustee has sufficient reserves to make such payments in accordance with this Agreement and the Plan.  Each Beneficiary shall have recourse only to the Solyndra Residual Trust Assets for distribution under this Agreement and the Plan.

5.6     Fees and Expenses.  Subject to the limitations set forth herein and in the Plan, the Solyndra Residual Trustee may pay the operating and administrative expenses of the Solyndra Residual Trust out of the Solyndra Residual Trust Assets prior to distributions to or for the benefit of Beneficiaries.

5.7     Priority of Distributions.  Any recovery by the Solyndra Residual Trust on account of the Solyndra Residual Trust Assets shall be applied in accordance with the Plan.

5.8     Compliance with Laws.  Any and all distributions of Solyndra Residual Trust Assets shall be in compliance with applicable laws.

5.9     Unclaimed/Undeliverable Distributions:

(a) No Further Attempts At Delivery.   If any distribution to a Beneficiary is returned to the Solyndra Residual Trustee as undeliverable, then unless and until the Solyndra Residual Trustee is notified in writing of such Beneficiary's then-current address and a notice of address change is filed with the Bankruptcy Court (i) subject to Section 5.9(b), such undeliverable distribution will remain in the possession of the Solyndra Residual Trustee and such amount will be transferred to a segregated account established for the deposit of undeliverable distributions and no further attempt will be made to deliver such distribution and (ii) no attempt will be made to deliver subsequent distributions to such Beneficiary.

(b) Forfeiture and Redistribution.  Any Beneficiary that does not assert a claim for an undeliverable distribution by delivering to the Solyndra Residual Trustee a written notice setting forth such Beneficiary's then-current address and filing a notice of change of address with the Bankruptcy Court within ninety (90) days after the date on which such distribution was first deliverable to the Beneficiary will have its claim for undeliverable distributions discharged.

(c) No Requirement to Attempt to Locate Beneficiaries.  Nothing in the Plan shall require the Solyndra Residual Trustee to attempt to locate any Beneficiary.  The Solyndra Residual Trustee shall comply with the provisions of Section 5.3 hereof with regard to delivery of distributions.

5.10    Setoff Rights.  The Solyndra Residual Trustee may, in consultation with the Solyndra Residual Trust Committee, but shall not be required to, setoff against or recoup from Beneficiaries on which payments or other distributions are to be made hereunder, claims of any nature that the Solyndra Residual Trust may have against the holder of such Allowed Claim. However, neither the failure to do so, nor the allowance of any Claim under the Plan, shall constitute a waiver or release of any such claim, right of setoff or right of recoupment against the holder of such Allowed Claim.

5.11    Right to Object to Claims.  Subject to the following sentence, the Solyndra Residual Trustee shall have the responsibility and authority for administering, disputing, objecting to, compromising and settling or otherwise resolving and finalizing distributions with respect to any Administrative Expenses, Tax Claims, Priority Non-Tax Claims, and Miscellaneous Secured Claim under the Plan; provided, however, for the avoidance of doubt, the Solyndra Residual

10

Trustee shall not dispute or object to any and all such claims held by the Prepetition Lenders or the DIP Lenders and shall not compromise, settle or otherwise resolve and finalize distributions to the Prepetition Lenders or the DIP Lenders in a manner that is inconsistent with the Plan. The Solyndra Residual Trustee may, at any time, request that the Bankruptcy Court estimate any such contingent or unliquidated Claim pursuant to Section 502(c) of the Bankruptcy Code regardless of whether any party previously objected to such Claim.

5.12    No Distributions Pending Allowance.  If a Claim or any portion of a Claim is Disputed, no payment or distribution shall be made on account of the disputed portion of such Claim (or the entire Claim, if the entire Claim is disputed), unless such Disputed Claim or portion thereof becomes an Allowed Claim.

## ARTICLE VI
## BENEFICIARIES

6.1    Identification of Beneficiaries.  In order to determine the actual names and addresses of the Beneficiaries, the Solyndra Residual Trustee may either (i) follow the procedures set forth in Section 5.3 hereof or (ii) deliver a notice to the Beneficiaries. Such notice may include a form for each Beneficiary to complete in order to be properly registered as a Beneficiary and be eligible for distributions under the Solyndra Residual Trust. Such form may request the Beneficiary's federal taxpayer identification number or social security number if the Solyndra Residual Trustee determines that such information is necessary to fulfill his or her tax reporting and withholding obligations. The Solyndra Residual Trustee, in his or her reasonable discretion, may suspend distributions to any Beneficiary that has not provided its federal taxpayer identification number or social security number, as the case may be, after a request is made pursuant to this Section 6.1. If tax information is not provided within ninety (90) days after such request, the Solyndra Residual Trustee may, but shall not be required to, seek an Order of the Bankruptcy Court, on at least thirty (30) days notice to such Beneficiary, to have its underlying claim expunged and its beneficial interest disallowed for all purposes of this Agreement and the Plan. Each Beneficiary's Solyndra Residual Trust Interest is dependent upon such Beneficiary's classification under the Plan and the status of its Allowed Claim. Each distribution by the Solyndra Residual Trustee to the Beneficiaries shall be made in accordance with the terms set forth in Article V hereof and the Plan.

6.2    Beneficial Interest Only.  The ownership of a beneficial interest in the Solyndra Residual Trust shall not entitle any Beneficiary to any title in or to the Solyndra Residual Trust Assets or to any right to call for a partition or division of such Solyndra Residual Trust Assets or to require an accounting, except as specifically provided herein.

6.3    Ownership of Beneficial Interests Hereunder.  Each Beneficiary shall own a beneficial interest in the Solyndra Residual Trust equal such Beneficiary's entitlement under the Plan.

6.4    Evidence of Beneficial Interest.  Ownership of a beneficial interest in the Solyndra Residual Trust Assets shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Solyndra Residual Trust by the Solyndra Residual Trustee.

11

6.5 <u>Limitation on Transferability</u>. It is understood and agreed that the beneficial interests in the Solyndra Residual Trust shall be non-assignable during the term of this Agreement except by operation of law. An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Solyndra Residual Trustee, and the Solyndra Residual Trustee may continue to pay all amounts to or for the benefit of the assigning Beneficiaries until receipt of proper notification and proof of assignment by operation of law. The Solyndra Residual Trustee may rely upon such proof without the requirement of any further investigation. Any notice of a change of beneficial interest ownership as permitted by operation of law shall be forwarded to the Solyndra Residual Trustee by registered or certified mail as set forth herein and filed with the Bankruptcy Court. The notice shall be executed by both the transferee and the transferor, and the signatures of the parties shall be acknowledged before a notary public and as required by Bankruptcy Rule 3001(e). The notice must clearly describe the interest to be transferred. The Solyndra Residual Trustee may conclusively rely upon such signatures and acknowledgments as evidence of such transfer without the requirement of any further investigation.

## ARTICLE VII
## THIRD PARTY RIGHTS AND LIMITATION OF LIABILITY

7.1 <u>Parties Dealing With the Solyndra Residual Trustee</u>. In the absence of actual knowledge to the contrary, any person dealing with the Solyndra Residual Trust or the Solyndra Residual Trustee shall be entitled to rely on the authority of the Solyndra Residual Trustee or any of the Solyndra Residual Trustee's agents to act in connection with the Solyndra Residual Trust Assets. No person or entity which may deal with the Solyndra Residual Trustee shall have any obligation to inquire into the validity or expediency or propriety of any transaction by the Solyndra Residual Trustee or any agent of the Solyndra Residual Trustee.

