IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*,[1] | ) | Case No.:  11-12799 (MFW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related to Docket No. 1059** |

## ORDER CONFIRMING DEBTORS' AMENDED JOINT CHAPTER 11 PLAN

The above-captioned debtors and debtors in possession (jointly, the "Debtors"),

having filed their respective voluntary petitions for relief under chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on September 6, 2011

(the "Petition Date"), commencing the above captioned jointly administered bankruptcy cases

(the "Chapter 11 Cases"), and having filed with this Court the *Debtors' Amended Joint Chapter*

*11 Plan*, as modified hereby (Docket No. 1059) (the "Plan") and the *Disclosure Statement In*

*Respect of Debtors' Amended Joint Chapter 11 Plan* (Docket No. 1060) (the "Disclosure

Statement") on September 7, 2012.[2]  The Disclosure Statement was approved by order of the

Court dated September 10, 2012 (Docket No. 1065).  The Court commenced a hearing to

consider confirmation of the Plan on October 17, 2012 and concluded the hearing on October 22,

2012 (the "Confirmation Hearing").

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583).  The Debtors' address is 47488 Kato Road, Fremont, CA 94538.
[2] Unless otherwise defined herein, capitalized terms used herein shall have the meaning set forth in the Plan or the Disclosure Statement, as the case may be.

1

The Court having considered the Plan, the Disclosure Statement, other documents submitted in support of the confirmation of the Plan, objections to the Plan, other documents submitted in support of the objections, and the entire record adduced at the Confirmation Hearing, including without limitation, (i) the *Omnibus Reply in Support of Debtors' Amended Joint Plan*; (ii) the *Memorandum in Support of Confirmation of the Debtors' Amended Joint Plan*; (iii) the *Amended Affidavit of John S. Franks of AlixPartners LLP* regarding tabulation of ballots as to the Plan (the "Voting Declaration"); and (iv) statements of counsel at the Confirmation Hearing, including all testimony presented and evidence admitted by affidavit or otherwise at the Confirmation Hearing; and the Court having taken judicial notice of the papers and pleadings on file in the Chapter 11 Cases; and after due deliberation and sufficient cause therefore,

IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:

### Findings of Fact and Conclusions of Law

A.      On the Petition Date, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Each of the Debtors was and is qualified to be a debtor under section 109 of the Bankruptcy Code.  These Chapter 11 Cases are jointly administered.

B.      Findings and Conclusions:  The Court's findings of fact and conclusions of law set forth herein and in the record at the Confirmation Hearing constitute findings of fact and conclusions of law under Federal Rule of Civil Procedure 52 as made applicable to these Chapter 11 Cases by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure.  Any

DOCS_DE:183688.2 80368-002

and all findings of fact shall constitute findings of fact even if they are stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if they are stated as findings of fact.

        C.      Jurisdiction:  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O) and this Court has jurisdiction to enter a final order with respect thereto.  Venue in the District of Delaware was proper on the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409.

        D.      Judicial Notice:  The Court takes judicial notice of the docket in these Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and the transcripts of, and all evidence and arguments made, proffered or adduced at, hearings held before the Court during the pendency of these Chapter 11 Cases.

        E.      Burden of Proof:  The Debtors, as proponents of the Plan, have met the burden of proving the elements of sections 1129(a) and 1129(b)(2)(B) of the Bankruptcy Code by a preponderance of the evidence.

        F.      Solicitation and Notice:  On September 10, 2012, the Court entered the *Order (I) Approving the Disclosure Statement; (II) Scheduling Confirmation Hearing; (III) Approving Form and Manner of Notice of Confirmation Hearing; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Plan, Including (A) Approving Form and Contents of Solicitation Package; (B) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (C) Approving Forms of*

*Ballots; (D) Establishing Voting Deadline for Receipt of Ballots and (E) Approving Procedures for Vote Tabulations; (V) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Joint Plan; and (VI) Granting Related Relief* (Docket No. 1065) (the "Disclosure Statement Order").  The Disclosure Statement Order, among other things, approved the Disclosure Statement as containing "adequate information" of a kind and in sufficient detail to enable hypothetical, reasonable investors typical of the Debtors' creditors to make an informed judgment whether to accept or reject the Plan.  Pursuant to the Disclosure Statement Order, the Debtors served Solicitation Packages (as defined in the Disclosure Statement Order) upon:  (i) all known Holders of Claims against the Debtors as of the Voting Record Date who were entitled to vote on the Plan (*i.e.*, Classes 3 through 8); (ii) the Securities & Exchange Commission; (iii) the Internal Revenue Service; (iv) the Office of the United States Trustee; and (v) those parties that have requested service under Fed. R. Bankr. P. 2002  The Solicitation Packages consisted of: (i) the Disclosure Statement (including exhibits); (ii) the Plan (as an exhibit to the Disclosure Statement); (iii) an appropriate Ballot(s) and voting instructions; (iv) the Confirmation Hearing Notice; (v) a cover letter from the Debtors that briefly described the contents and purpose of the package and urged creditors to vote in favor of the Plan; (vi) a letter from the Committee to the Holders of Solyndra General Unsecured Claims; and (vi) a pre-addressed return envelope.  The Solicitation Packages were served in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order.  As described in the Disclosure Statement Order, and as evidenced by the Voting Declaration, the certificates of service filed in connection therewith, (i) the service of the Solicitation Packages was adequate and sufficient under the circumstances of these Chapter 11 Cases and (ii) adequate and sufficient

notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Disclosure Statement Order was timely provided in compliance with the Bankruptcy Code and Bankruptcy Rules, and provided due process and an opportunity to appear and be heard to all parties in interest.  Pursuant the Disclosure Statement Order, the Debtors served the Notice of Non-Voting Status on each Holder of a claim or interest in the Non-Voting Classes.

F.    Voting:  The Disclosure Statement Order fixed October 10, 2012, as the Voting Deadline.  Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement, and Disclosure Statement Order.  As set forth in the Voting Declaration, the Plan has been accepted, within the meaning of section 1126(c) of the Bankruptcy Code, by Classes 3, 6, 7 and 8 which are impaired and entitled to vote on the Plan.  Classes 1, 2 and 9 are unimpaired and are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and are therefore, not entitled to vote.  Classes 4 and 5, consisting of the claims of the U.S. Department of Energy (the "DOE"), voted to reject the Plan.  Class 10 receives no distributions under the Plan and is, therefore, conclusively presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

**Compliance with Requirements of Section 1129 of the Bankruptcy Code.**

G.    Section 1129(a)(1)-Compliance of the Plan with Applicable Provisions of the Bankruptcy Code.  The Plan complies with all applicable provisions of the Bankruptcy Code as required by 11 U.S.C. § 1129(a)(1), including, without limitation, 11 U.S.C. §§ 1122 and 1123.  The Plan is dated and identifies the Debtors as proponents of such Plan.  Pursuant to

sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, the Plan designates Classes of Claims and Interests, other than Administrative Expenses and Tax Claims. As required by section 1122(a) of the Bankruptcy Code, each Class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class. A reasonable basis exists for the classifications in the Plan. Pursuant to sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code, Articles IV and V of the Plan specify all Claims and Interests that are not impaired and specifies the treatment of all Claims and Interests that are impaired. Articles IV and V of the Plan identify Classes 3 through 8 and Class 10 as impaired under the Plan. Pursuant to section 1123(a)(4) of the Bankruptcy Code, the Plan also provides the same treatment for each Claim or Interest within a particular Class. Pursuant to section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate means for the Plan's implementation, as set forth in Article VI of the Plan. The Debtors will have, immediately upon the effectiveness of the Plan, sufficient cash available out of the Exit Facility to make all payments that are required to be made on the Effective Date pursuant to the terms of the Plan.

H.    Section 1129(a)(2)-Compliance of the Debtors with Applicable Provisions of the Bankruptcy Code. As required by 11 U.S.C. § 1129(a)(2), the Debtors, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code, including, without limitation, 11 U.S.C. §§ 1125 and 1126 and Bankruptcy Rules 3017, 3018 and 3019. In particular, the solicitation of votes to accept or reject the Plan was (i) in compliance with all applicable nonbankruptcy laws, rules, and regulations governing the adequacy of disclosure in connection with such solicitation, and (ii) solicited after disclosure to holders of Claims or Interests. The Debtors have further complied with all the provisions of the Bankruptcy Code and

the Bankruptcy Rules governing notice of the Confirmation Hearing, approval of the Disclosure Statement and all other matters considered by the Court in the Chapter 11 Cases. The record in the Chapter 11 Cases further discloses that the Debtors have attempted in good faith to comply with the orders of the Court entered during the pendency of the case and that the Debtors have not violated any such orders.

      I.     <u>Section 1129(a)(3)-Proposal of Plan in Good Faith.</u>  The Debtors proposed the Plan in good faith and not by any means forbidden by law. No person has filed a valid objection to confirmation of the Plan on the grounds that the Plan was not proposed in good faith or by any means forbidden by law, aside from the issues raised by the U.S. Internal Revenue Service (the "<u>IRS</u>") as addressed below. Accordingly, pursuant to Bankruptcy Rule 3020(b)(2), the Court may determine compliance with section 1129(a)(3) of the Bankruptcy Code without receiving evidence on such issues. The Court has examined the totality of the circumstances surrounding the formulation of the Plan and the evidence submitted in connection with the Confirmation Hearing. The Plan has been accepted by the requisite Holders of Claims in Classes 3, 6, 7 and 8 entitled to vote on the Plan and such acceptance evidences the informed judgment of Creditors that the Plan is in their best interests. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' Estates and to effectuate a distribution of such value to Creditors. The Plan was negotiated in good faith and at arms' length among representatives of the Debtors, the Committee, the Plan Sponsors, and certain other key creditor constituencies during the Chapter 11 Cases. Further, based on the evidentiary record adduced at the Confirmation Hearing and the Court's findings and conclusions based thereon, the principal purpose of the Plan is not the avoidance of taxes or the avoidance of section 5 of the Securities

