IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SOLYNDRA LLC, et al.,[1] | ) | Case No.: 11-12799 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Related Docket No. 1331 |

Responses Due By: February 11, 2013 at 4:00 p.m. (ET)
Hearing Date: February 26, 2013 at 11:30 a.m. (ET)

## REPLY OF THE SOLYNDRA RESIDUAL TRUSTEE IN SUPPORT OF THE SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS THAT ASSERT PRIORITY STATUS UNDER BANKRUPTCY CODE SECTION 507(A)(4) (ACCRUED VACATION AND WARN ACT CLAIMS)(SUBSTANTIVE)

R. Todd Neilson, in his capacity as trustee of the Solyndra Residual Trust (the "Trustee") submits this reply in support of the *Sixth Omnibus Objection to Certain Claims That Assert Priority Status under Bankruptcy Code Section 507(a)(4) (Accrued Vacation and WARN Act Claims) (Substantive)* (the "Objection"). In support of the reply, the Trustee respectfully represents as follows:

### INTRODUCTION

Pursuant to the Objection, the Trustee objected to seven claims (the "Objectionable Claims") that were filed by former employees of Solyndra, Inc. ("Solyndra") that fall into one of the following categories: (1) a claim for damages under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act") or (ii) a claim for both accrued

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont CA 94538. Defined terms that are not capitalized in this reply have the meanings given to them in the *Amended Joint Chapter 11 Plan* (the "Plan") of Solyndra LLC and 360 Degree Solar Holdings, Inc. (the "Debtors").

DOCS_LA:264454.3 80368/003

vacation and damages under the WARN Act. Each Objectionable Claim asserted that some or all of the claim is entitled to priority treatment under Bankruptcy Code section 507(a)(4).

According to the Debtors' books and records, each of the Objectionable Claims that included a claim for accrued vacation overstated the amount of unused vacation that had accrued during the 180-day priority period proscribed by Bankruptcy Code section 507(a)(4) which was outstanding on September 6, 2011 (the "Petition Date"). The correct amount of vacation that had accrued to each claimant during the priority period which was outstanding as of the Petition Date (the "Modified Priority Amount") was set forth in Column 5 of Exhibit A to the Objection, and the Trustee asked the Court to disallow, as a priority claim, all amounts claimed as priority in excess of the Modified Priority Amount listed in Column 5. The Trustee did not seek to alter the total amount of any of the Objectionable Claims. He only sought to disallow any priority claim in excess of the Modified Priority Amount. The difference between the amount original alleged by the claimant as priority (the "Alleged Priority Claim") and the Modified Priority Amount set forth on Exhibit A to the Objection should be reclassified as a general unsecured claim.

With respect to the WARN Act portions of the Objectionable Claims, each such claim was settled pursuant to the *Final Order Approving WARN Class Settlement & Release Agreement* [Docket No. 1153] (the "WARN Act Order"). The Trustee, therefore, asked the Court to disallow any portion of each Objectionable Claim that seeks damages under the WARN Act.

Five claimants did not respond to the Objection; one response, the *Claimants' Response to Trustee's Sixth Omnibus Objection to Certain Claims That Assert Priority Status Under Bankruptcy Code Section 507(a)(4) (Accrued Vacation and WARN Act Claims) (Substantive)* [Docket No. 1344], was filed on behalf of the remaining two claimants (the

"Responding Claimants").[2] In this reply, the Trustee will: (a) ask the Court to enter an amended order sustaining the Objection as to the five claimants who did not respond to the Objection, and (b) address the Responding Claimant's response and ask the Court to sustain the Objection as to the Responding Claimants after a further hearing on this matter.

## ANALYSIS

**A.   The Court should enter an amended order sustaining the Objection as to the five claimants who did not respond to the Objection.**

1.   As was mentioned above five claimants did not respond to the Objection. Attached hereto as **Exhibit A** is an amended proposed *Order Granting Sixth Omnibus Objection to Certain Claims That Assert Priority Status Under Bankruptcy Code Section 507(a)(4) (Accrued Vacation and WARN Act Claims) (Substantive)* (the "Amended Proposed Order"), which sustains the Objection as to those claimants only.[3]

**B.   The Court should overrule the opposition filed by the Responding Claimants.**

2.   The Responding Claimants oppose the Objection because, they contend:

> The objection is erroneous in that (1) Debtors contention that the Claimants overstated the amounts of priority vacation earned in the 180 day period is erroneous to the extent that Debtor's conclusion is based on having credited against Claimants' 180 day accrual an amount equal to the vacation payments they received in their final paychecks on September 2001; and (2) it does not give an accounting as to the amount that is purportedly overstated.

