Page 1

1   UNITED STATES BANKRUPTCY COURT

2   DISTRICT OF DELAWARE

3   Case No. 11-12799 (MFW)

4   - - - - - - - - - - - - - - - - - - - - - - - - - - -x

5   In the Matter of:

6

7   SOLYNDRA LLC, et al.,

8

9           Debtors.

10  - - - - - - - - - - - - - - - - - - - - - - - - - - -x

11

12                      U.S. Bankruptcy Court

13                      824 Market Street

14                      Wilmington, DE  19801

15                      February 26, 2013

16

17                      11:30 AM

18

19

20

21

22  B E F O R E:

23  HONORABLE MARY F. WALRATH

24  U.S. BANKRUPTCY JUDGE

25

1   HEARING re:  Debtors' Fifth Omnibus Objection to Certain

2   Claims That Assert Priority Status Under Bankruptcy Code

3   Section 507(A)(4) As General (Accrued Vacation) (Substantive)

4   (Docket No. 1330)

5

6

7   HEARING re:  Debtors' Sixth Omnibus Objection to Certain

8   Claims That Assert Priority Status Under Bankruptcy Code

9   Section 507(A)(4) (Accrued Vacation and WARN Act Claims)

10   (Substantive) (Docket No. 1331)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by: Theresa Pullan

Page 3

1   A P P E A R A N C E S :

2   PACHULSKI STANG ZIEHL & JONES LLP

3         Attorneys for R. Todd Neilson, Trustee of

4           the Solyndra Residual Trust

5         17th Floor

6         919 North Market Street

7         Wilmington, DE  19899

8

9   BY:   JAMES E. O'NEILL, ESQ.

10

11

12   BLANK ROME LLP

13         Attorneys for Settlement Trustee

14         1201 Market Street

15         Suite 800

16         Wilmington, DE  19801

17

18   BY:   ALAN M. ROOT, ESQ.

19

20

21   VIA TELEPHONE:

22   DAVID WELDON, Claimant

23   JACK RAISNER, ESQ. for Plaintiff, Peter Kohlstadt

24

25

1           THE CLERK:  All rise.  You may be seated.

2           THE COURT:  Good morning.

3           MR. O'NEILL:  Good morning, Your Honor. James O'Neill

4    appearing today on behalf of the Residual Trustee in

5    Solyndra.

6           THE COURT:  Yes.

7           MR. O'NEILL:  Your Honor, we had a couple of matters

8    on our agenda for today that Your Honor has entered orders on

9    number 1 and number 2.  Your Honor, and that takes us to

10   items 3 and 4 which are the Fifth and Sixth Omnibus

11   Objections to claims.

12          And I'm pleased to report, Your Honor, with respect

13   to both the Fifth and Sixth that although there were

14   objections filed as to both, we did resolve the objection,

15   one of the objections on the Fifth and the objection on the

16   Sixth.  And we have one claimant, Mr. Weldon, whose response

17   is unresolved but that's not really an objection, Your Honor.

18   I think I can walk through it and I think Mr. Weldon will be

19   satisfied that we're allowing his claim in an amount which he

20   would agree to.

21          THE COURT:  Okay.

22          MR. O'NEILL:  Your Honor, if I could turn for a

23   moment to the Fifth Omnibus Objection to Claim.  Your Honor,

24   we filed this objection to claim basically to reclassify a

25   certain portion of the accrued vacation pay for Solyndra.

1    What Solyndra did, Your Honor, was Solyndra paid half of the

2    accrued prepetition because it didn't have cash to pay all of

3    the accrued prepetition, and then later on after filing

4    bankruptcy paid the remaining half.

5          THE COURT:  Of the priority.

6          MR. O'NEILL:  Of the priority.  That is correct.  So

7    in reviewing these claims, these claims were filed in an

8    amount, a priority amount which exceeded the priority amount

9    which was actually due as of the petition date.  So we

10   objected to that portion and sought to reclassify that

11   portion as a general unsecured claim.  And that's what we

12   sought to do in connection with this claim objection.  We

13   received one response from a group of claimants and one

14   response to Mr. Weldon's claim.  After filing our reply and

15   discussing the facts in more detail with the group

16   respondents, they agreed to withdraw their objection to the

17   Fifth Omnibus and I believe their counsel is appearing by

18   phone today and can confirm that.

