# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, *et al.*,[1] | ) | Case No.: 11-12799 (MFW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | **Related Docket No. 1009** |

**ORDER UNDER 11 U.S.C. §§ 105(A), 363 AND 1142 AND FED. R. BANKR. P. 2002, 6004 AND 6006: (I) APPROVING AGREEMENT OF SALE AND PURCHASE AND AUTHORIZING THE SALE OF REAL PROPERTY AND RELATED PROPERTY TO SEAGATE TECHNOLOGY LLC OR A HIGHER AND BETTER BIDDER; (II) AUTHORIZING THE SALE OF PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS PURSUANT TO SECTIONS 363(A), (F) AND (M) OF THE BANKRUPTCY CODE, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Sale Motion</u>")[2] of Solyndra LLC ("<u>Solyndra</u>")[3] one of the captioned debtors and debtors in possession (together, the "<u>Debtors</u>") for an order, under Bankruptcy Code sections 105(a), 363, and 1142 and Bankruptcy Rules 2002, 6004 and 6006, authorizing and approving the proposed sale of Solyndra's real property and building located at 47488 Kato Road, Fremont, California, (the "<u>Real Property</u>") including all other property interests to be sold to Seagate Technology LLC (the "<u>Buyer</u>") (together, with the Real Property, the "<u>Property</u>") by the Trustee (defined below), pursuant to that certain *Agreement of Sale and Purchase Between Solyndra LLC and Seagate Technology LLC*, dated as of August 16, 2012, a

---

[1] The Debtors in these proceedings and the last four digits of each Debtors' federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Purchase Agreement, as applicable.
[3] Solyndra is the predecessor in interest to the Trust (as defined below) that was established pursuant to the terms of the Debtors' Plan (as defined below).

copy of which is attached hereto as **Exhibit A** (the "Purchase Agreement"); and which, in accordance with the Debtor's Plan, has been assigned (with all rights and obligations) to the Trust by virtue of the confirmation of the Plan with Solyndra remaining obligated thereunder; the Court having considered the Sale Motion and the Purchase Agreement, objections thereto, the statements of counsel and any testimony or offer of proof as to testimony on the record at the hearing on November 15, 2012 (the "Sale Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motion; and it appearing that the relief requested in the Sale Motion is in the best interests of the Trust (defined below), Debtors and their creditors, and all other parties-in-interest; and after due deliberation and good cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[4]

A. **Jurisdiction and Venue.** This Court has jurisdiction to consider the Sale Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Sale Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. **Statutory Predicates.** The statutory predicates for the relief sought in the Sale Motion are Bankruptcy Code sections 105(a), 363 and 1142 and Bankruptcy Rules 2002, 6004 and 6006.

C. **Notice.** As evidenced by the affidavits of service filed with this Court and based upon the representations of counsel at the Sale Hearing: (i) due, proper, timely, adequate

---

[4] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

and sufficient notice of the Sale Motion, the Sale Hearing and the transactions set forth in the Purchase Agreement (the "Sale"), has been provided in accordance with Bankruptcy Code sections 105(a), and 363 and Bankruptcy Rules 2002, 6004 and 6006; (ii) it appears that no other or further notice need be provided; (iii) such notice was and is good, sufficient and appropriate under the circumstances; and (iv) no other or further notice of the Sale Motion, the Sale Hearing or the Sale is or shall be required.

D. **Opportunity to Object.** A reasonable opportunity to object and to be heard with respect to the Sale Motion and the relief requested therein has been given, in light of the circumstances, to all interested persons and entities, including the following: (a) the U.S. Trustee; (b) counsel to the official committee of unsecured creditors (the "Committee"); (c) the Secured Lenders; (d) all parties known to have asserted a lien on the Property; (e) all entities known to have expressed an interest in acquiring any of the Property; (f) the Buyer and its counsel; (g) all other parties that have filed a notice of appearance and demand for service of papers in the Debtors' chapter 11 cases under Bankruptcy Rule 2002 as of the date of filing the Sale Motion; and (h) all known creditors of the Debtors.

E. **Confirmation of Plan and Transfer of Property to Liquidating Trust.** On October 22, 2012, the Court entered its *Order Confirming Debtors' Amended Joint Chapter 11 Plan* [Docket No. 1060] (the "Plan"). The Effective Date of the Plan was November 7, 2012. Pursuant to the Plan and that certain *Quitclaim Deed*, the Property was transferred to the Solyndra Residual Trust (the "Trust") pursuant to that certain *Solyndra Residual Trust Agreement*, dated November 7, 2012. Pursuant to the Plan, Todd Neilson, the Court-appointed

Chief Restructuring Officer of the Debtors, was named the trustee of the Trust (the "Trustee"). In accordance with the Plan, the Trustee is authorized to convey the Property to Buyer.

