IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SOLYNDRA LLC, *et al.*,[1] | ) | Case No.: 11-12799 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

Objections Due By: **October 19, 2013 at 4:00 p.m. (ET)**
Hearing Date: **November 13, 2013 at 3:00 p.m. (ET)**

## EIGHTH OMNIBUS OBJECTION TO CERTAIN REQUESTS AND CLAIMS THAT ASSERT RECLAMATION STATUS UNDER BANKRUPTCY CODE SECTION 546(C) (SUBSTANTIVE)

R. Todd Nielson, in his capacity as trustee (the "Trustee") of the Solyndra Residual Trust established pursuant to the *Amended Joint Chapter 11 Plan* (the "Plan") of Solyndra LLC and 360 Degree Solar Holdings, Inc. (the "Debtors"), as amended by the Order Confirming Amended Joint Chapter 11 Plan, submits this *Eighth Omnibus Objection to Certain Requests and Claims That Assert Reclamation Status Under Bankruptcy Code Section 546(c) (Substantive)* (the "Objection").[2] The claimants listed on **Exhibit A** (the "Claimants") have each asserted rights of reclamation for goods delivered to the Debtors prepetition (the "Reclamation Requests") under section 546(c) of title 11 of the United States Code (the "Bankruptcy Code").[3] Pursuant to the *Final Order (1) Authorizing the Debtors to (A) Obtain Postpetition Secured Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative*

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 2880 Zanker Rd, Suite 203, San Jose, CA 95143.

[2] Defined terms that are not capitalized in this Objection have the meanings given to them in the Plan.

[3] As is set forth on **Exhibit A**, some of the Reclamation Requests were made pursuant to letters delivered to the Debtors and some were made pursuant to filed proofs of claim. AlixPartners, LLP ("Alix"), the court-appointed claims agent docketed each Reclamation Request on the claims register.

*Expense Status, (III) Granting Adequate Protection, and (IV) Modifying the Automatic Stay* [Docket No. 161] (the "Final DIP Order") entered on September 27, 2011, the liens of the Prepetition Secured Parties (defined below) were deemed, *inter alia*, valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claims in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Reclamation Requests should be disallowed as secured, administrative or priority claims and should be reclassified as general unsecured claims.

**PLEASE TAKE NOTICE that if a claim that you filed against the Debtors or a request you submitted to the Debtors is identified on Exhibit A, the Trustee has objected to that claim and/or request. This Objection, therefore, directly affects your rights, and your claim and/or request may be reduced, modified or disallowed. Please carefully review the accompanying** *Notice of Eighth Omnibus Objection to Certain Requests and Claim That Assert Reclamation Status Under Bankruptcy Code Section 546(c)* **(the "Notice") for important information regarding both (i) the deadline and procedure for filing any response to the Objection and (ii) the date of the hearing on the Objection. Any response to the Objection should be filed with the United States Bankruptcy Court for the District of Delaware (the "Court") and served on the Trustee's counsel at the addresses identified in the Notice. If neither you nor your attorney responds to this Objection by the deadline set forth in the Notice, the Court may decide that you have waived any right to oppose the Objection to your claim and/or request.**

2

In support of the Objection, the Trustee respectfully represents as follows:[4]

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Facts

**A.    General Background**

2. On September 6, 2011 (the "Petition Date"), Solyndra LLC ("Solyndra") and 360 Degree Solar Holdings, Inc. ("Holdings") each commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On September 15, 2011, the United States Trustee appointed an Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

**B.    Prepetition Secured Indebtedness**

4. Prepetition, the Debtors' capital structure consisted of outstanding secured indebtedness in an aggregate principal amount of $783,755,765, which consisted of the following:

    a.    Pursuant to that certain *Term Loan Agreement* (Tranche A), dated as of February 23, 2011 (the "Prepetition Tranche A Term Loan Agreement"), by and among Solyndra, the lenders parties thereto (collectively, the "Prepetition Tranche A Lenders") and Argonaut Ventures I., LLC, as Tranche A Representative, in such capacity (the "Prepetition

---

[4] The facts in this Objection are supported by the Declaration of R. Todd Neilson submitted concurrently.

