# EXHIBIT A

In re: Solyndra LLC, et al.
Case No 11-12799 (MFW) Jointly Administered

# Exhibit A
# Eighth Omnibus Objection

| (1) Name of Claimant | (2) Claim Number | (3) Claim Amount | (4) Claim Priority Status | (5) Modified Priority Status (if objection granted) | | (6) Reason for Modification |
|---|---|---|---|---|---|---|
| 5N Plus, Inc.<br>Isaiah Z. Weedn, Esq.<br>Sheppard Mullin Richter & Hampton LLP<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, CA 92626-1993<br><br>and<br><br>Nicholas Audet<br>4385 Garand Street<br>Saint-Laurent, Quebec<br>H4R 2B4 Canada | 8000 | $0.00<br>$0.00<br>$292,872.16<br>$0.00<br>───────<br>$292,872.16 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | $0.00<br>$0.00<br>$0.00<br>$292,872.16<br>───────<br>$292,872.16 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties were deemed valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization under the Bankruptcy Code. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claim in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Claimant's Reclamation Request (including Claim 8000) should be disallowed as a secured, administrative or priority claim, and Claim 8000 should be reclassified as a general unsecured claim. |
| Advanced Nano Products Co., Ltd.<br>Joon P. Hong, Esq.<br>Richards Kibbe & Orbe LLP<br>One World Financial Center<br>New York, NY 10281-1003<br><br>(Docket #152)<br><br>and<br><br>Stephen M. Miller<br>Morris James LLP<br>500 Delaware Ave, Suite 1500<br>Wilmington, DE 19801-1494 | 8001 | $0.00<br>$0.00<br>$4,469,184.00<br>$0.00<br>───────<br>$4,469,184.00 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | $0.00<br>$0.00<br>$0.00<br>$4,469,184.00<br>───────<br>$4,469,184.00 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties were deemed valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization under the Bankruptcy Code. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claim in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Claimant's Reclamation Request (including Claim 8001) should be disallowed as a secured, administrative or priority claim, and Claim 8001 should be reclassified as a general unsecured claim. |
| Brenntag Pacific, Inc.<br>Mitch Poris, VP, Finance<br>10747 Patterson Place<br>Santa Fe Springs, CA 90670<br><br>(Docket #48) | 8002 | $0.00<br>$0.00<br>$132,264.43<br>$0.00<br>───────<br>$132,264.43 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | $0.00<br>$0.00<br>$0.00<br>$132,264.43<br>───────<br>$132,264.43 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties were deemed valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization under the Bankruptcy Code. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claim in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Claimant's Reclamation Request and Claim 8002 should be disallowed as a secured, administrative or priority claim, and Claim 8002 should be reclassified as a general unsecured claim. |

Note: The Claims Agent assigned claim numbers to all notices of reclamation it received

