# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Solyndra LLC, et al.,[1] | ) | Case No.: 11-12799 (MFW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NOTICE OF DEBTORS' REPORT OF RECLAMATION CLAIMS**

Solyndra LLC ("Solyndra") and 360 Degree Holdings LLC (together, with

Solyndra the "Debtors") have filed the *Debtors' Report of Reclamation Claims* (the

"Reclamation Report"). A copy of the Reclamation Report is annexed hereto as **Exhibit A**.

As provided in the *Order (I) Establishing Procedures for Resolution of*

*Reclamation Claims, (II) Authorizing Debtors to Return Goods, and (III) Prohibiting*

*Interference with Delivery of Debtor' Goods* [Docket No. 252], entered by the Court on October

17, 2011 and annexed hereto as **Exhibit B**, all parties in interest have the right to object to the

inclusion or omission of any asserted reclamation claim in the Report. To the extent that the

Debtors deem any reclamation claim to be allowed, such allowance is expressly subject to the

prior rights of a holders of a security interest in the goods subject to any such claim, and subject

in all respect to the limitations on allowance of such claims as set forth in 11 U.S.C. § 546(c).

On September 27, 2011, the Court approved the *Final Order (i) Authorizing the*

*Debtors to (a) Obtain Postpetition Secured Financing and (b) Utilize Cash Collateral, (ii)*

*Granting Liens and Superpriority Administrative Expense Status, (iii) Granting Adequate*

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

1

*Protection, and (iv) Modifying the Automatic Stay* (the "Final DIP Order"). Pursuant to the Final

DIP Order, the Debtors stipulated, *inter alia*, that the Prepetition Liens on the Prepetition

Collateral (as these terms are defined in the Final DIP Order) were legal, valid, enforceable, non-

avoidable and duly perfected and are not subject to avoidance, attack, offset, recharacterization

or subordination.

        The Final DIP Order does not prejudice the rights of Kohstadt, on behalf of

himself and a class of similarly situated former employees, or the Official Committee of

Unsecured Creditors to challenge, *inter alia*, the validity, extent, perfection or priority of the

Prepetition Liens by commencing an adversary proceeding no later than January 6, 2012. In

addition, the Debtors have scheduled a hearing on their *Motion of Solyndra LLC for an Order*

*(A) Approving Procedures for Sale of Business Assets on Turnkey Basis: (B) Scheduling Auction*

*and Hearing to Consider Approval of Sale and Assumption and Assignment of Certain Executory*

*Contracts and Unexpired Leases; (C) Approving Forms of Notice and (D) Granting Related*

*Relief* for January 23, 2012. Thus, final adjudication of the validity or invalidity of any

reclamation claims is premature.

        Any response or objection (a "Reclamation Notice Objection") to the Reclamation

Report must be filed with the Court on or before twenty (20) days after the date hereof. At the

same time, any party filing a Reclamation Notice Objection must also serve a copy of the

response or objection to the Reclamation Report, if any, so that they are received not later than

twenty (20) days after the date hereof, by (a) the Debtors, Solyndra, LLC, 47488 Kato Road,

Fremont, CA  94538, Attn:  Ben Schwartz, Esq., (b) counsel to the Debtors, Pachulski Stang

2

Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111, Attn: Debra I.

Grassgreen, Joshua M. Fried (email: dgrassgreen@pszjlaw.com; jfried@pszjlaw.com); (c)

counsel to AE DIP 2011, LLC, the DIP Lender, and Argonaut Ventures I, L.L.C., as the

Prepetition Tranche A Representative and the Prepetition Tranche E Agent, Gibson, Dunn &

Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: Michael A. Rosenthal (email:

mrosenthal@gibsondunn.com) and Young Conaway Stargatt & Taylor, LLP, 1000 West Street,

17th Floor, Wilmington, DE 19899, Attn: Sean M. Beach, Esq. (email: sbeach@ycst.com); (d)

counsel to the U.S. Department of Energy, acting by and through the Secretary of Energy, as the

