IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) Chapter 11 ) | |
| SOLYNDRA LLC, *et al.*,[1] ) Case No.: 11-12799 (MFW) ) | |
| Debtors. ) (Jointly Administered) ) | |

Objections Due By: **October 19, 2013 at 4:00 p.m. (ET)**
Hearing Date: **November 13, 2013 at 3:00 p.m. (ET)**

### DECLARATION OF R. TODD NEILSON IN SUPPORT OF EIGHTH OMNIBUS OBJECTION TO CERTAIN REQUESTS AND CLAIMS THAT ASSERT RECLAMATION STATUS UNDER BANKRUPTCY CODE SECTION 546(C) (SUBSTANTIVE)

I, R. Todd Neilson, under penalty of perjury, depose and say:

1. I am a director of Berkeley Research Group, LLC. By order entered on November 1, 2011, I was appointed as the Chief Restructuring Officer of Solyndra LLC and 360 Degree Solar Holdings, Inc. (the "Debtors") *nunc pro tunc* to October 6, 2011. [Docket No. 283]. Pursuant to the Debtors' *Amended Joint Chapter 11 Plan* (the "Plan"), which was confirmed on October 22, 2012 [Docket No. 1173], and the *Solyndra Residual Trust Agreement*, I was subsequently appointed as the Residual Trustee (the "Trustee") of the Solyndra Residual Trust.

2. As the Trustee, I have, among other things, the responsibility and authority to reconcile, object to and settle Allowed Administrative Expenses, Allowed Tax Claims,

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Solyndra LLC (9771) and 360 Degree Solar Holdings, Inc. (5583). The Debtors' address is 2880 Zanker Road, Suite 203, San Jose, CA 95143.

Allowed Priority Non-Tax Claims, and Allowed Miscellaneous Secured Claims. *See* Plan, § VI.L.2, at 65.

3. This declaration is submitted in support of the *Eighth Omnibus Objection to Certain Requests and Claims That Assert Reclamation Status Under Bankruptcy Code Section 546(c) (Substantive)* (the "Objection").[2] I have read the Objection, and I am generally familiar with the information contained therein. Based upon my involvement with the Debtors both as the former Chief Restructuring Officer and as the Trustee, I am generally familiar with the business and financial affairs of the Debtors, and matters relating to its restructuring and the bankruptcy case. Except as otherwise indicated, all facts set forth in this declaration are based on my personal knowledge, information supplied by employees previously under my supervision, my discussions with responsible management or persons working at my direction and with professionals of the Debtors, my review of relevant documents and/or my opinion based on experience, knowledge, and information concerning the operations of the Debtors. If I were called upon to testify, I would testify competently to the facts set forth herein. As to statements of facts of which I do not have direct personal knowledge, I understand and believe them to be true, and as to statements that represent opinions, I believe that I am qualified to offer such opinions.

4. In connection with the ongoing claims reconciliation process, I (or a designee at my direction) have reviewed the Reclamation Requests and all supporting documentation provided therewith. I have also made reasonable efforts to research the Reclamation Requests on the Debtors' books and records.

---

[2] Defined terms that are not capitalized in this Declaration have the meanings given to them in the Objection.

DOCS_LA:271626.1 80368-003

5. Prepetition, the Debtors' capital structure consisted of outstanding secured indebtedness in an aggregate principal amount of $783,755,765, which consisted of the following:

a. Pursuant to that certain *Term Loan Agreement* (Tranche A), dated as of February 23, 2011 (the "Prepetition Tranche A Term Loan Agreement"), by and among Solyndra, the lenders parties thereto (collectively, the "Prepetition Tranche A Lenders") and Argonaut Ventures I., LLC, as Tranche A Representative, in such capacity (the "Prepetition Tranche A Term Loan Facility Representative"), as of the Petition Date, the Debtors were indebted to the Prepetition Tranche A Lenders and the Prepetition Tranche A Term Loan Facility Representative in the principal amount of $69,302,901, plus interest accrued and accruing, costs, and any fees and expenses (the "Prepetition Tranche A Term Loan Facility Obligations");