7.2 <u>Limitation of Solyndra Residual Trustee's Liability</u>. Anything herein to the contrary notwithstanding, in exercising the rights granted herein, the Solyndra Residual Trustee shall exercise his/her best judgment, to the end that the affairs of the Solyndra Residual Trust shall be properly managed and the interests of all the Beneficiaries and the Grantor are safeguarded; but the Solyndra Residual Trustee shall not incur any responsibility or liability by reason of any error of law or of any matter or thing done or suffered or omitted to be done under this Agreement, unless the Solyndra Residual Trustee has acted with recklessness, fraud or willful misconduct.

7.3 <u>Indemnification</u>. The Solyndra Residual Trustee and the Solyndra Residual Trust Committee and its members shall be indemnified and receive reimbursement against and from all loss, liability, expense (including counsel fees) or damage which the Solyndra Residual Trustee and the Solyndra Residual Trust Committee and its members may incur or sustain in the exercise and performance of any of the their powers and duties under this Agreement, to the full extent permitted by applicable law, except if such loss, liability, expense or damage is finally determined by a court of competent jurisdiction to result from the Solyndra Residual Trustee's or the Solyndra Residual Trust Committee's or its members' recklessness, or willful misconduct`. The amounts necessary for such indemnification and reimbursement shall be paid by the Solyndra Residual Trustee out of the Solyndra Residual Trust Assets, except as otherwise provided in the Plan. The Solyndra Residual Trustee shall not be personally liable for the payment of any

12

Solyndra Residual Trust expense or claim or other liability of the Solyndra Residual Trust, and no Entity shall look to the Solyndra Residual Trustee personally for the payment of any such expense or liability. This indemnification shall survive the death, dissolution, resignation or removal, as may be applicable, of the Solyndra Residual Trustee, or the termination of the Solyndra Residual Trust, and shall inure to the benefit of the Solyndra Residual Trustee's heirs and assigns.

7.4     Cost and Expenses of Solyndra Residual Trust Committee. The Solyndra Residual Trustee and the Solyndra Residual Trust agree upon demand to pay, or reimburse the Solyndra Residual Trust Committee for, all reasonable fees and expenses incurred by the Solyndra Residual Trust Committee arising under or in connection with this Agreement or the Plan.

## ARTICLE VIII
## SELECTION, REMOVAL AND COMPENSATION OF SOLYNDRA RESIDUAL TRUSTEE

8.1     Initial Solyndra Residual Trustee. The initial Solyndra Residual Trustee shall be R. Todd Neilson.

8.2     Term of Service. The Solyndra Residual Trustee shall serve until (a) the completion of all the Solyndra Residual Trustee's duties, responsibilities and obligations under this Agreement and the Plan; (b) termination of the Solyndra Residual Trustee in accordance with this Agreement; or (c) the Solyndra Residual Trustee's death, resignation or removal.

8.3     Removal of a Solyndra Residual Trustee. Any person serving as Solyndra Residual Trustee may be removed and replaced by an order of the Bankruptcy Court upon the motion of the Solyndra Residual Trust Committee and a showing of good cause. The removal shall be effective on the date specified in the order. The Solyndra Residual Trust Committee may employ and retain professionals without the necessity of notice to the Beneficiaries or approval of the Bankruptcy Court, provided that notice of such employment is provided to the Solyndra Residual Trustee. Notwithstanding the removal of the Solyndra Residual Trustee pursuant to this Section 8.3, the rights of the resigning Solyndra Residual Trustee under this Agreement with respect to acts or omissions occurring prior to the effectiveness of such removal will continue for the benefit of such resigning Solyndra Residual Trustee following the effectiveness of such resignation.

8.4     Resignation of Solyndra Residual Trustee. The Solyndra Residual Trustee may resign at any time by giving the Beneficiaries and Solyndra Residual Trust Committee at least sixty (60) days written notice of his or her intention to do so. In the event of a resignation, the resigning Solyndra Residual Trustee shall render to the Beneficiaries a full and complete accounting of monies and Solyndra Residual Trust Assets received, disbursed, and held during the term of office of that Solyndra Residual Trustee. The resignation shall be effective on the later to occur of: (i) the date specified in the notice; or (ii) the appointment of a successor by the Solyndra Residual Trust Committee, the acceptance by such successor of such appointment and the approval of the Bankruptcy Court; *provided*, that if a successor Solyndra Residual Trustee is not appointed or does not accept his or her appointment or if the appointment of a successor Trustee has not been approved by the Bankruptcy Court within sixty (60) days following delivery

13

of notice of resignation, the resigning Solyndra Residual Trustee may petition the Bankruptcy Court for the appointment of a successor Solyndra Residual Trustee. Notwithstanding the resignation of the Solyndra Residual Trustee pursuant to this Section 8.4, the rights of the resigning Solyndra Residual Trustee under this Agreement with respect to acts or omissions occurring prior to the effectiveness of such resignation will continue for the benefit of such resigning Solyndra Residual Trustee following the effectiveness of such resignation.

8.5    <u>Appointment of Successor Solyndra Residual Trustee.</u>  Upon the resignation, death, incapacity, or removal of a Solyndra Residual Trustee, the Solyndra Residual Trust Committee shall appoint a successor Solyndra Residual Trustee to fill the vacancy, subject to the approval of the Bankruptcy Court so long as Solyndra's bankruptcy case is pending. Any successor Solyndra Residual Trustee so appointed shall consent to and accept in writing the terms of this Agreement and agrees that the provisions of this Agreement shall be binding upon and inure to the benefit of the successor Solyndra Residual Trustee.

8.6    <u>Powers and Duties of Successor Solyndra Residual Trustee.</u>  A successor Solyndra Residual Trustee shall have all the rights, privileges, powers, and duties of his or her predecessor under this Agreement and the Plan. Notwithstanding anything to the contrary herein, a removed or resigning Solyndra Residual Trustee shall, when requested in writing by the successor Solyndra Residual Trustee, execute and deliver an instrument or, instruments conveying and transferring to such successor Solyndra Residual Trustee under the Solyndra Residual Trust all the estates, properties, rights, powers, and trusts of such predecessor Solyndra Residual Trustee.

8.7    <u>Solyndra Residual Trust Continuance.</u>  The death, resignation or removal of the Solyndra Residual Trustee shall not terminate the Solyndra Residual Trust or revoke any existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Solyndra Residual Trustee. In the event that a successor Solyndra Residual Trustee is not appointed within thirty (30) days of when required under this Agreement, any Beneficiary may apply to the Bankruptcy Court for appointment of a successor Solyndra Residual Trustee upon notice to the Solyndra Residual Trust Committee.

8.8    <u>Compensation and Costs of Administration.</u>  Subject to the reduction in fees set forth in Section 4.2 hereof, the Solyndra Residual Trustee shall receive fair and reasonable compensation for his/her services in accordance with his/her customary hourly rates, which shall be disclosed in a filing with the Bankruptcy Court and charged against and paid out of the Solyndra Residual Trust Assets (subject to the limitations set forth in this Agreement and the Plan), <u>*provided*</u>, that no compensation may be paid to the Solyndra Residual Trustee or his/her professionals unless and until the following procedures have been followed with respect to any individual request for compensation: (i) the Solyndra Residual Trustee shall submit to the Solyndra Residual Trust Committee a statement or statements ("Statements") reflecting all fees (itemized, as applicable, to indicate the individual performing services, such individual's billable rate, a description of the services performed, the time spent, and the fees incurred) and itemized costs to be reimbursed, (ii) the amount reflected in any such Statements may be paid by the Solyndra Residual Trust after seven (7) days after the delivery of the Statements as specified in clause (i) above, unless prior to the expiration of such seven-day period, the Solyndra Residual Trust Committee shall have objected in writing to any compensation reflected in the Statement, in

which case the undisputed amounts may be paid and the disputed amounts may only be paid by agreement of the Solyndra Residual Trust Committee, or pursuant to order of the Bankruptcy Court, which shall retain exclusive jurisdiction over all disputes regarding the Solyndra Residual Trustee's and his/her professionals' compensation. All costs, expenses, and obligations, including without limitation filing fees, incurred by the Solyndra Residual Trustee (or professionals who may be employed by the Solyndra Residual Trustee in administering the Solyndra Residual Trust, in carrying out their other responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid from the Solyndra Residual Trust Assets prior to any distribution to the Beneficiaries (subject to the limitations set forth in this Agreement and the Plan).