7

Act of 1933 (15 U.S.C. § 77(e), as amended). Accordingly, the provisions of section 1129(d) of the Bankruptcy Code are met. Therefore, the Plan has been proposed in good faith, as such term is used in sections 1129(a)(3) of the Bankruptcy Code.

J.    Section 1129(a)(4)-Bankruptcy Court Approval of Certain Payments as Reasonable. Pursuant to section 1129(a)(4) of the Bankruptcy Code, any payment made or promised by the Debtors or by any person acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases to the extent of services provided before the Confirmation Date, has been, or will be before payment, disclosed to this Court. Any such payment made before the Confirmation Hearing is reasonable. Any such payment to be fixed after the Confirmation Hearing is subject to the approval of this Court as reasonable.

K.    Section 1129(a)(5)-Disclosure of Identity and Affiliations of Proposed Management, Compensation of Insiders and Consistency with the Interests of Creditors and Public Policy. Pursuant to section 1129(a)(5) of the Bankruptcy Code, the Debtors disclosed the identity and affiliations of the various persons expected to serve as the Solyndra Settlement Trustee, the Solyndra Settlement Trust Committee, the Solyndra Residual Trustee, the Solyndra Residual Trust Committee, and the directors and officers of Reorganized Holdings, provided that the DOE's designee on the Solyndra Residual Trust Committee shall be filled by a representative of the DOE. The appointment of such individuals is consistent with the interests of the holders of Claims and Interests and with public policy. Accordingly, the Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

DOCS_DE:183688.2 80368-002

L.    <u>Section 1129(a)(6)-Approval of Rate Changes.</u>  No governmental regulatory commission has jurisdiction over the rates of the Debtors.  Section 1129(a)(6) is inapplicable to confirmation of the Plan.

M.    <u>Section 1129(a)(7)-Best Interests of Creditors and Interest Holders.</u>  With respect to each Impaired Class of Claims or Interests of the Debtors, each holder of a Claim or Interest in such Class has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtors were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.  A conversion of the Chapter 11 Cases to chapter 7 would likely be accompanied by a decrease in the amount of recovery that Creditors would receive on account of their claims as a result of the commissions and additional administrative fees and expenses that would be incurred during a chapter 7 case.  Further, a chapter 7 liquidation would result in delay in distributions to Creditors.  Thus, the Plan provides a superior recovery to Creditors than conversion of the Chapter 11 Cases, and accordingly, the Plan is in the best interests of creditors under section 1129(a)(7) of the Bankruptcy Code.

N.    <u>Section 1129(a)(8)-Acceptance of the Plan by Each Impaired Class.</u>  The Debtors have not complied with the provisions of section 1129(a)(8) of the Bankruptcy Code because Class 4 and 5 voted to reject the Plan and Class 10 is conclusively presumed to have rejected the Plan.

O.    <u>Section 1129(a)(9)-Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code.</u>  The Plan provides for treatment of Administrative Expenses and Tax Claims in the manner required by section 1129(a)(9) of the Bankruptcy Code.

9

With respect to Professional Fee Claims, the Plan provides that Professionals requesting compensation or reimbursement of expenses pursuant to Sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for services rendered prior to the Effective Date must File and serve an application for final allowance of compensation and reimbursement of expenses no later than sixty (60) days after the Effective Date.  All such applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Bankruptcy Court.

P.    Section 1129(a)(10)-Acceptance by at Least One Impaired Class.  As required by section 1129(a)(10) of the Bankruptcy Code, at least one Class of Claims (specifically, Classes 3, 6, 7 and 8) that is impaired under the Plan has accepted the Plan, excluding votes cast by insiders, if any.

Q.    Section 1129(a)(11)-Feasibility.  Based on the evidentiary record adduced at the Confirmation Hearing and the Court's findings and conclusions based thereon, the Court concludes that there has been no failure of adequate protection as to the DOE. Hence, the Debtors have established that the Plan is feasible and is not likely to be followed by liquidation or the need for further financial reorganization unless a plan is one of liquidation.  The Debtors will have sufficient funds to satisfy their obligations under the Plan and to fund the costs and expenses to be incurred in connection with the liquidation of the remaining assets of the Estate and Distributions to be made by the Plan Representative in accordance with the Plan.