---

[2] The Responding Claimants are Mark Dixon and Deborah McReynolds.

[3] Attached hereto as **Exhibit B** is a copy of the Amended Proposed Order marked to show the changes from the order originally submitted with the Objection.

*Response of Responding Claimants*, at 1. It also notes that the Responding Claimants have no objection to the WARN Act portion of the Objection. The Court should overrule the Responding Claimants opposition on both grounds.

        **a.    The September 2011 Payment was a payment for the vacation that accrued within 90 days of the bankruptcy.**

        3.    As was noted in the Objection, Solyndra has paid its former employees *in full for all* their unused vacation that accrued during the 180-day priority period. To alleviate the hardship to their employees caused by the mass terminations that took place upon the shut down of the business on August 31, 2011, Solyndra wanted to pay its employees for the entirety of their unused vacation that they had accrued during the 180 day priority period. It was not, however, in a financial position to do so. Solyndra was able, however, to pay its former employees for the vacation that had accrued within the 90-day priority period (the "90 Day Priority Vacation Accruals"), and did so prior to the Petition Date (the "90 Day Priority Vacation Payment").

        4.    Specifically, on August 31, 2011, Solyndra provided termination letters to its "continuing employees" which stated:

> You will receive two paychecks. The first is your regularly scheduled paycheck, which covers from August 15, 2011-August 28, 2011 via direct deposit on Friday, September 2, 2011. The second is a vacation payout for vacation time accrued in the last 90 days. This will be paid via direct deposit on Tuesday, September 6, 2011.

A copy of this Termination Letter is attached hereto as **Exhibit C**. The Termination Letter provided to Solyndra's "regular employees" similarly stated:

4

> You will receive two paychecks. The first check will cover work
> from August 15, 2011-August 28, 2011. The second paycheck will
> include pay from August 29, 2011-August 31, 2011 as well as
> vacation which you accrued in the last 90 days. You will receive
> both paychecks on Friday, September 2, 2011.

A copy of this Termination Letter is attached hereto as **Exhibit D**. At that time, Solyndra also gave its employees an "Employee Q&A" which provided:

> Will the Company pay me for my unused vacation?
>
> You will be paid for outstanding vacation earned in the last 90
> days. Unfortunately, the Company is not able to pay you for
> vacation accrued outside the 90 day period.

A copy of the Employee Q&A is attached as **Exhibit E**.

5. Accordingly, when the Debtors filed their chapter 11 petitions on September 6, 2011, Solyndra had already paid its former employees for their vacation that had accrued during the 90-day priority period, and the only priority vacation outstanding was that which had accrued between 91 and 180 days prior to Petition Date (the "Remaining Priority Vacation Claims"). In December of 2012, Solyndra paid the Remaining Priority Vacation Claims to its former employees (the "Remaining Priority Payment").

6. Without providing any authority—either factual or legal--the Responding Claimants contend that the 90 Day Priority Vacation Payment was not payment for the 90 Day Priority Vacation Accruals, but was instead payment for that portion of their vacation that accrued **outside** the 180 day priority period (the "Non-Priority Vacation Accruals"). In other words, the Responding Claimants want this Court to retroactively recharacterize the pre-petition payments made by Solyndra for the 90 Day Priority Vacation Accruals as payments for the Non-

Priority Vacation Accruals. The net effect of this, of course, would be to require Solyndra to pay the Responding Claimants twice for their 90 Day Priority Vacation Accruals.

7.  Consider an example. Assume that prior to the 90 Day Priority Vacation Payment, Employee A had $10.00 in accrued vacation, $4.00 of which accrued within the 180 days before bankruptcy, and that Solyndra paid Employee A $2.00 on September 2, 2011, advising him that the payment was for the vacation that accrued within 90 days prior to the bankruptcy. As of the Petition Date, then, Employee A should have a vacation claim against Solyndra for $8.00, $2.00 of which is entitled to priority (because it is the other half of the vacation that accrued within the 180 day priority period) and a general unsecured claim for $6.00 (which represents Employee A's vacation that accrued outside the 180 day priority period). According to the Responding Claimants, however, the September 2011 payment should be retroactively applied to the vacation that accrued outside the 180 day priority period. Their assertion is that, as of the Petition Date, Employee A has a claim for $8.00, of which $4.00 is entitled to priority, and $4.00 is a general unsecured claim.