19          And then just addressing Mr. Weldon's claim, Mr.

20   Weldon filed a response in which he sought to make sure that

21   a certain portion of his claim whichever was unpaid would

22   survive.  And, Your Honor, we did in our objection indicate

23   that the remaining claim of Mr. Weldon would be a total of

24   $9,974.42, and a portion of that $2,052.06 would be the

25   priority portion, the balance $7,922.36 would be a general

1   unsecured claim.  And I believe that that comports with what

2   Mr. Weldon asserted in his response.  I will note that the

3   unsecured claim that we're allowing is actually larger than

4   the one that was stated in his response, but I think that's

5   just because of the way that he applied the payments.  So Mr.

6   Weldon's claim would actually be a little, the unsecured

7   claim is a little bit larger.

8           THE COURT:  Is Mr. Weldon on the phone?

9           MR. WELDON:  Yes I am, Your Honor.

10          THE COURT:  All right.  Are you satisfied then with

11  the allowance of the claims in the amounts stated by counsel

12  for the Debtor?

13          MR. WELDON:  Yes I am.

14          THE COURT:  Okay.

15          MR. O'NEILL:  And, Your Honor, if I could ask just

16  for purposes of the record if counsel for the group of

17  claimants is on the phone, if they could confirm that they're

18  withdrawing their response to the Fifth Omnibus?

19          MR. RAISNER:  Good morning, Your Honor, Jack Raisner.

20  We did file that response and we are agreeing to withdraw the

21  response.

22          THE COURT:  Okay.

23          MR. O'NEILL:  Thank you, Your Honor.  I do have a

24  revised form of order which is different from what was

25  attached to our reply because it includes all of the

1    claimants now, it added back the ones we were going to defer

2    for another day.  But since we've settled I've added them all

3    back to our exhibit.  And we reflected in the order that the

4    group response was withdrawn.  And we made one other clean up

5    change, obviously we don't need a subsequent hearing so we

6    deleted that language.  And we had originally included in an

7    order, in the order the Trustee's rights to bring avoidance

8    actions against these claimants; however, in the plan we gave

9    that right up, so I've removed that language from the revised

10   order.

11          THE COURT:  Okay.

12          MR. O'NEILL:  And if I may approach, Your Honor, I

13   have a clean copy and I have a hand marked blackline which I

14   can hand up to the Court showing changes.

15          THE COURT:  You may hand that up.

16          MR. O'NEILL:  Thank you.

17          THE COURT:  Thank you.  Okay.  Okay, that revision

18   looks fine to me and I'll enter the order then.

19          MR. ROOT:  Good morning, Your Honor, Alan Root, Blank

20   Rome on behalf of the Solyndra Settlement Trustee.  If I may

21   be heard for just a moment.  I just want to make one

22   clarifying remark in response to what Mr. O'Neill said.  To

23   the extent that this order reclassifies certain claims as

24   unsecured claims class E claims under the plan, the Solyndra

25   Settlement Trustee does reserve all rights to object to those

1    claims on any or other grounds.  I believe that there is

2    language in the order itself that preserves those rights, but

3    I just want to make clear on the record that to the extent

4    Mr. O'Neill said the claims are allowed as unsecured claims,

5    I believe that we reserve rights to object to those claims to

6    the extent we have any objections.

7         THE COURT:  I thought this was a joint objection.

8    It's not?

9         MR. ROOT:  Your Honor, there was one joint objection

10   that was filed with respect to former employees that were not

11   employees of the Debtors.  We join in that objection.  This

12   was not, this was reclassifying the priority amounts of the

13   claims as general unsecured claims to the extent we have

14   substantive objections.  We do not object to that.  To the

15   extent we have substantive objections to the claims

16   themselves, we're reserving those rights.  But we don't have

17   an objection with respect to the reclassification.