F. **Sale in Best Interests.** Good and sufficient reasons for approval of the Purchase Agreement and the Sale have been articulated, and the relief requested in the Sale Motion is in the best interests of the Trust, the Debtors and their creditors, and all other parties in interest.

G. **Business Justification.** The Debtors and the Trustee have demonstrated both (i) good, sufficient and sound business purposes and justifications, and (ii) compelling circumstances for the Sale other than in the ordinary course of business under Bankruptcy Code section 363(b) in that, among other things, the immediate consummation of the Sale with the Buyer is necessary and appropriate to maximize the value of the Trust. Entry of an order approving the Purchase Agreement and all the provisions thereof is a necessary condition precedent to the Buyer consummating the transactions set forth in the Purchase Agreement.

H. **Arm's-Length Sale.** The Purchase Agreement was negotiated, proposed and entered into by Solyndra (prior to Solyndra's transfer of the Property to the Trust pursuant to the Plan) and the Buyer without collusion, in good faith and from arm's-length bargaining positions. The Buyer is not an "insider" of the Debtors, as that term is defined in Bankruptcy Code section 101(31). Neither the Debtors, the Trustee nor the Buyer have engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under Bankruptcy Code section 363(n). Specifically, the Buyer has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.

I.  **Good Faith Buyer.** The Buyer is a good faith purchaser of the Property within the meaning of Bankruptcy Code section 363(m) and is therefore entitled to all of the protections afforded by Bankruptcy Code section 363(m). The Buyer has proceeded in good faith in all respects in connection with this proceeding in that: (a) the Buyer recognized that Solyndra (prior to Solyndra's transfer of the Property to the Trust pursuant to the Plan) and the Trustee were free to deal with any other party interested in acquiring the Property; (b) the Buyer complied with the provisions in the Bid Procedures Order; (c) the Buyer agreed to subject its bid to the competitive bidding procedures set forth in the Bid Procedures Order dated September 28, 2012; and (d) all payments to be made by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Transaction have been disclosed. Neither the Debtors, the Trustee nor the Buyer has engaged in any conduct that would cause or permit the Purchase Agreement to be voided, or for the imposition of costs and damages, under section 363(n) of the Bankruptcy Code.

J.  **Highest and Best Offer.** The Purchase Agreement constitutes the highest and best offer for the Property, and will provide a greater recovery for the Trust than would be provided by any other available alternative. Solyndra's (prior to Solyndra's transfer of the Property to the Trust pursuant to the Plan) and the Trustee's determination that the Purchase Agreement constitutes the highest and best offer for the Property constitutes a valid and sound exercise of the Trustee's business judgment.

K.  **Consideration.** The Purchase Price to be paid by the Buyer pursuant to the Purchase Agreement and other consideration provided by the Buyer constitutes reasonably

equivalent value or fair consideration, as the case may be (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code), and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. The Purchase Agreement represents a fair and reasonable offer to purchase the Property under the circumstances of the Debtors' chapter 11 cases. No other person or entity or group of entities, other than the Buyer, has offered to purchase the Property for an amount that would give greater economic value to the Trust. Approval of the Sale Motion and the Purchase Agreement and the consummation of the transactions contemplated thereby are in the best interests of the Trust, the Debtors, their creditors and all other parties in interest.

L.    **Free and Clear.**  Solyndra was (prior to Solyndra's transfer of the Property to the Trust pursuant to the Plan) and the Trust is the sole and lawful owner of the Property. Accordingly, pursuant to, and to the fullest extent permitted by section 363 of the Bankruptcy Code and all other applicable laws, the transfer of the Property by the Trustee to the Buyer under the Purchase Agreement shall be a legal, valid, and effective transfer of the Property, and upon Closing shall vest the Buyer with all right, title, and interest of the Debtors and the Trust to the Property free and clear of all liens, claims (as defined in Section 101(5) of the Bankruptcy Code), encumbrances, obligations, liabilities, contractual commitments or interests of any kind or nature whatsoever (collectively, the "Interests"), including, but not limited to, (i) those that purport to give to any party a right or option to effect any forfeiture, modification or termination of the Debtors' or the Trust's interests in the Property, or any similar

rights, and (ii) those relating to taxes arising under or out of, in connection with, or in any way relating to the operation of the Debtors' business prior to the Closing Date. For avoidance of doubt, all Interests shall attach to the proceeds ultimately attributable to the Property (the "Sale Proceeds") against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Property or their proceeds, if any, subject to any rights, claims and defenses the Trust or the Debtors, as applicable, may possess with respect thereto.