Tranche A Term Loan Facility Representative"), as of the Petition Date, the Debtors were indebted to the Prepetition Tranche A Lenders and the Prepetition Tranche A Term Loan Facility Representative in the principal amount of $69,302,901, plus interest accrued and accruing, costs, and any fees and expenses (the "Prepetition Tranche A Term Loan Facility Obligations");

    b. Pursuant to that certain *Payment and Reimbursement Agreement* (Tranches B and D), dated as of February 23, 2011 (the "Prepetition Tranche B/D Term Loan Agreement"), by and among Solyndra, the U.S. Department of Energy, acting by and through the Secretary of Energy, as loan servicer (the "Prepetition Tranche B/D Agent"), owed to the Federal Financing Bank, and its guarantor, the U.S. Department of Energy (collectively, the "Prepetition Tranche B/D Lenders") which consisted of (i) the Tranche B Total Principal Amount (as defined in the Prepetition Tranche B/D Term Loan Agreement) (the "Tranche B Debt"); and (ii) the Tranche D Total Principal Amount (as defined in the Prepetition Tranche B/D Term Facility Agreement) (the "Tranche D Debt"), as of the Petition Date, the Debtors were indebted and liable to the Prepetition Tranche B/D Lenders under the Prepetition Tranche B/D Term Loan Agreement (i) in the principal amount of $142,808,544 plus interest accrued and accruing, costs and any fees and expenses due and owing thereunder on account of the Tranche B Debt; and (ii) in the principal amount of $385,000,000 plus interest accrued and accruing, costs and any fees and expenses due and owing thereunder on account of the Tranche D Debt (collectively, the "Prepetition Tranche B/D Term Loan Obligations"); and

    c. Pursuant to that certain Tranche E Note Purchase Agreement, dated as of February 23, 2011 (the "Prepetition Tranche E Agreement"), by and among Solyndra and Argonaut Ventures I, LLC, as agent (the "Prepetition Tranche E Agent") and each holder of

a Tranche E note (together with the Tranche E Agent, the "Prepetition Tranche E Lenders"), as of the Petition Date, the Debtors were indebted to the Prepetition Tranche E Lenders and the Prepetition Tranche E Agent in the principal amount of $186,644,319, plus interest accrued and accruing, costs and any fees and expenses (the "Prepetition Tranche E Term Loan Facility Obligations").[5]

5.      As set forth in the Prepetition Tranche A Term Loan Agreement, the Prepetition Tranche B/D Term Loan Agreement, the Prepetition Tranche E Agreement, and that certain *First Amended and Restated Common Agreement*, dated as of February 23, 2001 (the "Common Agreement"), prior to the Petition Date, the Debtors granted security interests in and liens on, among other things, substantially all of the Debtors' assets (collectively, the "Prepetition Assets"), subject to certain limitations (the "Prepetition Liens") to U.S. Bank National Association, as master collateral agent, under the Common Agreement. *See* Final DIP Order ¶ F.(vii).

6.      Pursuant to the Final DIP Order entered on September 27, 2011, the liens of the Prepetition Secured Parties on the Prepetition Assets were "legal, enforceable, non-avoidable and duly perfected and . . . not subject to avoidance, attack offset, recharacterization or subordination under the Bankruptcy Code . . ." *See* Final DIP Order ¶ F(x).

C.      **The Plan**

7.      The Debtors confirmed their Plan on October 22, 2012, which went effective on November 7, 2012. Pursuant to the Plan, the Prepetition Liens of each of the

---

[5] For purposes of this Objection, the Prepetition Tranche A Term Loan Facility Representative, the Prepetition Tranche A Lenders, the Prepetition Tranche B/D Agent, the Prepetition Tranche B/D Lenders, the Prepetition Tranche E Agent and the Prepetition Tranche E Lenders are referred to as the "Prepetition Secured Parties".

Prepetition Secured Parties were deemed allowed in the full amounts reflected in the Final DIP Order. See Plan, § § IV.B 3; IV.B.4; IV.B.5 and IV.B.6.

8. Each of the Claimants was sent a copy of (i) the Disclosure Statement, (ii) the Plan, (iii) notice of the hearing on confirmation of the Plan and (iv) a ballot to vote to either reject or accept the Plan and were on notice of the Plan's proposed treatment of, *inter alia*, the claims of the Prepetition Secured Parties.

9. There were insufficient Plan proceeds to satisfy the total amount owed to the Prepetition Secured Parties.

**D.     The Solyndra Residual Trust**

10. Pursuant to the Plan and the *Solyndra Residual Trust Agreement*, certain assets were transferred to the Solyndra Residual Trust and Mr. Nielson, the former court-appointed Chief Restructuring Officer of the Debtors, was named Trustee. The Trustee has the responsibility and the authority to reconcile, object to and settle Allowed Administrative Expenses, Allowed Tax Claims, Allowed Priority Non-Tax Claims, and Allowed Miscellaneous Secured Claims. *See* Plan, § VI.L.2, at 65.