# Exhibit A
# Eighth Omnibus Objection

In re: Solyndra LLC, et al.
Case No 11-12799 (MFW) Jointly Administered

| (1) Name of Claimant | (2) Claim Number | (3) Claim Amount | (4) Claim Priority Status | (5) Modified Priority Status (if objection granted) | | (6) Reason for Modification |
|---|---|---|---|---|---|---|
| Canton Chem, Inc.<br>Christopher D. Loizides, Esq.<br>Loizides, P.A.<br>1225 King Street, Suite 800<br>Wilmington, DE 19801<br><br>and<br><br>Jigita Patel<br>Semmes Bowen & Semmes, PC<br>25 South Charles Street<br>Suite 1400<br>Baltimore, MD 21201 | 8011<br><br>(Docket #105) | $0.00<br>$0.00<br>$49,077.50<br>$0.00<br>_____<br>$49,077.50 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | $0.00<br>$0.00<br>$0.00<br>$49,077.50<br>_____<br>$49,077.50 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties were deemed valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization under the Bankruptcy Code. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claim in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Claimant's Reclamation Request (including Claim 8011) should be disallowed as a secured, administrative or priority claim, and Claim 8011 should be reclassified as a general unsecured claim. |
| Carlton-Bates Company<br>Lucian B. Murley, Esq.<br>Saul Ewing LLP, 222 Delaware Avenue, Suite 1200;<br>PO Box 1266<br>Wilmington, DE 19899<br><br>and<br><br>Carlton-Bates Company<br>9101 Wall Street Suite 400<br>Austin, TX 78754 | 342<br><br>(Docket #47) | $0.00<br>$0.00<br>$24,348.99<br>$412,985.28<br>_____<br>$437,334.27 | Secured<br>Admin<br>Priority     and<br>Unsecured<br><br>Total | $0.00<br>$0.00<br>$0.00<br>$437,334.27<br>_____<br>$437,334.27 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties were deemed valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization under the Bankruptcy Code. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claim in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Claimant's Reclamation Request (including Claim 342) should be disallowed as a secured, administrative or priority claim, and Claim 342 should be reclassified as a general unsecured claim. |
| Carlton-Bates Company<br>Lucian B. Murley, Esq.<br>Saul Ewing LLP; 222 Delaware Avenue, Suite 1200;<br>PO Box 1266<br>Wilmington, DE 19899<br><br>and<br><br>Carlton-Bates Company<br>9101 Wall Street Suite 400<br>Austin, TX 78754 | 343<br><br>(Docket #47) | $0.00<br>$0.00<br>$24,348.99<br>$412,985.28<br>_____<br>$437,334.27 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | $0.00<br>$0.00<br>$0.00<br>$437,334.27<br>_____<br>$437,334.27 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties were deemed valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization under the Bankruptcy Code. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claim in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Claimant's Reclamation Request (including Claim 343) should be disallowed as a secured, administrative or priority claim, and Claim 343 should be reclassified as a general unsecured claim. |

Note: The Claims Agent assigned claim numbers to all notices of reclamation it received

In re:Solyndra LLC, et al.
Case No 11-12799 (MFW) Jointly Administered

## Exhibit A
## Eighth Omnibus Objection

| (1) Name of Claimant | (2) Claim Number | (3) Claim Amount | (4) Claim Priority Status | (5) Modified Priority Status (if objection granted) | | (6) Reason for Modification |
|---|---|---|---|---|---|---|
| Dow Corning<br>Kathleen M. Smith, Attorney<br>Corporate Center, PO Box 994<br>Midland, MI 48686-0994<br><br>and<br><br>Dow Corning Corporation<br>4770 Highway 42 E<br>Carrollton, KY 41008 | 149 | $0.00<br>$0.00<br>$1,073,329.35<br>$108,139.59<br>―――――<br>$1,181,468.94 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | $0.00<br>$0.00<br>$0.00<br>$1,181,468.94<br>―――――<br>$1,181,468.94 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | The administrative portion of this claim which requested 503(b)(9) status of $235,659.00 has been paid. Claimant also requests reclamation status for an additional $1,073,329.35. Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties were deemed valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization under the Bankruptcy Code. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claim in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Claimant's Reclamation Request (including Claim 149) should be disallowed as a secured, administrative or priority claim, and $1,073,329.35 of Claim 149 should be reclassified as a general unsecured claim. |
| Dow Corning Corporation<br>Katherine L. Krotzer, CBA<br>PO Box 994/Mail #C02101<br>Midland, MI 48686-0994<br><br>and<br><br>Dow Corning Corporation<br>4770 Highway 42 E<br>Carrollton, KY 41008 | 13 | $0.00<br>$0.00<br>$1,073,329.35<br>$0.00<br>―――――<br>$1,073,329.35 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>―――――<br>$0.00 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | This claim, which asserts a demand for reclamation, has been amended and superseded by claim 149. Therefore, Claim 13 should be disallowed in its entirety. |
| FlexLink Systems, Inc.<br>Douglas J. Smillie, Esq.<br>Fitzpatrick Lentz & Bubba, P.C.<br>4001 Schoolhouse Lane<br>PO Box 219<br>Center Valley, PA 18034-0219<br><br>and<br><br>FlexLink Systems, Inc.<br>Jeff Roth, Finance & Acctg Mgr.<br>6580 Snowdrift Rd. Suite 200<br>Allentown, PA 18106-9331 | 8004 | $0.00<br>$0.00<br>$400,000.00<br>$0.00<br>―――――<br>$400,000.00 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | $0.00<br>$0.00<br>$0.00<br>$400,000.00<br>―――――<br>$400,000.00 | Secured<br>Admin<br>Priority<br>Unsecured<br><br>Total | Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties were deemed valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization under the Bankruptcy Code. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claim in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Claimant's Reclamation Request (including Claim 8004) should be disallowed as a secured, administrative or priority claim, and Claim 8004 should be reclassified as a general unsecured claim. |