Prepetition Tranche B/D Agent, U.S. Department of Justice, Civil Division, 1100 L Street NW,

Room 10030, Washington, D.C. 20530, Attn:  Matthew J. Troy (email:

matthew.troy@usdoj.gov); (e) counsel to the Official Committee of Unsecured Creditors

appointed in these chapter 11 cases (the "Committee"), Blank Rome LLP, 1201 Market Street,

Wilmington, DE  19801, Attn: Bonnie Fatell (email: fatell@blankrome.com); and (f) Office of

the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE

19801, Attn: Jane M. Leamy (email: jane.m.leamy@usdoj.gov), and (g) each reclamation

claimant listed on **Exhibit A**.  Any Reclamation Notice Objection must include (a) a copy of the

Reclamation Demand, with evidence of the date mailed to the Debtors and (b) a statement

describing with specificity the objections to the Reclamation Report and any legal basis for such

objections.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE,**

**ONLY RECLAMATION CLAIMS SET FORTH IN THE RECLAMATION REPORT**

3

**SHALL BE DEEMED VALID CLAIMS IN THE AMOUNTS STATED IN THE REPORT**

**WITHOUT FURTHER NOTICE OR HEARING.**

IF ANY RESPONSE OR OBJECTION IS FILED A HEARING ON THE

RECLAMATION REPORT WILL BE HELD ON A DATE TO BE DETERMINED.

Dated: December 5, 2011                    PACHULSKI STANG ZIEHL & JONES LLP

/s/ Bruce Grohsgal
Richard M. Pachulski (CA Bar No. 90073)
Debra I. Grassgreen (CA Bar No. 169978)
Bruce Grohsgal (DE Bar No. 3583)
Joshua M. Fried (CA Bar No. 181541)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:    rpachulski@pszjlaw.com
           dgrassgreen@pszjlaw.com
           bgrohsgal@pszjlaw.com
           jfried@pszjlaw.com

Counsel for the Debtors and Debtors in Possession

4

**EXHIBIT A**

**(Reclamation Report)**

1

Solyndra, LLC, et al.  11-12799
Reclamation Claims

| Reclamation Claimant | Filed Date | Docket No. | Letter Received | Amount Asserted | Filed Proof of Claim | Comments[1] |
|---|---|---|---|---|---|---|
| 5N Plus, Inc.<br><br>Isaiah Z. Weedn, Esq.<br>Sheppard Mullin Richter & Hampton LLP<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, CA 92626-1993 | | N/A | 09/02/11 | $292,872.16 | $292,872.16 | The claims asserted by 5N Plus, Inc. in its September 2, 2011 demand letter have been reduced as follows: (i) certain goods have been used or commingled with other goods on or prior to receipt of the demand letter ($180,297.16); and (ii) certain goods are subject to section 503(b)(9) of the Bankruptcy Code and will be treated in accordance with such provision to the extent the requirements are satisfied and allowed ($112,575.00). Accordingly, the Debtors believe that 5N Plus, Inc. is not entitled to a reclamation claim. |
| Advanced Nano Products Co., Ltd.<br><br>Joon P. Hong, Esq.<br>Richards Kibbe & Orbe LLP<br>One World Financial Center<br>New York, NY 10281-1003 | 09/27/11 | 152 | | $4,469,184.00 | | The claims asserted by Advanced Nano Products Co., Ltd. in its September 27, 2011 demand have been reduced as follows: (i) certain goods have been used or commingled with other goods on or prior to receipt of the demand letter ($3,115,464.00). Accordingly, the Debtors believe that Advanced Nano Products Co., Ltd. May be entitled to a reclamation claim in the amount of $1,353,720.00, subject to the limitations set forth under section 546(c) of the Bankruptcy Code and the Final DIP Order. |
| Brenntag Pacific, Inc.<br>Mitch Poris, VP, Finance<br>10747 Patterson Place<br>Santa Fe Springs, CA 90670 | 09/08/11 | 48 | | $127,963.91 | | The claims asserted by Brenntag Pacific, Inc. in its September 8, 2011 demand have been reduced as follows: (i) certain goods have been used or commingled with other goods on or prior to receipt of the demand letter ($114,645.10); and (ii) certain goods are subject to section 503(b)(9) of the Bankruptcy Code and will be treated in accordance with such provision to the extent the requirements are satisfied and allowed ($13,318.81). Accordingly, the Debtors believe that Brenntag Pacific, Inc. is not entitled to a reclamation claim. |