b. Pursuant to that certain *Payment and Reimbursement Agreement* (Tranches B and D), dated as of February 23, 2011 (the "Prepetition Tranche B/D Term Loan Agreement"), by and among Solyndra, the U.S. Department of Energy, acting by and through the Secretary of Energy, as loan servicer (the "Prepetition Tranche B/D Agent"), owed to the Federal Financing Bank, and its guarantor, the U.S. Department of Energy (collectively, the "Prepetition Tranche B/D Lenders") which consisted of (i) the Tranche B Total Principal Amount (as defined in the Prepetition Tranche B/D Term Loan Agreement) (the "Tranche B Debt"); and (ii) the Tranche D Total Principal Amount (as defined in the Prepetition Tranche B/D Term Facility Agreement) (the "Tranche D Debt"), as of the Petition Date, the Debtors were indebted and liable to the Prepetition Tranche B/D Lenders under the Prepetition Tranche B/D Term Loan Agreement (i) in the principal amount of $142,808,544 plus interest accrued and accruing, costs

and any fees and expenses due and owing thereunder on account of the Tranche B Debt; and (ii) in the principal amount of $385,000,000 plus interest accrued and accruing, costs and any fees and expenses due and owing thereunder on account of the Tranche D Debt (collectively, the "Prepetition Tranche B/D Term Loan Obligations"); and

        c.     Pursuant to that certain Tranche E Note Purchase Agreement, dated as of February 23, 2011 (the "Prepetition Tranche E Agreement"), by and among Solyndra and Argonaut Ventures I, LLC, as agent (the "Prepetition Tranche E Agent") and each holder of a Tranche E note (together with the Tranche E Agent, the "Prepetition Tranche E Lenders"), as of the Petition Date, the Debtors were indebted to the Prepetition Tranche E Lenders and the Prepetition Tranche E Agent in the principal amount of $186,644,319, plus interest accrued and accruing, costs and any fees and expenses (the "Prepetition Tranche E Term Loan Facility Obligations").[3]

        6.     As set forth in the Prepetition Tranche A Term Loan Agreement, the Prepetition Tranche B/D Term Loan Agreement, the Prepetition Tranche E Agreement, and that certain *First Amended and Restated Common Agreement*, dated as of February 23, 2001 (the "Common Agreement"), prior to the Petition Date, the Debtors granted security interests in and liens on, among other things, substantially all of the Debtors' assets (collectively, the "Prepetition Assets"), subject to certain limitations (the "Prepetition Liens") to U.S. Bank National Association, as master collateral agent, under the Common Agreement. *See* Final DIP Order ¶ F.(vii).

---

[3] For purposes of this Declaration, the Prepetition Tranche A Term Loan Facility Representative, the Prepetition Tranche A Lenders, the Prepetition Tranche B/D Agent, the Prepetition Tranche B/D Lenders, the Prepetition Tranche E Agent and the Prepetition Tranche E Lenders are referred to as the "Prepetition Secured Parties".

7.      On September 27, 2011, the Court entered the Final DIP Order. Pursuant to the Final DIP Order, the liens of the Prepetition Secured Parties on the Prepetition Assets were "legal, enforceable, non-avoidable and duly perfected and . . . not subject to avoidance, attack offset, recharacterization or subordination under the Bankruptcy Code . . ." *See* Final DIP Order ¶ F(x).

8.      The Debtors confirmed their Plan on October 22, 2012, which went effective on November 7, 2012. Pursuant to the Plan, the Prepetition Liens of each of the Prepetition Secured Parties were deemed allowed in the full amounts reflected in the Final DIP Order. See Plan, § § IV.B 3; IV.B.4; IV.B.5 and IV.B.6. There were insufficient Plan proceeds to satisfy the total amount owed to the Prepetition Secured Parties.

9.      Each of the claimants was sent a copy of (i) the Disclosure Statement, (ii) the Plan, (iii) notice of the hearing on confirmation of the Plan and (iv) a ballot to vote to either reject or accept the Plan and were on notice of the Plan's proposed treatment of, *inter alia*, the claims of the Prepetition Secured Parties.

10.     The statutory deadline to assert the Reclamation Requests was 20 days after the Petition Date, or September 27, 2011. On December 5, 2011, the Debtors filed their *Notice of Debtors' Report of Reclamation Claims* (the "Reclamation Report") [Doc. No. 414]. A copy of the Reclamation Report is annexed to the Objection as **Exhibit B**. The only claimant that filed a response to the Reclamation Report was Royal Wholesale Electric [Doc. No. 485].

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed this 1st day of October, 2013 at Los Angeles, California.

*R. Todd Neilson*