     8.9    <u>Annual Reporting and Filing Requirements</u>.

     8.9.1    Within 45 days after the end of each calendar year, the Solyndra Residual Trustee shall furnish a report to the Solyndra Residual Trust Committee of all Solyndra Residual Trust Assets received by the Solyndra Residual Trust, all Solyndra Residual Trust Assets disbursed to Beneficiaries, all Solyndra Residual Trust Assets disbursed for professional fees and costs of administering the Solyndra Residual Trust (including compensation paid to the Solyndra Residual Trustee). The Solyndra Residual Trustee's report will be available and provided to any Beneficiary upon written request.

     8.9.2    The Solyndra Residual Trustee shall file tax returns for the Solyndra Residual Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and any other applicable laws or regulations. The Solyndra Residual Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Solyndra Residual Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

     8.9.3    The tax returns filed by the Solyndra Residual Trustee shall report all Solyndra Residual Trust earnings for the taxable year being reported.

     8.10    <u>Confidentiality</u>. Except as required in the performance of his/her duties, the Solyndra Residual Trustee shall, while serving as Solyndra Residual Trustee under this Agreement and for a period of twelve (12) months following the termination of this Agreement or the Solyndra Residual Trust, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Solyndra Residual Trust Assets relate or of which he has become aware in his/her capacity as Solyndra Residual Trustee.

## ARTICLE IX
## MAINTENANCE OF RECORDS

     9.1    The Solyndra Residual Trustee shall maintain books and records containing a description of all property from time to time constituting the Solyndra Residual Trust Assets and an accounting of all receipts and disbursements. Such books and records may be destroyed without further notice to parties or approval of the Bankruptcy Court three (3) years after the final report to the Bankruptcy Court has been rendered by the Solyndra Residual Trustee (unless such

15

records and documents are necessary to fulfill the Solyndra Residual Trustee's obligations pursuant to this Agreement). Notwithstanding the foregoing, during the term of the Solyndra Residual Trust, the Solyndra Residual Trustee may destroy business records transferred by Grantor to the Solyndra Residual Trust thirty (30) days after delivery of written notice to the Solyndra Residual Trust Committee of the Solyndra Residual Trustee's intent to destroy such records, unless prior to the expiration of such 30-day period, the Solyndra Residual Trust Committee shall have objected in writing to the destruction of such records. The Solyndra Residual Trustee may estimate and include, as part of the Solyndra Residual Trustee's compensation, a reasonable sum to be used for the purposes of maintaining, accessing and destroying records during the term of the Solyndra Residual Trust and for up to three (3) years thereafter.

**ARTICLE X**
**DURATION OF SOLYNDRA RESIDUAL TRUST**

10.1    Duration. The Solyndra Residual Trust shall become effective upon the Effective Date of the Plan. Thereupon, this Agreement shall remain and continue in full force and effect until the Solyndra Residual Trust is terminated in accordance with the provisions of this Agreement and the Plan.

10.2    Termination of the Solyndra Residual Trust. The duties, responsibilities and powers of the Solyndra Residual Trustee, and the Solyndra Residual Trust, shall terminate on the earlier of (i) full resolution of all Solyndra Residual Trust Assets transferred to the Solyndra Residual Trust, distribution of the Solyndra Residual Trust Assets and the net proceeds thereof in accordance with the Plan and this Agreement, and conclusion of all matters relative to the administration of the Solyndra Residual Trust, except for the filing of all final tax returns or (ii) five (5) years from the Effective Date; *provided*, *however*, subject to approval of the Bankruptcy Court upon a finding for cause shown that an extension is necessary for the purpose of the Solyndra Residual Trust, the term of the Solyndra Residual Trust may be extended for a finite period based upon the particular circumstances at issue. Each such extension must be approved by the Bankruptcy Court within six (6) months of the beginning of the extended term.

10.3    Continuance of Solyndra Residual Trust for Winding Up. After the termination of the Solyndra Residual Trust and for the purpose of liquidating and winding up the affairs of the Solyndra Residual Trust, the Solyndra Residual Trustee shall continue to act as such until his or her duties have been fully performed, including, without limitation, such post-distribution tasks as necessary to wind up the affairs of the Solyndra Residual Trust. Subject to the provisions of 9.1 hereof, after the termination of the Solyndra Residual Trust, the Solyndra Residual Trustee shall retain for a period of five (5) years the books, records, Beneficiary lists, and certificates and other documents and files which shall have been delivered to or created by the Solyndra Residual Trustee. At the Solyndra Residual Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after five (5) years from the completion and winding up of the affairs of the Solyndra Residual Trust. Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Solyndra Residual Trust and final distribution of the Solyndra Residual Trust, the Solyndra Residual Trustee shall have no further duties or obligations hereunder.

## ARTICLE XI
## MISCELLANEOUS

     11.1    <u>Preservation of Privilege</u>.  In connection with the rights, claims, and causes of action that constitute Solyndra Residual Trust Assets, any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Solyndra Residual Trust pursuant to the terms of the Plan or otherwise shall vest in the Solyndra Residual Trustee and his or her representatives, and the Grantor and the Solyndra Residual Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges, as necessary.

     11.2    <u>Notices</u>.  All notices to be given to Beneficiaries may be given by ordinary mail, or may be delivered personally, to the holders at the addresses appearing on the books kept by the Solyndra Residual Trustee.  Any notice or other communication which may be or is required to be given, served, or sent to the Solyndra Residual Trust or the Solyndra Residual Trust Committee, as applicable, shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by hand delivery or facsimile (if receipt is confirmed) addressed as follows:

     If to the Solyndra Residual Trust:

          Solyndra Residual Trustee
          R. Todd Neilson
          Berkeley Research Group, LLC
          2049 Century Park East, Suite 2525
          Los Angeles, CA  90067
          e-mail: tneilson@brg-expert.com
          Fax:  310-557-8982

          With copy to:

          Pachulski Stang Ziehl & Jones LLP
          Attn:  Maxim B. Litvak, Esq.
          150 California Street, 15th Floor
          San Francisco, CA  94111
          e-mail:  mlitvak@pszjlaw.com
          Fax:  415-263-7010

     If to a Beneficiary:

          To the name and address for such Beneficiary determined pursuant to the provisions of Section 5.3 hereof.

     11.3    <u>No Bond</u>.  Notwithstanding any state law to the contrary, the Solyndra Residual Trustee (including any successor) shall be exempt from giving any bond or other security in any jurisdiction, unless the Solyndra Residual Trustee or the Solyndra Residual Trust Committee decide in their reasonable judgment to obtain such bond or other security.

DOCS_SF:81430.2 80368-002

11.4    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of California without regard to principles of conflicts of law.

11.5    <u>Successors and Assigns</u>.  This Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns.