R.    Section 1129(a)(12)-Payment of Bankruptcy Fees.  In accordance with section 1129(a)(12) of the Bankruptcy Code, Article III(B) of the Plan provides for the payment

of all Administrative Expenses, which include fees payable under 28 U.S.C. § 1930 on or before the Effective Date. The Debtors have adequate means to pay all such fees.

        S.     <u>Section 1129(a)(13)-Retiree Benefits.</u>  The Debtors are not obligated to provide any retiree benefits, as such term is defined in section 1114 of the Bankruptcy Code. As a result, no such benefits are required to be continued under the Plan, and the Plan accordingly satisfies section 1129(a)(13) of the Bankruptcy Code.

        T.     <u>Section 1129(a)(14) – Domestic Support Obligations.</u>  The Debtors are not required by a judicial or administrative order, or by statute, to pay domestic support obligations. Accordingly, section 1129(d)(14) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

        U.     <u>Section 1129(a)(15) - Debtors are Not Individuals.</u>  The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

        V.     <u>Section 1129(a)(16) - No Applicable Nonbankruptcy Law Regarding Transfers.</u>  The Debtors are moneyed, businesses or commercial corporations, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

        W.     <u>Section 1129(b) – Plan Does Not Unfairly Discriminate.</u>  All applicable requirements of section 1129(b) of the Bankruptcy Code have been met. Classes 4 and 5 are provided with the benefit of their collateral under the Plan. Class 10 will not receive or retain any property under the Plan given that senior creditor classes are not expected to be paid in full.

        X.     <u>Section 1129(b)(1) and (2) – Cramdown.</u>  Classes 4 and 5 retain the liens securing such Claims under the Plan and will receive the on account of such Claims the full

DOCS_DE:183688.2 80368-002

value of the collateral securing such claims, subject to the existing prepetition priorities

governing the Debtors' multiple tranches of secured debt. Class 10 is deemed to reject the Plan.

Based upon the evidence adduced at the Confirmation Hearing, the Plan does not discriminate

unfairly and is fair and equitable with respect to the holders of claims in Classes 4, 5, and 10, as

required by section 1129(b)(1) and (2) of the Bankruptcy Code. Accordingly, the Plan is

confirmable notwithstanding the Debtors' failure to satisfy section 1129(a)(8) of the Bankruptcy

Code with respect to Classes 4, 5, and 10, pursuant to section 1129(b)(1) of the Bankruptcy

Code. Upon confirmation of the Plan and the occurrence of the Effective Date, the Plan shall be

binding upon the holders of claims in Classes 4, 5, and 10.

      Y.    <u>Section 1129(c) - Only One Plan.</u>  The Plan is the only plan filed in these

Chapter 11 Cases, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable to

these Chapter 11 Cases.

      Z.    <u>Section 1129(d) - Principal Purpose of the Plan.</u>  As noted above, based on

the Court's findings and conclusions at or following the Confirmation Hearing, the principal

purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5

of the Securities Act of 1933, thereby satisfying the requirements of section 1129(d) of the

Bankruptcy Code.

      AA.    <u>Section 1125(e) - Good Faith Solicitation.</u>  Based on the record before the

Court in these Chapter 11 Cases, (i) the Debtors are deemed to have solicited acceptances of the

Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code,

including without limitation, sections 1125(c) and (e) of the Bankruptcy Code, and any

applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in

connection with such solicitation, and (ii) the Debtors and all of their respective representatives shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the solicitation of the Plan and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

BB.    Satisfaction of Confirmation Requirements.  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

CC.    Good Faith.  The Debtors will be acting in good faith if they proceed to (i) consummate the Plan, and (ii) take the actions authorized and directed by this Order.

DD.    Reduction of Stay Period.  There is cause to shorten the 14-day stay of effectiveness under Bankruptcy Rule 3020(e) to 10 days because (1) the Debtors are on the verge of running out of financing necessary to continue to support the costs of administering these Chapter 11 Cases and need immediate access to the Exit Facility available under the Plan, and (2) Creditors are benefited by having the Effective Date occur as soon as possible so that distributions may occur promptly.

**Order Confirming Plan**

Based upon the record of the Confirmation Hearing, all the proceedings held before this Court in the Chapter 11 Cases, and the foregoing findings of fact and conclusions of law, **IT IS HEREBY ORDERED THAT**:

1.    Confirmation.  Subject to the terms of this Confirmation Order, the Plan and each of its provisions (and exhibits thereto) shall be, and hereby are, **CONFIRMED** and approved in each and every respect pursuant to section 1129 of the Bankruptcy Code.  The terms

13

of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order. All objections and responses to, and statements and comments regarding, the Plan, to the extent not already withdrawn or resolved pursuant to representations on the record at the Confirmation Hearing, shall be, and hereby are, overruled.