8.  The Responding Claimant's argument should be rejected. The 90 Day Priority Vacation Payment was specifically made to compensate employees for the unused vacation they had accrued within the 90-day priority period. As was shown above, this intention was reflected in and communicated to the former employees in the Employee Q&A and in the Termination Letters.

9.  Furthermore, had Solyndra paid employees for unused vacation that accrued *outside* of the priority period, those payments would have been subject to recovery by the estate as preferences pursuant to Bankruptcy Code section 547, which provides:

6

> Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
> (A) on or within 90 days before the date of the filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if—
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 .S.C. § 547(b).

10.   The 90 Day Priority Vacation Payments Solyndra made in September 2011 clearly involve (i) the transfer of an interest of the debtor in property (i.e., the money to make the payments), (ii) to a creditor (the former employee), (iii) on account of an antecedent debt owed by the debtor before the transfer was made (namely the obligation to pay the former employee for accrued vacation), and were made (iv) while the debtor was insolvent; and within 90 days of the Petition Date.  With respect to the final prong of the preference analysis, if Solyndra had paid its former employees for their Non-Priority Vacation Accruals, those payments would have enabled the claimants to receive more than they would have in a Chapter 7 liquidation. This is because the Non-Priority Vacation Accruals are merely general unsecured claims in the bankruptcy case. General unsecured claims are being paid an as yet unknown

dividend, but it is expected to be negligible, while the employees would have received 100 cents on the dollar.

11. By contrast, payments of accrued vacation that are earned within the priority period proscribed by Bankruptcy Code section 507(a)(4) are entitled to a fourth priority and the Debtors contemplated that they would (and they were) paid in full. So the 90 Day Priority Vacation Payment, as payment of the 90 day accrued priority vacation, would not be preferential because it would not enable the former employees to receive more than they would have received in a Chapter 7 case.[4] The Debtors did not want their former employees to be the target of preference actions. They therefore made the decision to pay only the 90 Day Priority Vacation Accruals and were very clear both internally and with their employees that the 90 Day Priority Vacation Payment was for the 90 Day Priority Vacation Accruals.

12. Finally, Solyndra had no policy that required the payment of accrued vacation on a first in/first out basis, and the Trustee is not aware of any provision of California law or federal law that would require the payment of the general unsecured portion of an employee's accrued vacation prior to the payment of the priority portion. Nor have the Responding Claimants cited any such authority.

**b.    The Objection provides an accounting of the amount that each claim priority is overstated.**

13. The Responding Claimants also contend that the Objection did indeed give an accounting as to the amount overstated. Column 5 of Exhibit A to the Objection specifically

---

[4] Bankruptcy Code section 726 provides, "Except as provided in section 510 of this title, property of the estate shall be distributed—(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title . . . (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection . . ." 11 U.S.C. § 726(1)-(2).

DOCS_LA:264454.3 80368/003

lists the correct amount of unused vacation that was outstanding for each employee as of the Petition Date that accrued within the 180 days prior to the bankruptcy under the Debtors' vacation policy. The amount overstated is the difference between the amount claimed by the former employee as priority and the amount listed in Column 5 of Exhibit A (the "Priority Difference").

14.  For these reasons, the opposition of the Responding Claimants should be overruled and the Court should sustain the objection.

## CONCLUSION

For the forgoing reasons, the Trustee asks that this Court: (a) enter the Amended Proposed Order sustaining the Objection as to the five claimants who did not respond to the Objection; and (b) set an additional hearing on the merits of the response filed by the Responding Claimants as well as whatever briefing schedule and/or discovery as may be appropriate and agreed by the parties, and, at that subsequent hearing, sustain the Objection as to the Responding Claimants.

DOCS_LA:264454.3 80368/003

Dated: February 22, 2013         PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Joshua M. Fried (CA Bar No. 181541)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: rpachulski@pszjlaw.com
       dgrassgreen@pszjlaw.com
       jfried@pszjlaw.com
       joneill@pszjlaw.com

Counsel for R. Todd Neilson, Trustee of the Solyndra Residual Trust