18        THE COURT:  Okay.

19        MR. ROOT:  Thank you, Your Honor.

20        MR. O'NEILL:  And yes, Your Honor, that clarification

21   is fine with us, and the order does reflect the reservation

22   of rights for the Settlement Trustee.

23        THE COURT:  Okay.  All right.  Then I will enter that

24   order.

25        MR. O'NEILL:  Thank you, Your Honor.

1          THE COURT:  Okay, the next.

2          MR. O'NEILL:  Item number 6, item number 4 on the

3    agenda is the Debtors' Sixth Omnibus objection to claims.  In

4    this objection, Your Honor, the Residual Trustee objected to

5    claims with which were asserted in a priority basis which

6    exceeded the priority amount for accrued vacation on the

7    Debtors' books and records, and also included a claim for

8    WARN Act damages.  The WARN Act was settled and the WARN Act,

9    our understanding is that the WARN Act claimants were paid.

10   So through this objection what we sought to do was remove any

11   portion of the claim which related to the WARN Act and

12   reclassify any portion of the accrued vacation claim which

13   exceeded the accrued priority amount on the Debtors' books

14   and records.

15          THE COURT:  Okay.

16          MR. O'NEILL:  There was one response which was filed

17   to this by the same counsel who responded to the Fifth.

18   After we filed the reply and had an opportunity to discuss

19   with Claimant's counsel, my understanding is that they've

20   agreed to withdraw that response and that they're okay with

21   the proposed form of order.  And I'd asked their counsel to

22   confirm that for us on the record.

23          MR. RAISNER:  That's correct, Your Honor.  We

24   withdrew that response.

25          THE COURT:  All right.

1          MR. O'NEILL:  Thank you.  I do have a revised form of

2     order which I can hand up, Your Honor.  And I do have a hand

3     marked blackline again, and similar changes to the other in

4     that reflects that the response was subsequently withdrawn,

5     that we removed the language requiring a further hearing,

6     we've removed the Residual Trustee's reservation of right

7     with respect to avoidance actions.  And I will note similarly

8     to the Fifth, this was not a joint objection, this was just a

9     Residual Trustee, so this order also contains language

10    reserving rights on behalf of the Settlement Trustee.  And if

11    I may approach, I'll hand those orders up to you.

12         THE COURT:  You may.  Thank you.  All right.  And the

13    changes look fine and I'll enter that order as unopposed

14    then.

15         MR. O'NEILL:  Thank you very much, Your Honor.

16         THE COURT:  Okay.

17         MR. O'NEILL:  That concludes the matters on our

18    agenda for today.

19         THE COURT:  Thank you.

20         MR. O'NEILL:  Thank you, Your Honor.

21         THE COURT:  We'll stand adjourned then.

22

23       (Whereupon these proceedings were concluded at 11:42 AM)

24

25

1                          RULINGS

2                                              Page    Line

3    HEARING re:  Debtors' Fifth Omnibus Objection

4    to Certain Claims That Assert Priority Status

5    Under Bankruptcy Code Section 507(A)(4) As

6    General (Accrued Vacation) (Substantive)

7    (Docket No. 1330)                            8      24

8

9

10   HEARING re:  Debtors' Sixth Omnibus Objection

11   to Certain Claims That Assert Priority Status

12   Under Bankruptcy Code Section 507(A)(4)

13   (Accrued Vacation and WARN Act Claims)

14   (Substantive) (Docket No. 1331)             10      12

15

16

17

18

19

20

21

22

23

24

25

1                            CERTIFICATE

2     I certify that the foregoing is a correct transcript from the

3     electronic sound recording of the proceedings in the above-

4     entitled matter.

5

6     AAERT Certified Electronic Transcriber CET**00650

7

8        /s/ Theresa Pullan (CET #650)

9     February 27, 2013

10

11

12

13

14

15

16

17

18

19

20

21

22     Veritext

23     200 Old Country Road

24     Suite 580

25     Mineola, NY  11501