M.  The Buyer would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Trust and the Debtors, if the sale of the Property to the Buyer was not free and clear of all Interests of any kind or nature whatsoever, or if the Buyer would, or in the future could, be liable for any of the Interests arising on, at, from or related to the Property.

N.  Buyer will not consummate the transactions contemplated by the Purchase Agreement unless the Purchase Agreement specifically provides, and the Bankruptcy Court specifically orders, that none of Buyer or its affiliates, officers, directors or shareholders or the Property will have any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any lien or excluded liability.

O.  In accordance with to 11 U.S.C. §1142, Solyndra and the Trustee may sell the Property free and clear of any Interests of any kind or nature whatsoever because in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has

been satisfied. Each entity with an Interest in the Property to be transferred on the Closing Date: (i) has, subject to the terms and conditions of this Order, consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code. Those holders of Interests who did not object to the Sale Motion are deemed, subject to the terms of this Order, to have consented pursuant to Bankruptcy Code section 363(f)(2). All holders of Interests are adequately protected by having their Interests attach to the Sale Proceeds ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Property or their proceeds, if any, subject to any rights, claims and defenses the Trustee or the Debtors may possess with respect thereto.

  P. **No Fraudulent Transfer.** The Purchase Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia. Neither the Trust nor the Buyer is entering into the transactions contemplated by the Purchase Agreement fraudulently.

  Q. **Not a Successor.** Buyer (a) is not a successor to either the Debtors or to the Trust, (b) has not, de facto or otherwise, merged with or into the Debtors or the Trust, (c) is not a continuation or substantial continuation of the Debtors or the Trust or any enterprise of the Debtors or the Trust, (d) does not have a common identity of incorporators, directors or equity

holders with the Debtors or the Trust, and (e) is not holding itself out to the public as a continuation of the Debtors or the Trust. The (i) transfer of the Property to Buyer, and (ii) assumption and assignment to Buyer of the Assumed Executory Contracts, do not and will not subject Buyer to any liability whatsoever with respect to the operation of the Debtors' business before the Closing Date or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability and, except as otherwise contained herein or in the Purchase Agreement, Buyer shall not have any liability to any broker or other professionals retained by the Debtors or the Trust or to cure any default of the Debtors or the Trust related to the Property.

R. **Prompt Consummation.** The Sale must be approved and consummated promptly in order to maximize the value of the Trust. Except as otherwise provided in the Purchase Agreement, time is of the essence in consummating the Sale.

NOW, THEREFORE, IT IS ORDERED THAT:

1. **Sale Motion is Granted.** The Sale Motion and the relief requested therein is GRANTED and APPROVED, as set forth herein.

2. **Objections Overruled.** Any objections to the entry of this Order or the relief granted herein and requested in the Sale Motion that have not been withdrawn, waived, settled, or otherwise resolved pursuant to the terms hereof, if any, are hereby denied and overruled on the merits with prejudice.

3.  **Approval.** The Purchase Agreement and all of the terms and conditions therein are hereby approved, and Solyndra's execution of the Purchase Agreement is hereby ratified and approved. Pursuant to 11 U.S.C. 1142, the Trustee, on behalf of the Trust, is hereby authorized to (1) execute the Purchase Agreement, along with any additional instruments or documents that may be reasonably necessary or appropriate to implement the Purchase Agreement, provided that such additional documents do not materially change its terms; (2) consummate the Sale in accordance with the terms and conditions of the Purchase Agreement and the instruments to the Purchase Agreement contemplated thereby; and (3) take all other and further actions as may be reasonably necessary to implement the transactions contemplated by the Purchase Agreement.

4.  **Free and Clear.** Except as expressly permitted or otherwise specifically provided for in the Purchase Agreement or this Order, pursuant to Bankruptcy Code sections 105(a), 363(f) and 1142, the Trustee, on behalf of the Trust, and Solyndra are authorized to transfer the Property to the Buyer and, as of the Closing Date, pursuant to section 363 of the Bankruptcy Code and all other applicable laws, the Buyer shall take title to and possession of the Property free and clear of all Interests of any kind or nature whatsoever, including but not limited to the Liens, with all such Interests to attach to the Sale Proceeds ultimately attributable to the Property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Property or their proceeds, if any, subject to any rights, claims and defenses the Trust or the Debtors may possess with respect thereto.