**E.     The Solyndra Settlement Trust**

11. Pursuant to the Plan and the *Solyndra Settlement Trust Agreement*, certain other assets were transferred to the Solyndra Settlement Trust, which is administered by the Solyndra Settlement Trustee. The Solyndra Settlement Trust has the right to pursue or litigate objections to general unsecured claims, and the Solyndra Settlement Trustee has the responsibility and authority to reconcile, object to and settle general unsecured claims. *See* Plan, at Section VI.H.2, at 55-57.

**F.**     **Background Related to Claims**

12.     On November 22, 2011, this Court entered the *Order (1) Fixing Bar Date for the Filing of Proofs of Claim, (2) Fixing Bar Date for the Filing of Proofs of Claim By Governmental Units, (3) Fixing Bar Date for the Filing of Requests for Allowance of Bankruptcy Code § 503(b)(9) Administrative Expense Claims, (4) Fixing Bar Date for the Filing of Requests for Allowance of WARN Act Claims, (5) Designating Form and Manner of Notice Thereof, and (6) Granting Related Relief* (the "Bar Date Order") [Docket No. 367], setting various deadlines and procedures for filing claims against the Debtors.

13.     To date, over 800 proofs of claim (collectively, the "Claims") have been filed against the Debtors. The Trustee and Alix, the court-appointed noticing, claims and balloting agent, are in the process of reviewing and reconciling those Claims. This reconciliation process includes identifying particular categories of Claims that may be targeted for disallowance and expungement, reduction and allowance, or reclassification and allowance. To identify invalid Claims, and to avoid possible double recovery or other improper recovery by claimants, the Trustee has filed several omnibus objections to certain of those Claims.

**G.**     **Background Related to the Reclamation Requests**

14.     The statutory deadline to assert the Reclamation Requests was 20 days after the Petition Date, or September 27, 2011. Alix received five (5) proofs of claim that include a reclamation request. Alix and/or the Debtors also received twelve letters requesting reclamation, which Alix ultimately reflected on the claims register (although the claimants did not file proofs of claim) as claim numbers 8000-8012.

15. On December 5, 2011, the Debtors filed their *Notice of Debtors' Report of Reclamation Claims* (the "Reclamation Report") [Doc. No. 414]. A copy of the Reclamation Report is annexed hereto as **Exhibit B**. As provided in the *Order (I) Establishing Procedures for Resolution of Reclamation Claims, (II) Authorizing Debtors to Return Goods, and (III) Prohibiting Interference with Delivery of Debtor' Goods* [Docket No. 252], entered by the Court on October 17, 2011, all parties in interest had the right to object to the inclusion or omission of any asserted reclamation claim in the report by filing an objection to the Reclamation Report by December 25, 2011. The Reclamation Report notified all of the claimants that to the extent that the Debtors deem any reclamation claim to be allowed, such allowance was expressly subject to the prior rights of a holders of a security interest in the goods subject to any such claim, and subject in all respect to the limitations on allowance of such claims as set forth in 11 U.S.C. § 546(c). It also advised claimants that pursuant to the Final DIP Order, the Debtors had stipulated, *inter alia*, that the Prepetition Liens on the Prepetition Collateral were legal, valid, enforceable, non-avoidable and duly perfected and are not subject to avoidance, attack, offset, recharacterization or subordination.

16. The only claimant that filed a response to the Reclamation Report was Royal Wholesale Electric [Doc. No. 485].

### Relief Requested

17. Pursuant to sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rule 3007, the Trustee seeks the entry of an order denies reclamation status to the Reclamation

Requests and, to the extent such requests constitute claims, reclassifies them as general unsecured claims, subject to the continuing rights of the Solyndra Settlement Trustee to object.[6]

18.  Based on their review of the Reclamation Requests listed on **Exhibit A**, the Debtors submit that none of the Reclamation Requests are entitled to payment under Bankruptcy Code section 546(c) because all of the goods relating to the Reclamation Requests are "subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof." 11 U.S.C. § 546(c). The express language of 546(c)(1) has been held to mean that prepetition and post-petition senior liens on a debtor's inventory are superior to reclamation claims of the sellers of goods. *Simon & Schuster, Inc. v. Advanced Marketing Services, Inc. (In re Advanced Marketing Services, Inc.)*, 360 B.R. 421, 426 (Bankr. Del. 2007). Thus, "after the secured creditors' superior interests have been satisfied or released, the reclaiming seller retains a priority interest in any remaining goods, and in any surplus proceeds from the secured creditors' foreclosure sale…Where the value of the reclaiming seller's rights is worthless because of the secured lien, the reclamation request is not denied, but is of no value." *In re Child World*, 145 B.R. 5, 8 (Bankr. S.D.N.Y. 1992) (*citing Pester Refining Co. v. Ethyl Corp. (In re Pester Refining Co.)*, 964 F.2d 842 (8th Cir. 1992)).