Note: The Claims Agent assigned claim numbers to all notices of reclamation it received

Case 11-12799-MFW    Doc 1528-2    Filed 10/02/13    Page 5 of 7

In re:Solyndra LLC, et al.
Case No 11-12799 (MFW) Jointly Administered

# Exhibit A
## Eighth Omnibus Objection

| (1)<br>Name of Claimant | (2)<br>Claim Number | (3)<br>Claim Amount | (4)<br>Claim Priority Status | (5)<br>Modified Priority Status (if objection granted) | | (6)<br>Reason for Modification |
|---|---|---|---|---|---|---|
| Hon Hai Precision Industry Co., Ltd<br>Mark Carson, Associate Legal Counsel<br>1588 Richard Avenue<br>Santa Clara, CA 95051<br><br>and<br><br>Hon Hai Precision Industry Co., Ltd<br>Thomas Sun, Manager, Legal Dept.<br>1688 Richard Ave<br>Santa Clara, CA 95050 | 8005 | $0.00<br>$0.00<br>$671,126.40<br>$0.00<br>$671,126.40 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | $0.00<br>$0.00<br>$0.00<br>$671,126.40<br>$671,126.40 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties were deemed valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization under the Bankruptcy Code. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claim in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Claimant's Reclamation Request (including Claim 8005) should be disallowed as a secured, administrative or priority claim, and Claim 8005 should be reclassified as a general unsecured claim. |
| Pacific Rare Specialty Metals & Chemicals, Inc.<br>Robert D. German, Esq.<br>Sherrard German & Kelly, P.C.<br>28th Floor, Two PNC Plaza<br>620 Liberty Avenue<br>Pittsburgh, PA 15222<br><br>and<br><br>Mary Caloway, Esq<br>Buchanan Ingersoll & Rooney, PC<br>1105 North Market St.<br>Suite 1900<br>Wilmington, DE 19801 | 8006<br><br>(Docket #129) | $0.00<br>$0.00<br>$167,500.00<br>$0.00<br>$167,500.00 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | $0.00<br>$0.00<br>$0.00<br>$167,500.00<br>$167,500.00 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties were deemed valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization under the Bankruptcy Code. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claim in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Claimant's Reclamation Request (including Claim 8006) should be disallowed as a secured, administrative or priority claim, and Claim 8006 should be reclassified as a general unsecured claim. |
| Royal Wholesale Electric<br>Michael Wayne, Esq.<br>Gibbs, Giden, Locher, Turner & Senet LLP<br>1880 Century Park East<br>12th Floor<br>Los Angeles, CA 90067-1621<br><br>and<br><br>Royal Wholesale Electric<br>Brian R. Gausman, Division Credit Mgr<br>14492 Doolittle Dr<br>San Leandro, CA 94577 | 8007<br><br>(Docket #403) | $0.00<br>$0.00<br>$48,451.39<br>$0.00<br>$48,451.39 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | $0.00<br>$0.00<br>$0.00<br>$48,451.39<br>$48,451.39 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties were deemed valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization under the Bankruptcy Code. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claim in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Claimant's Reclamation Request (including Claim 8007) should be disallowed as a secured, administrative or priority claim, and Claim 8007 should be reclassified as a general unsecured claim. |

Note: The Claims Agent assigned claim numbers to all notices of reclamation it received