---

[1] On November 22, 2011, the Court entered an Order (1) Fixing Bar Date For The Filing Of Proofs Of Claim, (2) Fixing Bar Date For The Filing Of Proofs Of Claim By Governmental Units, (3) Fixing Bar Date For The Filing Of Requests For Allowance Of Administrative Expense Claims, (4) Fixing Bar Date For The Filing Of Requests For Allowance Of Warn Act Claims, (5) Designating Form And Manner Of Notice Thereof, And (6) Granting Related Relief (the "Bar Date Order") [Docket No. 367] setting January 23, 2012 as the last date to file claims under section 503(b)(9) of the Bankruptcy Code. The Debtors reserves any and all of their rights to object to any claims asserted against them and their estates, including without limitation, any all rights to object to any claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code.

| Reclamation Claimant | Filed Date | Docket No. | Letter Received | Amount Asserted | Filed Proof of Claim | Comments[1] |
|---|---|---|---|---|---|---|
| Canton Chem, Inc.<br><br>Christopher D. Loizides, Esq.<br>LOIZIDES, P.A.<br>1225 King Street, Suite 800<br>Wilmington, DE 19801<br><br>Jigita Patel, Esq.<br>SEMMES BOWEM & SEMMES, P.C.<br>25 South Charles Street, Suite 1400<br>Baltimore, MD 21201 | 09/20/11 | 105 | | $49,077.50 | | The claims asserted by Canton Chemical, Inc. in its September 20, 2011 demand letter have been reduced as follows: (i) certain goods have been used or commingled with other goods on or prior to receipt of the demand letter ($24,609.00). Accordingly, the Debtors believe that Canton Chemical, Inc. may be entitled to a reclamation claim in the amount of $24,468.50, subject to the limitations set forth under section 546(c) of the Bankruptcy Code and the Final DIP Order. |
| Carlton-Bates Company, a Division of WESCO Distribution, Inc.<br><br>SAUL EWING LLP<br>Mark Minuti, Esq.<br>Lucian B. Murley, Esq.<br>222 Delaware Avenue, Suite 1200<br>PO Box 1266<br>Wilmington, DE 19801-1266 | 9/08/11 | 47 | | $24,348.99 | | The claims asserted by Carlton-Bates Company in its September 8, 2011 demand letter have been reduced as follows: (i) certain goods have been used or commingled with other goods on or prior to receipt of the demand letter ($24,348.99). Accordingly, the Debtors believe Carlton-Bates Company is not entitled to a reclamation claim. |
| Certified Thermoplastics Co., Inc.<br><br>David R. Johanson, Esq.<br>Douglas A. Rubel<br>JOHANSON BERENSON LLP<br>50 W. Dayton Street, Suite 303<br>Pasadena, CA 91105 | 09/21/11 | 107 | | $1,417,207.20 | $4,453,329.38 | The claims asserted by Certified Thermoplastics Co., Inc. in its September 21, 2011 demand letter have been reduced as follows: (i) certain goods have been used or commingled with other goods on or prior to receipt of the demand letter ($925,148.08); and (ii) certain goods are subject to section 503(b)(9) of the Bankruptcy Code and will be treated in accordance with such provision to the extent the requirements are satisfied and allowed ($492,059.12). Accordingly, the Debtors believe that Certified Thermoplastics Co., Inc. is not entitled to a reclamation claim. |
| Dow Corning Corporation<br><br>Katherine L. Krotzer. CBA | | N/A | 9/21/11 | $1,073,329.35 | $1,073,329.35 | The claims asserted by Dow Corning Corporation in its September 21, 2011 demand letter have been reduced as follows: (i) certain goods have been used or commingled with other goods on or prior to receipt of |