11.6    <u>Headings</u>.  The various headings of this Agreement are inserted for convenience only and shall not affect the meaning or understanding of this Agreement or any provision hereof.

11.7    <u>No Execution</u>.  All funds in the Solyndra Residual Trust shall be deemed *in custodia legis* until such times as the funds have actually been paid to or for the benefit of a Beneficiary, and no Beneficiary or any other Person can execute upon, garnish or attach the Solyndra Residual Trust Assets or the Solyndra Residual Trust in any manner or compel payment from the Solyndra Residual Trust except by Final Order of the Bankruptcy Court.  Payment will be solely governed by this Agreement and the Plan.

11.8    <u>Intention of Parties to Establish Grantor Solyndra Residual Trust</u>.  This Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a grantor trust.

11.9    <u>Amendment</u>.  This Agreement may be amended only by order of the Bankruptcy Court.

11.10    <u>Severability</u>.  If any term, provision covenant or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, provisions, covenants and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

11.11    <u>Counterparts and Facsimile Signatures</u>.  This Agreement may be executed in counterparts and a facsimile or other electronic form of signature shall be of the same force and effect as an original.

18

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year written above.

SOLYNDRA LLC

By:_____
R. Todd Neilson
Chief Restructuring Officer

By:_____
R. Todd Neilson, solely in his capacity as Solyndra Residual Trustee under this Agreement

19

# **TAB 3**

**$3,500,000 LIMITED RECOURSE WARN SETTLEMENT LOAN AGREEMENT**

**THIS $3,500,000 LIMITED RECOURSE WARN SETTLEMENT LOAN AGREEMENT** (this "**Agreement**") dated as of October __, 2012 among **ARGONAUT VENTURES I, L.L.C.** and **MADRONE PARTNERS, LP** (each, a "**Lender**" and collectively, the "**Lenders**") and the **SOLYNDRA RESIDUAL TRUST**, a liquidating trust created under the Plan, as (the "**Borrower**"), provides the terms on which the Lenders shall lend to Borrower and Borrower shall repay the Lenders.

**WHEREAS,** Solyndra LLC ("**Solyndra**") and 360 Degree Solar Holdings, Inc. (collectively, the "**Debtors**") are debtors and debtors-in-possession in jointly administered cases, Case No. 11-12799, pending in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") in In re: Solyndra LLC, et al. under Chapter 11 of the Bankruptcy Code (as defined herein);

**WHEREAS,** the Debtors' Amended Joint Chapter 11 Plan (as amended, supplemented, or modified from time to time, the "**Plan**") provides for, among other items, the establishment of the Borrower and the provision of a term loan in the aggregate principal amount of $3,500,000 (the "**WARN Settlement Loan**"), the proceeds of which shall made available to the Borrower and used to fund the WARN Settlement Amount upon the later of: (i) the Effective Date, and (ii) the entry date of a Final Order of the Bankruptcy Court approving the WARN Settlement;

**WHEREAS,** the Lenders have agreed to provide such loans on the terms and conditions contained in this Agreement;

**NOW, THEREFORE,** in consideration of the premises and the agreements, provisions and covenants contained herein, the parties agree as stated above and as follows:

**1      DEFINED TERMS.**

**1.1      Capitalized Terms.**  Capitalized terms not otherwise defined in this Agreement shall have the meanings set forth in Annex A hereof and in the Plan.

**2      LOAN AND TERMS OF PAYMENT.**

**2.1      Promise to Pay.**  Borrower hereby unconditionally promises to pay the Lenders the outstanding principal amount of the Obligations and accrued and unpaid interest thereon and any other amounts due hereunder as and when due in accordance with this Agreement.

**2.2      Term Loan Facility.**

(a)      Term Loan.  Subject to the terms and conditions of this Agreement, the Lenders agree to make available to the Borrower the WARN Settlement Loan on the Closing Date.

(b)      Repayment.  The unpaid principal amount in respect of the Obligations shall be due and payable on the Maturity Date

(c)     Mandatory Prepayments.  Borrower shall repay the WARN Settlement Loan in whole or in part within 2 Business Days upon receipt of proceeds, if any, of Retained Rights of Action against third parties described on Schedule 2.2(c) hereof in an amount equal to such proceeds.

(d)     Application of Prepayments.  Any payments made under Sections 2.2(b), (c) or (d) hereof shall be applied in accordance with the Plan.

**2.3     Payment of Interest on the WARN Settlement Loan; Payment Terms.**

(a)     Interest Rate.  The principal amount outstanding for the WARN Settlement Loan shall accrue interest, which interest shall be payable in kind as provided in clause (c) below, calculated daily at a per annum rate equal to 15.0% (the "**Interest Rate**"). Interest shall be computed on the basis of a 360-day year of twelve 30-day months.

(b)     Default Rate.  Immediately upon the occurrence and during the continuance of an Event of Default under Section 6.1 hereof, the WARN Settlement Loan shall bear interest at a rate per annum which is two percentage points above the Interest Rate (the "**Default Rate**").  Payment or acceptance of the increased interest rate provided in this Section 2.3(b) is not a permitted alternative to timely payment and shall not constitute a waiver of any Event of Default or otherwise prejudice or limit any rights or remedies of the Lenders.

(c)     Payments.  The accrued and unpaid interest due under this Agreement shall be payable in kind in arrears on each March 31, June 30, September 30 and December 31 and simultaneously with the repayment or prepayment of the WARN Settlement Loan (on the principal amount of WARN Settlement Loan so repaid or prepaid), including repayment on the Maturity Date.  Payments of principal and/or interest and/or other amounts owing hereunder or under any other Loan Document to the Lenders received after 12:00 p.m. Pacific time are considered received at the opening of business on the next Business Day.  When a payment is due on a day that is not a Business Day, the payment is due the next Business Day and additional fees or interest, as applicable, shall continue to accrue.  Notwithstanding the foregoing or any other provision of any Loan Document, the Borrower shall only be required to make cash payments in respect of the Obligations with the proceeds of Retained Rights of Action against third parties and no default or Event of Default shall be caused solely by the failure of the proceeds thereof to satisfy the Obligations in full.

**3     CONDITIONS OF LOANS AND USE OF PROCEEDS**

**3.1     Conditions Precedent to Effectiveness.**  This Agreement shall become effective upon the date (the "**Closing Date**") of the satisfaction of, and the Lenders' obligation to make the WARN Settlement Loan is subject to, the conditions precedent that (i) the proceeds of the WARN Settlement Loan shall made available to the Borrower and used to fund the WARN Settlement Amount upon the later of: (x) the Effective Date, and (y) the entry date of a Final Order of the Bankruptcy Court approving the WARN Settlement and (ii) the Lenders shall have received, in form and substance satisfactory to the Lenders in their sole and absolute discretion, evidence of satisfaction of the following conditions, any of which may be deemed satisfied or waived in whole or in part by the Lenders:

(a)    <u>Loan Documents</u>.  The Lenders shall have received copies duly executed by each of the parties thereto of this Agreement, the Security Agreement and any other Loan Document.

(b)    <u>Security Interest</u>.    The security interests described in the Security Agreement shall have or been or shall concurrently be granted and shall create a valid First Priority security interest in, and Lien on, the Collateral.

(c)    <u>Representations and Warranties</u>.    The representations and warranties contained herein and in the other Loan Documents shall be true and correct in all material respects on and as of the Closing Date to the same extent as though made on and as of that date, except to the extent such representations and warranties specifically relate to an earlier date, in which case such representations and warranties shall have been true and correct in all material respects on and as of such earlier date; <u>provided</u> that, in each case, such materiality qualifier shall not be applicable to any representations and warranties that already are qualified or modified by materiality in the text thereof.