2.    Omission of Reference to Particular Plan Provisions. The failure to specifically describe or include any particular provision of the Plan (or exhibit thereto) in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety, subject to the terms of this Confirmation Order. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order and shall have the same binding effect of every other provision of the Plan, whether or not mentioned in this Confirmation Order. In the event of any inconsistencies between the Plan and this Confirmation Order, this Confirmation Order shall govern.

3.    Plan Classification Controlling. The classification of Claims and Interests for purposes of distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan (a) were set forth on the Ballots solely for the purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, (c) may not be relied upon by any creditors as representing the actual classification of such Claims under the Plan for distribution purposes, and (d) shall not be binding on the Debtors, the Solyndra Settlement Trust, the Solyndra Residual Trust, or the Holders of Claims and Interests for purposes other than voting on the Plan.

14

4.    <u>Rejection of Executory Contracts and Unexpired Leases.</u>  Except for any executory contracts or unexpired leases:  (i) that previously were assumed or rejected by an order of the Bankruptcy Court, pursuant to section 365 of the Bankruptcy Code; (ii) as to which a motion for approval of the assumption or rejection of such contract or lease has been filed and served prior to Confirmation; or (iii) that constitute contracts of insurance in favor of, or that benefit, the Debtors or the Estates, each executory contract and unexpired lease entered into by the Debtors prior to the Petition Date that has not previously expired or terminated pursuant to it own terms shall be deemed rejected pursuant to section 365 of the Bankruptcy Code as of the Effective Date.  This Confirmation Order shall constitute an Order of the Bankruptcy Court approving such rejections, pursuant to section 365 of the Bankruptcy Code, as of the Effective Date.

5.    <u>Continued Corporate Existence and Vesting of Assets of Holdings.</u>  On and after the Effective Date, Reorganized Holdings will continue to exist as a separate corporation and shall retain all of the powers of corporations under applicable non-bankruptcy law, and without prejudice to any right to amend its charter, dissolve, merge or convert into another form of business entity, or to alter or terminate its existence.  Except as otherwise provided in the Plan, on and after the Effective Date, all Distributable Assets and property of Holdings and its Estate, including any "net operating losses" or similar tax attributes and any Retained Rights of Action of Holdings, will vest in Reorganized Holdings free and clear of all Claims, Liens, charges, other encumbrances and Interests.  On and after the Effective Date, Reorganized Holdings shall be permitted to conduct its business without supervision by the Bankruptcy Court and free of any restrictions under the Bankruptcy Code or the Bankruptcy

Rules.  Except as to the Holdings Settlement Fund, Reorganized Holdings shall be authorized, without limitation, to use and dispose of the Distributable Assets of Holdings and its Estate, to investigate and pursue any Retained Rights of Action of Holdings as the representative of Holdings' Estate pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, to acquire and dispose of other property, and to otherwise administer its affairs.

6.    Establishment of Solyndra Settlement Trust and Vesting of Solyndra Settlement Trust Assets.  On the Effective Date, Solyndra shall take any and all actions as may be necessary or appropriate to establish the Solyndra Settlement Trust and to cause the transfer and assignment of the Trust Avoidance Claims, Solyndra Settlement Fund, the Solyndra Settlement Trust Contribution, and relevant books and records (the "Relevant Books and Records") to the Solyndra Settlement Trust.[3]  On the Effective Date, the Solyndra Settlement Trust Contribution, the Solyndra Settlement Fund, the Trust Avoidance Claims and the Relevant Books and Records shall constitute the Solyndra Settlement Trust Assets.  Upon the Effective Date, the Solyndra Settlement Trust shall be vested with all right, title and interest in the Solyndra Settlement Trust Assets, and such property shall become the property of the Solyndra Settlement Trust free and clear of all Claims, Liens, charges, other encumbrances and interests. It is intended that the Solyndra Settlement Trust qualify as a liquidating trust for federal income tax purposes.

---

[3] "Relevant Books and Records" shall include those books and records of Solyndra with information concerning Solyndra General Unsecured Claims and any rights of setoff associated therewith (including without limitation accounts payable information, accounts receivable information, invoices, shipping receipts, etc.) and information concerning Trust Avoidance Claims and any defenses thereto (including without limitation accounts payable information, accounts receivable information, invoices, purchase orders, shipping receipts, bank statements, wire transfer records, etc.).