5.  **Resolution of Objections of Kinetics Systems, Inc.; Bayside Interiors, Inc.; and RK Electric, Inc.** On September 10, 2012, Kinetics Systems, Inc. ("Kinetics") filed a limited objection to the Sale Motion [Docket No. 1069] (the "Kinetics Objection"). On September 19, 2012, Bayside Interiors, Inc. ("Bayside") and RK Electric, Inc. ("RK Electric") and together with Kinetics and Bayside, the "Mechanics") each separately filed joinders to the Kinetics Objection [Docket No. 1081 and Docket No 1082, respectively], (together, the "Joinders" and collectively with the Kinetics Objection, the "Mechanics' Objections"). The Mechanics do not oppose the sale of the Property to the Buyer pursuant to the Sale Motion, but oppose the distribution of the Sale Proceeds pending resolution of the Mechanics' Objections.

6.  Kinetics asserts in its objection that it is owed $1,409,759 in unsatisfied mechanics liens claims and that such claims constitute secured claims against the Sale Proceeds immediately upon the sale the Property (the "Kinetics Claim"). Bayside asserts that it is owed $77,604.78 in unsatisfied mechanics liens claims and that such claims constitute secured claims against the Sale Proceeds immediately upon the sale of the Property (the "Bayside Claim"). RK Electric asserts that is owed $74,071.72 in unsatisfied mechanics' liens claims and that such claims constitute the secured claims against the Sale Proceeds immediately upon the sale of the Property (the "RK Electric Claim, and together with the Kinetics Claim and the Bayside Claim, the "Mechanics' Lien Claims"). The Mechanics each assert that the Mechanics' Lien Claims are secured claims that are senior in priority to the allowed secured claims of the Secured Lenders. The Debtors, the Trust and the Secured Lenders dispute these assertions and believe that the Mechanics Lien Claims, if any, are junior to the secured claims of the Secured Lenders. In order

to resolve the Mechanics' Objections, the Trustee and the Secured Lenders agree to segregate $1,561,435.50 of the Sale Proceeds into a segregated interest bearing account titled in whole or in part in the name of the Trust pending either (i) a determination by the Court of the rights, liens and claims, if any, of each of the Mechanics with respect to the Sale Proceeds or (ii) entry into any agreement or stipulation between the parties pursuant to the terms of the Plan that may be implemented without further order of the Court; *provided, however*, that such reserved amount shall be reduced to the extent of any payments received by any of the Mechanics, as appropriate, without further order of the Court, and such reduced amounts shall promptly be distributed by the Trust to the Secured Lenders in accordance with the Plan. The liens of the Mechanics, if any, and Secured Lenders shall attach to the Sale Proceeds placed into such segregated account with the same validity, and to the same extent, and in the same order and priority as they attached to the Property. The Trust, the Mechanics and the Secured Lenders reserve all of their rights and arguments with regard to such issues. The Mechanics' Objections are deemed withdrawn. No other parties filed any objections to the Sale Motion, either timely or otherwise.

7. **Valid Transfer.** As of the Closing Date, (a) the transactions contemplated by the Purchase Agreement effect a legal, valid, enforceable and effective sale and transfer of the Property to Buyer, and shall vest Buyer with title to such assets free and clear of all liens, and (b) the Purchase Agreement and the transactions and instruments contemplated thereby shall be enforceable against and binding upon Buyer, the Trust and the Debtors and not subject to rejection or avoidance by the Trustee, the Debtors or any chapter 11 or chapter 7 trustee of the Debtors.

8. **General Assignment.** On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of Solyndra's and the Trust's interests in the Property.

9. **Injunction.** Except as expressly permitted by the Purchase Agreement or by this Order, all persons and entities, including, but not limited to, the Debtors' employees, former employees, all debt security holders, equity security holders, administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state and local officials, lenders, contract parties, lessors, trade creditors and all other creditors holding Interests of any kind or nature whatsoever against or in the Trust, the Debtors, or any of their respective interests in the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown, liquidated or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any way relating to, such Property or with respect to any Interests arising out of or related to the Sale, shall be and hereby are forever barred, estopped and permanently enjoined from commencing, prosecuting or continuing in any manner any action or other proceeding of any kind against Buyer, its property, its successors and assigns, alleged or otherwise, its affiliates, or such Property. Notwithstanding the foregoing, nothing herein shall prevent (i) the Debtors or the Trust, as applicable, from pursuing an action against the Buyer arising under the Purchase Agreement. Nothing in this Order or the Purchase Agreement releases, nullifies, precludes, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order.