19.  Because the Prepetition Secured Parties' liens encumber substantially all of the Debtors' assets (including the goods delivered to the Debtors prepetition) and there are insufficient Plan proceeds to satisfy than the total amount of the Prepetition Secured Parties' Claim, the Prepetition Secured Parties are entitled to all of the value attributable to any goods

---

[6] The Trustee also asks the Court to find that one claim that seeks reclamation status has been amended and superseded by a later claim filed by the same creditor.

that are subject of a Reclamation Request. In connection with their delivery of goods to the Debtors, the holders of Reclamation Requests therefore have, at best, general unsecured claims.

20. Accordingly, the Trustee seeks entry of an order which disallows reclamation status to the Reclamation Requests and reclassifies them as general unsecured claims (subject to the Solyndra Settlement Trustee's further rights to object to general unsecured claims).[7]

### Responses to the Objection

21. To contest the Trustee's objection to any Reclamation Request on **Exhibit A**, a claimant must follow the instructions set forth in the Notice accompanying this Objection.

### Replies to Responses

22. Consistent with Local Rule 9006-1(d) and 3007-1(h)(ii), the Trustee may, at his option, file and serve a reply to a claimant's response no later than 4:00 p.m. (prevailing Eastern Time), one day prior to the deadline for filing the agenda for any hearing scheduled to consider the Objection.

### Separate Contested Matters

23. If the Trustee's objection to any Reclamation Request asserted herein is not resolved, each such objection shall constitute a separate contested matter as contemplated by Rule 9014 of the Bankruptcy Rules. Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each Reclamation

---

[7] This Objection is without prejudice to Settlement Trustee's right to substantively object to any Reclamation Request on any and all available grounds to the extent that any such claim is subsequently reclassified as general unsecured claim.

10

DOCS_LA:270823.1 80368-003

Request. The Trustee requests that the Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (made applicable in a contested matter by Bankruptcy Rules 7054 and 9014) direct entry of a final judgment with respect to those claims objections as to which relief is entered by any Order on the Objection.

### Reservation of Rights

24. The Trustee reserves the right to further object, on any and all additional factual or legal grounds, to each of the Reclamation Requests to the extent they are not disallowed in full connection with this Objection. Without limiting the generality of the foregoing, the Trustee specifically reserves the right to amend this Objection, file additional papers in support of this Objection or take other appropriate actions, including: (a) responding to any allegation or defense that may be raised in a response - filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules - by or on behalf of any of the claimants or other interested parties; (b) objecting further to any Reclamation Request for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) objecting further to any Reclamation Request based on additional information that may be discovered upon further review by the Trustee or through discovery pursuant to the applicable provisions of Parts VII and IX of the Bankruptcy Rules.

25. Notwithstanding anything contained in this Objection or **Exhibit A**, nothing herein shall be construed as a waiver of any rights the Trustee may have to bring avoidance actions under the applicable sections of the Bankruptcy Code against the claimants whose claims are subject to this Objection.

11

DOCS_LA:270823.1 80368-003

## Notice

26. Notice of this Objection has been provided by first-class mail to the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Solyndra Settlement Trustee (c) counsel to the Prepetition Tranche A Term Loan Facility Representative; (d) counsel to the Prepetition Tranche B/D Agent; (e) counsel to the Prepetition Tranche E Agent; (f) the DIP Lender; (g) counsel to U.S. Bank National Association as Collateral Agent, (h) the claimants holding the Reclamation Requests identified on **Exhibit A**; and (i) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) as of the date of this Objection. The Trustee submits that no other or further notice need be provided.

## Compliance with Local Rule 3007-1

27. To the best of the Trustee's knowledge and belief, this Objection and **Exhibit A** comply with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## No Previous Request

28. No previous request for the relief sought herein has been made by the Trustee to this or any other court.

DOCS_LA:270823.1 80368-003

WHEREFORE the Trustee respectfully requests the Court (i) enter the Proposed Order in substantially the form attached hereto as **Exhibit C**, and (ii) grant such other and further relief as this Court deems just and proper.

Dated: October 2, 2013

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
Joshua M. Fried (CA Bar No. 181541)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail: rpachulski@pszjlaw.com
        dgrassgreen@pszjlaw.com
        bgrohsgal@pszjlaw.com
        jfried@pszjlaw.com
        joneill@pszjlaw.com

Counsel for R. Todd Nielson, Trustee of the Solyndra Residual Trust