In re:Solyndra LLC, et al.
Case No 11-12799 (MFW) Jointly Administered

# Exhibit A
## Eighth Omnibus Objection

| (1) Name of Claimant | (2) Claim Number | (3) Claim Amount | (4) Claim Priority Status | (5) Modified Priority Status (if objection granted) | | (6) Reason for Modification |
|---|---|---|---|---|---|---|
| Saint-Gobain Ceramics & Plastics, Inc. dba Saint-Gobain Ceramic Materials<br>Joseph P Hawthorne<br>1 New Bond Street<br>PO Box 15136<br>Worcester, MA 01615-0136<br><br>and<br><br>Saint-Gobain Ceramics & Plastics, Inc. dba Saint-Gobain Ceramic Materials<br>168 Creekside Drive<br>Amherst, NY 14228 | 8010<br><br>(Docket #72) | $0.00<br>$0.00<br>$90,800.00<br>$0.00<br>_____<br>$90,800.00 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | $0.00<br>$0.00<br>$0.00<br>$90,800.00<br>_____<br>$90,800.00 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties were deemed valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization under the Bankruptcy Code. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claim in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Claimant's Reclamation Request (including Claim 8010) should be disallowed as a secured, administrative or priority claim, and Claim 8010 should be reclassified as a general unsecured claim. |
| Satcon Technology Corporation<br>25 Drydock Avenue<br>Boston, MA 02210<br><br>and<br><br>Victoria Watson Counihan<br>Greenburg Traurig, LLP<br>1007 North Orange St<br>Suite 1200<br>Wilmington, DE 19801 | 600<br><br>(Docket #46) | $0.00<br>$0.00<br>$144,378.00<br>$0.00<br>_____<br>$144,378.00 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | $0.00<br>$0.00<br>$0.00<br>$144,378.00<br>_____<br>$144,378.00 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties were deemed valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization under the Bankruptcy Code. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claim in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Claimant's Reclamation Request (including Claim 600) should be disallowed as a secured, administrative or priority claim, and Claim 600 should be reclassified as a general unsecured claim. |
| Staples<br>1 Environment Way<br>Broomfield, CO 90021 | 8008 | $0.00<br>$0.00<br>$7,016.59<br>$0.00<br>_____<br>$7,016.59 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | $0.00<br>$0.00<br>$0.00<br>$7,016.59<br>_____<br>$7,016.59 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties were deemed valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization under the Bankruptcy Code. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claim in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Claimant's Reclamation Request (including Claim 8008) should be disallowed as a secured, administrative or priority claim, and Claim 8008 should be reclassified as a general unsecured claim. |

Note: The Claims Agent assigned claim numbers to all notices of reclamation it received

Exhibit A

Eighth Omnibus Objection

In re:Solyndra LLC, et al.
Case No 11-12799 (MFW) Jointly Administered

| (1)<br>Name of<br>Claimant | (2)<br>Claim<br>Number | (3)<br>Claim<br>Amount | (4)<br>Claim Priority<br>Status | (5)<br>Modified Priority Status<br>(if objection granted) | | (6)<br>Reason for<br>Modification |
|---|---|---|---|---|---|---|
| Telemark Cryogenics, a Division of TFI Telemark<br>Gordon N. Hanson, Esq.<br>Law Offices of Gordon N. Hanson<br>726 Aries Lane<br>Foster City, CA 94404<br><br>and<br><br>Telemark Cryogenics<br>Gerald G. Henderson, President<br>1801 SE Commerce Avenue<br>Battle Ground, WA 98604 | 8009 | $0.00<br>$0.00<br>$129,785.00<br>$0.00<br>$129,785.00 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | $0.00<br>$0.00<br>$0.00<br>$129,785.00<br>$129,785.00 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties were deemed valid and duly perfected and not subject to avoidance, attack, offset, or recharacterization under the Bankruptcy Code. Because the Bankruptcy Code expressly subordinates a creditor's reclamation claim in goods to the security interests of the Prepetition Secured Parties in such goods (or the proceeds thereof), the Claimant's Reclamation Request (including Claim 8009) should be disallowed as a secured, administrative or priority claim, and Claim 8009 should be reclassified as a general unsecured claim. |
| Total Claims To Be Modified: | 16 | $0.00<br>$0.00<br>$8,797,812.15<br>$934,110.15<br>$9,731,922.30 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | $0.00<br>$0.00<br>$0.00<br>$8,658,592.95<br>$8,658,592.95 | Secured<br>Admin<br>Priority<br>Unsecured<br>Total | |

Note: The Claims Agent assigned claim numbers to all notices of reclamation it received