| Reclamation Claimant | Filed Date | Docket No. | Letter Received | Amount Asserted | Filed Proof of Claim | Comments[1] |
|---|---|---|---|---|---|---|
| North American Regional Credit Coordinator Specialist Down Corning Corporation PO Box 994/Mail #CO2101 Midland, MI 48686-0994 | | | | | | the demand letter ($710,329.35); and (ii) certain goods are subject to section 503(b)(9) of the Bankruptcy Code and will be treated in accordance with such provision to the extent the requirements are satisfied and allowed ($82,577.42). Accordingly, the Debtors believe that Certified Thermoplastics Co., Inc. may be entitled to a reclamation claim in the amount of $280,422.58, subject to the limitations set forth under section 546(c) of the Bankruptcy Code and the Final DIP Order. |
| FlexLink Systems, Inc.  Douglas J. Smillie, Esq. Fitzpatrick Lentz & Bubba, P.C. 4001 Schoolhouse Lane PO Box 219 Center Valley, PA 18034-0219 | | N/A | 9/21/11 | $400,000.00 | | The claims asserted by FlexLink Systems, Inc. in its September 21, 2011 demand letter have been reduced as follows: (i) certain goods have been used or commingled with other goods on or prior to receipt of the demand letter ($400,000.00). Accordingly, the Debtors believe that FlexLink Systems, Inc. is not entitled to a reclamation claim. |
| Hon Hai Precision Industry Co., Ltd.  Mark Carson Associate Legal Counsel 1588 Richard Avenue Santa Clara, CA 95051 | | N/A | 9/23/11 | $671,126.40 | | The claims asserted by Hon Hai Precision Industry Co., Ltd. in its September 23, 2011 demand letter have been reduced as follows: (i) certain goods have been used or commingled with other goods on or prior to receipt of the demand letter ($370,796.40); and (ii) certain goods are subject to section 503(b)(9) of the Bankruptcy Code and will be treated in accordance with such provision to the extent the requirements are satisfied and allowed ($180,198.00). Accordingly, the Debtors believe that Hon Hai Precision Industry Co., Ltd. May be entitled to a reclamation claim in the amount of $120,132.00, subject to the limitations set forth under section 546(c) of the Bankruptcy Code and the Final DIP Order. |
| Motion Industries, Inc.  Kimberly J. Robinson Barack Ferrazzano Kirschbaum & Nagelberg LLP 200 West Madison Street, Suite 3900 | | N/A | 9/20/11 | $41,733.65 | | The claims asserted by Motion Industries, Inc. in its September 20, 2011 demand letter have been reduced as follows: certain goods have been used or commingled with other goods on or prior to receipt of the demand letter ($41,733.65). Accordingly, the Debtors believe that Motion Industries, Inc. is not |