(d)    <u>No Event of Default</u>.  No event shall have occurred and be continuing or would result from the consummation of the transactions contemplated herein that would constitute an Event of Default or a Default.

(e)    <u>Confirmation of Plan</u>.  The Lenders shall have received evidence that the Bankruptcy Court has entered a confirmation order (the "**Confirmation Order**"), which shall not have been stayed, reversed, vacated or otherwise modified in any manner that is materially adverse to the rights or interests of the Lenders, providing for the approval of the Plan and the execution of this Agreement and the other Loan Documents.

**3.2**    **Use of Proceeds.**  The proceeds of the WARN Settlement Loan shall be used to fund the WARN Settlement Amount.

**4**    **REPRESENTATIONS AND WARRANTIES**.  In order to induce the Lenders to enter into this Agreement and to make the WARN Settlement Loan to be made hereunder, the Borrower represents and warrants to the Lenders, that the following statements are true and correct as of the Closing Date:

**4.1**    **Organization; Requisite Power and Authority; Qualification**.  The Borrower (a) is a validly organized and existing liquidating trust and (b) has all requisite power and authority to enter into the Loan Documents to which it is a party and to carry out the transactions contemplated thereby and hereby.

**4.2**    **Due Authorization**.    The execution, delivery and performance of the Loan Documents have been duly authorized by all necessary action on the part of the Borrower, subject to the entry of the Confirmation Order.

**4.3**    **No Conflict**.  Upon entry by the Bankruptcy Court of the Confirmation Order, the execution, delivery and performance by the Borrower of the Loan Documents and the consummation of the transactions contemplated by the Loan Documents do not and will not (a) violate (i) any provision of any law or any governmental rule or regulation applicable to the

Borrower, (ii) any of the Organizational Documents of the Borrower, or (iii) any order, judgment or decree of any court or other agency of government binding on the Borrower; (b) conflict with, result in a breach of or constitute (with due notice or lapse of time or both) a default under any Contractual Obligation of the Borrower; (c) result in or require the creation or imposition of any Lien upon any of the properties or assets of the Borrower (other than any Liens created under any of the Loan Documents in favor of Lenders); or (d) require any approval of beneficiaries or any approval or consent of any Person under any Contractual Obligation of the Borrower, except for such approvals or consents which will be obtained on or before the Closing Date and disclosed in writing to the Lenders.

4.4     **Binding Obligation**.  Subject to the entry of the Confirmation Order, each Loan Document has been duly executed and delivered by the Borrower and is the legally valid and binding obligation of the Borrower, enforceable against the Borrower in accordance with its respective terms, except as may be limited by bankruptcy, insolvency, reorganization, moratorium or similar laws relating to or limiting creditors' rights generally or by equitable principles relating to enforceability (including, without limitation, the terms of the Confirmation Order).  The Confirmation Order is in full force and effect has not been reversed, stayed, modified or amended (other than with the consent of the Lenders in their sole discretion).

5       **COVENANTS.**  The Borrower covenants and agrees, until payment in full of all Obligations, the Borrower shall perform all covenants in this Section 5.

5.1     **Existence.**  The Borrower will at all times preserve and keep in full force and effect its existence and all of its rights and franchises, licenses and permits material to its business.

5.2     **Compliance with the Plan and Confirmation Order.**  The Borrower will comply in all material respects with the terms and conditions of the Plan and the Confirmation Order.

5.3     **Compliance with Organizational and Trust Documents.**  The Borrower will comply in all material respects with the terms and conditions of its organizational documents and any other document or instrument executed in connection with creation and maintenance of the Solyndra Residual Trust as provided for in the Plan.

6       **EVENTS OF DEFAULT.**

6.1     **Events of Default**.  Any one or more of the following conditions or events shall constitute an "**Event of Default**":

(a)     <u>Failure to Make Payments When Due</u>.  Failure by Borrower to pay (i) when due any installment of principal of the WARN Settlement Loan, whether at stated maturity, by acceleration, by notice of voluntary prepayment, by mandatory prepayment or otherwise; or (ii) any interest on the WARN Settlement Loan or any fee or any other amount due hereunder within three days after the date due; or

(b)     <u>Breach of Certain Covenants</u>.  Failure of the Borrower to perform or comply with any term or condition contained in Sections 4 or 5.2; or

(c)    Breach of Representations, Etc.    Any representation, warranty, certification or other statement made or deemed made by the Borrower in the WARN Settlement Loan Document or in any statement or certificate at any time given by the Borrower in writing pursuant hereto or thereto or in connection herewith or therewith shall be false in any material respect as of the date made or deemed made; or

(d)    Failure to Comply With or Amendment, Reversal or Modification of, Confirmation Order.    The Borrower shall fail to comply in all material respects with the Plan or the Confirmation order or the Plan or the Confirmation Order is otherwise amended, reversed or modified in a manner not approved by the Lenders; or

(e)    Challenge to, or Invalidity of, Loan Documents.    Any of the Loan Documents, including the Security Agreement, shall cease, for any reason, to be in full force and effect in any material respect, or the Borrower or any Affiliate of the Borrower shall so assert in writing, or any Lien created by any of the Loan Documents, including pursuant to the Security Agreement, on any Collateral or property purported to be Collateral shall cease to be enforceable and of the same effect and priority purported to be created thereby.

**6.2    Remedies**.

(a)    Acceleration.    Upon the occurrence of any Event of Default the Lenders may, upon five days' written notice to the Borrower, and in accordance with the Plan and the Confirmation Order,

(i)    declare all of the Obligations to be immediately due and payable; and

(ii)    enforce any and all Liens securing such Obligations and otherwise exercise any and all rights and remedies provided under the Loan Documents and/or applicable law,

in each case without presentment, demand, protest or other requirements of any kind, all of which are hereby expressly waived by the Borrower.

Upon the occurrence of an Event of Default and the exercise by the Lenders of their rights and remedies under this Agreement and the other Loan Documents and applicable law, the Borrower shall assist the Lenders in effecting a disposition of the Collateral upon such terms as are reasonably acceptable to the Lenders.    The rights provided for in this Agreement and the other Loan Documents are cumulative and are not exclusive of any other rights, powers, privileges or remedies provided by law or in equity, or under any other instrument, document or agreement now existing or hereafter arising.

**7    NOTICES.**    All notices, consents, requests, approvals, demands, or other communication by any party to this Agreement or any other Loan Document must be in writing and shall be deemed to have been validly served, given, or delivered: (a) upon the earlier of actual receipt and three (3) Business Days after deposit in the U.S. mail, first class, registered or certified mail return receipt requested, with proper postage prepaid; (b) upon transmission, when sent by facsimile or electronic transmission; (c) one (1) Business Day after deposit with a reputable overnight courier with all charges prepaid; or (d) when delivered, if hand-delivered by

messenger, all of which shall be addressed to the party to be notified and sent to the address, facsimile number indicated below.  Each party may change its address or facsimile number or electronic mailing address by giving the other parties written notice thereof in accordance with the terms of this Section 7.