DOCS_DE:183688.2 80368-002

7.    Establishment of Solyndra Residual Trust and Vesting of Solyndra
Residual Trust Assets.  On the Effective Date, Solyndra shall take any and all actions as may be
necessary or appropriate to establish the Solyndra Residual Trust and to cause the transfer and
assignment of the Solyndra Net Lender Distributable Assets and Solyndra Unencumbered
Assets, including all Retained Rights of Action of Solyndra (excluding Trust Avoidance Claims),
to the Solyndra Residual Trust.  On the Effective Date, the Solyndra Net Lender Distributable
Assets and Solyndra Unencumbered Assets shall constitute the Solyndra Residual Trust Assets.
Upon the Effective Date, the Solyndra Residual Trust shall be vested with all right, title and
interest in the Solyndra Residual Trust Assets, and such property shall become the property of
the Solyndra Residual Trust free and clear of all Claims, Liens, charges, other encumbrances and
interests, except as to any Liens that are expressly preserved and survive under the Plan,
including the Liens securing the Exit Facility, the WARN Settlement Loan, and the Prepetition
Lender Claims, and any Miscellaneous Secured Claims.  Proceeds of the Residual Trust Assets
subject to such liens shall be distributed to the Plan Sponsors and the Holders of such Prepetition
Lender Claims or any Miscellaneous Secured Claims in accordance with the Plan.  It is intended
that the Solyndra Residual Trust qualify as a liquidating trust for federal income tax purposes.

8.    Exit Facility for Solyndra Residual Trust.  On the Effective Date, the Plan
Sponsors shall make available the Exit Facility to the Solyndra Residual Trust.  Funding from the
Exit Facility shall be utilized by the Solyndra Residual Trust:  (a) with respect to the Tranche I
Exit Facility, to satisfy Allowed Administrative Expenses, Priority Tax Claims (except any
Secured Claims), Priority Non-Tax Claims (other than WARN Priority Claims) and Plan
Expenses of the Solyndra Residual Trust, in each case not funded and paid through the Tranche

17

II Exit Facility; and (b) with respect to the Tranche II Exit Facility, to satisfy certain Claims and expenses, including, without limitation, Priority Claims of current or former employees of Solyndra (other than the WARN Priority Claims), Claims under section 503(b)(9) of the Bankruptcy Code, and Priority Tax Claims (except any Secured Claims). The Solyndra Residual Trust shall satisfy the Tranche I Exit Facility from the Solyndra Net Lender Distributable Assets prior to making any distributions to Holders of Claims other than Allowed Administrative Expenses, Allowed Priority Tax Claims, or Allowed Priority Non-Tax Claims. The Tranche I Exit Facility shall be secured by a Lien on the same assets and shall have the same priority as the DIP Credit Facility. The Tranche II Exit Facility shall be secured by a first priority Lien (subject to the Liens of the WARN Settlement Loan in specific Retained Rights of Action) on, and shall have recourse solely to, any and all Solyndra Unencumbered Assets. The specific terms of the Exit Facility shall be disclosed prior to the Confirmation Hearing in the Plan Supplement. The Solyndra Residual Trust shall satisfy all obligations under the Tranche I Exit Facility from the Solyndra Net Lender Distributable Assets prior to distributions to Holders of Prepetition Lender Claims contemplated by Article IV of the Plan

      9.    Retained Rights of Action. Unless a Right of Action of the Debtors (including the right to object to any Claim asserted against the Estates) is, in writing, expressly waived, relinquished, released, assigned, compromised, or settled in the Plan, or in a Final Order, all rights of the Estates from and after the Effective Date with respect to the Retained Rights of Action are expressly preserved for the benefit of, assigned to, and fully vested in, Reorganized Holdings, the Solyndra Residual Trust, and/or the Solyndra Settlement Trust (solely as to Trust Avoidance Claims and objections to Solyndra General Unsecured Claims), as applicable.

18

Reorganized Holdings, the Solyndra Residual Trustee, on behalf of the Solyndra Residual Trust, and the Solyndra Settlement Trustee, on behalf of the Solyndra Settlement Trust (solely as to Trust Avoidance Claims and objections to Solyndra General Unsecured Claims), as applicable, shall have standing as the representatives of the Debtors' Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code to pursue, or decline to pursue, the Retained Rights of Action and objections to Claims, as appropriate, in the business judgment of Reorganized Holdings, the Solyndra Residual Trustee, on behalf of the Solyndra Residual Trust, and/or the Solyndra Settlement Trustee, on behalf of the Solyndra Settlement Trust, as applicable. The Solyndra Residual Trust and the Solyndra Settlement Trust, subject to the limitations set forth in Articles VI(H)(5)) and VI(L)(5) of the Plan, as applicable, may settle, release, sell, assign, otherwise transfer, or compromise, Retained Rights of Action, Avoidance Claims, and/or objections to Claims without need for notice or order of the Bankruptcy Court.

10.    Binding Nature of Plan. This Confirmation Order will bind the Debtors, all Holders of Claims, Administrative Expenses, or Interests and other parties in interest to the provisions of the Plan whether or not the Claim, Administrative Expense, or Interest of such Holder is Impaired under the Plan and whether or not the Holder of such Claim, Administrative Expense, or Interest has accepted the Plan.