Nothing in this Order or the Purchase Agreement authorizes transfer to the Buyer of any licenses, permits, registrations, or other governmental authorizations and approvals without the Buyer's compliance with all applicable legal requirements under non-bankruptcy law governing such transfers.

10. **Release of Interests.** Except as otherwise provided in this Order, this Order (a) shall be effective as a determination that, on the Closing Date, all Interests of any kind or nature whatsoever existing as to the Debtors, the Trust or the Property prior to the Closing Date have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Property.

11. **Binding Effect of Order.** This Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents

or instruments, or who may be required to report or insure any title or state of title in or to any of the Property.

12. **Binding on Successors.** The terms and provisions of the Purchase Agreement and this Order shall be binding in all respects upon the Trust, the Debtors, all creditors of (whether known or unknown) and holders of equity interests in the Debtors, Buyer and their respective affiliates, successors and assigns, and any affected third parties, including, but not limited to, all persons asserting Interests in the Property, notwithstanding any subsequent appointment of any trustee of Solyndra under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding. This Order and the Purchase Agreement shall inure to the benefit of the Trust, the Debtors, the Buyer, and their respective successors and assigns.

13. **Bankruptcy Code Section 363(n).** The consideration provided by the Buyer for the Property under the Purchase Agreement is fair and reasonable and may not be avoided under Bankruptcy Code section 363(n).

14. **Good Faith.** The transactions contemplated by the Purchase Agreement are undertaken by Buyer without collusion and in good faith, as that term is used in Bankruptcy Code section 363(m) and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale with Buyer, unless such authorization is duly stayed pending such appeal. Buyer is a good faith purchaser of the Property, and is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m).

DOCS_SF:80656.6 80368/002                    15

15. **Fair Consideration.** The Purchase Price to be paid by Buyer pursuant to the Purchase Agreement and other consideration provided by the Buyer to the Debtors and the Trust, as applicable, pursuant to the Purchase Agreement for its purchase of the Property constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and under the laws of the United States, any state, territory, possession or the District of Columbia.

16. **Retention of Jurisdiction.** This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Purchase Price or performance of other obligations owed to the Trust or to the Debtors; (b) interpret, implement and enforce the provisions of this Order and the Purchase Agreement; (c) adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including without limitation, the Mechanics' Objections and segregation of Sale Proceeds as described in paragraph 6 of this Order; and (d) protect Buyer by enforcing the Injunction and Releases contained herein, including without limitation against any Interests in the Trust, the Debtors or the Property of any kind or nature whatsoever attaching to the proceeds of the Sale.

17. **Sale Proceeds.** Any and all valid and perfected Interests in the Property shall attach to any proceeds of such Property immediately upon receipt of such proceeds by the Trust in the order of priority, and with the same validity, force and effect which they now have

against such Property, if any, subject to any rights, claims and defenses the Trust or the Debtors, as applicable, may possess with respect thereto, and, in addition to any limitations on the use of such proceeds pursuant to any provision of this Order.

19. **Non-material Modifications.** The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, in accordance with the terms thereof, after consultation with the Secured Lenders and without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Trust..

19. **Failure to Specify Provisions.** The failure specifically to include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety; *provided, however*, that this Order shall govern if there is any inconsistency between the Purchase Agreement (including all ancillary documents executed in connection therewith) and this Order. Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

20. **No Stay of Order.** Notwithstanding the provisions of Interim Bankruptcy Rule 6004(h) and Bankruptcy Rule 6006(d), this Order shall not be stayed for fourteen days after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof. Time is of the essence in closing the transactions referenced herein, and the Trustee and Buyer intend to close the Sale as soon as practicable. Any party objecting to this Order must exercise due

DOCS_SF:80656.6 80368/002                    17

diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

21. **Confidentiality of Purchase Agreements.** The Debtors and the Trust, as applicable, are authorized to enforce their rights under any confidentiality agreements it entered into with other potential bidders with respect to the Property for the benefit of the Buyer for the term of each respective confidentiality agreement.

22. **Further Assurances.** From time to time, as and when requested by any party, each party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the transactions contemplated by the Purchase Agreement.

Dated: Nov. 15, 2012

_____
The Honorable Mary F. Walrath,
United States Bankruptcy Court Judge

<u>Exhibit A to Order</u>

The Asset Purchase Agreement (the "APA"), is not included due to size, and the APA itself is not referred to in the Opposition.