| Reclamation Claimant | Filed Date | Docket No. | Letter Received | Amount Asserted | Filed Proof of Claim | Comments[1] |
|---|---|---|---|---|---|---|
| Chicago, IL 60606 | | | | | | entitled to a reclamation claim. |
| Pacific Rare Specialty Metals & Chemicals, Inc.<br><br>Robert D. German, Esq.<br>Sherrard German & Kelly, P.C.<br>28th Floor, Two PNC Plaza<br>620 Liberty Avenue<br>Pittsburgh, PA 15222 | 09/23/11 | 127 | | $167,500.00 | | The claims asserted by Pacific Rare Specialty Metals & Chemicals, Inc. in its September 23, 2011 demand letter have been reduced as follows: (i) certain goods have been used or commingled with other goods on or prior to receipt of the demand letter ($160,800.00); and (ii) certain goods are subject to section 503(b)(9) of the Bankruptcy Code and will be treated in accordance with such provision to the extent the requirements are satisfied and allowed ($6,700.00). Accordingly, the Debtors believe that Pacific Rare Specialty Metals & Chemicals, Inc. is not entitled to a reclamation claim. |
| Royal Wholesale Electric<br><br>Michael Wayne, Esq.<br>Gibbs, Giden, Locher, Turner & Senet LLP<br>1880 Century Park East<br>12th Floor<br>Los Angeles, CA 90067-1621 | | | 08/31/11 | $100,659.38 | | The claims asserted by Royal Wholesale Electric in its September 20, 2011 demand letter have been reduced as follows: certain goods have been used or commingled with other goods on or prior to receipt of the demand letter ($100,659.38). Accordingly, the Debtors believe that Royal Wholesale Electric is not entitled to a reclamation claim. |
| Saint-Gobain Ceramics & Plastics, Inc. dba Saint-Gobain Ceramic Materials<br>1 New Bond Street<br>PO Box 15136<br>Worcester, MA 01615-0136 | 09/13/11 | 72 | | $90,800.00 | | The claims asserted by Saint-Gobain Ceramics & Plastics, Inc. in its September 13, 2011 demand letter have been reduced as follows: certain goods have been used or commingled with other goods on or prior to receipt of the demand letter ($90,800.00). Accordingly, the Debtors believe that Saint-Gobain Ceramics & Plastics, Inc. is not entitled to a reclamation claim. |
| Satcon Technology Corporation<br>27 Drydock Avenue<br>Boston, MA 02110-2377<br><br>GREENBERG TRAURIG, LLP | 9/08/11 | 46 | | $144,378.00 | | The Debtors believe that Satcon Technology Corporation may be entitled to a reclamation claim in the amount of $144,378.00, subject to the limitations set forth under section 546(c) of the Bankruptcy Code and the Final DIP Order. |

| Reclamation Claimant | Filed Date | Docket No. | Letter Received | Amount Asserted | Filed Proof of Claim | Comments[1] |
|---|---|---|---|---|---|---|
| Scott D. Cousins, Esq.<br>Dennis A. Meloro, Esq.<br>1007 North Orange Street, Suite 1200<br>Wilmington, DE 19801<br><br>GREENBERG TRAURIG, LLP<br>Jonathan Bell, Esq.<br>Abdullah Malik, Esq.<br>One International Place<br>Boston, MA 02110 | | | | | | |
| Staples<br>1 Environmental Way<br>Broomfield, CO 90021 | | N/A | 09/16/11 | $7,016.59 | $29,286.71 | The claims asserted by Staples in its September 16, 2011 demand letter have been reduced as follows: the goods have been used or commingled with other goods on or prior to the receipt of the demand letter ($7,016.59). Accordingly. The Debtors believe that Staples is not entitled to a reclamation claim. |
| Telemark Cryogenics, a Division of TFI Telemark<br><br>Gordon N. Hanson, Esq.<br>Law Offices of Gordon N. Hanson<br>726 Aries Lane<br>Foster City, CA 94404 | | N/A | 09/23/11 | $129,785.00 | | The claims asserted by Telemark Cryogenics in its September 23, 2011 demand letter have been reduced as follows: the Debtor shall segregate the proceeds from the sale of goods subject to reclamation ($20,000.00), until such time that the reclamation claim is either allowed or disallowed pursuant to the Order (I) Establishing Procedures for Resolution of Reclamation Claims, (II) Authorizing Debtors to Return Goods, and (III) Prohibiting Interference with Delivery of Debtors' Goods entered October 17, 2011 [Docket No. 252]. Accordingly, the Debtors believe that Telemark Cryogenics may be entitled to a reclamation claim of up to $20,000.00 subject to the limitations set forth under section 546(c) of the Bankruptcy Code and the Final DIP Order. |
| **Total Demand Asserted** | | | | **$9,206,982.13** | | |