If to the Borrower:

Solyndra Residual Trustee
R. Todd Neilson
Berkeley Research Group, LLC
2049 Century Park East, Suite 2525
Los Angeles, CA  90067
e-mail: tneilson@brg-expert.com
Fax:  310-557-8982

With copy to:

Pachulski Stang Ziehl & Jones LLP
Attn:  Maxim B. Litvak, Esq.
150 California Street, 15th Floor
San Francisco, CA  94111
e-mail:  mlitvak@pszjlaw.com
Fax:  415-263-7010

If to the Lenders:                          Attention:  Steve Mitchell
                                            6733 South Yale Avenue
                                            Tulsa, OK 74137
                                            Tel: (918) 494-0000
                                            Fax: (918) 491-4694

                                            US Mail to:
                                            PO Box 21468
                                            Tulsa, OK 74121

with a copy to:                             Gibson, Dunn & Crutcher LLP
                                            Attn:  J. Eric Wise, Esq.
                                            and Matthew K. Kelsey
                                            200 Park Avenue
                                            New York, New York 10166
                                            Tel: (212) 351-4000
                                            Fax: (212) 351-4035

**8     CHOICE OF LAW, VENUE, JURY TRIAL WAIVER.**

**8.1    Applicable Law**.    THIS AGREEMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY, AND SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICT OF LAWS PRINCIPLES THEREOF.

**8.2    CONSENT TO JURISDICTION**.    EACH PARTY HERETO HEREBY CONSENTS AND AGREES THAT THE BANKRUPTCY COURT SHALL HAVE EXCLUSIVE JURISDICTION TO HEAR AND DETERMINE ANY CLAIMS OR DISPUTES BETWEEN THE BORROWER AND THE LENDERS PERTAINING TO THIS AGREEMENT OR ANY OF THE OTHER LOAN DOCUMENTS OR TO ANY MATTER ARISING OUT OF OR RELATING TO THIS AGREEMENT OR ANY OF THE OTHER LOAN DOCUMENTS; PROVIDED THAT THE LENDERS AND THE BORROWER ACKNOWLEDGE THAT ANY APPEALS FROM THE BANKRUPTCY COURT MAY HAVE TO BE HEARD BY A COURT OTHER THAN THE BANKRUPTCY COURT; PROVIDED, FURTHER, THAT NOTHING IN THIS AGREEMENT SHALL BE DEEMED OR OPERATE TO PRECLUDE THE LENDERS FROM BRINGING SUIT OR TAKING OTHER LEGAL ACTION IN ANY OTHER JURISDICTION TO REALIZE ON THE COLLATERAL OR ANY OTHER SECURITY FOR THE OBLIGATIONS, OR TO ENFORCE A JUDGMENT OR OTHER COURT ORDER IN FAVOR OF THE LENDERS.    THE BORROWER EXPRESSLY SUBMITS AND CONSENTS IN ADVANCE TO SUCH JURISDICTION IN ANY ACTION OR SUIT COMMENCED IN ANY SUCH COURT, AND THE BORROWER HEREBY WAIVES ANY OBJECTION THAT SUCH DEBTOR MAY HAVE BASED UPON LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR FORUM NON CONVENIENS AND HEREBY CONSENTS TO THE GRANTING OF SUCH LEGAL OR EQUITABLE RELIEF AS IS DEEMED APPROPRIATE BY SUCH COURT.

**8.3    WAIVER OF JURY TRIAL**.    EACH OF THE PARTIES HERETO HEREBY AGREES TO WAIVE ITS RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING HEREUNDER OR UNDER ANY OF THE OTHER LOAN DOCUMENTS OR ANY DEALINGS BETWEEN THEM RELATING TO THE SUBJECT MATTER OF THIS LOAN TRANSACTION OR THE LENDERS/BORROWER RELATIONSHIP THAT IS BEING ESTABLISHED. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL-ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE SUBJECT MATTER OF THIS TRANSACTION, INCLUDING CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS.    EACH PARTY HERETO ACKNOWLEDGES THAT THIS WAIVER IS A MATERIAL INDUCEMENT TO ENTER INTO A BUSINESS RELATIONSHIP THAT EACH HAS ALREADY RELIED ON THIS WAIVER IN ENTERING INTO THIS AGREEMENT, AND THAT EACH WILL CONTINUE TO RELY ON THIS WAIVER IN ITS RELATED FUTURE DEALINGS. EACH PARTY HERETO FURTHER WARRANTS AND REPRESENTS THAT IT HAS REVIEWED THIS WAIVER WITH ITS LEGAL COUNSEL AND THAT IT KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS FOLLOWING CONSULTATION WITH LEGAL COUNSEL.    THIS WAIVER IS IRREVOCABLE, MEANING THAT IT MAY NOT BE MODIFIED EITHER ORALLY OR IN WRITING (OTHER THAN BY A MUTUAL

WRITTEN WAIVER SPECIFICALLY REFERRING TO THIS SECTION 8.3 AND EXECUTED BY EACH OF THE PARTIES HERETO), AND THIS WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RENEWALS, SUPPLEMENTS OR MODIFICATIONS HERETO OR ANY OF THE OTHER LOAN DOCUMENTS OR TO ANY OTHER DOCUMENTS OR AGREEMENTS RELATING TO THE WARN SETTLEMENT LOAN MADE HEREUNDER.   IN THE EVENT OF LITIGATION, THIS AGREEMENT MAY BE FILED AS A WRITTEN CONSENT TO A TRIAL BY THE COURT.

## 9      GENERAL PROVISIONS

**9.1     Successors and Assigns.** This Agreement binds and is for the benefit of the successors and permitted assigns of each party.  The Borrower may not assign this Agreement or any rights or obligations under it without the prior written consent of the Lenders (which may be granted or withheld in the Lenders' sole and absolute discretion).

**9.2     Time of Essence.** Time is of the essence for the performance of all obligations in this Agreement.

**9.3     Severability of Provisions.** Each provision of this Agreement is severable from every other provision in determining the enforceability of any provision.

**9.4     Waivers and Amendments; Integration.** Any provision of this Agreement may be amended, waived or modified only upon the written consent of Borrower and the Lenders, including, without limitation, any provisions related to the Maturity Date.

**9.5     Counterparts.** This Agreement may be executed in any number of counterparts and by different parties on separate counterparts, each of which, when executed and delivered, are an original, and all taken together, constitute one Agreement.

**9.6     Survival.** All covenants, representations and warranties made in this Agreement continue in full force until this Agreement has terminated pursuant to its terms and all Obligations (other than inchoate indemnity obligations and any other obligations which, by their terms, are to survive the termination of this Agreement) have been satisfied.

**9.7     Electronic Execution of Documents**.   The words "execution," "signed," "signature" and words of like import in this Agreement shall be deemed to include electronic signatures or the keeping of records in electronic form, each of which shall be of the same legal effect, validity and enforceability as a manually executed signature or the use of a paper-based recordkeeping systems, as the case may be, to the extent and as provided for in any applicable law, including, without limitation, any state law based on the Uniform Electronic Transactions Act.

**9.8     Captions.** The headings used in this Agreement are for convenience only and shall not affect the interpretation of this Agreement.

**9.9     Construction of Agreement**. The parties mutually acknowledge that they and their attorneys have participated in the preparation and negotiation of this Agreement.  In cases

of uncertainty this Agreement shall be construed without regard to which of the parties caused the uncertainty to exist.

**9.10   Relationship.**  The relationship of the parties to this Agreement is determined solely by the provisions of this Agreement.  The parties do not intend to create any agency, partnership, joint venture, trust, fiduciary or other relationship with duties or incidents different from those of parties to an arm's-length contract.

**9.11   Third Parties.**  Nothing in this Agreement, whether express or implied, is intended to: (a) confer any benefits, rights or remedies under or by reason of this Agreement on any Persons other than the express parties to it and their respective permitted successors and assigns; (b) relieve or discharge the obligation or liability of any Person not an express party to this Agreement; or (c) give any Person not an express party to this Agreement any right of subrogation or action against any party to this Agreement.