11.    Immediate Effectiveness; Successors and Assigns. ~~Immediately~~ upon the and expiration of any stay, entry of this Confirmation Order, the terms of the Plan shall be, and hereby are, deemed binding upon Reorganized Holdings, the Solyndra Residual Trust, and the Solyndra Settlement Trust, any and all holders of the Claims or Interests (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests have accepted or

19

are deemed to have accepted the Plan), any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors, and their respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

12.     Exemptions from Taxation.  Pursuant to section 1146(c) of the Bankruptcy Code, the making or delivery of an instrument of transfer under a plan may not be taxed under any law imposing a stamp tax or similar tax.

13.     Injunction.  Except as provided in the Plan or in this Order and subject to Article X(D) of the Plan, as of the Confirmation Date, all Entities that have held, currently hold or may hold a Claim, Administrative Expense, Interest or other debt or liability that is stayed, Impaired or terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against property of the Debtors, their Estates, the Solyndra Residual Trust, the Solyndra Residual Trustee, the Solyndra Residual Trust Committee, the Solyndra Settlement Trust, the Solyndra Settlement Trustee, or the Solyndra Settlement Trust Committee on account of all or such portion of any such Claims, Administrative Expenses, Interests, debts or liabilities that are stayed, Impaired or terminated:  (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order, (c) creating, perfecting or enforcing any lien or encumbrance; and (d) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan.  To avoid any doubt, except as otherwise expressly noted in the Plan, (i) nothing in the Plan shall be construed or is intended to discharge Solyndra from any debt for purposes of section 1141(d) of the Bankruptcy Code, (ii) nothing in the Plan shall affect, enjoin, modify, release or waive any

20

claims, rights, and actions that a third party may have against a person other than the Debtors, their Estates, the Solyndra Residual Trust, the Solyndra Residual Trustee, the Solyndra Residual Trust Committee, the Solyndra Settlement Trust, the Solyndra Settlement Trustee, or the Solyndra Settlement Trust Committee; and (iii) nothing in the Plan shall affect or diminish any defense to a Retained Right of Action or to any action brought by a third party against a Person other than the Debtors, or the right of any person to assert a right of setoff, right of subrogation or recoupment of any kind.

14.    Discharge of Holdings.  Article X(A)(3) of the Plan shall be deemed amended and restated as follows: "Except as otherwise provided in the Plan or in the Confirmation Order, rights afforded in, and all consideration distributed under, the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against Holdings or any of its assets or properties, except as to the Holdings Settlement Fund.  Upon the Effective Date, Holdings shall be deemed discharged and released under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, without limitation, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (a) a Claim based upon such debt is Allowed under Section 501 of the Bankruptcy Code, or (b) a Claim based upon such debt is Allowed under Section 502 of the Bankruptcy Code, or (c) the Holder of a Claim based upon such debt accepted the Plan, *provided, however*, that as to the United States, its agencies, departments or agents, nothing in the Plan or Confirmation Order shall discharge, release, or otherwise preclude: (1) any liability of Holdings arising on or after the Effective Date; (2) any liability that is not a "claim" within the

21

meaning of section 101(5) of the Bankruptcy Code; (3) any valid defense of setoff or recoupment with respect to a Claim; and (4) any liability of any entity under environmental law arising or springing anew after the Effective Date that any entity would be subject to as a post-Effective Date owner or operator of property.  The injunction and release provisions set forth in Article X of the Plan and any similar provisions in the Plan or Confirmation Order, are not intended and shall not be construed to bar the United States from, subsequent to the Confirmation Date, pursuing any police or regulatory action."

15.    _Retention of Jurisdiction._  Notwithstanding entry of the Confirmation Order or the Effective Date having occurred, the Bankruptcy Court shall have jurisdiction over matters arising out of, and related to the Chapter 11 Cases and the Plan as set forth in Article XIV of the Plan.

16.    _Payment of Statutory Fees._  All fees payable on or before the Effective Date pursuant to section 1930 of title 28 of the United States Code shall be paid by the Debtors on or before the Effective Date.  From and after the Effective Date, Reorganized Holdings and the Solyndra Residual Trust, as applicable, shall pay the fees assessed against their respective Debtor's Estate until such time as the particular Chapter 11 Case is closed, dismissed or converted.  In addition, Reorganized Holdings and the Solyndra Residual Trust, as applicable, shall file post-confirmation quarterly reports in conformity with the U.S. Trustee guidelines until entry of an order closing or converting the applicable Chapter 11 Case.

17.    _Notice of Entry of Confirmation Order._  Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Debtors may, but are not required, to serve a notice of the entry of this Confirmation Order on the United States Trustee and all holders of Claims or Interests to

22

whom the notice of the Confirmation Hearing was sent. The Debtors as applicable, shall be, and hereby are, directed to serve copies of this Confirmation Order on each party that has filed a notice of appearance in these Chapter 11 Cases and on each party who filed an objection or response to, or statement or comment regarding the Plan, no later than thirty (30) days after the Confirmation Date. No further notice of the entry of this Confirmation Order shall be required.