**EXHIBIT B**

**(Reclamation Procedures Order)**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Solyndra LLC, *et al.*,[1] | Case No. 11-12799 (MFW) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No. ___** |

**ORDER (I) ESTABLISHING PROCEDURES FOR**
**RESOLUTION OF RECLAMATION CLAIMS, (II) AUTHORIZING**
**DEBTORS TO RETURN GOODS, AND (III) PROHIBITING**
**INTERFERENCE WITH DELIVERY OF DEBTORS' GOODS**

Upon the motion dated September 26, 2011 (the "Motion"),[2] of Solyndra LLC

("Solyndra") and 360 Degree Holding, Inc. (together with Solyndra, the "Debtors"), for an order

pursuant to sections 105(a), 362 and 546 of the Bankruptcy Code and Bankruptcy Rule 9019

(i) establishing procedures for reconciling reclamation claims asserted by Vendors (the

"Reclamation Claims"), (ii) authorizing, but not directing, the Debtors to return certain goods

used in the Debtors' daily operations purchased prior to the Petition Date (collectively, the

"Goods"), and (iii) prohibiting third parties from interfering with delivery of the Debtors' Goods,

all as more fully described in the Motion; and the Court having subject matter jurisdiction to

consider the Motion and to grant the relief requested therein in accordance with 28 U.S.C.

§ 1334; and consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra, LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 47488 Kato Road, Fremont, CA 94538.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

DOCS_SF:78527.5 80368-002

appearing that no other or further notice need be provided; and a hearing having been held to

consider the relief requested in the Motion (the "Hearing"); and upon the *Stover Declaration*

and, the record of the Hearing, and all of the proceedings had before the Court; and any

objections to the Motion having been withdrawn or overruled; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their estates

and creditors, and all parties in interest, and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the Motion is granted as may be modified herein; and it is further

ORDERED that pursuant to sections 105(a), 362, and 546(c) of the Bankruptcy

Code and Bankruptcy Rule 9019(b), the Debtors are hereby authorized to resolve all

Reclamation Claims in accordance with the reclamation procedures set forth below (the

"Reclamation Procedures"), which are hereby approved and authorized in their entirety:

    a.    Any Vendor asserting a Reclamation Claim must satisfy all procedural and timing requirements under applicable state and federal law and demonstrate the Vendor has satisfied all legal elements entitling it to a right of reclamation;

    b.    Any Vendor asserting a Reclamation Claim must deliver a written reclamation demand (the "Reclamation Demand") to: (a) the Debtors, Solyndra, LLC, 47488 Kato Road, Fremont, CA 94538, Attn: Ben Schwartz, Esq., (b) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111, Attn: Debra I. Grassgreen, Joshua M. Fried (email: dgrassgreen@pszjlaw.com; jfried@pszjlaw.com); (c) counsel to AE DIP 2011, LLC, the DIP Lender, and Argonaut Ventures I, L.L.C., as the Prepetition Tranche A Representative and the Prepetition Tranche E Agent, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: Michael A. Rosenthal (email: mrosenthal@gibsondunn.com) and Young

2

Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE 19899, Attn: Sean M. Beach, Esq. (email: sbeach@ycst.com); (d) counsel to the U.S. Department of Energy, acting by and through the Secretary of Energy, as the Prepetition Tranche B/D Agent, U.S. Department of Justice, Civil Division, 1100 L Street NW, Room 10030, Washington, D.C. 20530, Attn: Matthew J. Troy (email: matthew.troy@usdoj.gov); (e) counsel to the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee"), Blank Rome LLP, 1201 Market Street, Wilmington, DE 19801, Attn: Bonnie Fatell (email: fatell@blankrome.com); and (f) Office of the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Jane M. Leamy (email: jane.m.leamy@usdoj.gov) (collectively, the "Notice Parties").