**9.12   Expenses.**  Whether or not the transactions contemplated hereby are consummated, the Borrower agree to pay promptly (a) all the actual and reasonable costs and expenses of the Lenders incurred in connection with the negotiation, preparation and execution of the Loan Documents; (b) the reasonable fees, expenses and disbursements of counsel to the Lenders (in each case including allocated costs of internal counsel) in connection with the negotiation, preparation, execution and administration of the Loan Documents and any consents, amendments, waivers or other modifications thereto and any other documents or matters requested by Borrower; (c) all other actual and reasonable costs and expenses incurred by the Lenders in connection with the transactions contemplated by the Loan Documents and any consents, amendments, waivers or other modifications thereto and (d) all costs and expenses, including reasonable attorneys' fees and costs of settlement, incurred by the Lenders in enforcing any Obligations of or in collecting any payments due from the Borrower hereunder or under the other Loan Documents.

**9.13   Indemnification.**  In addition to the payment of expenses pursuant to Section 9.12, whether or not the transactions contemplated hereby are consummated, the Borrower agrees to defend (subject to Indemnitees' selection of counsel), indemnify, pay and hold harmless, the Lenders and the officers, partners, members, directors, trustees, advisors, employees, agents, sub-agents and Affiliates of the Lenders (each, an "**Indemnitee**"), from and against any and all Indemnified Liabilities; provided, the Borrower shall not have any obligation to any Indemnitee hereunder with respect to any Indemnified Liabilities to the extent such Indemnified Liabilities arise from the gross negligence or willful misconduct of that Indemnitee, in each case, as determined by a final, non-appealable judgment of a court of competent jurisdiction.  To the extent that the undertakings to defend, indemnify, pay and hold harmless set forth in this Section 9.13 may be unenforceable in whole or in part because they are violative of any law or public policy, the Borrower shall contribute the maximum portion that it is permitted to pay and satisfy under applicable law to the payment and satisfaction of all Indemnified Liabilities incurred by Indemnitees or any of them.

**9.14   Release.**  The Borrower has no defense, counterclaim, offset, recoupment, cross-complaint, claim or demand of any kind or nature whatsoever that can be asserted to reduce or eliminate all of any part of the Borrowers' liability to repay the Lenders as provided in this

Agreement, or to seek affirmative relief or damages of any kind or nature from the Lenders relating to this Agreement.  The Borrower, and on behalf of its successors, assigns, and any Affiliates and any Person acting for and on behalf of, or claiming through them, hereby fully, finally and forever release and discharge the Lenders and all of the Lenders' past and present officers, directors, servants, agents, attorneys, assigns, parents, subsidiaries, and each Person acting for or on behalf of any of them (collectively, the "**Released Parties**") of and from any and all past, present and future actions, causes of action, demands, suits, claims, liabilities, Liens, lawsuits, adverse consequences, amounts paid in settlement, costs, damages, debts, deficiencies, diminution in value, disbursements, expenses, losses and other obligations of any kind or nature whatsoever, whether in law, equity or otherwise, whether known or unknown, fixed or contingent, direct, indirect, or derivative, asserted or unasserted, foreseen or unforeseen, suspected or unsuspected, now existing, heretofore existing or which may heretofore accrue against any of the Released Parties, whether held in a personal or representative capacity, and which are based on any act, fact, event or omission or other matter, cause or thing occurring at or from any time prior to and including the date hereof in any way, directly or indirectly arising out of, connected with or relating to this Agreement, the Loan Documents, the Plan, the Confirmation Order and the transactions contemplated hereby and thereby, and all other agreements, certificates, instruments and other documents and statements (whether written or oral) related to any of the foregoing, provided that solely in the case of attorneys, the provisions of this Section 9.14 shall be limited to the extent that any such release would violate any professional disciplinary rules, including Disciplinary Rule 6-102 of the Code of Professional Conduct, to the extent applicable.

**9.15    Specific Performance**.  The parties agree that irreparable damage would occur in the event that any of the provisions of this Agreement were not performed in accordance with their specific terms.  It is accordingly agreed that the parties shall be entitled to an injunction or injunctions to prevent breaches of this Agreement and to specific performance of the terms hereof, this being in addition to any other remedy to which they are entitled at law or in equity.

**9.16    No Marshalling; Payments Set Aside**.  The Lenders shall not be under any obligation to marshal any assets in favor of the Borrower or any other Person or against or in payment of any or all of the Obligations.  To the extent that the Borrower makes a payment or payments to the Lenders, or the Lenders enforce any security interests or exercise their rights of setoff, and such payment or payments or the proceeds of such enforcement or setoff or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside and/or required to be repaid to a trustee, receiver or any other party under any bankruptcy law, any other state or federal law, common law or any equitable cause, then, to the extent of such recovery, the obligation or part thereof originally intended to be satisfied, and all Liens, rights and remedies therefor or related thereto, shall be revived and continued in full force and effect as if such payment or payments had not been made or such enforcement or setoff had not occurred.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed as of the Closing Date.

BORROWER:

**SOLYNDRA RESIDUAL TRUST**


By_____
Name:
Title:

THE LENDERS:

**ARGONAUT VENTURES I, L.L.C.**


By_____
Name:
Title:



**MADRONE PARTNERS, LP**



By_____
Name:
Title:

## Annex A - Definitions

Capitalized terms not otherwise defined in this Agreement, including in this Annex A, shall have the meaning set forth in the Plan.

"**Affiliate**" means, as applied to any Person, any other Person directly or indirectly controlling, controlled by, or under common control with, that Person. For the purposes of this definition, "control" (including, with correlative meanings, the terms "controlling", "controlled by" and "under common control with"), as applied to any Person, means the possession, directly or indirectly, of the power (i) to vote 10% or more of the Securities having ordinary voting power for the election of directors of such Person or (ii) to direct or cause the direction of the management and policies of that Person, whether through the ownership of voting securities or by contract or otherwise.

"**Agreement**" has the meaning assigned to such term in the preamble hereto."

"**Bankruptcy Code**" means the Bankruptcy Reform Act of 1978, as amended, as set forth in title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as now in effect or hereafter amended.

"**Bankruptcy Court**" has the meaning assigned to such term in the recitals hereto.

"**Borrower**" has the meaning assigned to such term in the preamble hereto.

"**Business Day**" means any day (other than a Saturday, Sunday or legal holiday in the State of California) on which banks are permitted or required to be open in San Francisco, California.

"**Closing Date**" has the meaning assigned to such term in Section 3.1.

"**Collateral**" has the meaning set forth in the Security Agreement.

"**Confirmation Order**" has the meaning set forth in Section 3.1(e).

"**Contractual Obligation**" means, as applied to any Person, any provision of any Security issued by that Person or of any indenture, mortgage, deed of trust, contract, undertaking, agreement or other instrument to which that Person is a party or by which it or any of its properties is bound or to which it or any of its properties is subject.

"**Debtors**" has the meaning assigned to such term in the recitals hereto.

"**Default Rate**" has the meaning assigned to such term in Section 2.3(b).

"**Default**" means a condition or event that, after notice or lapse of time (or both), would give rise to an Event of Default.

"**Disposition**" means any sale or disposition.

"**Environmental Claim**" means any investigation, notice, notice of violation, claim, action, complaint, suit, proceeding, demand, abatement order or other order or directive (conditional or otherwise), by any Governmental Authority or any other Person, arising (i) pursuant to or in connection with any actual or alleged violation of any Environmental Law; (ii) in connection with any Hazardous Material or any actual or alleged Hazardous Materials Activity; or (iii) in connection with any actual or alleged damage, injury, threat or harm to health, safety, natural resources or the environment.