18.    Dissolution of Committee.  As of the Effective Date, the Creditors' Committee shall be dissolved. Notwithstanding such dissolution, the Creditors' Committee's professionals may seek payment of any unpaid Administrative Expenses pursuant to the Plan.

19.    Distributions.  Subject to Bankruptcy Rule 9010, and except as provided in the Plan, distributions and deliveries to holders of Allowed Claims shall be made at the address of each such holder as set forth on the Schedules filed with the Bankruptcy Court unless superseded by the address set forth on proofs of claim filed by such holders, or at the last known address of such a holder if no proof of claim is filed, or if the Debtors have been notified in writing of a change of address. Reorganized Holdings, the Solyndra Residual Trust, or the Solyndra Settlement Trust, as applicable will make all Distributions provided for under the Plan, except as otherwise set forth in the Plan. Neither Reorganized Holdings, the Solyndra Residual Trust, nor the Solyndra Settlement Trust shall not be required to post any bond.

20.    Further Assurances.  Reorganized Holdings, the Solyndra Residual Trust, the Solyndra Settlement Trust, the Plan Sponsor, the Committee, and all Holders of Claims receiving Distributions under the Plan and all other parties in interest shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be

necessary or advisable to effectuate the provisions and intent of the Plan, without further order of the Bankruptcy Court.

21.    <u>Inconsistencies Between Plan and Confirmation Order.</u>  To the extent of direct inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Confirmation Order shall govern.

22.    <u>Integration of Provisions.</u>  The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent.

23.    <u>Administrative Bar Date.</u>  Except as set forth below, requests for payment of all Administrative Expenses, other than for those for which a Bar Date was previously set or for which a request and/or proof of Claim has previously been filed, must be Filed and served on Reorganized Holdings and the Solyndra Residual Trust, as applicable, the Prepetition Lenders, and the United States Trustee by no later than thirty (30) days after the Effective Date. Reorganized Holdings and the Solyndra Residual Trust, as applicable, shall have until sixty (60) days after the Effective Date to bring an objection to a Timely Filed request for payment of an Administrative Expense.

24.    <u>Professional Fees.</u>  Notwithstanding the foregoing provision, Professional Persons requesting compensation or reimbursement of expenses incurred after the Petition Date and prior to the Effective Date must file and serve, on all parties entitled to notice thereof, a Fee Application for final allowance of compensation and reimbursement of expenses in accordance with the various orders of the Bankruptcy Court establishing procedures for submission and review of such applications; provided that, if no last date is set in such procedures for filing such applications, they must be filed no later than sixty (60) days after the Effective Date and any

24

objections to such applications must be made in accordance with applicable rules of the Bankruptcy Court.

25. <u>Order Effective Upon Entry.</u> This Confirmation Order shall be effective and enforceable upon entry, ~~and shall not be stayed, under Bankruptcy Rule 3020(e) or~~ expiration of the ten-day stay granted to the Government ~~otherwise~~, the District unless otherwise expressly ordered by ~~this~~ Court.

26. <u>Amendments.</u> Article VI(H)(3)(e) of the Plan is amended and restated to read as follows: "(e) the power to abandon or destroy any of the Relevant Books and Records when they are no longer necessary to administer the Solyndra Settlement Trust, subject to at least five (5) business days' notice and an opportunity to object by the Prepetition Tranche B/D Agent". Article VI(L)(3)(e) of the Plan is amended and restated to read as follows: "(e) the power to abandon or destroy any of books and records of Solyndra (excluding the Relevant Books and Records) when they are no longer necessary to administer the Solyndra Residual Trust, subject to at least five (5) business days' notice and an opportunity to object by the Prepetition Tranche B/D Agent". The foregoing amendments do not constitute material changes to the Plan.

27. <u>Alameda County.</u> The Debtors and the County of Alameda Treasurer/Tax Collector agree that any claims set forth in the County's Objection, as well as any and all rights and applicable defenses of the Debtors, shall be determined in accordance with applicable law pursuant to section 511 of the Bankruptcy Code, and the relevant Sections of the California Revenue and Taxation Code, all of which are expressly reserved. To the extent the County's claims are allowed, such Claims shall be treated in accordance with the Plan, section 511 of the Bankruptcy Code, and the relevant sections of the California Revenue and Taxation Code. All

25

rights of the Debtors, the Solyndra Settlement Trust, and the Solyndra Residual Trust, as

applicable, are reserved as to any such Claims.

IT IS SO ORDERED.

Dated: Oct. 22, 2012

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge

*Notwithstanding anything to the contrary in this Order, any reference to the Confirmation Date shall be deemed to be a reference to the date the Order becomes effective pursuant to paragraph 35 hereof.*