c.      After review of all Reclamation Demands and no later than 90 days after the Petition Date (the "Reclamation Notice Deadline"), the Debtors will file a notice (the "Notice") and serve such Notice on the Notice Parties;

d.      If the Debtors fail to file the Notice by the Reclamation Notice Deadline, any holder of a Reclamation Claim may file, depending on the relief sought, an adversary proceeding or a motion on its own behalf to seek relief with respect to its Reclamation Claim, but may not file an adversary proceeding or any such motion until expiration of the Reclamation Notice Deadline;

e.      Any party who wishes to object to the information set forth in the Notice must file and serve, no later than 20 days after the Notice is filed (the "Objection Deadline"), an objection (the "Reclamation Notice Objection") including the following information: (i) a copy of the Reclamation Demand and evidence of the date on which it was mailed to the Debtors, (ii) the name of the Debtor that ordered the Goods, (iii) copies of any purchase orders and invoices relating to the Goods, (iv) evidence demonstrating the dates on which the Goods were shipped to and received by the Debtors, and (v) a statement describing with specificity why the Notice is incorrect and stating the legal basis, if any, for the Reclamation Notice Objection.  The Reclamation Notice Objection shall be served on the Notice Parties.

f.      Any Reclamation Demand that is included in the Notice and is not the subject of a Reclamation Notice Objection filed and served by the Objection Deadline, shall be deemed a valid Reclamation Claim allowed or disallowed in the amount identified in the Notice; *provided, however*, that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved;

DOCS_SF:78527.5 80368-002

g.    Notwithstanding, and without limiting, the foregoing, the Debtors are authorized, but not required, to negotiate with any Vendor and to seek an agreement with any Vendor to resolve that Vendor's Reclamation Claim. In the event such an agreement is reached, the Debtors shall prepare a notice of settlement (the "Settlement Notice"), and file and serve on the Notice Parties such Settlement Notice. Parties in interest shall have 10 days from the date on which the Settlement Notice is filed to object to the Settlement Notice (a "Settlement Objection");

h.    If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Claim at issue shall be deemed valid and allowed, disallowed, or otherwise treated in accordance with the Settlement Notice without further order of the Court. If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court. If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, unless such period is extended by mutual agreement of the Debtors and the party filing the Settlement Objection, the Debtors shall thereafter file a motion requesting that the Court resolve the Settlement Objection;

i.    No later than 90 days following the Objection Deadline (or such date as agreed to by the Debtors and the Vendor), the Debtors shall file a motion seeking Court determination of any Reclamation Claims subject to a pending Reclamation Notice Objection that has not been otherwise resolved. The matter shall be set for the next regularly scheduled omnibus hearing, in accordance with appropriate notice, unless another hearing date is agreed to by the parties or ordered by the Court; and

j.    Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code with respect to any Goods. Without limiting the foregoing, no Vendor shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or for other appropriate relief or obtaining the prior express written consent of the Debtors, provided however, that nothing herein shall affect any Vendor's rights under sections 2-702 and 2-705 of the Uniform Commercial Code to withhold and stop delivery of goods. The Debtors defenses to any Vendor's withholding and stopping of any

goods are hereby reserved.  The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay.

k.    Prior to the sale of any Goods that are the subject of an asserted Reclamation Claim, the Debtors shall (i) identify the Goods sold and price paid for each Good sold, and (ii) segregate the proceeds of each sold Good until such time as the asserted Reclamation Claim is either allowed or disallowed.