"**Environmental Laws**" means any and all current or future foreign or domestic, federal, state or provincial (or any subdivision of any of them) statutes, ordinances, orders, rules, regulations, judgments, Governmental Authorizations, or any other requirements of Governmental Authorities, including common law, relating to (i) environmental matters, including those relating to any Hazardous Materials Activity; (ii) the generation, use, storage, transportation or disposal of Hazardous Materials; or (iii) occupational safety and health, industrial hygiene, land use or the protection of human, plant or animal health or welfare, in any manner applicable to Borrower.

"**Equity Interests**" means any and all shares, interests, participations or other equivalents (however designated) of capital stock of a corporation, any and all equivalent ownership interests in a Person (other than a corporation), including partnership interests and membership interests, and any and all warrants, rights or options to purchase or other arrangements or rights to acquire any of the foregoing.

"**Event of Default**" means each of the conditions or events set forth in Section 6.1.

"**First Priority**" means, with respect to any security interest or other Lien on property, that such security interest or other Lien is superior to all other security interests and other Liens on such property.

"**Governmental Authority**" means any federal, state, municipal, national or other government, governmental department, commission, board, bureau, court, agency or instrumentality or political subdivision thereof or any entity, officer or examiner exercising executive, legislative, judicial, regulatory or administrative functions of or pertaining to any government or any court, in each case whether associated with a state of the United States, the United States, or a foreign entity or government.

"**Governmental Authorization**" means any permit, license, authorization, registration, approval, plan, directive, consent order or consent decree of or from any Governmental Authority.

"**Hazardous Materials Activity**" means any past, current, proposed or threatened activity, event or occurrence involving any Hazardous Materials, including the use, manufacture, possession, storage, holding, presence, existence, location, Release, threatened Release, discharge, placement, generation, transportation, processing, construction, treatment, abatement, removal, remediation, disposal, disposition or handling of any Hazardous Materials, and any corrective action or response action with respect to any of the foregoing.

"**Hazardous Materials**" means any chemical, material or substance, exposure to which is prohibited, limited or regulated by any Governmental Authority or which may or could pose a hazard to the health and safety of the owners, occupants or any Persons in the vicinity of any Facility or to the indoor or outdoor environment.

"**Indemnified Liabilities**" means, collectively, any and all liabilities, obligations, losses, damages (including natural resource damages), penalties, claims (including Environmental Claims), actions, judgments, suits, costs (including the costs of any investigation, study, sampling, testing, abatement, cleanup, removal, remediation or other response action necessary to remove, remediate, clean up or abate any Hazardous Materials Activity), expenses and disbursements of any kind or nature whatsoever (including the reasonable fees and disbursements of counsel for Indemnitees in connection with any investigative, administrative or judicial proceeding or hearing commenced or threatened by any Person, whether or not any such Indemnitee shall be designated as a party or a potential party thereto, and any fees or expenses incurred by Indemnitees in enforcing this indemnity), whether direct, indirect, special or consequential and whether based on any federal, state or foreign laws, statutes, rules or regulations (including securities and commercial laws, statutes, rules or regulations and Environmental Laws), on common law or equitable cause or on contract or otherwise, that may be imposed on, incurred by, or asserted against any such Indemnitee, in any manner relating to or arising out of (i) this Agreement or the other Loan Documents or the transactions contemplated hereby or thereby (including the Lenders' agreement to make WARN Settlement Loan or the use or intended use of the proceeds thereof, or any enforcement of any of the Loan Documents (including any sale of, collection from, or other realization upon any of the Collateral)) or (ii) any Environmental Claim or any Hazardous Materials Activity relating to or arising from, directly or indirectly, any past or present activity, operation, land ownership, or practice of the Borrowers.

"**Indemnitee**" has the meaning assigned to such term in Section 9.13.

"**Interest Rate**" has the meaning assigned to such term in Section 2.3(a).

"**Lenders**" has the meaning assigned to such term in the preamble hereto.

"**Lien**" means (i) any lien, mortgage, pledge, assignment, security interest, charge or encumbrance of any kind (including any agreement to give any of the foregoing, any conditional sale or other title retention agreement, and any lease or license in the nature thereof) and any option, trust or other preferential arrangement having the practical effect of any of the foregoing and (ii) in the case of Securities, any purchase option, call or similar right of a third party with respect to such Securities.

"**Loan Documents**" means this Agreement, the Security Agreement and any document, instrument or agreement executed and delivered hereby.

"**Mandatory Prepayment Amount**" has the meaning assigned to such term in Section 2.2(d).

"**Material Adverse Effect**" means a material adverse effect on and/or material adverse developments with respect to (i) the business, assets, properties, liabilities, or condition (financial

or otherwise) of the Borrower, (ii) the ability of the Borrower to fully and timely perform its Obligations; (iii) the legality, validity, binding effect or enforceability against the Borrower of a Loan Document to which it is a party; or (iv) the rights, remedies and benefits available to, or conferred upon, the Lenders under the WARN Settlement Loan Document.

"**Maturity Date**" means the date of the exhaustion of the proceeds of the Retained Rights of Action against third parties.

"**Net Asset Sale Proceeds**" means, with respect to any Disposition, an amount equal to: (i) cash payments (including any cash received by way of deferred payment pursuant to, or by monetization of, a note receivable or otherwise, but only as and when so received) received by the Borrower from such Disposition, minus (ii) any bona fide direct costs incurred in connection with such Disposition, including (a) income or gains taxes payable by the seller as a result of any gain recognized in connection with such Disposition.

"**Obligations**" means any obligation of any nature of the Borrower and any other obligations from time to time owed to the Lenders under this Agreement or any other Loan Document in connection with the WARN Settlement Loan, whether for principal, interest, payments for fees, expenses, indemnification or otherwise, whether or not for the payment of money, whether direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising and however acquired.

"**Person**" is any individual, sole proprietorship, partnership, limited liability company, joint venture, company, trust, unincorporated organization, association, corporation, institution, public benefit corporation, firm, joint stock company, estate, entity or government agency.

"**Plan**" has the meaning set forth in the Recitals hereof.

"**Release**" means any release, spill, emission, leaking, pumping, pouring, injection, escaping, deposit, disposal, discharge, dispersal, dumping, leaching or migration of any Hazardous Material into the indoor or outdoor environment (including the abandonment or disposal of any barrels, containers or other closed receptacles containing any Hazardous Material), including the movement of any Hazardous Material through the air, soil, surface water or groundwater.

"**Released Parties**" has the meaning assigned to such term in Section 9.14.

"**Securities**" means any stock, shares, partnership interests, voting trust certificates, certificates of interest or participation in any profit-sharing agreement or arrangement, options, warrants, bonds, debentures, notes, or other evidences of indebtedness, secured or unsecured, convertible, subordinated or otherwise, or in general any instruments commonly known as "securities" or any certificates of interest, shares or participations in temporary or interim certificates for the purchase or acquisition of, or any right to subscribe to, purchase or acquire, any of the foregoing.

"**Security Agreement**" means the security agreement to be executed by the Borrower in favor of the Lenders in form and substance acceptable to the Lenders.

"**WARN Settlement Loan**" has the meaning assigned to such term in Section 2.2(a).

**<u>Schedule 2.2(c)</u>**

[Any claims against third parties relating to the claims asserted by the WARN Plaintiffs]