l.    For avoidance of doubt, nothing herein shall be deemed to affect the rights, claims, interest and title of Menlo Logistic Inc.'s ("Menlo") in any of the property in the possession of Menlo that may be the subject of the Reclamation Claims or the rights of any party in interest to object to the nature, extent or validity of Menlo's asserted rights, claims, interests and title in any such property.  Nothing herein shall obligate Menlo to release any inventory except on the terms and conditions set forth in the agreement reached between Menlo and the Debtor on September 9, 2011 (the "September 9 Letter") and nothing in this Order shall supersede or contradict the provisions of paragraph 14 of the *Order (a) Authorizing But Not Directing the Debtors to Pay Prepetition Claims of Essential Service Providers and (b) Authorizing But Not Directing, the Debtors to Pay Prepetition Claims of Warehousemen* (the "Order"), provided however, that the Debtors and Menlo each reserve their respective rights under the September 9 Letter, the Order and any other applicable agreements between the parties and further reserve the right to request the Bankruptcy Court adjudicate any disputes arising thereunder.

ORDERED that the foregoing Reclamation Procedures are the sole and exclusive method for the resolution and payment of Reclamation Claims.  All Vendors asserting Reclamation Claims are prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including, without limitation:  (i) commencing adversary proceedings against the Debtors in connection with any Reclamation Claims except as specifically provided herein; (ii) seeking to obtain possession of any Goods subject to

5

Reclamation Claims except as specifically provided herein; or (iii) interfering with the delivery of any Goods subject to Reclamation Claims to the Debtors; and it is further

ORDERED that nothing contained herein or in the Motion shall limit the Debtors' ability to make payments to creditors in accordance with any other orders of this Court, regardless of whether such creditors have asserted Reclamation Claims; and it is further

ORDERED that the Debtors have not waived, and have expressly reserved, their right to assert any and all defenses to a Reclamation Demand; and it is further

ORDERED that the Debtors are authorized, but not directed, to return to Vendors Goods that were delivered and received prepetition, subject to the prior rights of holders of security interests in the Goods, if any, where: (i) the Vendor timely submitted a Reclamation Demand, (ii) the Debtors received and accepted delivery of the Goods, (iii) the Vendor properly identified the Goods, (iv) the Debtors have determined, in accordance with the Reclamation Procedures, that the Vendor holds a valid Reclamation Claim pursuant to section 546(c) of the Bankruptcy Code; and (v) the Debtors have provided notice to the Notice Parties of their intent to return such Goods, and no such party has objected thereto within ten days after mailing of such notice; and it is further

ORDERED that Reclamation Demands that are determined, in accordance with the Reclamation Procedures, to be valid Reclamation Claims pursuant to the Bankruptcy Code, shall be allowed in the amount established in accordance with the Reclamation Procedures herein; *provided that*, all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved; and it is further

6

ORDERED that nothing in the Motion or this Order shall be deemed to constitute the postpetition assumption of any executory contract between the Debtors and any third-party; and it is further

ORDERED that nothing in the foregoing (a) shall be deemed to modify or waive any of the Debtors' rights with respect to Goods requested or received from Vendors, including the Debtors' rights to: (i) cancel purchase orders (including outstanding orders), (ii) decline the acceptance of Goods, (iii) return any defective, nonconforming, or unacceptable Goods, or (iv) contest the amount of any invoice or claim on any grounds; or (b) is intended to: (x) be a promise or guarantee of payment of any claim or group of claims, or (y) modify, create, or expand any rights of Vendors under the Bankruptcy Code or otherwise; or (c) modify or waive the rights of Vendors under sections 2-702 and 2-705 of the Uniform Commercial Code; and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the interim or final order approving the proposed debtor in possession financing, if and when entered, and this Order, the terms of the interim or final order approving the debtor in possession financing, as applicable, shall govern provided, however, that the respective rights of the Vendors and all other parties in interest under the Uniform Commercial Code and section 546 of the Bankruptcy Code are hereby reserved; and it is further

ORDERED that the requirements of Bankruptcy Rule 6003 are satisfied by the contents of the Motion and the arguments and evidence presented at the hearing; and it is further

7

ORDERED that pursuant to Bankruptcy Code section 102(1), Bankruptcy Rule 6004(a) is waived, for the purposes of the Motion, and notwithstanding any applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: _____Oct. 19_____, 2011

_____
HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

8